UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 2 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, and ENRIQUE ROBERTO PAYAN, §§§§ | |
| Plaintiffs, § | |
| vs. §§ | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY and AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., §§§§ | |
| Defendants. § | |

FORD MOTOR COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT:

Pursuant to Title 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(3), Defendant Ford Motor Company ("Ford") hereby gives notice of removal of an action filed against it in the 357th Judicial District Court, Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. In support of this removal, Ford would show this Court as follows:

Preliminary Matters

1.      On May 28, 2003, an action was commenced against Ford in the 357th Judicial District Court, Cameron County, Texas, entitled, ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN vs. FORD MOTOR COMPANY AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., Cause No. 2003-05-2715-E, District Court, Cameron County, Texas.

2.      On June 5, 2003, a copy of Plaintiffs' Original Petition was served on Ford's registered agent for service of process.  This Notice of Removal is timely filed in that it is filed within thirty (30) days after the first receipt by Ford of

a copy of the initial pleadings setting forth a claim for relief upon which this action is based. 28 U.S.C. § 1446(b).

3.    No defendant herein is a citizen of the State of Texas, and no defendant other than Ford has been properly joined and served with process.

### Nature of the Case

4.    This case arose out of a single vehicle accident that allegedly occurred in Mexico on January 11, 2003.  According to Plaintiffs' Original Petition, Plaintiffs' decedent lost control of the subject 2000 Ford Explorer and drove off road, causing the crash. (Plaintiffs' Original Petition, ¶ IV).

5.    Plaintiffs allege that the accident and their claimed damages were caused by various defects in the Explorer that render it unreasonably dangerous. Plaintiffs assert strict liability, negligence, breach of warranty, misrepresentation, and deceptive trade practice claims against Ford premised on the alleged defects. (Id., ¶¶ V - X)

### Grounds for Removal

6.    The present action is one over which this court has original jurisdiction under the provisions of Title 28, United States Code, Sections 1332(a)(3) and 1441(a), in that it is a civil action between completely diverse parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.    According to Plaintiffs' Original Petition, Plaintiffs are apparently citizens of the Republic of Mexico, the State of Texas, and the State of New York. (Plaintiffs' Original Petition, ¶ III).  Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan, and was so on both the date of the subject crash and the date of filing of this action.  Automotriz del Noreste, S.A. DE CV is apparently a Mexican corporation with its principal place of

business in Mexico. Id. Thus, complete diversity exists between Plaintiffs and Defendants. See 28 U.S.C. § 1332(a)(3).

8.    Plaintiffs' Original Petition (the operative pleading as of the date of removal) also meets the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. 1332(b). Although the petition does not assert a claim for a specific amount of damages, it does allege that the subject accident resulted in personal injuries and a death for which Plaintiffs seek compensatory damages. In addition, the Original Petition also alleges gross negligence and malice against Ford and seeks an award of punitive damages. Thus, the amount in controversy in this action clearly exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. 1332.

9.    On filing of this Notice of Removal, Ford will provide written notice to Plaintiffs of this action and will file a copy of Ford Motor Company's Notice of Removal with the Clerk of the Court for the 357th Judicial District, Cameron County, Texas.

10.    The 357th Judicial District Court of Cameron County, Texas, is located in the Southern District of Texas, Brownsville Division. Further, the attachments accompanying this Notice of Removal constitute all executed process, pleadings and orders, as well as the docket sheet on file in this matter.

Respectfully submitted,

BROWN McCARROLL, L.L.P.


By: _Chris A. Blackerby_ w/ permission
       Chris A. Blackerby    mlbladten
       Attorney in Charge
State Bar No. 00787091
Fed. I.D. No. 20016
111 Congress Avenue, Suite 1400
Austin, Texas  78701
(512) 472-5456
Fax:  (512) 479-1101

Jaime A. Saenz
State Bar No. 17514859
Federal Admissions No. 7630
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this _____ day of July, 2003.

<u>Via Certified Mail,</u>
<u>Return Receipt Requested</u>

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

_____
Jaime A. Saenz

RUN DATE 07/02/03
RUN TIME 9:55 AM

ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROB

VS

MOTOR COMPANY, USA, AND AUTOMOTRIZ DEL NOREST

\* \* \* \* C L E R K ' S   E N T R I E S \* \* \* \*

00002806
HON. BENIGNO (TREY) MARTINEZ
1201 E. VAN BUREN STREET
BROWNSVILLE TX          78520 0000

00389105
CHRIS A. BLACKERBY
111 CONGRESS AVENUE, STE. 1400
AUSTIN, TEXAS          78701 0000

(01)
WRONGFUL DEATH

05/28/03 ORIGINAL PETIT
06/02/03 CITATION: FORD
06/02/03    SERVED: 06/
06/02/03 CITATION: AUTO
DE C.V.
06/02/03    SERVED:
07/01/03 ORIGINAL ANSWE
U.S.A.

**ORIGINAL**

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.004.01

No. 2003-05-002715-E

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FORD MOTOR COMPANY, U.S.A.
SERVING ITS REGISTERED AGENT,
C.T. CORP. SYSTEM
350 N. ST. PAUL
DALLAS, TEXAS 75201

the    DEFENDANT    , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said    PETITION    was filed on MAY 28, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-05-002715-E.

The style of the case is:

ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROB
VS.
FORD MOTOR COMPANY, USA, AND AUTOMOTRIZ DEL NOREST

Said petition was filed in said court by    HON. BENIGNO (TREY)
(Attorney for    PLAINTIFF    ), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX 78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 2nd day of JUNE , A.D. 2003.

RETURN OF OFFICER

Came to hand the _____ day of _____, _____, at _____ o'clock __.M., and

executed (not executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $_____          Sheriff/constable _____ County,

Fees paid by:_____    By _____ Deputy



# AFFIDAVIT OF SERVICE

COUNTY: CAMERON            CASE # 2003052715E            COURT 357
                                                Clt. Ref.#                    Clt.#   7172
ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN


VS
FORD MOTOR COMPANY,USA AND AUTOMOTRIZ DEL NORESTE, S.A. DE
C.V. MEXICO


The documents came to hand for service on 06/05/03  Time: 10:17:54

Documents received for service:

**CITATION & ORIGINAL PETITION**


The documents were delivered on 06/05/03  Time: 10:30:00

Executed at: 350 N. St. Paul St., Ste. 2900
             Dallas, TX 75201
to the following: Ford Motor Company, U.S.A.
        By Delivering To Its Registered Agent, CT Corporation System
        Accepted By M. Mays

_X_   PERSONALLY delivering the document(s) to the person above.
___   SUBSTITUTE SERVICE per Order by delivering to _____in person
      who is sixteen (16) years of age or older, at the above listed address which is the
      usual place of abode/business of the above named person.
___   POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, _Rickey Lee_____            ,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdiction, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.


Service Fee:_____                    Rickey Lee
                                          Professional Civil Process Dallas, Inc.
Witness Fee Tendered:_____             1301 Main Street, Suite 202
                                          Dallas, Texas 75202
STATE OF TEXAS}
                            VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this _6_ day of _June_ 200_3_.

PCP Inv. #D0603 121

NOTARY PUBLIC FOR THE STATE OF TEXAS



DEE ROBERTS
Notary Public, State of Texas
My Commission Expires 09-27-03

FILED ___4:50___ O'CLOCK ___P___M
AURORA DE LA GARZA DIST. CLERK

MAY 2 8 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

CAUSE NO. 2003-05-2715-E

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, | § | IN THE 357th JUDICIAL |
| AND ENRIQUE ROBERTO PAYAN | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| FORD MOTOR COMPANY, USA, AND | § | |
| AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., | § | |
| MEXICO | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Isabel Ennis Reynoso, Sally Payan, and Enrique Payan, complaining of the above- named Defendants, and for cause of action would respectfully show the court as follows:

### I.

### DISCOVERY LEVEL

The Plaintiffs intend discovery in this suit to be conducted under Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

### II.

### JURISDICTION AND VENUE

Jurisdiction is proper in Cameron County, Texas because this is a wrongful death lawsuit and the damages sought exceed the minimum jurisdictional limit of this Court.

Venue is proper in Cameron County:

a.     Pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because a principal office of Defendant, Ford Motor Company, U.S.A. (a corporation

incorporated under the laws of the Delaware) is located in, is authorized to do business, and is doing business in and throughout the State of Texas, including Cameron County.

b.   Pursuant to Section 15.033 of the Texas Civil Practice and Remedies Code because one of the Plaintiffs resided in Cameron County, Texas at the time the cause of action accrued and all Plaintiffs are asserting causes of action for breaches of warranties against a manufacturer (*i.e.*, Ford Motor Company) of consumer goods (*i.e.*, the vehicle);

c.   Pursuant to Section 15 of the Texas Civil Practices and Remedies Code because venue is permissive and Cameron County would be the most convenient county for all parties;

d.   Pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because Plaintiffs have established proper venue over one or more Defendants and Plaintiffs' claims or actions against all Defendants arise from the same transaction, occurrence, or series of transactions or occurrences, and as such, venue as to all Defendants is established.

III.

PARTIES

PLAINTIFFS

Plaintiff, Isabel Ennis Reynoso, is a resident of Matamoros, Tamaulipas, Mexico.

Plaintiff, Sally Payan, is a resident of Cameron County, Texas.

Plaintiff, Enrique Roberto Payan, is a resident of New York, New York.

They bring this suit, individually, on behalf of themselves as persons entitled to recover for the wrongful death of Jean Margaret Elizabeth Reynoso de Payan. Their claims are, in part, brought pursuant to the Texas Wrongful Death Statutes, the Texas Constitution and the common law.

<u>DEFENDANTS</u>

Defendant FORD MOTOR COMPANY, U.S.A. ("FORD") is a Delaware corporation with its principal place of business in Dearborne, Michigan. Ford is organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Ford may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested.

Defendant AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. ("AUTOMOTRIZ"), is a Mexican based corporation with its principal place of business in Matamoros, Tamaulipas, Mexico, and is authorized to conduct business on behalf of Ford in the country of Mexico. Defendant AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., may be served by registered mail containing a true and correct coy of this Plaintiffs' Original Petition to its Chairman, C.E.O., President, or Vice-President at Calle 6a. Y Cristobal Colon, #800 Lucero C.P. 87350, H. Matamoros, Tamaulipas.

At all times material hereto, Defendant FORD and AUTOMOTRIZ were in the business of designing, manufacturing, marketing, and selling automobiles, including sport utility vehicles such as the Ford Explorer, and did design, manufacture, market, and place in the stream of commerce the Ford Explorer involved herein.

IV.

FACTS

On or about June 23, 2000, Jean Margaret Elizabeth Reynoso de Payan (hereinafter referred to as Betty Payan), purchased her 2000 Explorer, Ford, four-door sport utility vehicle, VIN 1FMZU62E6YZC13643 from Ford Automotriz del Noreste, S.A. de C.V.

On January 11, 2003 at approximately 6:20 p.m. Betty Payan and her daughter, Sally Payan, were driving her 2000 Ford Explorer on a toll highway from Monterrey headed towards Reynosa and McAllen, Texas, when Betty Payan lost control of the vehicle. This caused the Explorer to go off of the highway and then roll several times before coming to a stop. As a result Betty Payan was seriously injured and subsequently died two months later after a lengthy battle with her injuries. Sally Payan suffered only minor physical injuries.

V.

STRICT PRODUCTS LIABILITY

The Ford Explorer and its component parts were defective and unreasonably dangerous by reason of defective design, manufacture, marketing and the failure of Defendants to give adequate and proper warnings and instructions, which defective and unreasonable risk of harm and were a producing cause of the injuries and subsequent death of Betty Payan, as well as the injuries sustained by Sally Payan. The dangerous condition/defect(s) included or involved the failure of the vehicle to withstand adequate force to prevent roof crush and vehicle steering/instability under conditions such as those involved in this incident. Since the Defendants are in the business of designing,

manufacturing, selling and/or marketing the products and component parts in question, which are distributed and sold throughout the United States, Mexico, as well as the State of Texas, Defendants are liable to the Plaintiffs for their damages under the theory of products liability.

At the time the Explorer was sold and/or marketed and/or placed into the stream of commerce by the Defendants, they were defective and unreasonably dangerous, as that term is defined in law, to persons who could reasonably be expected to use same, which defective and unreasonably dangerous conditions were a producing cause of the serious injuries and subsequent death of Betty Payan and injuries to Sally Payan. The product was also defective by reason of Defendants' failure to include, provide or carry with them adequate and proper warnings and instructions as to dangers associated with the use of the product and how to avoid such dangers, which defects rendered the product unreasonably dangerous and which defects were a producing cause of the occurrence in question, the death of Betty Payan and injuries sustained by Sally Payan.

In that the Explorer and/or its component parts were defective and unreasonably dangerous to the Plaintiffs and to the public generally, Defendants are liable to Plaintiffs under the theory/doctrine of strict liability (strict products liability). Further, in this connection, Plaintiffs allege that the defects in the design, manufacture and/or marketing of the Explorer and/or its component parts were the producing cause or causes of the occurrence in question and the injuries to the Plaintiffs.

At the time said vehicle and its component parts were designed, manufactured and sold, safer alternative designs were available which were technologically and economically feasible, and which, if utilized, would have prevented the occurrence in question and the untimely death of the death of Betty Payan and the injuries sustained by Sally Payan.

Defendant FORD made the vehicle in question in the United States and then sold the defective Explorer via its Mexican agent or branch, placing it into the stream of commerce and are, thus, also liable under the doctrine of strict liability of tort.

VI.

## NEGLIGENCE

Defendants committed acts of omission and commission, which collectively and severally, constituted negligence, negligence per se and which were a proximate cause of the occurrence in question, the pain, suffering and wrongful death of the death of Betty Payan and the injuries sustained by Sally Payan.

VII.

## MALICE AND/OR GROSS NEGLIGENCE

Further, the wrongful conduct of the Defendants involved more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, Defendants' conduct constituted a heedless, reckless and wanton disregard for the rights, welfare, or safety of the Plaintiffs and foreseeable users and persons affected by it, and when viewed objectively from the standpoint of said Defendants at the time of the acts or omissions, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and said Defendants had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others. As such, Defendants, conduct constituted malice and/or gross negligence and Plaintiffs, individually or in their respective capacities, are entitled to recover judgment against Defendants for exemplary damages in an amount exceeding the minimum jurisdictional limits of this Court. Plaintiff, Sally Payan, is entitled to recover exemplary

damages, and the named wrongful death beneficiaries are entitled to recover exemplary damages. Further, Plaintiffs allege that the limitation on the amount of exemplary damages recoverable specified in Section 41.008(b) of the Texas Civil Practice and Remedies Code is not applicable to this cause because Defendants wrongful conduct included knowing or intentional conduct constituting one or more of the felonies described in Section 41.008(c) of the Texas Civil Practice and Remedies Code [*see, e.g.,* 41.008(c)(12)].

VIII.

## BREACH OF WARRANTY

The allegations contained in paragraphs IV through VII above are incorporated herein for all purposes as though recited verbatim herein. Defendants, by and through the sale of the products in question, expressly and impliedly warranted to the public generally, and to the Plaintiffs specifically, that the products in question were fit for the purposes for which they were intended, were merchantable, and/or had certain qualities, characteristics, uses or benefits. Plaintiffs made use of the products as alleged herein and relied on the express and implied warranties. Contrary thereto. the products were not fit for their intended use, were not merchantable and did not have the qualities, characteristics, uses or benefits as represented, rendering the products in question unreasonably dangerous. Defendants breached the express and implied warranties because of the products' failure and defective components as alleged above and because of improper marketing involving Defendants' failure to warn of the products' inadequacies or defects and failure to instruct in the safe operation of the product. Defendants' breach of warranties and the above-mentioned defects rendered the products unreasonably dangerous and a proximate cause and·a producing cause of the

occurrence in question and the resulting death of the death of Betty Payan and the injuries sustained

by Sally Payan. Further, Defendants' conduct was done knowingly and/or intentionally.

## IX.

## MISREPRESENTATION

The allegations contained in paragraphs IV through VIII above are incorporated herein for

all purposes as though recited verbatim herein. Defendants are also strictly liable to Plaintiffs under

Section 402(b) of the Restatement (Second) of Torts, because they misrepresented to the public that

the products were safe and without defect, which statement and representation was false and

involved a material fact concerning the character or quality of the products in question, and upon

which representation the Plaintiffs, as consumers, constructively relied, and which constituted a

producing cause of the occurrence in question and subsequent injuries and death.

## X.

## DECEPTIVE TRADE PRACTICE

Defendants are further liable for violation of Section 17.46 and Sections 17.50(a)(1)(2) and

other sections of the Texas Deceptive Trade Practices Act (DTPA, TEX. BUS. & COM. CODE

ANN.), which violations were a producing cause of the occurrence in question and include:

    A.    Representations that the products in question, and their component parts, possessed qualities, characteristics, uses and benefits which they did not possess; and

    B.    Representations that the products in question, and their component parts, were merchantable when, in fact, they were not fit for the ordinary purposes for which such products were to be used.

Further, Defendants' conduct was done knowingly and/or intentionally. Defendants have

been provided notice of their breach of warranty, of their violation of the Deceptive Trade Practices

Act and Plaintiffs' damages pursuant to Section 17.50(a) *et seq.* of the DTPA. Under the Deceptive

Trade Practices Act, Defendants, as a result of its knowing breach of express and implied warranties,

are liable for the actual damages suffered by Plaintiffs, plus additional amounts awarded by the trier

of fact and pursuant to Section 17.50(b)(2) of the Deceptive Trade Practices Act, as well as court

costs and reasonable attorneys fees.

XI.

PERSONAL INJURY DAMAGES

Plaintiffs would show that the time of her death, Betty Payan was (fifty-one) years old, in

good health and had a reasonable life expectancy in excess of 20 years. Before the time of her death

and during her lifetime, Betty Payan, was an industrious, energetic, happy, loyal and loving mother.

Betty Payan, besides providing for her children, performed usual tasks in and about the family

residence and gave affection, solace, love and comfort to her family, and in all reasonable probability

would have continued to do so for the remainder of her natural life.

ISABEL ENNIS REYNOSO

As a result of the untimely death of Betty Payan. Plaintiff. Isabel Ennis Reynoso has

suffered loss, damages, and injury from the death of her daughter, Betty Payan, including loss of

love, comfort, companionship, society, care, maintenance, assistance and emotional support,

services, advise, counsel and contributions of a pecuniary value that he would, in all reasonable

probability, have received from her daughter during her lifetime had she lived. She has also suffered

mental anguish, grief and sorrow as a result of her death. Plaintiff, Isabel Ennis Reynoso, is entitled

to recover for all of these damages, past and future, in an amount exceeding the minimum

jurisdictional limit of this Court (*see, e.g.,* Paragraph VII).

SURVIVING CHILDREN

Plaintiffs, Enrique Roberto Payan and Sally Payan, the natural children of Betty Payan, Deceased, lost a good and loving mother and provider and, in all reasonable probability, had she lived, would have continued to be such for the remainder of her natural life. These Plaintiffs assert and allege all causes of action for all damages sustained by them as a result of the death of their mother to the fullest extent allowed by law. Plaintiffs would further assert that they have suffered injuries, damages and loss as a result of the death of their mother, including loss of care, maintenance, support, services, advice, counsel, inheritance, and contributions of a pecuniary value that they would have received from decedent during their lifetime had she lived. Plaintiffs further assert and allege that they have suffered additional losses by virtue of the destruction of the parent/child relationship, including the loss of love, affection, solace, comfort, companionship, society, emotional support, and happiness. Plaintiffs have suffered mental anguish, grief and sorrow. Plaintiffs are entitled to recover for all of their injuries and damages, past and future, in an amount exceeding the minimum jurisdictional limit of this Court. As wrongful death beneficiaries, Plaintiffs are also entitled to recover exemplary damages for the death of Betty Payan in an amount exceeding the minimum jurisdictional limit of this Court (*see, e.g.,* Paragraph VII).

SALLY PAYAN

Plaintiff, Sally Payan, states that she has sustained personal injuries, loss of income, mental anguish and pain and suffering. Plaintiff will continue to suffer mental anguish, pain, and suffering for the remainder of her natural life as a result of the injuries sustained, and is entitled to recover for same. Plaintiff is entitled to recover for all of said injuries and damages she has suffered in the past and will suffer in the future. With respect to all of these damages, Plaintiff Sally Payan is also

entitled to recover exemplary damages in an amount exceeding the minimum jurisdictional limit of this Court (*see, e.g.,* Paragraph VII).

## XII.

## PRE JUDGMENT AND POST JUDGMENT INTEREST

Plaintiffs are entitled to recover all pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII.

## CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred to support the Plaintiffs' pleadings.

## XIV.

## JURY DEMAND

Plaintiffs request a jury in this cause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED. Plaintiffs pray that the Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants, jointly and severally, for their actual damages and for exemplary damages in such amounts as the evidence may show and the jury may determine to be proper, together with pre-judgment interest at the highest legal rate, post-judgment interest at the highest legal rate from the date of judgment until paid, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
TONY MARTINEZ
State Bar No. 13139000

MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
Phone (956) 546-7159
Fax   (956) 544-0602

**ATTORNEYS FOR PLAINTIFFS**



## Martinez, Barrera y Martinez, L.L.P.
### Attorneys at Law

Tony Martinez *

Horacio L. Barrera

Benigno (Trey) Martinez

1201 E. Van Buren

Brownsville, TX 78520

(956) 546-7159

Fax (956) 544-0602

May 28, 2003

**VIA HAND DELIVERY**
Mrs. Aurora De La Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, Texas 78520

Re:    Cause No. _____; Isabel Ennis Reynoso, Sally Payan, and Enrique
       Roberto Payan    vs.   Ford Motor Company, USA, and Automotriz Del Noreste,
       S.A. DE C.V., Mexico

Dear Mrs. De La Garza:

Enclosed herein for filing please copies of Plaintiffs' Original Petition. Please issue citations
to serve the Defendants as follows:

1.    Defendant **FORD MOTOR COMPANY, U.S.A. ("FORD")** is a Delaware
      corporation with its principal place of business in Dearborne, Michigan. Ford is
      organized and existing under the laws of the State of Texas, and is authorized to
      conduct business within the State of Texas. Defendant Ford *may be served with
      process by serving its registered agent for service, C.T. Corp. System, 350 N. St.
      Paul, Dallas, Texas 75201, by certified mail, return receipt requested.*

2.    Defendant **AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. ("AUTOMOTRIZ")**,
      is a Mexican based corporation with its principal place of business in Matamoros,
      Tamaulipas, Mexico, and is authorized to conduct business on behalf of Ford in the
      country of Mexico. Defendant AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., *may
      be served by registered mail containing a true and correct coy of this Plaintiffs'
      Original Petition to its Chairman, C.E.O., President, or Vice-President at Calle
      6a. Y Cristobal Colon, #800 Lucero C.P. 87350, H. Matamoros, Tamaulipas.*

*Page 2*
*May 28, 2003*
*Mrs. A. De La Garza*

Enclosed is our firm's check for $191.00 to cover the fee for issuance of these citations. **Please place the citations in the box for Mr. Eddie Gonzalez, Process Server.**

Thanking you for your kind attention to this matter, I remain

Very truly yours,

Benigno (Trey) Martinez

III/nd
*encls.

CAUSE NO. 2003-05-2715-E

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | IN THE DISTRICT COURT |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| FORD MOTOR COMPANY, AND | § | |
| AUTOMOTRIZ DEL NORESTE, S.A. DE | § | |
| C.V. | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

FILED
JUL 0 1 2003

**DEFENDANTS FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE
AND SUBJECT THERETO, PLEA IN ABATEMENT, ORIGINAL ANSWER
TO PLAINTIFFS' ORIGINAL PETITION, AND RELIANCE ON JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and concurrently with or before the filing of any other plea, pleading, or motion, files this Motion to Transfer Venue and, Subject Thereto, Plea in Abatement, Original Answer and Reliance on Jury Demand, and would show the Court as follows:

**MOTION TO TRANSFER VENUE**

1.      Ford denies that venue is proper in Cameron County, Texas, the county of suit. Ford specifically denies as untrue the venue allegations in paragraph 2, subparts (a), (c), and (d), of Plaintiffs' Original Petition.  Further, Ford denies that any claim for breach of warranty has been properly asserted.  Ford demands strict proof of all venue facts as required by TEX. R. CIV. P. 87(3).

2.      Ford requests that this case be transferred to Collin County, Texas.  The legal and factual basis for this motion to transfer venue from Cameron County to Collin County is that Ford's principal office is located in Collin County, Texas, as the term "principal office" is statutorily

defined. TEX. CIV. PRAC. & REM. CODE § 15.001(a). Accordingly, Collin County is a county of proper venue. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

### Request to Transfer

3.      For the reasons set forth above, Ford respectfully asks that the Court transfer this case to Collin County and would show the Court that Collin County is a county of proper venue.

## SUBJECT TO MOTION TO TRANSFER VENUE, PLEA IN ABATEMENT, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AND RELIANCE ON JURY DEMAND

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and concurrently with its Motion to Transfer Venue and, Subject Thereto, files this its Plea in Abatement, Original Answer and Reliance on Jury Demand, and would show the Court as follows:

### Plea in Abatement

Pursuant to Section 17.505, TEX. BUS. & COM. CODE, Ford hereby moves the Court to enter an Order abating this matter for a period of sixty days following service by Plaintiffs of the Notice required thereunder. Plaintiffs herein assert claims under the Deceptive Trade Practices Act; however, they have failed to comply with statutory notice requirements. Abatement is proper.

### General Denial

1.      Ford invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require Plaintiffs to prove all of the allegations contained in their pleading, if Plaintiffs can so prove them, which is denied, and, accordingly, Ford denies generally the allegations of Plaintiffs' pleading and demands strict proof thereof by a preponderance of the evidence.

2

### Affirmative Defenses

2.     For further answer, if such be necessary, Ford alleges that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, Ford may not be held jointly and severally liable for any amount of damages claimed herein <u>unless</u> the percentage of responsibility of Ford, when compared with that of each responsible party, each settling party, and each responsible third party, is greater than fifty percent (50%).

3.     Ford alleges that this case is governed by the 1995 Tort Reform Amendments.  As a consequence:

> a.     Plaintiffs may not recover any amount of damages if Plaintiffs' percentage of responsibility (or that of their decedent) is greater than fifty percent (50%), regardless of the theory of recovery pled.  TEX. CIV. PRAC. & REM. CODE § 33.001.

> b.     Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Ford acted with malice, which Ford denies. TEX. CIV. PRAC. & REM. CODE § 41.003.

> c.     In the unlikely event of any exemplary damage award, Ford further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

4.     Ford alleges that in the event any issue respecting punitive damages is submitted to the jury, Ford is entitled to have and does hereby request that the jury be instructed that under the principles of state sovereignty and comity as declared by the United States Supreme Court, neither a state court nor a state court jury may impose economic sanctions for alleged violations of state laws with the intent of changing the defendant's conduct in other states.  Any such award, or even consideration by the jury, would furthermore violate the commerce clause.  As a

consequence, the jury cannot consider the total sales of this model year vehicle in any state but Texas.

5.      Ford alleges that the applicable choice-of-law standards require that the punitive damage demands against defendant Ford Motor Company be determined under the law of Michigan, as Ford's principal place of business and the purported location of the alleged misconduct that would be punished by any punitive damages award. Under Michigan law, "it is well established that generally only compensatory damages are available and that punitive sanctions may not be imposed." *McAuley v. General Motors Corp.*, 578 N.W.2d 282, 285 (Mich. 1998).

6.      Ford alleges that Chapter 41 is unconstitutionally vague as applied to Ford in this case. As a matter of due process under the United States and Texas Constitutions, vagueness may invalidate a law, particularly a criminal or quasi-criminal law, for either of two independent reasons. First, a law is unconstitutionally vague if it fails to give fair notice of what conduct may be punished, forcing people to guess at the statute's meaning and threatening to trap the innocent. Second, a law is unconstitutionally vague if it invites arbitrary and discriminatory enforcement by failing to establish guidelines for those charged with enforcing the law (including juries), and allowing them to pursue their own personal predilections. Chapter 41 suffers from both flaws.

7.      For further answer, if such be necessary, Ford alleges that Plaintiffs' proof with respect to all "design defect" allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE § 82.005. Plaintiffs must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. Ford requests that the jury be instructed on all statutorily required elements of a "design defect case."

4

8.    For further answer, if such be necessary, Ford alleges that the negligence, fault, and/or responsibility of Jean Margaret Elizabeth Reynosa de Payan bars in whole or in part Plaintiffs' derivative claims for damages. Plaintiffs' Original Petition indicates that Plaintiffs' decedent lost control of the vehicle and drove it off the road, causing it to crash. Such negligence, fault, and/or responsibility on the part of Plaintiffs' decedent was either the sole, or at a minimum a concurring, cause of the accident and Plaintiffs' damages.

9.    Ford alleges that Plaintiffs' claims for breach of warranty are barred on account of Plaintiffs' failure to give notice as required by TEX. BUS. & COM. CODE § 2.607.

10.    For further answer, if such be necessary, Ford alleges that Plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by Plaintiffs' failures to utilize available and functional safety restraint devices.

11.    For further answer, if such be necessary, Ford alleges that to the extent Ford is not permitted to elicit evidence with respect to the non-use of a seat belt on account of TEX. TRANSP. CODE § 545.413(g), such statute is as applied unconstitutional under the Texas Open Courts provision, and violates Ford's due process and equal protection guarantees under the Texas and United States Constitutions.

12.    For further answer, if such be necessary, Ford alleges that by virtue of the 1995 amendments to the Texas Deceptive Trade Practices--Consumer Protection Act, TEX. BUS. & COM. CODE § 17.41, *et seq.*, recovery under the DTPA is limited to "economic damages" as defined by statute. TEX. BUS. & COM. CODE § 17.45 (11). "Economic damages" are statutorily limited to pecuniary loss. By statute, plaintiffs may not recover exemplary damages, damages for physical pain and mental anguish, loss of consortium, disfigurement, physical impairment, or loss

5

of companionship and society.  Furthermore, "mental anguish" damages may not be awarded

unless the trier of fact finds that Ford's conduct was committed intentionally.  TEX. BUS. & COM.

CODE § 17.50 (b)(1).

13.    Ford specifically denies the allegations contained in paragraph XIII of Plaintiffs'

Original Petition.  Specifically, Ford denies that proper pre-suit notice was provided to Ford pursuant

to the Texas Uniform Commercial Code and the Texas Deceptive Trade Practices Act.

## Reliance on Jury Demand

14.    Ford hereby relies upon the jury demand of the plaintiffs.

WHEREFORE, defendant Ford Motor Company prays that Plaintiffs take nothing by this

suit, that Ford have judgment for its costs in this proceeding, and that the Court grant Ford such

other and further relief as the Court may deem just and proper.

Respectfully submitted,

**BROWN McCARROLL, L.L.P.**
111 Congress Avenue, Suite 1400
Austin, Texas  78701
(512) 472-5456
(512) 479-1101 Telecopier

By: _____
Chris A. Blackerby (Attorney in Charge)
State Bar No. 00787091
Bryan D. Cross
State Bar No. 24036066

**ATTORNEYS FOR DEFENDANTS**
**FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Texas Rules of Civil Procedure on this 27th day of June, 2003.

**Via Certified Mail,**
**Return Receipt Requested**

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

Bryan D. Cross

AUS.2042450.1
13486.1

7

Brown McCarroll
L.L.P.

111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043
512-472-5456  fax 512-479-1101

direct  512-479-1169  rdorsey@mailbmc.com

June 27, 2003

Aurora de la Garza
Cameron County District Clerk
974 E. Harrison Street
Brownsville, TX 78520

      Re:    Cause No. 2003-05-2715-E; *Isabel Ennis Reynoso, Sally Payan, and Enrique Roberto Payan v. Ford Motor Company and Automotriz del Noreste, S.A., de C.V.;* In the 357th Judicial District Court of Cameron County, Texas

Dear Ms. de la Garza:

    Enclosed are the original and one copy of **Ford Motor Company's Motion to Transfer Venue, Plea in Abatement, Original Answer and Reliance on Jury Demand**, in the above-referenced cause.  Please return a file-stamped copy in the envelope provided.

    By copy of this letter, all known counsel of record are being served with same this date.  Thank you for your assistance.

          Very truly yours,

          Rhonda K. Dorsey
          Legal Secretary to Bryan D. Cross

Enclosures
AUS.2042544.1
13486 1
cc:    Trey Martinez/Tony Martinez (w/encl.)
icc:   Chris A. Blackerby (w/encl.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISABEL ENNIS REYNOSO, SALLY        §
PAYAN, and ENRIQUE ROBERTO         §
PAYAN,                             §
                                   §
            Plaintiffs,            §
                                   §        **B-03-120**
vs.                                §        CIVIL ACTION NO. _____
                                   §
FORD MOTOR COMPANY and             §
AUTOMOTRIZ DEL NORESTE, S.A.       §
DE C.V.,                           §
                                   §
            Defendants.            §

LIST OF COUNSEL OF RECORD

1.      Plaintiffs' counsel of record:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

2.      Counsel of record for Defendant Ford Motor Company:

Chris A. Blackerby
BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas  78701
(512) 472-5456
(512) 479-1101 (Fax)

Jaime A. Saenz
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, TX 78522
(956) 542-7441
(956) 541-2170  (Fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, and ENRIQUE ROBERTO PAYAN, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| FORD MOTOR COMPANY and AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., | § § § § | |
| Defendants. | § § | |

B-03-120

## INDEX OF PLEADINGS FILED WITH NOTICE OF REMOVAL

1.    Docket sheet from underlying state court action

2.    All executed process in state court file

3.    Plaintiffs' Original Petition

4.    Defendant Ford Motor Company's Motion to Transfer Venue and, Subject Thereto, Plea in Abatement, Original Answer to Plaintiffs' Original Petition, and Reliance on Jury Demand

5.    List of Counsel of Record