IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN; and ENRIQUE ROBERTO PAYAN | * * * * |
| VS. | * CIVIL ACTION NO. B-03-120 * |
| FORD MOTOR COMPANY, USA and AUTOMOTRIZ DEL NORESTE, S.A. de C.V., MEXICO | * * * |

### DEFENDANT AUTOMOTRIZ DEL NORESTE, S.A. DE C.V.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., improperly joined as a Defendant in the above entitled and numbered cause, and makes this appearance for the sole purpose of presenting this Motion objecting to the jurisdiction of this Honorable Court over the person of this Defendant and further objecting to the insufficiency of process allegedly served on this Defendant pursuant to Fed. R. Civ. P. 12(b)(2) and (5), and in support thereof would show the Court as follows:

I.

FACTUAL BACKGROUND

This lawsuit was filed under the Texas Wrongful Death Statute for the death of Betty Payan in an automobile accident which occurred on January 11, 2003 near Monterrey, Mexico. Plaintiffs have alleged causes of action against Defendant Ford Motor Company and this Defendant for strict products liability, negligence, gross negligence, breach of warranty, misrepresentation, and violations of the Texas Deceptive Trade Practices Act.

In addition to Ford Motor Company, Plaintiffs have named as a defendant the Mexican corporation which allegedly sold the vehicle to the decedent. There are no independent allegations against this Defendant other than the mere fact that it allegedly sold the vehicle.

## II.

## GROUNDS FOR DISMISSAL

A.  The Court Should Dismiss This Case As to this Defendant Because It Lacks Personal Jurisdiction Over Automotriz del Noreste, S.A. de C.V.

   1.  *Defendant Must Have "Minimum Contacts" With Texas Before The Court Can Assert Personal Jurisdiction.*

Two requirements must be met in order for the Court to exercise jurisdiction over a nonresident defendant. First, the nonresident defendant must have "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contact' with that forum state." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.) (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 315-17 (1945)), *cert denied*, 513 U.S. 930 (1994). Second, the exercise of jurisdiction over the nonresident must not "offend 'traditional notions of fair play and substantial justice.'" *Wilson*, 20 F.3d at 647. The plaintiff bears the burden to prove the presence of jurisdiction by a preponderance of the evidence. *Felch v. Transportes Lar-Mex S.A. de C.V.*, 92 F.3d 320, 326 (5th Cir. 1996); *Travelers Indem. Co. v Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986), *modified on rehearing in unrelated part*, 836 F.2d 850 (5th Cir. 1988).

The Fifth Circuit has explained the "minimum contacts" inquiry, as follows:

> The minimum contacts prong of the inquiry may be further subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction. Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction, however, will attach, even if the nonresident

> defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contact with the forum sate are both 'continuous and systematic.'"

*Felch*, 92 F.3d at 324. Again, the plaintiff has the burden to prove sufficient contacts by the nonresident defendant. *Id.* at 326. Defendant lacks minimum contacts with Texas under either a specific or general jurisdiction analysis.

Defendant is a corporation duly organized and existing pursuant to the laws of the Republic of Mexico, and is therefore, a resident of the Republic of Mexico. Defendant would show the Court that it has not had contacts with the State of Texas sufficient to bring it within the jurisdiction of this Court, to-wit:

a. Defendant is not incorporated under the laws of the State of Texas, and has never been incorporated under the laws of this state.

b. Defendant is not located in the State of Texas, and has never been located in this state.

c. Defendant is not a resident of the State of Texas, and has never been a resident of this state.

d. Defendant does not have nor has it ever sought authority from the Texas Secretary of State to do business in the State of Texas.

e. Defendant does not have and has never had an agent for service of process in the State of Texas.

f. Defendant does not maintain any offices or places of business in the State of Texas and has never maintained any offices or places of business in this state.

g. Defendant has no employees, servants or agents stationed in the State of Texas, and has never had any employees, servants or agents stationed in this state.

h. Defendant is not engaged in doing business in the State of Texas and has never done business in this state.

i. Defendant has not committed any tort in whole or in part in the State of Texas.

j. Defendant was not personally served in the State of Texas.

k. Defendant does not have bank accounts in the State of Texas.

  l.  Defendant does not own real estate in the State of Texas.

  m.  The vehicle allegedly purchased by the decedent was purchased in Mexico, not in the State of Texas.

  2.  *Specific Jurisdiction Is Not Present Because The Vehicle in Question Was Purchased In Mexico and the Accident Occurred in Mexico.*

The Court does not have specific jurisdiction over Automotriz del Noreste. Specific jurisdiction arises only if the Plaintiffs' alleged injuries arise out of or are related to Automotriz del Noreste's contacts with Texas. *Felch*, 92 F.3d at 324. However, this litigation arises from a purchase of a vehicle in Mexico. Further, the accident in question occurred in Mexico. As such, specific jurisdiction is not present because this lawsuit does not arise from or relate to any activities of Automotriz del Noreste in Texas. *See Arkwright Mut. Ins. Co. v. Transportes de Nuevo Laredo S.A. de C.V.*, 879 F.Supp. 699 (S.D. Tex. 1994) (holding that the Court did not have specific jurisdiction over a Mexican company in a breach of contract case because the contract was performed in Mexico), *cited and discussed with approval in Felch,* 92 F.3d at 325-26.

  3.  *General Jurisdiction Is Not Present Because Automotriz del Noreste Does Not Have "Continuous And Systematic" Contacts With Texas.*

In order to establish general jurisdiction, it must be shown by the plaintiff that the nonresident's contacts with the forum state are both "continuous and systematic." *Felch*, 92 at 326. In this case, however, Automotriz del Noreste clearly has not had "continuous and systematic" contacts with Texas.

Automotriz del Noreste was organized and exists under the laws of Mexico. At all times, Automotriz del Noreste has been domiciled in Mexico. Automotriz del Noreste never regularly and systematically conducted business in Texas. Automotriz del Noreste never maintained a place of business or kept its business records in Texas. Automotriz del Noreste never had agents, representatives, servants or employees stationed in Texas.

The business decisions of Automotriz del Noreste were made in Mexico, not Texas. Automotriz del Noreste never owned any real or personal property in Texas. Under these facts and the controlling case law, it is clear that general jurisdiction does not exist. *Felch*, 92 F.3d at 326-329; *Wilson*, 20 F.3d at 650-51; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987); *Arkwright*, 879 F.Supp. at 700-01.

The assumption of jurisdiction by this Court over this Defendant would offend traditional notions of fair play and substantial justice, depriving this Defendant of due process as guaranteed by the Constitution of the United States. Thus, Defendant is not amenable to process issued by the Courts of this state.

B.  <u>The Court Should Dismiss This Case As to this Defendant Because the Service of Process Was Insufficient.</u>

In addition to the matters set forth above, there is an additional reason that this Court does not possess personal jurisdiction over this Defendant, and that is because Plaintiffs did not comply with the provisions of the Convention of the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (hereinafter the "Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638, reprinted in 28 U.S.C.A. Fed. R. Civ. P. 4, at 210 (West Supp. 1992).

The Convention is an international treaty which has been entered into both by the United States and by Mexico. The purpose of the Convention is to provide certain standard procedures by which a Plaintiff in one signatory country can obtain service of process in another signatory country. In pertinent part, the Convention provides as follows:

> Article 1.    The present convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad . . .
>
> Article 2.    Each contracting State shall designate a Central Authority which will undertake to receive the requests for service coming from other contracting States . . .

> Article 3.   The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalization or other equivalent formality. The document to be served or a copy thereof shall be annexed to the request . . .
>
> Article 5.   The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either – (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or (b) by a particular method requested by the applAutomotriz del Norestent, unless such a method is incompatible with the law of the state addressed . . .
>
> If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

Pursuant to Article 5 of the Convention, Mexico has indicated that service will be permissible only if the document to be served is translated into the Spanish language. In fact, however, Plaintiffs attempted to serve this Defendant by mailing a citation and copy of the Plaintiffs' Original Petition by certified mail to the "Chairman, CEO, President, or Vice President" of Automotriz del Noreste, S.A. de C.V. in Mexico.

An examination of the above provisions makes clear that service of process upon the Defendant in this case was defective in at least two particulars:

1. The documents to be served were not sent to the appropriate official in Mexico for service on Automotriz del Noreste.

2. The documents to be served were not translated into the Spanish language.

Article VI, Clause 2 of the United States Constitution provides as follows:

> This Constitution, and the Law of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the

Constitution or Laws of any State to the contrary notwithstanding.

Therefore, despite the provisions of the Federal Rules of Civil Procedure as to the service of process on a non-resident defendant, this Defendant is entitled to be served according to the provisions of the Convention, a treaty duly signed by the United States Government.

Since Plaintiffs did not follow the Convention in attempting to have process served on this Defendant, the service was wholly ineffective, and therefore, this Court has not acquired personal jurisdiction over this Defendant.

### III.

### CONCLUSION

In summary, this Court lacks personal jurisdiction over this Defendant for two distinct reasons:

1. This Defendant has not had contacts with the State of Texas sufficient to bring it within the jurisdiction of this Court.

2. Irrespective of its contacts with this state, this Defendant has not been served with process pursuant to the requirements of the treaty obligations of the United States.

WHEREFORE, Defendant Automotriz del Noreste, S.A. de C.V. prays that a hearing be held on this Motion, that this Motion be granted, that Plaintiffs' action against this Defendant be dismissed for want of personal jurisdiction, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
    Jaime A. Saenz
Attorney-in-Charge
State Bar No. 17514859
Southern District Admissions No. 7630
    Eduardo Roberto Rodriguez
State Bar No. 17144000
Southern District Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
AUTOMOTRIZ DEL NORESTE, S.A. DE C.V.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record, to-wit:

    Benigno "Trey" Martinez
    Tony Martinez
    Martinez, Barrera y Martinez, L.L.P.
    1201 East Van Buren
    Brownsville, Texas 78520
    Attorneys for Plaintiffs

    Chris A. Blackerby
    Brown McCarroll, L.L.P.
    111 Congress Avenue, Suite 1400
    Austin, Texas 78701
    Attorneys for Defendant Ford Motor Company

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Federal Rules of Civil Procedure, on this the 28th day of July, 2003.

_____
Jaime A. Saenz