UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § § | |
| Defendants. | § | |

### FORD MOTOR COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Ford Motor Company ("Ford") and files this its Response to Plaintiffs' Motion to Remand. Removal was appropriate as diversity jurisdiction exists under 28 U.S.C. § 1332. In support of this motion, Ford shows as follows:

### I.
### FACTUAL BACKGROUND

1. This lawsuit was filed on May 28, 2003, in the 357th Judicial District Court of Cameron County, Texas (hereinafter "the State Court Action"). Plaintiffs bring the lawsuit under the Texas Wrongful Death Statute for the death of Betty Payan in an automobile accident which occurred on January 11, 2003, near Monterrey, Mexico. Plaintiffs have alleged causes of action against Defendant Ford Motor Company and Automotriz Del Noreste, S.A. de C.V. (hereinafter

AUS:205768I.1
13486.93678

"Automotriz") for strict products liability, negligence, gross negligence, breach of warranty, misrepresentation, and violations of the Texas Deceptive Trade Practices Act.[1]

2. Ford was served with process regarding the State Court Action on June 5, 2003. Ford timely removed the State Court Action pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, from the 357th Judicial District Court of Cameron County, Texas, to this Court by filing its Notice of Removal within thirty days after Ford's receipt of Plaintiffs' initial pleading. 28 U.S.C. § 1446(b).

3. Plaintiffs' Original Petition seeks damages in the amount of at least $75,000.00, which fulfills the requirements of 28 U.S.C. § 1332(a).

4. At the time the State Court Action was filed, and at the time Ford's Notice of Removal was filed, complete diversity existed, and continues to exist, between all plaintiffs and all defendants. Plaintiff Isabel Ennis Reynoso is a citizen of the Republic of Mexico. (Plfs.' Original Petition, Section III.) Plaintiff Sally Payan is a citizen of Texas. *Id.* Plaintiff Enrique Roberto Payan is a citizen of New York. *Id.*

5. Defendant Ford is a citizen of the United States - Ford is a Delaware corporation with its principal place of business in Michigan. *Id.* Defendant Automotriz is a citizen of Mexico - Automotriz is a Mexican corporation with its principal place of business in Matamoros, Tamaulipas, Mexico. *Id.*

6. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332 because it is a civil action between completely diverse parties where the matter in controversy

---

[1] Defendant Automotriz Del Noreste, S.A. de C.V. has filed a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process Pursuant to Fed. R. Civil. P. 12(b). Should the court dismiss Plaintiffs' cause of action against Defendant Automotriz Del Noreste, S.A. de C.V., removal is still appropriate as diversity jurisdiction would continue to exist between Plaintiffs and Defendant Ford. *See* Section II of Ford's Response to Plaintiffs' Motion to Remand.

exceeds the sum or value of $75,000.00, exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. § 1441(a), because this district and division embrace the place in which the removed State Court Action has been pending.

7. Plaintiffs have now filed a motion to remand on the grounds that there is no complete diversity between the parties "because this case is between aliens of the same country." (Plfs.' Motion to Remand, Section III.) As Ford will show, removal was clearly proper as 28 U.S.C. § 1332(a)(3) provides that in an action between citizens of different states, complete diversity is not affected by the presence of aliens as additional parties.

## II.
## ARGUMENT AND AUTHORITIES

A. <u>Ford's Removal was Proper in that Complete Diversity Exists</u>

8. Plaintiffs argue that diversity jurisdiction does not exist "because this case is between aliens of the same country." (Plfs.' Motion to Remand, Section III.) Plaintiffs then state that, "Mexican Plaintiffs are suing Defendants, Ford Motor Company (Delaware and Michigan) and Automotriz Del Noreste, S.A. de C.V. (Mexico); thus the parties are not completely diverse." *Id.* <u>Plaintiffs neglect to mention that only one Plaintiff, Isabel Ennis Reynoso, is a Mexican citizen while Plaintiff Sally Payan is a Texas citizen and Plaintiff Enrique Roberto Payan is a New York citizen.</u> (Plfs.' Original Petition, Section III). Thus, the following represents the status of the parties:

Texas Citizen (Sally Payan)                v.    Michigan/Delaware Citizen (Ford)
New York Citizen (Enrique Payan)                 Mexican Citizen (Automotriz)
Mexican Citizen (Reynoso)

Otherwise shown as follows:

(citizen of state A + citizen of state B + alien v. citizen of state C/D + alien)

9. Removal is proper in this suit as in an action between citizens of different states, complete diversity is not affected by the presence of aliens as additional parties. 28 U.S.C. § 1332(a)(3); *Transure, Inc. v. Marsh & McLennan, Inc.* 766 F.2d 1297, 1299 (9th Cir. 1985); *Dresser Industries, Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 498 (3rd Cir. 1997). In *Transure*, Transure, Inc., a California corporation, and Transure, Ltd., a British corporation, (collectively referred to as "Transure") originally filed an action in the California Superior Court, Marin County. 766 F.2d 1297, 1298. The defendants were Marsh and McLennan, Inc. (Marsh, Inc.), Marsh and McLennan Companies, Inc. (Companies), both Delaware corporations, and Crusader Insurance Company, Ltd. (Crusader), a South African Corporation. *Id.* (citizen of state A + alien v. citizens of state B + alien). The defendants removed the action to the federal district court. Transure subsequently moved to remand the action to the state court on the ground that the presence of alien corporations on both sides of the controversy defeated diversity jurisdiction. *Id.* The court disagreed (as have all the authorities that have addressed this issue) and held, "<u>federal diversity jurisdiction is not defeated where (1) there is a legitimate controversy between diverse citizens and aliens are additional parties; and (2) there is complete diversity as to the citizens</u>." *Id.* (emphasis added) (citing *Goar v. Compania Peruana de Vapores*, 688 F.2d 417, 420 n. 6 (5th Cir. 1982) ("§ 1332(a)(3) may also have the effect of retaining federal jurisdiction when there is complete diversity between the United States citizens involved in an action but there are foreign subjects among the parties on both sides."); *K & H Business Consultants, Ltd. v. Cheltonian, Ltd.*, 567 F. Supp. 420, 422-424 (D.N.J. 1983); *Samincorp., Inc. v. Southwire Co.*, 531 F. Supp. 1, 2-3 (N.D. Ga. 1980) (holding that, "A careful reading of the authorities discloses that the cases which state that aliens on both sides of a controversy will defeat diversity jurisdiction involve a construction of subsection

(a)(2) and not (a)(3) or such a statement is pure dicta with the cases being cited in support being of no weight."); *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F. Supp. 1069, 1071 (S.D.N.Y. 1971).

10. Similarly, preeminent scholars in the field of federal law have noted the application of 28 U.S.C. § 1332(a)(3) in situations such as the case at hand:

> The language of section 1332(a)(3) is broad enough to allow aliens to be additional parties on both sides of the dispute. Under this interpretation, jurisdiction would exist if a New Yorker, and a Canadian, sued a Californian, and a German, assuming, of course, that there was a legitimate dispute between the two Americans.

13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3604 at 390. Thus, <u>federal diversity jurisdiction is not affected by the presence of aliens on both sides of the controversy if there is a legitimate controversy between diverse citizens</u>. This is the situation at hand. No party argues that the dispute between the American Plaintiffs (Payans) and the American Defendant (Ford) is not legitimate. Also, no party disputes that there is a diversity of citizenship between the American Plaintiffs (New York and Texas citizens) and the American Defendant (Michigan/Delaware citizen). Thus, Ford asks this Court to find, consistent with the federal courts that have addressed this issue before it, that the presence of aliens on both sides of the controversy does not defeat its jurisdiction in this case and Plaintiffs are not entitled to remand to state court.

11. As the Seventh Circuit has noted, when citizens of states are on both sides of the litigation and are completely diverse (as they are here), the presence of aliens on one or both sides of the controversy "fits section 1332(a)(3) to a t."[2] *Allendale Mutual Ins. Co. v. Bull Data Sys., Inc.*,

---

[2] Note this supports the conclusion that if Defendant Automotriz Del Noreste, S.A. de C.V. is dismissed from this suit, removal is still appropriate as diversity jurisdiction would continue to exist between Plaintiffs and Defendant Ford.

10 F.3d 425, 428 (7th Cir. 1993) (citizen of state A + alien v. citizen of state B + alien); *see also Dresser Industries, Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 498 (3rd Cir. 1997).

12.     Additionally, only the citizen parties need to be from different states; the aliens can be from the same foreign nation. *Bank of New York v. Bank of America*, 861 F.Supp. 225, 229 (D.C.N.Y.1994)("For diversity purposes, an alien is an alien is an alien."); *see also Dresser Industries, Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 498 (3rd Cir. 1997). Thus, the fact that the alien Plaintiff in this case and the alien Defendant in this case are both from Mexico has no bearing on the issue of complete diversity.

B.     <u>Plaintiffs' arguments are misleading and without support and their reliance upon *Salinas* is misplaced.</u>

13.     Plaintiffs in this case argue that no diversity exists because an alien is suing another alien and a domestic citizen. Were this scenario actually representative of this case's facts, Plaintiffs would be correct. The presence of aliens on one side and residents and aliens on another do not allow for diversity jurisdiction. *Ed & Fred, Inc. v. Puritan Marine Insurance Underwriters, Inc.*, 506 F.2d 757 (5th Cir. 1975). The case law that supports this proposition is:

> [M]ost appropriately read as standing for the proposition that the diversity jurisdiction does not encompass cases between foreigners on one side and foreigners and citizens on the other. "The point was not so much that there were foreigners on both sides—for this is permitted by [§ 1332](a)(3)—as that there was no citizen on one side, which took it out of (a)(3); and (a)(2), when read in light of (a)(3), does not permit a suit between foreigners and a mixture of citizens and foreigners."

861 F.Supp. 225, 228 (citing *Allendale Mut. Ins. v. Bull Data Systems*, 10 F.3d 425, 428 (7th Cir. 1993).

14.     However, the Plaintiffs have misrepresented the facts of this case by depicting them as having solely aliens on one side and an alien and a U.S. resident on the other. Plaintiffs cite to

AUS:2057681.1
13486.95678                                                  6

this court's order in *Jesus Moreno Silva, et al, v. Airpax Acquisition, L.L.C, et al* and incorrectly state that "the facts and parties with regards to diversity issues in that cause of action essentially mirror this claim." (Plfs.' Motion to Remand, Section III.) This is simply untrue.

Plaintiffs attempt to mislead the Court as in this case we actually have:

citizen of state A +citizen of state B+ alien v. citizen of state C + alien[3]

In *Silva*, the parties existed as follows:

aliens v. citizen of state A + alien

Thus, in *Silva*, there was no diversity jurisdiction because there were no diverse citizen Plaintiffs. These facts are inapposite from the case at hand where there are diverse citizens on both sides. Thus, Plaintiffs have improperly relied upon this Court's order in *Silva* which involves a lack of diversity and a different set of facts. As shown above, under the circumstances of the present case, as long the residents on both sides of the suit are diverse, complete diversity exists providing the basis for federal jurisdiction. The presence of one or more aliens on either side has no bearing on this conclusion.

### III.
### CONCLUSION AND PRAYER

15. Ford properly removed this case due to the existence of complete diversity. Plaintiffs do not cite a single case that supports remand in this case where there exists complete diversity and the presence of one or more aliens. This is because the federal courts that have addressed the issue

---

[3] Plaintiffs inaccurately represent that the parties exist as follows ("Mexican Plaintiffs are suing Defendants, Ford Motor Company (Delaware and Michigan) and Automotriz Del Noreste, S.A. de C.V. (Mexico); thus the parties are not completely diverse." (Plfs.' Motion to Remand, Section III.)) Plaintiffs incorrectly depict the parties as follows:

aliens v. citizen of state A/B + alien

AUS:2057681.1
13486.95678

7

have held that removal in such circumstances is appropriate. *See* Subsection II above. The one order relied upon by Plaintiffs is inapposite to the facts of this case.

15. The presence of aliens on both sides of the suit does not destroy jurisdiction due to the existence of diverse U.S. citizens on both sides of the suit. Removal was clearly proper as 28 U.S.C. § 1332(a)(3) provides that in an action between citizens of different states, complete diversity is not affected by the presence of aliens as additional parties.

WHEREFORE, PREMISES CONSIDERED, Ford prays that this Court deny Plaintiffs' Motion to Remand, and grant such order and further relief as Ford may show itself entitled.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 Telecopier

By: _____
Chris A. Blackerby
Attorney in Charge
State Bar No. 00787091
Federal Admission No. 20016

Jaime A. Saenz
State Bar No. 17514859
Federal Admission No. 7630
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 Telecopier
ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

AUS:2057681.1
13486.95678

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded via telefax and certified mail, return receipt requested, to all counsel of record on this 18th day of August, 2003.

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

_____
Jaime A. Saenz