*10*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

AUG 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, and ENRIQUE ROBERTO PAYAN. | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY and AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | §<br>§<br>§<br>§ | |
| Defendants, | §<br>§<br>§ | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

COMES NOW, Plaintiff, Isabel Ennis Reynoso, Sally Payan, and Enrique Roberto Payan, herein ("Plaintiffs"), and files this Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. In support of their Opposition, Plaintiffs respectfully show unto the Court the following:

INTRODUCTION

1. Plaintiffs filed suit in this case on May 28, 2003 (See Exhibit A). Defendant Automotriz was served via process server on June 26, 2003 (See Exhibit B). Automotriz should have filed an answer by July 16, 2003 or a removal by July 26, 2003. It did neither.

2. Plaintiffs and Defendants counsel have entered into an agreement wherein Automotriz agrees to waive defective service without waiving its arguments for lack of personal jurisdition. Plaintiffs now present their arguments for personal jurisdiction subject to any motion to remand or

any supplemental motion to remand based upon untimeliness or lack of complete diversity.

## ARGUMENT

3.    The Court should deny Defendants' Motion to Dismiss because Defendant Automotriz waved its objection to personal jurisdiction by participating in the litigation under the auspices of having Ford's counsel file a response to the suit filed in State Court, to which they failed to timely answer, in the form of a 12(b) Motion to Dismiss for lack of personal jurisdiction.

4.    Furthermore, the Court should deny Automotriz's motion to dismiss because Automotriz purposefully availed itself to the benefits and protections of the laws of the forum state. *See Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999); *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567-568 (2d Cir. 1996).  This suit involves a defective Ford vehicle that was made in the United States, shipped down via Texas roadways, shipped over via Immigration located in Laredo, Texas and Nuevo Laredo, Mexico, down to the dealership, Automotriz, and eventually sold to the decedent.  (See Exhibit C).  Automotriz is clearly liable under the Restatement of Torts as the seller of a defective vehicle that eventually led to the death of Ms. Payan.  It is clear that at least one act by Automotriz in the forum that is substantially related to the suit allows the Court to exercise specific jurisdiction. *See Carteret sav. Bank, FA v. Shushan*, 954 F.2d 141, 146-148 (3rd Cir. 1992). Automotriz could not have received such a vehicle from the United States and through Texas without availing itself of the benefits of at least Texas laws, rules, or regulations, especially during the ordering process or trying to get the vehicle through immigration in Laredo, Texas.    Moreover, it is Plaintiffs belief that Automotriz engaged in "systematic and continuous" activities within Texas and/or other U.S.States in that this was not the first vehicle Automotriz ordered in the United States.  Thus, the Court could also exercise General Jurisdiction over Automotriz. *Metropolitan Life Ins. Co.*, 84 F.3d 560, 568 (2d Cir. 1996).

5.    The Court's assumption of jurisdiction over Automotriz will not offend traditional notions of fair play and substantial justice as Automotriz derived benefits from the State of Texas that it otherwise would not have had and could not have had in order to sell the vehicle to the decedent . *See Metropolitan Life Ins. Co.*, 84 F.3d 560, 568 and 573(2d Cir. 1996).

5.   Finally, the Defendants' wholly fail to support their motion by not attaching any supporting affidavits. See Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991). Thus, they have no evidence to support their contention.

CONCLUSION & PRAYER

6.   The acts of Automotriz described above and the exhibits attached herein show that Automotriz waived its ability to dismiss its claims and also established minimum contacts with the forum state.  Furthermore, the Court's assumption of jurisdiction over Automotriz will not offend traditional notions of fair play and substantial justice and will be consistent with due process of law.  FOR THESE REASONS, Plaintiffs ask the Court to deny Defendant Automotriz's motion to dismiss and to exercise and grant such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,


**MARTINEZ, BARRERA Y MARTINEZ, L.L.P.**
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602


Benigno (Trey) Martinez
State Bar No. 00797011
Federal Bar. No. 23945

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I, BENIGNO (TREY) MARTINEZ, hereby certify that I have not conferred with Mr. Jamie

Saenz, regarding the foregoing Motion as I was unable to reach him.

BENIGNO (TREY) MARTINEZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 19th day of August, 2003, a true and correct copy

of the foregoing  Plaintiff, Isabel Reynoso, et al.'s, Opposition to Defendant, Automotriz del

Noreste's, S.A. de C.V.'s Motion to Dismiss for Lack of Personal Jurisdiction was sent to Mr.

Jamie Saenz, 1201 E. Van Buren, Brownsville, Texas 78520.

BENIGNO (TREY) MARTINEZ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, and ENRIQUE ROBERTO PAYAN. | § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY and AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § | |
| | § | |
| Defendants, | § | |

### AFFIDAVIT OF BENIGNO (TREY) MARTINEZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, personally appeared Trey Martinez, who, being by me duly sworn, deposed as follows:

My name is Trey Martinez. I am over eighteen (18) years of age, have never been convicted of a felony, and am fully competent to make this Affidavit. I have personal knowledge of the facts stated in this Affidavit, unless stated to the contrary, and those facts are true and correct.

1.    I am the attorney of record for Plaintiffs and therefore have personal knowledge of the facts stated in this Opposition to Defendant's Motion.

2.    I have read the foregoing Motion for Remand, and the information contained in therein is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.

Benigno (Trey) Martinez

SUBSCRIBED AND SWORN TO BEFORE ME on this the _19th_ day of August, 2003.

Notary Public, State of Texas
County of Cameron

SAN JUANITA LOPEZ
Notary Public, State of Texas
My Commission Expires
January 14, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, and ENRIQUE ROBERTO PAYAN. | § <br> § <br> § <br> § |
| Plaintiffs, | § <br> § |
| VS. | §     CIVIL ACTION NO. B-03-120 <br> § |
| FORD MOTOR COMPANY and AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § <br> § <br> § <br> § |
| Defendants, | § <br> § |

**ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

On this the _____ day of _____, 2003, came on to be heard Plaintiffs' Opposition to Defendant's Motion to Dismiss for Lack Personal Jurisdiction in the above-named action and it finds that Automotriz has established enough contacts for which this Court should be allowed to exercise jurisdiction.

IT IS, THEREFORE, ORDERED that Defendant's Motion should be DENIED.

SIGNED this _____ day of _____, 2003.


_____
JUDGE PRESIDING

CAUSE NO. _2003-05-2715-E_

ISABEL ENNIS REYNOSO, SALLY PAYAN,      §      IN THE 357ᵗʰ JUDICIAL
AND ENRIQUE ROBERTO PAYAN               §
                                        §
VS.                                     §      DISTRICT COURT OF
                                        §
FORD MOTOR COMPANY, USA, AND            §
AUTOMOTRIZ DEL NORESTE, S.A. DE C.V.,   §
MEXICO                                  §      CAMERON COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Isabel Ennis Reynoso, Sally Payan, and Enrique Payan, complaining of the

above- named Defendants, and for cause of action would respectfully show the court as follows:

I.

### DISCOVERY LEVEL

The Plaintiffs intend discovery in this suit to be conducted under Level 3, pursuant to Rule

190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this

effect.

II.

### JURISDICTION AND VENUE

Jurisdiction is proper in Cameron County, Texas because this is a wrongful death lawsuit and

the damages sought exceed the minimum jurisdictional limit of this Court.

Venue is proper in Cameron County:

a.      Pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code

        because a principal office of Defendant, Ford Motor Company, U.S.A. (a corporation



incorporated under the laws of the Delaware) is located in, is authorized to do business, and is doing business in and throughout the State of Texas, including Cameron County.

b.    Pursuant to Section 15.033 of the Texas Civil Practice and Remedies Code because one of the Plaintiffs resided in Cameron County, Texas at the time the cause of action accrued and all Plaintiffs are asserting causes of action for breaches of warranties against a manufacturer (*i.e.,* Ford Motor Company) of consumer goods (*i.e.,* the vehicle);

c.    Pursuant to Section 15 of the Texas Civil Practices and Remedies Code because venue is permissive and Cameron County would be the most convenient county for all parties;

d.    Pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because Plaintiffs have established proper venue over one or more Defendants and Plaintiffs' claims or actions against all Defendants arise from the same transaction, occurrence, or series of transactions or occurrences, and as such, venue as to all Defendants is established.

III.

PARTIES

PLAINTIFFS

Plaintiff, Isabel Ennis Reynoso, is a resident of Matamoros, Tamaulipas, Mexico.

Plaintiff, Sally Payan, is a resident of Cameron County, Texas.

Plaintiff, Enrique Roberto Payan, is a resident of New York, New York.

They bring this suit, individually, on behalf of themselves as persons entitled to recover for the wrongful death of Jean Margaret Elizabeth Reynoso de Payan. Their claims are, in part, brought pursuant to the Texas Wrongful Death Statutes, the Texas Constitution and the common law.

DEFENDANTS

Defendant FORD MOTOR COMPANY, U.S.A. ("FORD") is a Delaware corporation with its principal place of business in Dearborne, Michigan. Ford is organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Ford may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested.

Defendant AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. ("AUTOMOTRIZ"), is a Mexican based corporation with its principal place of business in Matamoros, Tamaulipas, Mexico, and is authorized to conduct business on behalf of Ford in the country of Mexico. Defendant AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., may be served by registered mail containing a true and correct coy of this Plaintiffs' Original Petition to its Chairman, C.E.O., President, or Vice-President at Calle 6a. Y Cristobal Colon, #800 Lucero C.P. 87350, H. Matamoros, Tamaulipas.

At all times material hereto, Defendant FORD and AUTOMOTRIZ were in the business of designing, manufacturing, marketing, and selling automobiles, including sport utility vehicles such as the Ford Explorer, and did design, manufacture, market, and place in the stream of commerce the Ford Explorer involved herein.

IV.

<u>FACTS</u>

On or about June 23, 2000, Jean Margaret Elizabeth Reynoso de Payan (hereinafter referred to as Betty Payan), purchased her 2000 Explorer, Ford, four-door sport utility vehicle, VIN 1FMZU62E6YZC13643 from Ford Automotriz del Noreste, S.A. de C.V.

On January 11, 2003 at approximately 6:20 p.m. Betty Payan and her daughter, Sally Payan, were driving her 2000 Ford Explorer on a toll highway from Monterrey headed towards Reynosa and McAllen, Texas, when Betty Payan lost control of the vehicle. This caused the Explorer to go off of the highway and then roll several times before coming to a stop. As a result Betty Payan was seriously injured and subsequently died two months later after a lengthy battle with her injuries. Sally Payan suffered only minor physical injuries.

V.

<u>STRICT PRODUCTS LIABILITY</u>

The Ford Explorer and its component parts were defective and unreasonably dangerous by reason of defective design, manufacture, marketing and the failure of Defendants to give adequate and proper warnings and instructions, which defective and unreasonable risk of harm and were a producing cause of the injuries and subsequent death of Betty Payan, as well as the injuries sustained by Sally Payan. The dangerous condition/defect(s) included or involved the failure of the vehicle to withstand adequate force to prevent roof crush and vehicle steering/instability under conditions such as those involved in this incident. Since the Defendants are in the business of designing,

manufacturing, selling and/or marketing the products and component parts in question, which are distributed and sold throughout the United States, Mexico, as well as the State of Texas, Defendants are liable to the Plaintiffs for their damages under the theory of products liability.

At the time the Explorer was sold and/or marketed and/or placed into the stream of commerce by the Defendants, they were defective and unreasonably dangerous, as that term is defined in law, to persons who could reasonably be expected to use same, which defective and unreasonably dangerous conditions were a producing cause of the serious injuries and subsequent death of Betty Payan and injuries to Sally Payan. The product was also defective by reason of Defendants' failure to include, provide or carry with them adequate and proper warnings and instructions as to dangers associated with the use of the product and how to avoid such dangers, which defects rendered the product unreasonably dangerous and which defects were a producing cause of the occurrence in question, the death of Betty Payan and injuries sustained by Sally Payan.

In that the Explorer and/or its component parts were defective and unreasonably dangerous to the Plaintiffs and to the public generally, Defendants are liable to Plaintiffs under the theory/doctrine of strict liability (strict products liability). Further, in this connection, Plaintiffs allege that the defects in the design, manufacture and/or marketing of the Explorer and/or its component parts were the producing cause or causes of the occurrence in question and the injuries to the Plaintiffs.

At the time said vehicle and its component parts were designed, manufactured and sold, safer alternative designs were available which were technologically and economically feasible, and which, if utilized, would have prevented the occurrence in question and the untimely death of the death of Betty Payan and the injuries sustained by Sally Payan.

Defendant FORD made the vehicle in question in the United States and then sold the defective Explorer via its Mexican agent or branch, placing it into the stream of commerce and are, thus, also liable under the doctrine of strict liability of tort.

VI.

NEGLIGENCE

Defendants committed acts of omission and commission, which collectively and severally, constituted negligence, negligence per se and which were a proximate cause of the occurrence in question, the pain, suffering and wrongful death of the death of Betty Payan and the injuries sustained by Sally Payan.

VII.

MALICE AND/OR GROSS NEGLIGENCE

Further, the wrongful conduct of the Defendants involved more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, Defendants' conduct constituted a heedless, reckless and wanton disregard for the rights, welfare, or safety of the Plaintiffs and foreseeable users and persons affected by it, and when viewed objectively from the standpoint of said Defendants at the time of the acts or omissions, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and said Defendants had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others. As such, Defendants, conduct constituted malice and/or gross negligence and Plaintiffs, individually or in their respective capacities, are entitled to recover judgment against Defendants for exemplary damages in an amount exceeding the minimum jurisdictional limits of this Court. Plaintiff, Sally Payan, is entitled to recover exemplary

damages, and the named wrongful death beneficiaries are entitled to recover exemplary damages. Further, Plaintiffs allege that the limitation on the amount of exemplary damages recoverable specified in Section 41.008(b) of the Texas Civil Practice and Remedies Code is not applicable to this cause because Defendants wrongful conduct included knowing or intentional conduct constituting one or more of the felonies described in Section 41.008(c) of the Texas Civil Practice and Remedies Code [*see, e.g.,* 41.008(c)(12)].

VIII.

BREACH OF WARRANTY

The allegations contained in paragraphs IV through VII above are incorporated herein for all purposes as though recited verbatim herein. Defendants, by and through the sale of the products in question, expressly and impliedly warranted to the public generally, and to the Plaintiffs specifically, that the products in question were fit for the purposes for which they were intended, were merchantable, and/or had certain qualities, characteristics, uses or benefits. Plaintiffs made use of the products as alleged herein and relied on the express and implied warranties. Contrary thereto, the products were not fit for their intended use, were not merchantable and did not have the qualities, characteristics, uses or benefits as represented, rendering the products in question unreasonably dangerous. Defendants breached the express and implied warranties because of the products' failure and defective components as alleged above and because of improper marketing involving Defendants' failure to warn of the products' inadequacies or defects and failure to instruct in the safe operation of the product. Defendants' breach of warranties and the above-mentioned defects rendered the products unreasonably dangerous and a proximate cause and a producing cause of the

occurrence in question and the resulting death of the death of Betty Payan and the injuries sustained by Sally Payan.  Further, Defendants' conduct was done knowingly and/or intentionally.

IX.

MISREPRESENTATION

The allegations contained in paragraphs IV through VIII above are incorporated herein for all purposes as though recited verbatim herein.  Defendants are also strictly liable to Plaintiffs under Section 402(b) of the Restatement (Second) of Torts, because they misrepresented to the public that the products were safe and without defect, which statement and representation was false and involved a material fact concerning the character or quality of the products in question, and upon which representation the Plaintiffs, as consumers, constructively relied, and which constituted a producing cause of the occurrence in question and subsequent injuries and death.

X.

DECEPTIVE TRADE PRACTICE

Defendants are further liable for violation of Section 17.46 and Sections 17.50(a)(1)(2) and other sections of the Texas Deceptive Trade Practices Act (DTPA, TEX. BUS. & COM. CODE ANN.), which violations were a producing cause of the occurrence in question and include:

A.    Representations that the products in question, and their component parts, possessed qualities, characteristics, uses and benefits which they did not possess; and

B.    Representations that the products in question, and their component parts, were merchantable when, in fact, they were not fit for the ordinary purposes for which such products were to be used.

Further, Defendants' conduct was done knowingly and/or intentionally.  Defendants have been provided notice of their breach of warranty, of their violation of the Deceptive Trade Practices

Act and Plaintiffs' damages pursuant to Section 17.50(a) *et seq.* of the DTPA. Under the Deceptive Trade Practices Act, Defendants, as a result of its knowing breach of express and implied warranties, are liable for the actual damages suffered by Plaintiffs, plus additional amounts awarded by the trier of fact and pursuant to Section 17.50(b)(2) of the Deceptive Trade Practices Act, as well as court costs and reasonable attorneys fees.

XI.

## PERSONAL INJURY DAMAGES

Plaintiffs would show that the time of her death, Betty Payan was (fifty-one) years old, in good health and had a reasonable life expectancy in excess of 20 years. Before the time of her death and during her lifetime, Betty Payan, was an industrious, energetic, happy, loyal and loving mother. Betty Payan, besides providing for her children, performed usual tasks in and about the family residence and gave affection, solace, love and comfort to her family, and in all reasonable probability would have continued to do so for the remainder of her natural life.

ISABEL ENNIS REYNOSO

As a result of the untimely death of Betty Payan, Plaintiff, Isabel Ennis Reynoso has suffered loss, damages, and injury from the death of her daughter, Betty Payan, including loss of love, comfort, companionship, society, care, maintenance, assistance and emotional support, services, advise, counsel and contributions of a pecuniary value that he would, in all reasonable probability, have received from her daughter during her lifetime had she lived. She has also suffered mental anguish, grief and sorrow as a result of her death. Plaintiff, Isabel Ennis Reynoso, is entitled to recover for all of these damages, past and future, in an amount exceeding the minimum jurisdictional limit of this Court (*see, e.g.,* Paragraph VII).

## SURVIVING CHILDREN

Plaintiffs, Enrique Roberto Payan and Sally Payan, the natural children of Betty Payan, Deceased, lost a good and loving mother and provider and, in all reasonable probability, had she lived, would have continued to be such for the remainder of her natural life. These Plaintiffs assert and allege all causes of action for all damages sustained by them as a result of the death of their mother to the fullest extent allowed by law. Plaintiffs would further assert that they have suffered injuries, damages and loss as a result of the death of their mother, including loss of care, maintenance, support, services, advice, counsel, inheritance, and contributions of a pecuniary value that they would have received from decedent during their lifetime had she lived. Plaintiffs further assert and allege that they have suffered additional losses by virtue of the destruction of the parent/child relationship, including the loss of love, affection, solace, comfort, companionship, society, emotional support, and happiness. Plaintiffs have suffered mental anguish, grief and sorrow. Plaintiffs are entitled to recover for all of their injuries and damages, past and future, in an amount exceeding the minimum jurisdictional limit of this Court. As wrongful death beneficiaries, Plaintiffs are also entitled to recover exemplary damages for the death of Betty Payan in an amount exceeding the minimum jurisdictional limit of this Court (*see, e.g.,* Paragraph VII).

## SALLY PAYAN

Plaintiff, Sally Payan, states that she has sustained personal injuries, loss of income, mental anguish and pain and suffering. Plaintiff will continue to suffer mental anguish, pain, and suffering for the remainder of her natural life as a result of the injuries sustained, and is entitled to recover for same. Plaintiff is entitled to recover for all of said injuries and damages she has suffered in the past and will suffer in the future. With respect to all of these damages, Plaintiff Sally Payan is also

entitled to recover exemplary damages in an amount exceeding the minimum jurisdictional limit of this Court (*see, e.g.,* Paragraph VII).

## XII.

### PRE JUDGMENT AND POST JUDGMENT INTEREST

Plaintiffs are entitled to recover all pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII.

### CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred to support the Plaintiffs' pleadings.

## XIV.

### JURY DEMAND

Plaintiffs request a jury in this cause.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants, jointly and severally, for their actual damages and for exemplary damages in such amounts as the evidence may show and the jury may determine to be proper, together with pre-judgment interest at the highest legal rate, post-judgment interest at the highest legal rate from the date of judgment until paid, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
TONY MARTINEZ
State Bar No. 13139000

MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
Phone (956) 546-7159
Fax   (956) 544-0602

**ATTORNEYS FOR PLAINTIFFS**

Citation for Personal Service - NON-RESIDENT NOTICE     Lit. Seq. # 5.005.01

No. 2003-05-002715-E

T H E   S T A T E   O F   T E X A S

     NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  I you or your attorney do not file a written answer with the clerk who issued th citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may taken against you.

TO: AUTOMOTRIZ DEL NORESTE, S.A. DE C.V.
    TO ITS CHAIRMAN, C.E.O.,
    PRESIDENT, OR VICE-PRESIDENT AT
    CALLE 6A Y CRISTOBAL COLON 800
    LUCERO C.P. 87350
    H. MATAMOROS, TAMAULIPAS
the _____ DEFENDANT _____, GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of s county in Brownsville, Texas.  Said _____ PETITION _____ was filed on _____ MAY 28, 2003 _____.  A copy of same accompanies this citation.

The file number of said suit being No. 2003-05-002715-E.

The style of the case is:

        ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROB
                        VS.
        FORD MOTOR COMPANY, USA, AND AUTOMOTRIZ DEL NOREST

Said petition was filed in said court by _____ HON. BENIGNO (TREY)
(Attorney for _____ PLAINTIFF _____), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX   78520

    The nature of the demand is fully shown by a true and correct copy of th Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _2nd_ day of _JUNE_, A.D. _2003_.

                    AURORA DE LA GARZA _____, DISTRICT CLE

# AFFIDAVIT OF SERVICE

CASE NO. 2003052715E                                      COURT: 357

                                              Clt. Ref.#

ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN


VS.

FORD MOTOR COMPANY,USA AND AUTOMOTRIZ DEL NORESTE, S.A. DE
C.V. MEXICO


The documents below came to hand for service on 06/04/03    Time: 09:00:0 o'clock.

Documents received for service:

**CITATION PLAINTIFF'S ORGINAL PETITION**


The documents listed above were executed on 06/26/03

at: Calle 6a & Cristobal Colon 800
    Lucero C.P. 87350,


the defendant's usual mailing address, by delivering to the within named:

**Automotriz Del Noreste, S.A. De C.V.**
**To Its Chairman, C.E.O. President Or Vice-President At**


by certified mail.  Return receipt with signature thereon is attached hereto; each

a true copy of the documents listed above and endorsed on such the date of mailing.

I, am over the age of eighteen, not a party to nor interested in the outcome of the

above numbered suit and am authorized by written order of the court to serve citation

and other notices.

Service Fee $ ___5.5___

                                    Eddie M Gonzalez
                                    Professional Civil Process Brownsville
                                    700 Paredes Ave. Suite 208
                                    Brownsville, Texas 78520


      STATE OF TEXAS    }

                              VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
and correct.  Given my hand and seal of office on this the 25 day of July

                                    NOTARY PUBLIC SIGNATURE

JUANITA G. SALDIVAR
MY COMMISSION EXPIRES
February 02, 2005

PCP Inv. # R0603   38

AIR MAIL

| Registered Article (Lettre recommandé) | | | | | |
|---|---|---|---|---|---|
| ☒ Letter (Lettre) | ☐ Printed Matter (Imprimé) | ☐ Other (Autre) | ☐ Recorded Delivery (Envoi à livraison attestée) | | ☐ Express Mail International |
| ☐ Insured Parcel (Colis avec valeur déclarée) | | Insured Value (Valeur déclarée) | Article Number | | RA969799315US |

Office of Mailing (Bureau de dépôt)
Customarity del Norte, S.A. de C.V.

Date of Posting (Date de dépôt)

Addressee and His Firm (Nom ou raison sociale du destinataire)
Chairman, C.E.O. President or Vice President

Street and No. (Rue et No.)
Calle 6ª y Cristobal Colon #800 Lucero C.P. 87350

Place and Country (Localité et Pays)
H. Matamoros Tamaulipas Mexico

This receipt must be signed by the addressee, or by a person authorized to sign under the regulations of the country of destination, or, if these regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender.

(Cet avis doit être signé par le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à l'expéditeur).

00668

☐ The article mentioned above was duly delivered.
(L'envoi mentionné ci-dessus a été dûment livré.)

26 JUN. 2003

Signature of Addressee (Signature du destinataire)

Office of Destination Employee Signature (Signature de l'agent du bureau du destination)
Contreras

Postmark of the office of destination (Timbre du bureau de destination)

PS Form **2865**, October 1992 *(Reverse)*

---

**Registered No.**

RA969799315US

| | | | | |
|---|---|---|---|---|
| Reg. Fee $ | 7.50 | Special $ Delivery | | |
| Handling $ Charge | | Return $ Receipt | 1.75 | |
| Postage $ | 1.25 | Restricted $ Delivery | | |
| Received by | | | | |

To Be Completed By Post Office

Customer Must Declare Full Value $

☐ With Postal Insurance
☐ Without Postal Insurance

**Date Stamp**

UNIT ID: 0056
Clerk: KF5MDK
06/13/03

Domestic Insurance is Limited To $25,000; International Indemnity is Limited (See Reverse)

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM
Professional Civil Process
700 Paredes Line, Suite 708
Brownsville TX 78520

TO
Automotriz del Norte S.A. de C.V.
Chairman, C.E.O. President or V. President
Calle 6ª y Cristobal Colon #800 Lucero
C.P. 87350 H. Matamoros Tamaulipas Mex

PS Form **3806**, February 1995    **Receipt for Registered Mail**    (Customer Copy)
(See Information on Reverse)



# Automotriz del Noreste, S.A. de C.V.

CALLE 6ª Y CRISTOBAL COLON No. 800 TELS 12-05-32, 12-05-33, 12-05-34  H. MATAMOROS, TAM.

No A009344



| VENDIDO A | | |
|---|---|---|
| ISABEL ENNIS DE REYNOSO | CODIE 008767 | 093 |
| AVE. CD. DE MEXICO No. 42 | COL. FRACC. RIO 3da. SECC | 23-JUN-2 |
| H. MATAMOROS  TAMP  C.P. 87330 | TEL. 0166869 | |

| EL-4464/2000 | P003909 | 000 | Contado | | |
| FORD | 2000 | E75 | 0020819 | |
| 1FMZU62E6YZC13643 | | C13643 | BLANCO OXFORD /TELA |



### DESCRIPCION

EXPLORER XLS V6 4X2 4 PTAS

| MODELO 2000 | FRENOS DE DISCO EN 4 RUEDAS |
| AIRE ACONDICIONADO | SEGUROS Y ELEVADORES ELECTRICO |
| CINTURONES DE SEG. DELANT. TRA | MOTOR 4.0L SOHC V6 |
| RADIO AM/FM CASSETE C/RELOJ | DIRECCION HIDRAULICA |
| BOLSAS DE AIRE | PARRILLA PORTA EQUIPAJE |
| CRISTALES DE PRIVACIA | COMPACT DISC |
| FRENOS ABS | FAROS AERODINAMICOS DE HALOGEN |
| ESTRIBOS TUBULARES DEPORTIVOS | VESTIDURA DEPORTIVA |
| RINES DE ALUMINIO BRILLANTES | |



IMPORTE EN LETRA
(DOSCIENTOS SESENTA Y DOS MIL OCHENTA Y SIETE PESOS 00/100 M.N.)

R.F.C. ANO-840306-PL5
REG. CAM. 43055
CTA. EDO. 5355

LA REPRODUCCION NO AUTORIZADA DE ESTE COMPROBANTE CONSTITUYE UN DELITO EN LOS TERMINOS DE LAS DISPOSICIONES FISCALES
FECHA DE IMPRESION: 15-12-1999  VIGENCIA: 15-12-1999 AL 14-12-2001