*14*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

SEP 1 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § § | |
| **Plaintiffs,** | § § | |
| VS. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY and AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § § | |
| **Defendants** | § § | |

**PLAINTIFFS' SUPPLEMENTAL OPPOSITION TODEFENDANT AUTOMOTRIZ DEL
NORESTE, S.A.  DE C.V.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION SUBJECT TO THE COURT'S RULING ON
PLAINTIFFS' MOTION TO REMAND**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:**

**COME NOW PLAINTIFFS ISABEL ENNIS REYNOSO, SALLY PAYAN, AND
ENRIQUE ROBERTO PAYAN** and file this their Supplemental Opposition to Defendant
Automotriz de Noreste, S.A. de C.V.'s Motion to Dismiss for Lack of Personal Jurisdiction subject
to their Motion to Remand. In support of their, Plaintiffs respectfully show the Court the following:

**I.**

**THIS COURT HAS PERSONAL JURISDICTION**

On May 28, 2003, Plaintiffs Isabel Ennis Reynoso, Sally Payan and Enrique Roberto Payan
filed suit against Defendants in the 357th Judicial District Court, Cameron County, Texas in a
wrongful death cause of action.  The Defendants removed the action to federal court and are now

contesting this Court's jurisdiction. As set forth below, Texas does have the minimum contacts necessary to establish jurisdiction; thus, the Motion to Dismiss should be denied.

A.    The Standard for Exercising Jurisdiction.

Jurisdiction is proper if two conditions are met. First, the Texas Long Arm Statute must authorize the exercise of jurisdiction, and second, the constitutional guarantees of due process must be met. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990); *Ahadi v. Ahadi* 615. W. 2d 714, 718 (Tex. App.--Corpus Christi, 2001, pet. denied). Inasmuch as the Texas Long Arm Statute reaches as far as is constitutionally allowed, the personal jurisdiction question is actually a constitutional due process inquiry. *Bullion v. Gillespie*, 895 F.2d 213 (5th Cir. 1990); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C*, 815 S.W.2d 223, 226 (Tex. 1991).

For the exercise of personal jurisdiction over a nonresident defendant to comport with due process, the defendant must have purposefully established certain "minimum contacts" with the forum state and the exercise of personal jurisdiction must be such that it does not offend traditional notions of fair play and substantial justice. *Ashai Metal Indus. Co. v. Superior Court*, 107 S. Ct. 1026, 1033 (1987); *Burger King v. Rudzewicz*, 107 S. Ct. 1026 (1985); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *Dawson-Austin v. Austin* 968 S.W.2d 319, 326 (Tex. 1998).

The court's exercise of personal jurisdiction may be specific or general. A court may exercise specific jurisdiction over a defendant when the alleged cause of action arises out of, or is related to the defendant's purposeful contacts with the forum and the litigation results from the alleged injuries that "arise out of or relate to" those activities. *Helicopteros Nacionales de Columbia v. Hall*, 104 S. Ct. 1868, 1872, n. 8 (1984); *Keeton v. Hustler Magazine, Inc.*, 104 S. Ct. 1473 (1984); *Dawson-Austin v. Austin,* 968 S.W.2d 319, 326 (Tex. 1998). Where a cause of action does not arise out of

a nonresident defendant's purposeful contacts with the forum, a court may still exercise general jurisdiction if the defendant's purposeful conduct produces "continuous and systematic contacts" with the forum state. *Dalton v. R.W. Marine, Inc.*, 897 F.2d 1359, 1361-62 (5th Cir. 1990).

The Fifth Circuit has held that it is not unfair to require a nonresident to defend itself in the courts of the forum state if the nonresident engaged in activities that will "support an inference that the nonresident defendant purposefully availed [itself] of the benefits of conducting business in the forum. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Circ. 1985); *Standard Fittings Co. v. Sapag*, S.A., 625 F.2d 630, 643 (5th Cir. 1980).

B.    There is a Sufficient Nexus In This Case to Provide Personal Jurisdiction.

In this case, there is a sufficient nexus between the Defendants and Texas to provide the Court with personal jurisdiction. As set forth in the attached exhibit, the Defendants solicited business in the United States. In fact, the defective Ford vehicle that is the subject of this suit was manufactured in the United States, and traveled on Texas roadways on its way to the Defendant dealership Automotriz. The vehicle crossed into Mexico from Texas. It is the Plaintiffs' understanding that numerous, if not all, of the vehicles such as the vehicle at issue in this case were also manufactured in the United States, and traveled on Texas roadways and through Texas borders to reach the Defendant. The Defendant's contacts in this case were substantial and, more importantly, were the impetus for the death of the Decedent.

C.    The Exercise of Jurisdiction Would Not Violate Traditional Notions of Fairness.

Upon finding that the nonresident defendant purposefully established minimum contacts with the forum state, the court must determine if the exercise of *in personam* jurisdiction comports with fair-play and substantial justice. *Liverpool,* 82 S.W.3d at 637-38 (citing *Schlobohm,* 784 S.W.2d at

358). The courts have held that only in rare cases will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the state. The factors the courts consider are (1) the nonresident's burden; (2) the forum state's interest in adjudicating the dispute; and (3) the plaintiff's interest in obtaining convenient and effective relief. *Guardian Royal*, 815 S.W.2d at 228.

Much if not all, of the proof the regarding the design and construction of the vehicle are contained in documents from the United States. Defendants have not explained why they cannot bring their books and records to Cameron County, Texas or produce them through discovery.

Additionally, Texas has a substantial interest in adjudicating this matter. One of the Plaintiffs is from Texas, and Texas therefore obviously has an interest in the litigation occurring in her home forum. *United Sonics, Inc. v. Shock*, 661 F. Supp. 681, 683 (W.D. Tex. 1986); *see Schnexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir.), *cert. denied*, 484 U.S. 977 (1987). Texas therefore has a strong "interest in providing effective means of redress of its residents." *McGee*, 355 U.S. at 223.

In *Stabler v. New York Times Co.*, 569 F. Supp. 1131 (S.D. Tex. 1983), the Southern District of Texas held that "it is generally held that the plaintiff's choice of venue is to be given substantial weight. Unless the balance of convenience is strongly in favor of the movant, the plaintiff's choice of forum should not be disturbed." [citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).]

Since this district is the home of one of the Plaintiffs, her choice is entitled to even greater deference:

> He should not be deprived of the presumed advantages of has home jurisdiction except on a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to

> be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown.

*Koster v. American Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 524 (1947). *See also Rippy*

*v. Crescent Feed Commodities, Inc.*, 710 F. Supp. 1074, 1079 (S.D. Miss. 1988) (plaintiff's choice

of forum is entitled to great weight particularly when his choice is his own home state); *Sorrels*

*Steel*, 651 F. Supp. at 628 (plaintiff's choice of forum is "entitled to great weight, especially if the

forum he chooses is in the district in which he resides"); *Ammon v. Kaplow*, 468 F. Supp. 1304,

1313 (D. Kan. 1979) ("additional consideration is properly given when the plaintiff has chosen the

forum in which he resides").

As set forth above, traditional notions of fair play and justice would not be offended by this

Court exercising jurisdiction in this case. Rather, fair play and justice dictates that the case proceed

in this Court since one of the Plaintiffs reside in Texas.

## II.

## CONCLUSION

The Defendants have established sufficient contacts for jurisdictional purposes. Plaintiffs

request that Defendants' Motion to Dismiss for lack of Personal Jurisdiction subject to Plaintiffs'

Motion to Remand be denied and for such other relief to which Plaintiffs may show themselves

justly entitled.

Respectfully submitted,

**MARTINEZ, BARRERA Y MARTINEZ, L.L.P.**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

Benigno (Trey) Martinez
State Bar No. 00797011
Federal Bar. No. 23945
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I, BENIGNO (TREY) MARTINEZ, hereby certify that I conferred with Mr. Jamie Saenz,

regarding the Motion to Dismiss for lack of Personal Jurisdiction and he was opposed.

BENIGNO (TREY) MARTINEZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the ___15th___ day of __September__, 2003, a true and

correct copy of the foregoing Plaintiff, Isabel Reynoso, et al.'s, Supplemental Opposition to

Defendant, Automotriz del Noreste's S.A. de C.V.'s Motion to Dismiss for Lack of Personal

Jurisdiction was sent to Mr. Jamie Saenz, 1201 E. Van Buren, Brownsville, Texas 78520.

BENIGNO (TREY) MARTINEZ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ISABEL ENNIS REYNOSO, SALLY PAYAN,** | § § § | |
| **Plaintiffs,** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. B-03-120** |
| **FORD MOTOR COMPANY and AUTOMOTRIZ DEL NORESTE, S.A. DE C.V.** | § § § § | |
| **Defendants** | § § | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

On this the _____ day of _____, 2003, came on to be heard Plaintiffs' Opposition to Defendant's Motion to Dismiss for Lack Personal Jurisdiction in the above-named action and it finds that Automotriz has established enough contacts for which this Court should be allowed to exercise jurisdiction.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss or Lack of Personal Jurisdiction should be DENIED.

SIGNED this _____ day of _____, 2003.

_____
JUDGE PRESIDING

 

# Automotriz del Noreste, S.A. de C.V.

CALLE 6ª Y CRISTOBAL COLON No 800 TELS 12-05-32, 12-05-33, 12-05-34  H. MATAMOROS, TAM

No A009344



| | FACTUR | 0934 |
|---|---|---|

ISABEL ENNIS DE REYNOSA    CODIF. 008767

AVE. CD. DE MEXICO No. 425    CD. FRACC. RIO 3da. SECC
H. MATAMOROS    TAMP    C.P. 8733?    TEL. 611?89?    23-JUN-200

| E1-4464/2000 | P003909 | 000 | Contado | | |
|---|---|---|---|---|---|
| FORD | 2000 | | E7S | 0020819 | |
| 1FM2U62E6YZC13643 | | | C13643 | BLANCO OXFORD | /TELA GR |

## DESCRIPCION

1  UNA UNIDAD NUEVA
EXPLORER XLS V6 4X2 4 PTAS                    $26

MODELO 2000
AIRE ACONDICIONADO                FRENOS DE DISCO EN 4 RUEDAS
CINTURONES DE SEG. DELANT. TRA    SEGUROS Y ELEVADORES ELECTRICO
RADIO AM/FM CASSETE C/RELOJ       MOTOR 4.0L SOHC V6
BOLSAS DE AIRE                    DIRECCION HIDRAULICA
CRISTALES DE PRIVACIA             PARRILLA PORTA EQUIPAJE
FRENOS ABS                        COMPACT DISC
ESTRIBOS TUBULARES DEPORTIVOS     FAROS AERODINAMICOS DE HALOGEN
RINES DE ALUMINIO BRILLANTES      VESTIDURA DEPORTIVA

UNIDAD IMPORTADA POR/Ford Motor Company       PEDIMENTO 3190?0009?8    FECHA 30?MAY/2000 TA
POR LA ADUANA DE NVO. LAREDO, TAMAULIPAS  VENDEDOR/FORD MOTOR COMPANY TE.S.A
NUMERO DE SERIE: 1.F.M.U.6.2.E.6.Y.Z.C.1.3.6.4.3
EL PRECIO DEL VEHICULO DESCRITO INCLUYE EL IMPUESTO SOBRE AUTOMOVILES NUEVOS
DE ACUERDO CON EL ARTICULO 13 DE LA LEY RESPECTIVA.
SE INCLUYE EL I.V.A.

| | |
|---|---|
| SUBTOTAL | |
| I.V.A. | |
| TOTAL | $26 |

SHCP    FOLIO    A 0 8 4 1 0 1 D
SECRETARIA DE HACIENDA Y CREDITO PUBLICO
SUBSECRETARIA DE INGRESOS
CEDULA DE REGISTRO FEDERAL DE CONTRIBUYENTES
ANO840306PL5.
CLAVE DE REG FED DE CONTRIBUYENTE
AUTOMOTRIZ DEL
NOMBRE
NORESTE, S.A. DE C.V.
1990

IMPORTE EN LETRA
(DOSCIENTOS SESENTA Y DOS MIL OCHENTA Y SIETE PESOS 00/100 M.N.)

R.F.C. ANO-840306-PL5
REG. CAM: 43055
CTA EDO 5355

 EXHIBIT A



LA REPRODUCCION NO AUTORIZADA DE ESTE COMPROBANTE CONSTITUYE U        CIONES FISCALES
FECHA DE IMPRESION: 15-12-1999  VIGENCIA: 15-12-1999 AL 14-12-2001