IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 2 4 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | C.A. No. B-03-120 |
| FORD MOTOR COMPANY AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § | |
| Defendants | § § § | |

## ORDER

BE IT REMEMBERED that on March 23, 2004, the Court **DENIED** Plaintiffs' Motion to Remand [Dkt. No. 7], **GRANTED** Defendant Automotriz Del Noreste's ("Automotriz") Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 6], and **GRANTED** the Parties' Agreed Motion for Continuance [Dkt. No. 17].

### I. Background

This case involves a single vehicle accident that occurred in Mexico, near Monterrey, on January 11, 2003. Plaintiffs, the decedents' survivors, allege in their original complaint that the decedent, Jean Margaret Elizabeth Reynoso de Payan, was driving a 2000 model Ford Explorer when the accident took place. Plaintiffs bring suit against Defendants under the Texas Wrongful Death statutes, and allege causes of action for strict liability, negligence and gross negligence, breach of warranty, misrepresentation, and deceptive trade practice violations. See Pls' Original Petition, ¶¶ IV, V - X. Defendant Automotriz is allegedly the Defendant that sold the vehicle to the decedent in Mexico.

This case was originally filed in the 357th Judicial District Court, Cameron County, Texas. Defendants timely removed the case pursuant to 28 U.S.C. §§ 1332(a)(3) and 1441(a), claiming the Court has diversity jurisdiction because complete diversity exists between the parties and the requisite amount in controversy is satisfied. The citizenship of the parties is not in dispute: Plaintiff Isabel Ennis Reynoso is a resident and citizen of Matamoros, Tamaulipas, Mexico; Plaintiff Sally Payan is a resident and citizen of Cameron County, Texas; Plaintiff Enrique Roberto Payan is a resident and citizen of New York, NY; Ford Motor Company is a citizen of Delaware and Michigan and Automotriz Del Noreste is a citizen of Mexico. There are, therefore, completely diverse United States citizen parties on both sides of the dispute, and aliens on both sides of the dispute.

## II. Remand Arguments

Plaintiffs argue this Court lacks subject matter jurisdiction over this case because there are alien parties on both sides of the dispute. Plaintiffs seemingly view Fifth Circuit precedent as dispositive of this case, and they cite Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1298 (5th Cir. 1985) for the proposition that "[d]iversity does not exist where aliens are on both sides of the litigation." Additionally, Plaintiffs reference an earlier decision of this Court, Jesus Moreno Silva, et al. v. Airpax Acquisition, L.L.C., et al., C.A. No. B-03-030, and state, "the facts and parties with regards to diversity issues in that cause of action essentially mirror this claim." Pls' Motion to Remand, at p. 3 [Dkt. No. 7].

Conversely, Defendants argue that they invoke this Court's jurisdiction under 28 U.S.C. § 1332(a)(3), and not § 1332(a)(2). As a result, Defendants argue diversity jurisdiction exists when there is a legitimate controversy between diverse citizens and aliens on both sides of the litigation and the aliens are additional parties to the diverse citizens. See 28 U.S.C. § 1332(a)(3). Succinctly, Defendants argue that those courts who have addressed the issue with the exact same alignment of the parties, i.e. aliens on both sides of the controversy with completely diverse citizens, have found that subject matter jurisdiction is not defeated.

### III. Legal Discussion and Analysis of Remand Issue

28 U.S.C. § 1332(a)(3) states, "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . ." The Fifth Circuit has held that "[d]iversity does not exist where aliens are on both sides of the litigation." Giannakos, 762 F.2d at 1298. In Giannakos, however, the only plaintiff and one of the defendants were citizens of foreign nations. Therefore, completely diverse United States citizen parties were not aligned on both sides of the controversy. The same alignment of parties as in Giannakos was examined in this Court's earlier decision, Jesus Moreno Silva, et al., C.A. No. 03-30. There, the plaintiffs were all Mexican citizens, one defendant was a Delaware corporation, and one defendant was a citizen of Mexico. Clearly, the facts of these two cases do not "mirror" the facts of the present dispute before this Court.

Although the Fifth Circuit has not addressed this issue squarely, case law within this circuit and sister circuits gives this Court some guidance. In Goar v. Compania Peruana de Vapores, the Fifth Circuit noted in a footnote that section 1332(a)(3) "may . . . have the effect of retaining federal jurisdiction when there is complete diversity between the United States citizens involved in an action but there are foreign subjects among the parties on both sides." 688 F.2d 417, 421 n. 6 (5th Cir. 1982). The Fifth Circuit later indicated the importance of having United States citizens present on both sides of the controversy when it found the language used in Goar relating to 28 U.S.C. § 1332(a)(3) to be "inapplicable . . . because United States citizens [were] not on both sides of the controversy." Chick Kam Choo v. Exxon Corp., 764 F.2d 1148, 1151 n.1 (5th Cir. 1985). The dicta in Goar, however, has been cited by several sister circuits including the Third Circuit, which has extensively analyzed the issue. The Third Circuit decisively held, "while a conclusion that the presence of aliens on both sides of the controversy defeats jurisdiction may be sound under section 1332(a)(2) . . . such a conclusion is inconsistent with the plain language of 1332(a)(3)." Dresser Indus. v. Underwriters at Lloyd's of London, 106 F.3d 494, 499 (3d Cir. 1997). See also

Transure, Inc. v. Marsh and McLennan, Inc., 766 F.2d 1297, 1298 (9th Cir. 1985); Allendale Mutual Insur. Co. v. Bull Data Sys., Inc., 10 F.3d 425, 428 (7th Cir. 1993); Hernandez Castellanos v. Bridgestone Corp., 215 F. Supp.2d 862, 866 (S.D. Tex. 2002); Columbraria Ltd. v. Pimienta, 110 F. Supp.2d 542, 545 (S.D. Tex. 2000).

As a result of the above authority, the Court determines it has federal jurisdiction pursuant to 28 U.S.C. § 1332(a)(3) because there are completely diverse United States citizens on both sides of controversy with additional aliens on both sides of the controversy.

### IV. Arguments Regarding Personal Jurisdiction

Defendant Automotriz argues it should be dismissed from this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction. According to Automotriz, it does not have minimum or "continuous and systematic" contacts with the State of Texas.[1] Specifically, Defendant states it is a corporation organized under the laws of the Republic of Mexico and:

> (a) Defendant is not incorporated under the laws of the State of Texas, and has never been incorporated under the laws of this state. (b) Defendant is not located in the State of Texas, and has never been located in this state. (c) Defendant is not a resident of the State of Texas, and has never been a resident of this state. (d) Defendant does not have nor has it ever sought authority from the Texas Secretary of State to do business in the State of Texas. (e) Defendant does not have and has never had an agent for service of process in the State of Texas. (f) Defendant does not maintain any offices or places of business in the State of Texas and has never maintained any offices or places of business in this state. (g) Defendant has no employees, servants or agents stationed in the State of Texas, and has never had any employees, servants or agents stationed in this state. (h) Defendant is not engaged in doing business in the State of Texas and has never done business in this state. (i) Defendant has not committed any tort in whole or in part in the State of Texas. (j) Defendant was not personally served in the State of Texas. (k) Defendant does not have bank accounts in the State of Texas. (l) Defendant does not own real estate in the State of Texas. (m) The vehicle allegedly purchased by the decedent was purchased in Mexico, not in the State of Texas.

---

[1] The parties have come to an agreement that Automotriz will waive service, and thus Automotriz is no longer urging the argument of insufficient service of process, which Automotriz included in its Motion to Dismiss. See Letter Correspondence signed by Plaintiffs and Automotriz, August 19, 2003.

4

Def's Motion to Dismiss, at pp. 3-4. Furthermore, Defendant argues this Court lacks specific jurisdiction because the vehicle was purchased in Mexico and the accident occurred in Mexico.

According to Plaintiffs' complaint, the deceased purchased the vehicle at issue from Automotriz, which is allegedly a company authorized to conduct business on behalf of Ford in Mexico. See Pls' Original Petition, at ¶¶ III & IV. There are no facts in dispute touching on the alleged personal jurisdiction of Automotriz. Plaintiffs state in their opposition,[2] "[t]his suit involves a defective Ford vehicle that was made in the United States, shipped down via Texas roadways, shipped over via Immigration located in Laredo, Texas and Nuevo Laredo, Mexico, down to the dealership, Automotriz, and eventually sold to the decedent." Pls' Opposition to Def's Motion, at p. 2, ¶ 4. Plaintiffs argue this Court has both general and specific jurisdiction over Automotriz[3] because the Defendant "purposefully availed itself to the benefits and protections of the laws of the forum state . . . [and] Automotriz could not have received such a vehicle from the United States and through Texas without availing itself of the benefits of at least Texas laws, rules, or regulations, especially during the ordering process or trying to get the vehicle through immigration in Laredo, Texas." Id. Plaintiffs attach to their opposition brief

---

[2] Without seeking leave of the Court, Plaintiffs file a Supplemental Opposition to Defendant Automotriz's Motion to Dismiss [Dkt. No. 14]. This filing does not add further elucidation or evidence supporting the Court's personal jurisdiction over Automotriz. The Court, therefore, does not address this supplement with any detail.

[3] Plaintiffs also make a half-hearted and poorly constructed argument that Automotriz has waived personal jurisdiction "by participating in the litigation under the auspices of having Ford's counsel file a response to the suit filed in State Court, to which they failed to timely answer, in the form of a 12(b) Motion to Dismiss for lack of personal jurisdiction." Pls' Opposition, at p. 2. As Judge Kent once said when faced with a contextually different, but similarly incomprehensible assertion,–"What the . . . ?!" Bradshaw v. Unity Marine Corp., Inc., 147 F. Supp.2d 668, 671 (S.D. Tex. 2001). Had Automotriz filed an answer in state court, it would have made a general appearance under Texas Rule of Civil Procedure 120. To the extent that Automotriz may have filed a special appearance in state court for the purpose of contesting personal jurisdiction, it did not waive its objections. See Tex. R. Civ. P. 120a. Plaintiffs do not cite to the state court record, nor do they attempt to further parse out their argument of waiver. Any failure of this Court to interpret Plaintiffs' arguments of waiver is placed squarely on Plaintiffs.

evidence that the vehicle in question was imported to Mexico.[4]

## V. Legal Discussion and Analysis of Personal Jurisdiction

When the Court does not hold an evidentiary hearing on the issue of personal jurisdiction, the Plaintiff has the initial burden of pleading a prima facie case of personal jurisdiction. See Bullion v. Gillespie, 895 F.2d 213, 216 (5th Cir. 1990). In this case, the Court must accept as true the Plaintiffs' allegations and resolve any factual disputes in their favor. See Felch v. Transportes Lar-Mex S.A. de C.V., 92 F.3d 320, 326-27 (5th Cir. 1996). In deciding this jurisdictional issue, the Court may consider the pleadings, affidavits, interrogatories, depositions, or any evidence derived from "recognized methods of discovery." Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985).

The Court has personal jurisdiction over a non-resident defendant if the state's long-arm statute establishes personal jurisdiction over the defendant and exercise of the jurisdiction complies with the due process clause of the Fourteenth Amendment. See Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). In Texas, the due process analysis melds with any analysis under the long-arm statute because Texas courts have interpreted the statute to extend to the limits of the due process clause. See Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-17.069 (West 1997); CSR, Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996).

### A. Due Process

Due Process is satisfied in the context of personal jurisdiction when the defendant has "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with that forum state." Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994) (citing International Shoe Co. v. Washington, 326 U.S. 310, 315-17, 66 S.Ct. 154, 158 (1945)). Additionally, the exercise of personal jurisdiction must not "offend 'traditional notions of fair play and substantial justice.'" Wilson, 20 F.3d at 647 (quotation omitted).

---

[4]The document Plaintiffs attach is in Spanish and has not been translated into English. Nevertheless, for the purpose of this motion, the Court analyzes the evidence in a light most favorable to the Plaintiff and assumes that the car at issue was in fact imported from the United States to Automotriz in Mexico. See Pls' Opposition, Ex. C.

### 1. Minimum Contacts - Specific Jurisdiction

Minimum contacts may be established if there exists either specific personal jurisdiction or general jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984); Wilson, 20 F.3d at 647.

Plaintiffs have failed to make even a *prima facie* showing that this Court has specific personal jurisdiction over Automotriz; it is undisputed that the accident occurred in Mexico, Automotriz allegedly sold the car to the deceased in Mexico, and any actions on the part of Defendant Automotriz giving rise to the claims in this case occurred in Mexico. Plaintiffs have not alleged facts that contradict Automotriz's assertions that it had no contact with Texas, did not conduct business in Texas or otherwise avail itself of the protections of or privileges of conducting activities in Texas, the forum state. See Guidry v. United States Tobacco Co., 188 F.3d 619, 625 (5th Cir. 1999). Based on the actions of Automotriz, it cannot be said that this Defendant "should reasonably [have] anticipate[d] being haled into court" in Texas. Latshaw, 167 F.3d at 211. Indeed, Plaintiffs assert the vehicle in question was imported from Texas into Mexico for sale by Automotriz and not the other way around. Plaintiffs have further failed to explain why the fact that Automotriz is an "authorized" seller of Ford vehicles establishes Automotriz's connection to Texas. A similar result was reached in Felch where the claims against a defendant carrier of goods were dismissed for lack of personal jurisdiction because the automobile accident occurred in Mexico, the victim died Mexico, and any negligence occurred in Mexico. 92 F.3d at 324. Plaintiffs' cause of action did not arise from Defendant Automotriz's contacts with Texas, and thus no specific jurisdiction exists.

### 2. Minimum Contacts - General Jurisdiction

Personal jurisdiction may alternatively exist when the defendant engaged in "systematic and continuous" activities in the forum state. See Helicopteros, 466 U.S. at 414 n.9, 104 S.Ct. at 1872 n.9; Wilson, 20 F.3d at 647. Again, however, Automotriz's contacts with the State of Texas are insufficient to support general jurisdiction. Plaintiff puts forth no arguments as to why general jurisdiction exists. Automotriz is not incorporated in the State of Texas, does not maintain any offices or places of business

in the State of Texas, has no employees, servants or agents stationed in the State of Texas, and is not engaged in doing business in the State of Texas and has never done business in this state. The fact that cars sold by Automotriz occasionally or eventually make their way into the United States is not sufficient because there was "no purposeful availment of the privilege of conducting activities in Texas such as to invoke the benefits and protections of Texas law." Arkwright Ins. Co. v. Transportes de Nuevo Laredo, S.A. de C.V., 879 F. Supp. 699, 701 (S.D. Tex. 1994). In order for a defendant's contacts to be "systematic and continuous," the contacts must be "extensive," and the test is difficult to meet. Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V., 249 F.3d 413, 418, 419 (5th Cir. 2001). See also Helicopteros, 466 U.S. at 411-12, 104 S.Ct. at 1870-71 (holding no general jurisdiction despite "[p]urchases and related trips [to the state]" because among many factors, Helicopteros was not authorized to do business in the state, never had an agent for service of process in the state, and never had employees, offices or records in the state). Finally, Plaintiffs have failed to make a *prima facie* showing that Automotriz's contacts with the State of Texas are anything beyond a "highly attenuated relationship." Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 217 (5th Cir. 2000).

Because the Court finds there is no basis for exercising either specific or general personal jurisdiction, it need not discuss whether notions of fairness and substantial justice are offended under the due process clause.

## VI. Agreed Motion for Continuance

On October 15, 2003, this Court entered a scheduling order that set a trial date of September 7, 2004. The parties represent to the Court that despite their best efforts, they are unable to comply with most, if not all, of the deadlines in the scheduling order because there are large numbers of depositions remaining to be taken, and more discovery needed before experts can be properly designated. Specifically, although the parties have exchanged written discovery, the expert and fact witnesses have not yet been deposed, in part due to difficulties in locating witnesses in Mexico. The parties argue these depositions are critical to the case. As a result, the Court **GRANTS** the Parties' Agreed Motion for Continuance [Dkt. No. 17]. The parties have submitted an

amended scheduling order, extending the deadlines by approximately four months. Finding this amended schedule to be reasonable, the Court will enter an amended scheduling order contemporaneously with this order. The Court admonishes the parties that barring any unusual circumstances, this case will not be continued a second time.

## VII. Conclusion

The Court **DENIES** Plaintiffs' Motion to Remand [Dkt. No. 7], **GRANTS** Defendant Automotriz Del Noreste's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 6], and **GRANTS** the Parties' Agreed Motion for Continuance [Dkt. No. 17]. As a result, it is **ORDERED** that this case is **DISMISSED** as to Defendant Automotriz del Noreste, S.A. de C.V. for lack of personal jurisdiction.

DONE this 23rd day of March, 2004, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge