

Customer Relations　　　　　　　　　Telephone 901.346.9306
3875 Airways Boulevard, 3rd Floor　　　Fax 901.922.1638
Memphis, TN 38116

VIA FACSIMILE 956 544 0602

December 23, 2004

Ms. Monica Planco
Martinez, Barrera
1201 East Van Buren Street
Brownsville, TX 78520

Dear Ms. Planco:

I am writing regarding the FedEx Express shipment sent from Forensic Engineering, under package tracking number 843208189580.

According to our documentation, the shipment was tendered for Priority Overnight service on December 22, 2004 with expected delivery by 10:30 AM on December 23. Unfortunately, due to a severe winter storm at our Memphis sorting facility, the shipment did not arrive in Texas this morning, as planned. The shipment is scheduled to arrive at our Harlingen office, on December 24th, barring further complications.

Your request to have the package delivered to an alternate address, 1918 Palm Boulevard, was forwarded to our Harlingen office; however, please be advised that your sender must approve any change to the delivery service or the delivery address. Please have your shipper contact a FedEx Representative, at 1-800-463-3339, and refer to control number 1223413909.

On behalf of FedEx, I extend my apologies to all concerned and we hope that you will understand our company's position while working under these adverse conditions.

Sincerely,

Glenda Beeler
FedEx Customer Relations

gb/212853



A



**AUTOMOTIVE CONSULTING SERVICES, INC.**
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 456-3805

## FACSIMILE TRANSMITTAL FORM

**DATE:** December 23, 2004

**TO:** Mr. Tony Martinez

**FAX NUMBER:** 956-544-0602

**FROM:** Patricia Simmes

**OUR FAX NUMBER:** [480] 456-3805

**PAGES BEING SENT [INCLUDING COVER]:** 16

**COMMENTS:** Reynoso
Mr. Rosenbluth's Report of Findings; original to follow by Federal Express.

If you do not receive this fax in its entirety or there are other problems with this transmission, please contact the sender at [480] 890-1000

---

The information contained in this fax message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this fax message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby on notice that you are in possession of confidential and privileged information. Any dissemination, distribution or copying of this communication is strictly prohibited. You will immediately notify the sender by telephone of your inadvertent receipt. Return the original fax message to the sender at the address above via the U.S. Postal Service.



**AUTOMOTIVE CONSULTING SERVICES, INC.**
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 456-3805

December 23, 2004

Mr. Tony Martinez
Attorney at Law
Martinez, Barrera & Martinez, LLP
1201 E. Van Buren
Brownsville, Texas 78520

Re:  Reynoso v Ford Motor Co.
File: ACS 04-0420A

Dear Mr. Martinez:

## REPORT OF FINDINGS

Pursuant to your request, please be advised that the subject vehicle involved in the above-referenced matter, a 2000 model year Ford Explorer XLS 4x2 4-Door, was preliminarily inspected in a non-intrusive, non-invasive and/or non-destructive manner on April 24, 2004 including, but not necessarily limited to, the exterior body, occupant compartment, wheel rim and tire positions, powertrain, drivetrain and fuel storage/supply component vehicular systems. The subject vehicle was also examined on October 26, 2004 with special emphasis on the left front/driver's seat belt assembly. A surrogate examination was conducted at the Automotive Consulting Services, Inc. laboratory facilities on November 29, 2004. These examinations were for the purpose of determining, per appropriate scientific methodological evaluation and testing techniques, the existence of potential defects or elemental principle conditions that could be considered a proximate cause(s) or significant factor(s) relative to accident causation and/or the resultant occupant injury mechanisms per the event sequence within a reasonable degree of scientific and technological certainty as documented per written notation and photographically in the Mexico Police Report #014103, describing witness observations and/or officer investigation as they relate to the above incident that occurred on January 11, 2003.

December 23, 2004
RE: Reynoso v Ford Motor Co.
Page two

### SUBJECT VEHICLE IDENTIFICATION

```
MANUFACTURER: ....... FORD MOTOR COMPANY... USA .. [1]. .............
DIVISION: ....................... LIGHT TRUCK ...........................
MODEL: ................... EXPLORER XLS 4X2 4-DOOR ......................
DOM: ........................... 05/00 ...... 2000 MY ....................
VIN: ............................ 1FMZU62E6YZC13643 ......................
LIC: ............................ WZB-12-61 MX .. [Tamaulipas] ...........
CLR: ................................ WHITE ..............................
ENG: ............................ 4.0L EFI-SOHC V6 .......................
TRN: ..... AUTOMATIC O/D ... P-R-N-[D]-2-1 ... CONSOLE SELECTOR ..........
ACC: .... P/S, P/B, P/W, C/C, P/DL, T/W, ABS, A/C, FRONT BUMPER GUARD ....
                            [NO POWER SEATS]

              [1] = US CERTIFICATION ..... EXPORT
```

**MATERIALS REVIEWED** [referenced and/or relied upon in support of conclusions/opinions]

Please see Exhibit "C"

### DISCUSSION

Per the January 11, 2003 police report from Mexico indicates that Enis De Reynoso was operating the subject vehicle at approximately 8:00 p.m. Evidence established that the subject vehicle was traveling in Mexico territory [this office does not have in its possession a translated copy of this accident report]. The subject vehicle, as indicated by subject vehicle photographs and examination, experienced a passenger side leading trip mechanism, which induced a counterclockwise rollover event sequence in a primarily barrel configuration. Medical records indicate that Betty Payan was admitted for medical treatment for a blunt abdominal injury and a C6-7 fracture resulting in a paraplegic condition. A driver's license copy indicates the official name may be Jean Reynoso Payan. It is our understanding at this time from Mr. Martinez' office that these three names are indeed the same person, i.e. the operator of the subject vehicle.

The subject vehicle did not exhibit significant factors or defects relative to operating systems specifically including, but not necessarily limited to, the steering, braking, suspension, drivetrain, safety systems and body foundational componentry that could be considered contributory elements relative to the causation of the accident given the understanding of the incident facts at this time with the exception

December 23, 2004
RE: Reynoso v Ford Motor Co.
Page three

of the left front position occupant restraint seat belt system, roof structural integrity and stability/handling design and performance issues. The subject vehicle foundational systems appeared to be observationally consistent relative to vehicle performance in the incident at issue, with respect to OEM pre-accident design, manufacture, assembly, application, installation and maintenance inclusive of statically observable qualitative and selected quantitative functional service properties and characteristics.

The subject vehicle examinations and subcomponent inspections relative to the qualitative and quantitative physical evidence [exhibited by the subject vehicle and the left front #1 seating position seat belt webbing and hardware components] inclusive of exemplar vehicle buck/surrogate occupant comparative testing relative to OEM and alternative designs to reduce, minimize and/or eliminate a partial ejection beyond the occupant survival zone confirms the below scientifically methodological findings through independent testing by ACS, Inc., to establish static/dynamic performance criteria in a simulated rollover event sequence. Additional dynamic drop testing performed at SAFE [Safety Analysis & Forensic Engineering] located in Goleta, California demonstrated that the roof structure is capable of alternative designs, which limit crush into the occupant survival zone in addition to demonstrating the effectiveness of a pretensioner device under dynamic conditions relative to inverted buttocks seat bench lift. OEM designed and modified configurations were tested to demonstrate the comparative dynamic/resultant differentials of the roof structure in addition to the pretensioned seat belt effectiveness, limiting occupant excursion as quantified through buttocks seat bench lift measurements.

The digitizations performed by The Irwin Company further illustrate critical body panel plastic deformation and displacement differentials between the subject vehicle and an OEM original configuration vehicle relative to contributing occupant kinematic induced potential injury patterns. Additional occupant compartment digitized quantifications identify seatbelt anchor point displacement as well as internal component accident induced modifications.

December 23, 2004
RE: Reynoso v Ford Motor Co.
Page four

## CONCLUSIONS AND OPINIONS

1. The subject vehicle appears to be defective with respect to occupant restraint system design and seat belt ELR [emergency locking retractor] application, creating an unreasonably dangerous condition resulting in a substantial risk of personal injury when operated in a manner foreseeable to a manufacturer:
   a) Performance does not meet an "ordinary consumer expectation"
   b) Performance is inconsistent with "State of the Art" technology
   c) Performance is inconsistent with "Standard of the Industry" technology
   d) Performance is insufficient to adequately and effectively protect an occupant in a rollover event
   e) Performance limitations induce a high potential of occupant upper body partial ejection in a foreseeable rollover event
   f) Failure to incorporate an occupant restraint seat belt system with a pretensioner design feature
   g) Failure to incorporate an occupant restraint seat belt system with an integrated design feature
   h) Failure to incorporate an occupant restraint seat belt system with an integrated/pretensioner design feature
   i) Failure to incorporate laminated side glass panels to enhance occupant restraint properties
   j) Incorporation of an ESC [Electronic Stability Control] system

2. Failure to incorporate alternative occupant restraint seat belt designs to increase effectiveness thus reducing, minimizing and/or eliminating the potential of partial occupant ejection/excursion would be the utilization of a pretensioner function feature device as identified below:
   a) Retractor pyrotechnic → 3 point conventional design system
   b) Retractor mechanical → 3 point conventional design system
   c) Buckle pyrotechnic → 3 point conventional design system
   d) Buckle mechanical → 3 point conventional design system
   e) Pre-safe designs → 3 point conventional design system
   f) Retractor electronic pretensioner design system
   g) Integrated seat belt design system
   h) Integrated pretensioned seat belt design system

3. Failure to incorporate alternative occupant restraint seat belt designs to increase effectiveness thus reducing, minimizing and/or eliminating the potential of partial occupant ejection/excursion would be the utilization of a integrated seat belt function feature device, including, but not limited to the below identified systems:
   a) 1971 Chevrolet Corvette
   b) 1974 UPS Delivery Van
   c) 1998+ Chrysler Corporation – Light Truck
   d) 1998+ Chrysler Corporation – Passenger Car
   d) 1999+ General Motors – Light Truck

December 23, 2004
RE: Reynoso v Ford Motor Co.
Page five

      e) 1999+ Ford - Light Truck
      f) 1998+ Recaro Seating GmbH
      g) 1998+ Bostrom Seating

4. Ford Motor Company and/or Ford Motor Company subsidiaries and/or companies in which Ford Motor Company owns a controlling interest have incorporated pretensioner occupant restraint seat belt designs in production vehicles which significantly precede or are equal to the model year of the subject vehicle for North American vehicles as well as overseas operations vehicles including but not necessarily limited to the following:
    a) Ford Escort MKG [ Economic Commission for Europe] → 1993+
    b) Ford Mondeo [ Economic Commission for Europe] → 1993+
    c) Volvo → 1993+ [940/960]
    d) Jaguar → 1998+ [XJ8]
    e) Ford Econoline E-Series → 1997+
    f) Land Rover Discovery Series II → 1998+

5. The following SUV vehicles incorporated pretensioner seat belts, as manufactured, in 2000:
    a) BMW X-5
    b) Ford Escape
    c) Honda CR-V
    d) Hyundai Santa Fe
    e) Infiniti QX-4
    f) Land Rover Discovery
    g) Land Rover Range Rover
    h) Lexus LX470
    i) Lexus RX300
    j) Mazda Tribute
    k) Mercedes-Benz M-Class
    l) Nissan Pathfinder
    m) Nissan XTerra
    n) Pontiac Aztek
    o) Toyota 4-Runner
    p) Toyota Land Cruiser

6. Ford Motor Company incorporated an occupant restraint pyrotechnic pretensioner system in the 2002 model year Explorer SUV product line as well as the following passenger cars:
    a) Ford Taurus → 2000
    b) Mercury Sable → 2000
    c) Ford Escape → 2000
    d) Ford Focus → 2000
    e) Ford Crown Victoria → 2001
    f) Mazda Millenia → 2001
    g) Mazda MX-5 Miata → 2001
    h) Mercury Grand Marquis → 2001

December 23, 2004
RE: Reynoso v Ford Motor Co.
Page six

   i) Ford Mustang → 2002
   j) Ford Thunderbird Convertible → 2002
   k) Mazda Protege → 2002

7. Ford Motor Company incorporated pretensioner integrated seat belt systems in selected model F-Series trucks from 2000 through the current model year production.

8. Rollover sensor systems deploying safety devices:
   a) Mercedes SL Series – 1989+
   b) Volvo V-70/S-80 – 1999+
   c) Freightliner – 1995 [IMMI System]
   d) Mercedes Pre-safe Designs – S-Class 2002+
   e) Porsche Cayenne – 2003+
   f) BMW X-5 – 2002+
   g) Mercedes ML Series – 2002+
   h) Volvo XC-90 - 2003+

9. Summarily, the compromise in effectiveness of the left front [seat position #1] seat belt coupled with the roof structure failure were the primary factors of partial ejection resulting in the severe catastrophic injuries of Ms. Reynoso Payan. Additionally, the incorporation of laminated glazing in the side/door window positions in place of tempered glazing and/or curtain supplemental inflatable restraints would serve to have reduced, minimized and potentially eliminated the partial ejection of Ms. Reynoso Payan.

10. The above stated opinions have been derived through the valid application of the appropriate research as well as scientific principled methodology analytical techniques and are therefore held within a reasonable degree of scientific and technological certainty with respect to event sequence probable causative and resultant factors.

<u>In addition, it is imperative at this time, given the scope and nature of this investigation, to retain the subject vehicle inclusive of specific sub-componentry in the post incident evidentiary integral condition and not conduct any type of invasive, intrusive or otherwise destructive testing or disassembly until such time as all probable interested parties can be present to observe and the proper test or disassembly protocol[s] are approved by all interested parties so as not to compromise the proprietary evidentiary interests of any one party with respect to individual party liability factors.</u>

This Letter of Findings covers the most significant points of the general investigation to date. This is not intended to be an annotated technical report and, as such, comprehensive field notes, inclusive of diagrams and relevant qualitative and quantitative statistical data and measurements as well as demonstrative evidence will be kept on file at Automotive Consulting Services, Inc. and are available pursuant to your request. Based on the scope and nature of this report and ongoing investigation

December 23, 2004
RE: Reynoso v Ford Motor Co.
Page seven

[including, but not necessarily limited to, discovery interrogatories and production of documents as well as defense expert reports and depositions], this writer reserves the right to modify and amend any opinions stated herein should additional information become available that would have an effect on the basis of the opinions stated at this time.

In the event further clarification or investigation is deemed necessary in this matter with respect to the conclusions and opinions as stated herein, please do not hesitate to contact this office at your earliest convenience.

Very truly yours,

Gerald Rosenbluth
For the firm
GR/pls

Attachments:

"A" – Curriculum Vitae of Mr. Gerald Rosenbluth
"B" – Deposition/Trial Index for the Past 4 Years
"C" – ACS, Inc. Case File Index dated December 23, 2004



# AUTOMOTIVE CONSULTING SERVICES, INC.
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 456-3805

## CURRICULUM VITAE

Mr. Gerald Rosenbluth has had a combination of over 40 years experience in the various facets of the automotive industry ranging from the practice of the auto mechanics trade to post-graduate university study. The emphasis of university study was in the division of Industrial Design and Technology with a specialization in Automotive Technology and a minor in Physical Sciences. Mr. Rosenbluth's expert witness courtroom testimony has been a significant factor in numerous cases dealing with the mechanical elements of automotive consumer fraud and product liability including but not limited to trade practice, industry comparative theoretical function, static and dynamic testing failure analysis. Mr. Rosenbluth has consulted and/or testified on behalf of both plaintiffs and defendants with representative clients being insurance companies, automobile dealerships, automobile manufacturers, private attorneys, federal and state governmental agencies such as the National Highway Traffic Safety Administration, the Federal Trade Commission, the Arizona Attorney General's Office [Criminal, Consumer Fraud, Racketeering and Organized Crime Divisions] and the Arizona Department of Public Safety.

## EDUCATION BACKGROUND

- Northern Arizona University      Flagstaff, AZ    1976       Graduate Study
- Arizona State University         Tempe, AZ        1967-72    Graduate Study
- Arizona State University         Tempe, AZ        1965-67    Master of Arts
- Arizona State University         Tempe, AZ        1963-65    Bachelor of Arts
- New York University              New York, NY     1960-62    Undergrad Study

## INDUSTRY TECHNICAL SCHOOLS

- General Motors Corporation       Engine Tune-up               1967
- Volkswagen of America            Multiple Carburetion         1967
- Ford Motor Company               Drivetrain Diagnosis         1968
- Chrysler Corporation             Emission Control             1972
- Ford Motor Company               Air Conditioning Seminar     1977
- Dana Corporation                 Internal Comb. Eng. Theory   1978
- State of Arizona                 Vehicle Emission Seminar     1978
- General Motors Corporation       Emission Control Systems     1979
- General Motors Corporation       Fuel Injection Systems       1979
- General Motors Corporation       Ignition System [HEI]        1979
- General Motors Corporation       Carburetion Systems          1979
- Robert Bosch Corporation         Fuel Injection Systems       1980
- Robert Bosch Corporation         Fuel Injection "K" Systems   1983
- Robert Bosch Corporation         Fuel Injection "L" Systems   1983
- Society of Automotive Engineers  Truck Braking Systems        1986
- Az Auto Theft Investigators Assn Vehicle Theft Investigation  1986

## PROFESSIONAL AFFILIATIONS

- Society of Automotive Engineers------------------------------Active Membership
- American Arbitration Association---------------National Panel of Arbitrators
- Nat'l Assoc. of University Automotive Instructors------------------Membership
- Maricopa Technical College--------Auto. Technology Program Adv. Committee
- National Center for Auto Safety------------------------------------Membership
- Insurance Institute for Highway Safety-----------------------------Membership
- Automotive Service Council of Arizona------------------------------Membership
- International Association of Arson Investigators-------------------Membership
- Arizona Association of Arson and Theft Investigators---------------Membership
- Nat'l Fire Protection Association-Engineering Section--------------Membership
- American Board of Forensic Examiners-Board Certified---------------Membership

Rev. 07/04

EXHIBIT "A"



**AUTOMOTIVE CONSULTING SERVICES, INC.**
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 456-3805

## PROFESSIONAL RECORD

| | |
|---|---|
| Automotive Consulting Services, Inc.<br>Tempe, Arizona | POSITION: President; Expert Consultant<br>DATE: 1979 to Present |
| American Arbitration Association<br>New York, New York | POSITION: National Panel of Arbitrators<br>DATE: 1978 to Present |
| Arizona Attorney General's Office<br>Phoenix, Arizona | POSITION: Automotive Expert Consultant<br>DATE: 1977 to Present |
| Technical Advisory Service for Attorneys<br>Ft. Washington, PA./Phoenix, AZ | POSITION: Automotive Expert Consultant<br>DATE: 1977 to Present |
| Center for Auto Safety<br>Washington, D.C. | POSITION: Automotive Expert Consultant<br>DATE: 1981 to Present |
| Technical Advisory Bureau, Inc.<br>Washington, D.C. | POSITION: Automotive Expert Consultant<br>DATE: 1980 to Present |
| Alliance Import Automotive Supply, Ltd.<br>Mesa, Arizona | POSITION: Corporation President<br>DATE: 1982 to 1987 |
| Machine Engineering, Inc.<br>Mesa, Arizona | POSITION: Corporate Vice-President<br>DATE: 1982 to 1985 |
| Mesa Community College<br>Mesa, Arizona | POSITION: Automotive Instructor<br>DATE: 1982 to 1983 |
| Automotive Technical Services, Inc.<br>Mesa, Arizona | POSITION: CVP; Service Advisor; Mechanic<br>DATE: 1979 to 1982 |
| Northern Arizona University<br>Flagstaff, Arizona | POSITION: Automotive Seminar Director<br>DATE: 1976 to 1982 |
| Maricopa Technical College<br>Phoenix, Arizona | POSITION: Automotive Instructor<br>DATE: 1974 to 1978 |
| East Phoenix High School<br>Phoenix, Arizona | POSITION: Automotive Instructor<br>DATE: 1967 to 1982 |
| Armstrong Automotive Service<br>Scottsdale, Arizona | POSITION: Mechanic; Service Manager<br>DATE: 1967 to 1969 |
| Howard's Texaco Service<br>Santa Ana, California | POSITION: Mechanic; Service Manager<br>DATE: 1965 to 1967 |
| Santa Ana Valley High School<br>Santa Ana, California | POSITION: Automotive/Metals Instructor<br>DATE: 1965 to 1967 |
| Harris Tempe Shell Service<br>Tempe, Arizona | POSITION: Mechanic<br>DATE: 1963 to 1965 |
| Broward Chevrolet<br>Ft. Lauderdale, Florida | POSITION: Service Advisor; Mechanic; Sales<br>DATE: 1962 to 1963 |
| Sports Car Company<br>Pompano Beach, Florida | POSITION: Mechanic<br>DATE: 1962 |

gr_curriculum_vitae.doc
Rev. 07/04



**AUTOMOTIVE CONSULTING SERVICES, INC.**
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 838-4198

### DEPOSITION/TRIAL TESTIMONY INDEX

| CASE | D/T | DATE |
|---|---|---|
| KETTEN V KNOEDLER | T | 10/12/00 |
| WAGNER V SAAB | T | 10/18/00 |
| OFFENBERG V COTTMAN'S TRANSMISION | D | 01/11/01 |
| IN THE MATTER OF GOMEZ | D | 02/08/01 |
| IN THE MATTER OF TODECHEENE | D | 04/02/01 |
| HARRIS V HEAD | T | 04/25/01 |
| SANCHEZ V GENTIL | D | 04/27/01 |
| SANCHEZ V GENTIL | T | 05/10/01 |
| AUMAN V NAUMANN HOBBS | D | 05/11/01 |
| TOLLIVER V ATMS | D | 07/18/01 |
| BRUNNER V U-HAUL | D | 09/20/01 |
| MITSAKOPOULOS V KUBOTA | D | 09/21/01 |
| MCDANIEL V FREIGHTLINER | D | 10/30/01 |
| TOLLIVER V ATMS | T | 11/08-09/01 |
| GOZUKARA V FORD | T | 11/12-13/01 |
| GOZUKARA V FORD | T | 12/3-4/01 |
| LOVE V MARITZ | D | 12/14/01 |
| DOLAN V UGLY DUCKLING | D | 12/28/01 |
| DIONA V ASTROLINE, ET AL | D | 02/25/02 |
| JEEP CLASS ACTION | D | 03/29/02 |
| CANOS V FORD | D | 04/04/02 |
| DIONA V ASTROLINE, ET AL | D | 04/08/02 |
| CANOS V FORD | D | 04/09/02 |
| SERRANO V AUDI | D | 06/24-25/02 |
| ALSTON V CHRYSLER CORPORATION | D | 07/11/02 |
| MATTHEWS V HONDA | D | 07/25/02 |
| CANOS V FORD MOTOR CO. | D | 07/29/02 |
| DIGIORGI V BRAMAN MOTORS | D | 08/10/02 |

EXHIBIT "B"



## AUTOMOTIVE CONSULTING SERVICES, INC.
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 838-4198

## DEPOSITION/TRIAL TESTIMONY INDEX

| CASE | D/T | DATE |
|---|---|---|
| YANG V TOYOTA | D | 08/19/02 |
| NORTON V NISSAN | D | 09/06/02 |
| CRONK V FORD | D | 09/12/02 |
| LINDSEY V YALE/CHASE | D | 10/11/02 |
| CRONK V FORD | D | 11/19/02 |
| MATTER OF BOSS | D | 11/25/02 |
| FORCE V FORD | D | 12/18/02 |
| MURILLO V GMC | D | 01/16/03 |
| KOUYOUMDJIAN V YI | D | 01/17/03 |
| FORCE V FORD | T | 03/10/03 |
| HOSSEINI V HANKOOK | D | 03/25/03 |
| MATTER OF MARC CENTERS | D | 04/08/03 |
| HAFSTIENN V BMW | D | 05/08/03 |
| PLATTE V FORD | D | 05/20/03 |
| REEL V HAMMERBLOW | D | 05/23/03 |
| MATTER OF MARC CENTERS | D | 06/02/03 |
| POLLESCHE V FORD MOTOR CO. | D | 06/23/03 |
| GRIGORIAN V GOODYEAR | D | 07/02/03 |
| GILLEY V FORD MOTOR CO. | D | 07/19/03 |
| OH V CHRYSLER CORPORATION | D | 07/29/03 |
| DOLAN V UGLY DUCKLING | T | 08/14/03 |
| PETTIT V FORD MOTOR CO. | D | 08/15/03 |
| PETTIT V FORD MOTOR CO. | D | 08/25/03 |
| LINDSEY V YALE/CHASE | T | 09/08-09/03 |
| POLLESCHE V FORD MOTOR CO. | D | 09/22/03 |
| HERNANDEZ V ORACLE ROAD RENT-ALL | D | 10/24/03 |
| MATTER OF BERTHLEY | D | 11/18/03 |
| MATTER OF ORR | D | 12/15/03 |



### AUTOMOTIVE CONSULTING SERVICES, INC.
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 838-4198

## DEPOSITION/TRIAL TESTIMONY INDEX

| CASE | D/T | DATE |
|---|---|---|
| NICHOLS V MESA AUTO X-CHANGE | D | 12/22/03 |
| LAFAVE V SUBARU | D | 03/02/04 |
| CRONK V FORD MOTOR CO. | T | 03/30/04 |
| ROSEN V GMC | D | 04/11/04 |
| VEROS V MANTZIARIS | T | 05/21/04 |
| PILLADO V FORD | D | 06/07/04 |
| MALONE V J. Q. TEX/ATWOOD | D | 06/14/04 |
| TILLMAN V FREIGHTLINER | D | 07/15/04 |
| NICHOLS V MESA AUTO X-CHANGE | D | 07/16/04 |
| MATTER OF EL-KHISHIN | D | 07/21/04 |
| GARCIA V DAIMLERCHRYSLER | D | 07/27/04 |
| ROD V FORD MOTOR CO. | D | 08/03/04 |
| DORRI V WASTE MANAGEMENT | D | 08/17/04 |
| BAKER V FOUR WINDS | T | 08/18/04 |
| MCLELLAN V CHRYSLER CORP. | D | 08/23/04 |
| BOLLING V ALTEC INDUSTRIES | D | 08/26/04 |
| GATTUSO V NISSAN | D | 08/30/04 |
| DUAN V GENERAL MOTORS CORP. | D | 09/03/04 |
| MATTER OF BOSS | D | 09/08/04 |
| BONILLA V CHRYSLER MOTORS | D | 09/10/04 |
| ROSEN V GENERAL MOTORS CORP. | T | 09/21/04 |
| MATTER OF BOSS | D | 09/28/04 |
| JANSEN V SUPERSTITION SPRINGS | D | 10/01/04 |
| RAUSCHKOLB V NISSAN | D | 10/02/04 |
| WINTER V WINKEL | D | 10/18/04 |
| GERMANO V THOMPSON, ET AL | D | 11/02/04 |
| LUMPKIN V FREIGHTLINER | D | 11/03/04 |
| DUAN V GENERAL MOTORS CORP. | D/T | 11/10/04 |



**AUTOMOTIVE CONSULTING SERVICES, INC.**
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 838-4198

## DEPOSITION/TRIAL TESTIMONY INDEX

| CASE | D/T | DATE |
|---|---|---|
| LARA/PENA V FORD/ALVARADO | D | 11/24/04 |
| GOBERT V FORD MOTOR CO. | D | 12/03/04 |
| YNIGUEZ V CHRYSLER CORP. | D | 12/21/04 |



**AUTOMOTIVE CONSULTING SERVICES, INC.**
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 456-3805

**CASE FILE INDEX**
**REYNOSO V FORD MOTOR COMPANY**
**ACS 04-0420A**
**12/23/04**

**CASE TIME LOG**

**ATTORNEY CORRESPONDENCE**

**LEGAL DOCUMENTATION**

None

**INTERROGATORIES/PRODUCTION OF DOCUMENTS**

None

**POLICE/ADJUSTER/OTHER EXPERT DOCUMENTATION**

1. Digitizations – By The Irwin Co. – Received 12/23/04
2. Mexico Police Report – Report #014103 – 01/11/03
3. Medical Records Re: Betty Payan
    a) Memorial Herman Healthcare System
    b) McAllen Medical Heart Hospital
    c) Valley Baptist Medical Center
4. Driver's License – Mrs. Payan

**INVESTIGATIVE TECHNICAL NOTES**

1. Case File Index – 12/23/04
2. Investigative Technical Notes – Surrogate Examination – 11/29/04
3. Investigative Technical Notes – Subject Vehicle Examination – 10/26/04
4. Investigative Technical Notes – Subject Vehicle Examination – 04/24/04
5. Autostats
6. VINASSIST
7. Case Intake Sheet – Conference: T. Martinez – 04/20/04

**EVIDENCE RETENTION RECORD**

1. Exemplar Left/Front Seat Belt Assembly – 2000 Ford Explorer XLS
2. Exemplar Left/Front Restraint System [Replacement Belt] – 1997 Ford E-Van
3. Exemplar Left/Front Seating Assembly – Part Defrocked – 1998 Dodge Pickup
4. Exemplar Left/front Seating Assembly – 2001 GMC Full Size Pickup
5. Exemplar Right/Rear & Center/Rear Seating Assembly – 2003 Ford Explorer - #3L2Z-78613138-AA
6. Exemplar Right/Front Restraint System – 1995 Volkswagen Golf
7. Exemplar Retractor Spring – 1993 Ford Mondeo ECE
8. Exemplar Buck – Left/Front Quadrant – 2000 Ford Explorer XLT

EXHIBIT "C"

**SV MAINTENANCE/REPAIR RECORDS**

None

**TECHNICAL DATA OEM**

1. Promotional Literature – 2000 Ford Explorer
2. Owner's Guide – 2000 Ford Explorer
3. Workshop Manual – 2000 Explorer Mountaineer – Volume 1 – Selected Excerpts
   a) Group 1 – General Information
4. Workshop Manual – 2000 Explorer Mountaineer – Volume 2 – Selected Excerpts
   a) Group 501-20A – Occupant Restraints – Active

**TECHNICAL DATA SUPPLEMENTAL**

1. NHTSA Office of Defects Investigation – Recall Database – Run 04/26/04
2. NHTSA Office of Defects Investigation – Technical Service Bulletins Database – Run 04/26/04
3. NHTSA Office of Defects Investigation – Defect Investigations Database – Run 04/26/04
4. NHTSA Office of Defects Investigation – Consumer Complaints Database – Run 04/26/04

**DEPOSITIONS/WITNESS STATEMENTS**

None

**PHOTOGRAPHIC DOCUMENTATION**

1. ACS Photographic Sequence – Exemplar Vehicle/Surrogate Occupant Analysis – 11/29/04 – #1001-#1219
2. ACS Photographic Sequence – Subject Vehicle Seat Belt Examination – 10/26/04 – #1001 – #1220
3. ACS Photographic Sequence – Subject Vehicle – 2000 Ford Explorer – 04/24/04 – #1001-#1231
4. Photographic Sequence – Roof Testing – From SAFE Research – Received 12/22/04