United States District Court
Southern District of Texas
ENTERED

MAR 0 2 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | C.A. No. B-03-120 |
| FORD MOTOR COMPANY, Defendant | § § § § | |

### ORDER

BE IT REMEMBERED that on March 1, 2005, the Court **GRANTED IN PART AND DENIED IN PART** the parties' proposed "Third Revised Agreed Scheduling Order" [Dkt. No. 30]. Although not entitled as such, the Court construes this proposed amended scheduling order as a motion to amend the scheduling order.

This case involves a single vehicle accident that occurred in Mexico on January 11, 2003. Plaintiffs, the decedents' survivors, allege in their original complaint that the decedent, Jean Margaret Elizabeth Reynoso de Payan, was driving a Ford Explorer when the accident took place. Plaintiffs bring suit against Defendant under the Texas Wrongful Death statutes, and allege causes of action for strict liability, negligence, breach of warranty, misrepresentation, and deceptive trade practice claims. See Pls' Original Petition, ¶¶ IV, V - X.

Although the parties identify their revised scheduling order as the third such order, in reality this is the parties' fourth such request and fifth proposed scheduling order. The Final Pretrial Conference ("FPC") in this case was set originally for September 2, 2004 [Dkt. No. 16]. Since this first scheduling order, the Court altered the date of the FPC to: March 3, 2005 [Dkt. No. 19], April 27, 2005 [Dkt. No. 22], and July

27, 2005 [Dkt. No. 25]. The parties' most recent request for a scheduling change does not alter the July 27, 2005, date for the FPC. The problem, however, is that the parties have proposed a dispositive motion deadline of June 15, 2005, and a Joint PreTrial Order deadline of July 13, 2005. Dispositive motions, presumably filed on the deadline of June 15, 2005, will only become ripe 20 days later on July 5, 2005, and ripe for replies on July 25, 2005. As this is not the only case on the Court's docket, the Court must have an adequate amount of time to dispose of ripe pending dispositive motions after the dispositive motion deadline, but before or soon after the joint pretrial order is due.

It is obvious the parties are asking for more time for discovery. As the Court's standard scheduling order indicates, counsel may agree to continue discovery beyond the deadline, but the Court *will not intervene*. Additionally, the Court will not grant a continuance based on information acquired in post-deadline discovery. As a result, the Court will amend the present scheduling order in the following limited way. Unless extreme circumstances arise, the Court will not amend the scheduling order again.

| | |
|---|---|
| Discovery must be completed by: | 4/1/2005 |
| Parties to mediate case no later than: | 4/30/2005 |
| Dispositive motions will be filed by: | 5/13/2005 |
| Joint pretrial order is due: | 7/13/2005 |
| Docket Call and final pretrial conference is set for 1:30 p.m. on: | 7/26/2005 |
| Jury Selection is set for 9:00 a.m. on: | 8/8/2005 |

*(The case will remain on standby until tried)*

DONE this 1st day of March, 2005, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge