## DUCES TECUM

1. His entire file regarding the within cause;

2. A list of all cases in which he has testified in deposition or in trial in the past 5 years;

3. A list of all cases in which he has testified on behalf of this Defendant and/or has been retained by the law firm of Snell & Wilmer, L.L.P.;

4. Documentation of his time and expenses in the within cause, along with his related billing records. All documents setting forth any compensation agreement between Defendants and the expert including any engagement letter;

5. A current *curriculum vitae*;

6. All documents, matters, materials, literature, documents or other records reviewed by, considered, or summarized for him which he has reviewed or had summarized in the formulation of the opinions which he is prepared to express in the within cause;

7. Any and all documents, drawings, graphics, experiments, and/or exhibits prepared by him or any of his employees, servants, or agents concerning any and all tangible reports, physical models, compilations of data and other material prepared in anticipation of his trial and/or deposition testimony;

8. Any and all documents furnished to him by anyone, including Defendants' counsel, in anticipation of his trial and/or deposition testimony; and

9. Copies of all photographs, videotapes, films, charts, maps, diagrams, sketches and written or photographic documentation of any kind regarding the above-styled and numbered cause, the vehicle involved in such incident, the scene of the subject incident and/or any and all person(s) involved in such incident.

10. All documents including, but not limited to, final reports, preliminary notes and reports, prepared in whole or in part by the expert on the subject matter and in connection with

those matters about which the expert is expected to testify at trial;

11. All documents sent to the expert by Defendants or their counsel in reference to this litigation;

12. All documents that contain, discuss, refer or relate to any written or oral communication between Defendants and/or their counsel and the expert including notes taken by the expert;

13. All documents provided or shown by the expert to Defendants or their counsel;

14. All notes prepared by the expert or anyone on his behalf that discuss, refer or relate to this action or his opinions;

15. All documents or tangible things containing the impressions or opinion of any other expert witness who has been consulted by Defendants who will not testify which form the basis either in whole or in part of the opinions of the expert;

16. Documents sufficient to identify all articles, treatises, papers, or other publication of whatever nature of the expert, or reviewed or relied upon by the expert;

17. All documents identifying the hardware and software on which you have stored or have access to information concerning or related to your opinion in this case;

18. All documents identifying the categories of information stored in your computer including any databases, directories, data files, indexes, fields, libraries, records, or spreadsheets;

19. Machine readable CD-ROM or diskette on IBM or PC comparable format containing all information stored in your computer referring, relating to or concerning matters pertaining to the foregoing case and an explanation of the format in which the data is recorded;

20. All of the original and raw data that was put into the computer used in any way in or relating to your opinion;

21. All documents identifying the persons who input data into the computer;

22. All original data from which the printout, exhibits, or reports were produced;

23. A machine readable copy of the data used to produce the printout, exhibits, or reports;

24. All documents related to billing in this case;

25. All documents regarding how much the witness and/or his company (Tandy & Associates, Inc.) have billed Ford Motor Company, or lawyers or agents acting on behalf of Ford Motor Company, for the last five years;

26. All documents regarding how much the witness and/or his company (Tandy & Associates, Inc.) have billed any automobile manufacturer (or component part manufacturer), or lawyers or agents acting on behalf of any such manufacturer, for any work or testing, whether or not related to litigation matters, for the last five years;

27. Any and all documents of whatever kind, nature or description, relating to incidents to which the witness might intend to make reference at the time of trial regarding the tip-up or rollover of any vehicle other than the subject vehicle at any time, and whether such tip-ups or rollovers are under test conditions, intentional or unintentional, or occurring in real world accident circumstances;

28. Handling and stability testing protocols employed by him for subject vehicle that are similar to those used by manufacturers worldwide.

29. Testing conducted by him of the subject vehicle that includes but is not limited to; high and low speed slalom tests, I.S.O. severe lane change maneuvers, SAE J266 constant radius circle turn tests, steering response tests, steering recovery tests, limit turn tests, high speed turn tests, tangent turn tests, braking while turning tests, handling course evaluations, and emergency braking tests.

30. Ford's P6-101 procedures.

31. Any and all documents in his possession that pertains to ADAMS as an added evaluation of vehicle safety.