UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § § § | |
| Plaintiffs, | § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § § | |
| Defendants. | § | |

## STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain documents to be produced by Ford Motor Company ("Ford") in this action, it is mutually agreed that:

1.  Documents to be produced by Ford in this litigation, which contain confidential information, shall hereafter be referred to as "Protected Documents." When used in this Order, the word "documents" means all written material, videotapes, and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise. Except as otherwise indicated below, documents designated by Ford as "Subject to Protective Order" or a similar designation, which are produced or delivered by Ford to any party and/or each party's respective attorneys, consultants, agents, or experts in this action shall be Protected Documents and given confidential treatment as described below. Ford will visibly mark all confidential material "Subject to Protective Order."

2.  The burden of proving that a Protected Document contains confidential technical information is on Ford. Prior to designating any material as "Confidential," Ford must

make a bona fide determination that the material is, in fact, a trade secret or other confidential technical information, the dissemination of which would damage Ford's competitive position. If a party disagrees with the "confidential" designation of any document, the party will so notify Ford in writing. Ford will timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as confidential will continue to be treated as such pending determination by the Court as to its confidential status.

3. Both the Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of Ford or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

   (a) Counsel of record in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

   (b) Employees of counsel for each party in this case or of associated counsel, who assist in the preparation or trial of this case;

   (c) Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

   (d) The Court, the Court's staff, witnesses, and the jury in this case; and

   (e) Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending against Ford involving a 2000 Explorer and the same allegations asserted in this action, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

Doc ID FORD-110322
08423-071

4. Before receiving access to any of the Protected Documents or the information contained therein, each person described in Paragraphs 3(b), (c), and (e) above shall be advised of the terms of this order, shall be given a copy of this Protective Order, and shall agree in writing, in the form attached hereto as "Exhibit A", to be bound by its terms and to submit to the jurisdiction of this Court.

5. Counsel for the parties shall not be required to return the Protected Documents to Ford after the conclusion of this case and may retain the documents pursuant to the terms of this order.

6. To the extent that Protected Documents or information contained therein is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order. Additional portions of a deposition may be designated by Ford as being subject to this Order. Ford shall have 15 days after receipt of the written transcript to designate such additional portions of the transcript as confidential and shall notify counsel for the parties of such designation.

7. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

8. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this

Doc ID FORD-110322
08423-071

      Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

9. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

10. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

11. All persons described in paragraph 3 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Confidential Information or the fact that such persons have obtained Ford's Confidential Information.

      SIGNED this _____ day of _____, 2004

                                                                               JUDGE PRESIDING

Doc ID FORD-110322
08423-071

**AGREED:**

_____
COUNSEL FOR PLAINTIFFS

_____
COUNSEL FOR FORD MOTOR COMPANY

Doc ID FORD-110322
08423-071