UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § § | |
| Defendants. | § | |

**DEFENDANT FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' HANDLING AND STABILITY DEFECT CLAIM, AND SUPPORTING BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

In accordance with FED. R. CIV. P. 56, Defendant Ford Motor Company ("Ford") moves for summary judgment on all product liability claims insofar as these claims are based on an alleged handling and stability defect in the 2000 Ford Explorer. The grounds for granting this motion are as follows:

I.     **STATEMENT OF MATERIAL FACTS**

(a)     This is a product liability case arising out of rollover accident involving a 2000 Ford Explorer;

(b)     The accident occurred on January 11, 2003;

(c)     Plaintiffs seek recovery under strict liability, negligence, misrepresentation, and breach of warranty based upon the alleged existence of dangerous conditions/defects in the 2000 Ford Explorer;

(d)     The dangerous conditions/defects alleged by Plaintiffs include an allegedly defective handling and stability system;

(e)     Proof of defect in the "handling and stability" of an automobile, and of any alternative design to eliminate the alleged defects, requires expert testimony;

(f) Plaintiffs do not have an expert who can opine that there was a defective handling and stability system in the 2000 Ford Explorer.

## II. PLAINTIFFS ALLEGED HANDLING AND STABILITY DEFECT

A number of different claims for recovery have been pled by Plaintiffs. In their Original Petition, Plaintiffs allege a defect in the handling and stability of the 2000 Ford Explorer:

V.

STRICT PRODUCTS LIABILITY

\* \* \*

The Ford Explorer and its component parts were defective and unreasonably dangerous by reason of defective design, manufacture, marketing and the failure of Defendants to give adequate and proper warnings and instructions...

\* \* \*

The dangerous condition/defect(s) included or involved the failure of the vehicle to withstand adequate force to prevent roof crush and vehicle **steering/instability** under conditions such as those involve in this incident.

Plaintiffs' Original Petition at ¶ V, page 4 (emphasis added). In other words, plaintiffs allege that this vehicle, the 2000 Explorer, was defective in its design, to wit, the manner in which the vehicle handled and its stability.

## III. LEGAL ELEMENTS OF A DESIGN DEFECT CLAIM UNDER TEXAS LAW.

Texas follows § 402A of the RESTATEMENT (SECOND) OF TORTS (1965). *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex. 1967); *McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403 (5th Cir. 2001). Section 402A enumerates four basic elements of proof for a strict tort liability action: (a) the product must be defective; (b) the product must reach the consumer without substantial change from the time it leaves the possession and control of the manufacturer or seller; (c) the defective condition must render the product unreasonably

2

dangerous; and (d) the unreasonably dangerous condition of the product must be the cause of injury to the user. *See, generally, Shamrock Fuel & Oil Sales, Inc. v. Tunks*, 416 S.W.2d 779 (Tex. 1967).

A claim for design defect, whether couched in terms of strict liability or negligence, is based upon a duty owed by the product manufacturer to the customer to design and sell a reasonably safe product. Inherent in the concept of "reasonably safe" is the proposition that a product manufacturer is not and should not be an insurer that no one will be injured while using the product. *See Ford Motor Co. v. Miles*, 967 S.W.2d 337 (Tex. 1998) ("[T]his court has long recognized that [a] manufacturer is not an insurer."); *Henderson v. Ford Motor Company*, 519 S.W.2d 87 (Tex. 1974) (automobile manufacturer is not required to design the safest product).

A "design defect" occurs when a product complies with all design specifications, but the design itself renders the product unreasonably dangerous. *Turner v. General Motors Corp.*, 584 S.W.2d 844, 847 (Tex. 1979). In Texas, the proof requirements for recovery under a design defect theory are part statutory and in part defined by the common law. Section 82.005 of the Texas Civil Practice & Remedies Code requires the claimant in a design defect case to prove by a preponderance of the evidence, irrespective of the pled legal theory, that (1) there was a "safer alternative design"; and (2) the defect was a producing cause of the personal injury, property damage or death for which the plaintiffs seek recovery. *Smith v. Louisville Ladder Corp.*, 237 F.3d 515 (5th Cir. 2001). The statutory definition of "safer alternative design" states it is a product design, other than that selected by the manufacturer, that in reasonable probability (a) would have prevented or significantly reduced the risk of the claimant's personal injury, property damage or death without substantially impairing the product's utility; *and* (b) was economically and technologically feasible at the time the product left the control of the manufacturer or seller

3

Doc ID EADYM-113916
08423-071

by the application of existing or reasonably achievable knowledge. TEX. CIV. PRAC & REM. CODE § 82.005.

Under the first part of the definition of "safer alternative design," the overall safety of the alternative design must also be proven:

> When evaluating the reasonableness of a design alternative, the overall safety of the product must be considered. It is not sufficient that the alternative design would have reduced or prevented the harm suffered by the plaintiff if it would have also introduced into the product other dangers of equal or greater magnitude.

*Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 337 (Tex. 1998), *quoting* RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 2 cmt. f; *see also Hernandez v. Tokai Corp.*, 2 S.W.2d at 259 ("In *Caterpillar Co. v. Shears*, we held that a product that is safe for its intended use is not defectively designed merely because it is unsafe in other circumstances."); *Honda of America Manufacturing, Inc. v. Norman*, 104 S.W.3d 600 (Tex. App. – Houston [1st Dist.] 2003, pet. denied) ("a plaintiff complaining of a design defect is required to show that…the alternative design not only would have reduced the risk of harm in the instant case, but also would not, 'under other circumstances, impose an equal or greater risk of harm.'").

The second part of the definition of "safer alternative design" requires the claimant to prove with particularity that the alternative design existed at the time the product left the manufacturer's control (or that the scientific knowledge to produce it was reasonably achievable); *and that* the alternative design was *both* economically and technologically feasible at the same time. *See Honda of America Manufacturing, Inc. v. Norman*, 104 S.W.3d at 606. A key distinction exists between the mere "possibility" of an alternative design and a "feasible" alternative design. For example, even if another manufacturer uses the alternative design, that fact alone "does not establish economic feasibility." *Id.* at 607. Economic feasibility refers to

4

Doc ID EADYM-113916
08423-071

the cost of applying technology to a particular design. *Id.* "To establish economic feasibility, the plaintiff must introduce proof of the 'cost of incorporating this technology.'" *Id.*, quoting *Smith v. Aqua-Flo, Inc.*, 23 S.W.3d 473, 478 (Tex. App. – Houston [1st Dist.], pet. denied).

The remaining proof requirements in a design defect case are proscribed by Texas common law. Texas common law retains the familiar risk-utility test for determining whether the manufacturer's selected design is unreasonably dangerous. *See Hernandez v. Tokai Corp.*, 2 S.W.3d 251 (Tex. 1999). Proof of a safer alternative design, therefore, *while necessary, is not alone sufficient to maintain a defective design claim. Id.* at 358.

The factors identified by the Texas Supreme Court to be weighed in the risk versus utility balancing are as follows:

1. the utility of the product to the user and to the public as a whole weighed against the gravity and likelihood of injury from its use;

2. the availability of a substitute product which would meet the same need and not be unsafe or unreasonably expensive;

3. the manufacturer's ability to eliminate the unsafe character of the product without seriously impairing its usefulness or significantly increasing its costs;

4. the owner's anticipated awareness of the dangers inherent in the product and their avoidability because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions; and

5. the expectations of the ordinary consumer.

*American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 432 (Tex. 1997); *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 384 (Tex. 1995); *Dyer v. Danek Medical, Inc.*, 115 F.Supp.2d 732 (N.D. Tex. 2000).

An additional factor more recently identified by the Texas Supreme Court is the likely effect of liability for failure to adopt the alternative design on the range of consumer choice among products. *Tokai*, 2 S.W.3d at 259 ("[E]ven if an alternative design does not restrict a

product's utility as severely as in *Caterpillar*, it still may not be sufficient for defective design liability if it overly restricts consumer choice."). Product liability laws may not be used to impose an entire category of useful products from the market. *See Caterpillar, Inc. v. Shears*, 911 S.W.2d 379 (Tex. 1995).

## IV.   ARGUMENT

Speculative or conclusory allegations of defective design do not, as a matter of law, establish the existence of a defect. *See Talley v. Danek Medical, Inc.*, 179 F.3d 154, 162 (4th Cir. 1999). Rather, expert testimony is required when the subject presented is so distinctly related to some science, profession, business or occupation as to be beyond the knowledge of the average layman. *Hull v. Eaton Corporation*, 263 U.S. App. D.C. 311, 825 F.2d 448, 455 (D.C. Cir. 1987). In the present case, the issue of whether the 2000 Ford Explorer's handling and stability system was defectively designed is well beyond the knowledge of the average layman. Correct resolution of this issue requires the application of science, mechanics, and engineering, not just common knowledge.

Plaintiffs have not designated any expert to testify in the area of handling and stability. Without this expert testimony, they cannot prove the essential elements of their claims insomuch as the claims are based on a handling and stability defect. Specifically, Plaintiffs cannot offer evidence that the handling and stability of the Explorer was unreasonably dangerous and/or unfit; nor can they prove that any such defect was a proximate cause of their injuries. Plaintiffs also cannot prove that there was a safer alternative design available at the time the Explorer was manufactured. In the absence of this evidence, Ford is entitled to summary judgment.

## V.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 578 (1986). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Id.* at 423. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 232, 247-49 (1986). A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. *Saunders v. Michelin Tire Corp.,* 942 F.2d 299, 301 (5th Cir. 1991).

The primary inquiry is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson,* 477 U.S. at 251-52. The substantive law of the case identifies which facts are material. *Id.* at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of a summary judgment. *Id.* Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996).

Doc ID EADYM-113916
08423-071

WHEREFORE, PREMISES CONSIDERED, Ford prays that this motion be granted and that Plaintiffs take nothing on their claims for recovery based upon an alleged handling and stability defect.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (Fax)

By: _____
Chris A. Blackerby, Attorney in Charge
State Bar No. 00787091
So. Dist. of Texas No. 20016

*[signed: William L. Mennucci for Chris Blackerby w/ permission]*

THOMPSON, COE, COUSINS & IRONS, L.L.P.
William L. Mennucci
State Bar No. 00788042
So. Dist. of Texas No. 18172
701 Brazos Street, Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 (Fax)

and

Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Ave.
Suite 1500
Tuscon, AZ 85701
(520) 882-1200
(520) 884-1294 (Fax)

**ATTORNEYS FOR DEFENDANT**
**FORD MOTOR COMPANY**

Doc ID EADYM-113916
08423-071

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing instrument has been forwarded as set forth below to the following attorney(s) on this __13__ day of May, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

_____  William L. Mennucci for
Chris A. Blackerby              Chris Blackerby,
                                                   w/ permission

Doc ID EADYM-113916
08423-071