UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § § | |
| Defendants. | § § | |

## DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT -- MISREPRESENTATION CLAIMS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

In accordance with FED. R. CIV. P. 56(b) defendant, Ford Motor Company ("Ford"), moves the Court for judgment as a matter of law with respect to plaintiffs' pled claims for recovery based upon an alleged "misrepresentation." The grounds for granting this motion are as follows:

1. **STATEMENT OF MATERIAL FACTS.**

   (a) This is a product liability lawsuit arising out of a motor vehicle accident which occurred on January 11, 2003.

   (b) Plaintiffs have pled a claim for recovery based upon the legal theory of misrepresentation (Plaintiffs' Original Petition at ¶ IX).

   (c) The product at issue is a 2000 Ford Explorer purchased by plaintiffs.

   (d) Plaintiffs contend that the 2000 Ford Explorer was uncrashworthy.

(e)     Plaintiffs criticize the safety and functioning of the roof and the vehicle steering components.

(f)     When plaintiffs purchased this product, no express representations were made, or sought by plaintiffs, with respect to any of the aforementioned items. Hence, there is no evidence of any "express representation" with respect to the alleged defective components.

(g)     Ford never represented that the roof and vehicle steering components would prevent all injury, irrespective of the nature of a given accident and accident forces.

(h)     Plaintiffs' pled claims are instead based upon "implied representation."

(i)     "Implied representations" are not actionable under 402B.

(j)     Furthermore, there is no evidence of "justifiable reliance" by plaintiffs on any actionable misrepresentation.

(k)     There is no evidence that but for the claimed actionable misrepresentation this accident would not have occurred.

(l)     Plaintiffs' pled claim for recovery based upon misrepresentation is a claim for which they bear the burden of proof.

2.   **MISREPRESENTATION CLAIMS.**

A number of different claims and theories of recovery have been pled. Not all the pled claims and theories are supported by the evidence. Each theory must be considered separately. In Plaintiffs' Original Petition, plaintiffs seek recovery under section 402B of the RESTATEMENT (SECOND) OF TORTS:

IX.

MISREPRESENTATION

> The allegations contained in paragraphs VI through VIII above are incorporated herein for all purposes as through recited verbatim herein. Defendants are also strictly liable to Plaintiffs

2

>under Section 402(b) of the Restatement (Second) of Torts, because they misrepresented to the public that the products were safe and without defect, which statement and representation was false and involved a material fact concerning the character or quality of the products in question, and upon which representation the Plaintiffs, as consumers, constructively relied, and which constituted a producing cause of the occurrence in question and subsequent injuries and death.

Plaintiffs' Original Petition at ¶ IX, page 8.

### 3. TEXAS LAW – MISREPRESENTATION.

Plaintiffs' claims for recovery based upon "misrepresentation" are premised upon section 402B, RESTATEMENT (SECOND) OF TORTS, which provides:

>One engaged in the business of selling chattels who, by advertising labels, or otherwise, makes to the public a *misrepresentation of a material fact* concerning the character or quality of a chattel sold by him is subject to liability for physical harm to a *consumer of the chattel* caused by *justifiable reliance* upon the misrepresentation, even though
>
>(a) it is not made fraudulently or negligently, and
>
>(b) the consumer has not bought the chattel from or entered into any contractual relation with the seller.

RESTATEMENT (SECOND) OF TORTS section 402B (1965) (emphasis added). Thus, to sustain their alleged section 402B cause of action, plaintiffs must establish, in addition to causation, the existence of a misrepresentation of a material fact and justifiable reliance upon that alleged misrepresentation. In the present case, however, plaintiffs can prove neither.

#### A. Plaintiffs' allegations are deficient.

The allegations of "misrepresentations" made by plaintiffs are based upon the assumption that by selling the Ford Explorer, Ford *impliedly represented* that the Ford Explorer did not have the design defects set forth under plaintiffs' 402A strict liability claims. Implied representations are, however, insufficient as a matter of law to trigger liability under 402B. *See Rehler v. Beech*

*Aircraft Corp.*, 777 F.2d 1072, 1077 n. 8 (5th Cir. 1985) (noting that under Texas law, section 402B covers only affirmative or express misrepresentations); *Adkins v. Ford Motor Company*, 446 F.2d 1105 (6th Cir. 1971) (misrepresentation requires reliance on "a particular and specific statement concerning the quality or fitness as the foundation for an action of misrepresentation under section 402B). Illustrative of this principle is *Frank v. National Dairy Products Corp.*, 282 F.Supp. 528 (W.D. Tex. 1968), aff'd, 414 F.2d 682 (5th Cir. 1969), in which the plaintiff was injured when shortening, manufactured by the defendant, exploded as the plaintiff attempted to drain the shortening from a cooker. At trial, the plaintiff contended that the defendant's brochures, espousing the virtues of the shortening and suggesting uses for the product, were accompanied by an implied representation that the shortening could be used in the manner giving rise to the accident. *Id.* at 533. The court squarely rejected this "implied representation" theory, observing:

> The language in the Restatement of Torts, particularly in Comment h to Section 402B, directs our attention to what we normally denominate as express representations, either oral or written. While the illustrations in the Section were certainly not intended to be exhaustive, nevertheless, they speak only in terms of express representations.

*Id.* (emphasis added). Thus, recovery was not permitted on the plaintiffs' section 402B claim.

Plaintiffs' section 402B claims in the present case are, from a legal standpoint, equivalent to that of the plaintiff in *Franks*. Notwithstanding the absence of a specific affirmative representation related to the crashworthiness of the Ford Explorer, plaintiffs may contend that Ford's advertising and promotion renders it strictly liable. Essentially, plaintiffs seek to make Ford an absolute insurer of the Ford Explorer simply by virtue of placing the vehicle on the market. The court in *Franks*, in language applicable to the present case, rejected that argument:

> [i]f one adopts plaintiff's contention that implicit in the presence of a product in the marketplace is the implied guarantee that it will

4

...
...
...

> safely do the job for which it was intended, then the section 402A requirement that a product not only be dangerous (i.e. unsafe) but unreasonably so has been redefined in terms solely of a representation of safe use; and the section 402A requirement of proof (by direct or circumstantial evidence) of 'defective condition' has been effectively extinguished. At that point, we may well have reached the age in which, at least as to safe use to prevent physical harm to consumers, we have made manufacturers absolute insurers. This court does not feel warranted in making such an assumption as to the Texas view of products liability.

*Id.* at 533-34. Accordingly, only definitive and precise affirmations that a product will perform in a particular manner (which it in fact will not) supply the basis for a section 402B cause of action. In the absence of such representations, summary judgment is proper.

    B.    <u>There is no evidence of any misrepresentation of material fact.</u>

Plaintiffs fail to allege any specific representations. Instead, plaintiffs attempt to link alleged "misrepresentations" with their defect allegations related to the Ford Explorer. Based on plaintiffs' allegations, there is no substantive difference between a strict liability design defect claim and a 402 misrepresentation claim. That reasoning is flawed.

A number of courts have held that general representations leading a consumer to the conclusion that a product is desirable and should be purchased cannot create liability on the part of the seller. *Collins v. Wayne Corp.*, 621 F.2d 777, 778, 786-87 (5th Cir. 1980) (statement in manufacturer's brochure that buses were "outstanding for daily route service" constitutes "puffing" and insufficient basis for section 402B recovery); *Hoffman v. A.B. Chance Co.*, 339 F.Supp. 1385, 1388 (M.D. Pa. 1972) (same holding where manufacturer stated that a product "offered unprecedented safety"); *Berkebile v. Brantly Helicopter Corp.*, 461 Pa. 83, 337 A.2d 893 (1975) (same holding where manufacturer stated that its helicopter was "easy to operate.").

Thus, the statement or statements upon which the purchaser of a product bases a section 402B claim must specifically represent, in unambiguous terms, that the product has a particular

5

Doc ID EADYM-113391
08423-071

quality or characteristic which it in fact does not have (or vice versa). There is no evidence of such representations in this case.

C.  There is no evidence of justifiable reliance.

Since Ford made no affirmative representation in its advertising that while driving a Ford Explorer no one will ever be hurt in an accident (no matter how severe), plaintiffs could not have relied upon any such representation in purchasing this Ford Explorer. Even assuming, *arguendo*, that plaintiffs could point to a qualifying representation (which they cannot), recovery under section 402B is nonetheless unavailable.

Comment j to section 402B, concerning justifiable reliance, provides that liability does not attach "where the misrepresentation is not known, or there is indifference to it, and it does not influence the purchase or subsequent conduct." There was nothing untrue about any actual (as opposed to implied) representation made to plaintiffs.

D.  No alleged misrepresentations is a producing cause of this accident.

Plaintiffs cannot recover on their "misrepresentation" theory based upon RESTATEMENT (SECOND) OF TORTS section 402B unless plaintiffs further establish that the alleged misrepresentation was a producing cause of their alleged damages. *See General Motors Corp. v. Hopkins*, 548 S.W.2d 344, 351 (Tex. 1977) (strict products liability). Thus, in addition to the points discussed above related to the absence of a material representation and justifiable reliance, Ford is entitled to a summary judgment on all of plaintiffs' alleged misrepresentation causes of action if there exists no genuine issue of material fact on the element of causation.

A product is a "producing cause" of harm to another only if it is a substantial factor in bringing about the harm, and without which no harm would have been incurred. *See Missouri Pac. RR Co. v. American Statesman*, 552 S.W.2d 99 (Tex. 1977); *Trinity Universal Ins. Co. v. Bleeker*, 986 S.W.2d 489, 491 (Tex. 1998); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775

6

(Tex. 1985). Plaintiffs cannot establish that an alleged misrepresentation was the producing cause of their damages.

4.   **SUMMARY JUDGMENT STANDARD.**

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Supreme Court has explained that a movant for summary judgment need not support its motion with evidence negating the opponent's case; rather, once the movant establishes that there is an absence of evidence to support the nonmovant's case, the burden shifts to the nonmovant to make a showing sufficient to establish each element as to which that party will have the burden at trial. *Celotex,* 477 U.S. at 322-25.

Summary judgment is appropriate when the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *See* FED. R. CIV. P. 56(c); *Celotex,* 477 U.S. at 323. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The proof must be of such quality that "a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita,* 475 U.S. at 586-87.

Doc ID EADYM-113391
08423-071

5.  **CONCLUSION.**

Ford is entitled to summary judgment on plaintiffs' pled claims for recovery under strict liability based upon an alleged "misrepresentation" under section 402B of the RESTATEMENT (SECOND) OF TORTS.

WHEREFORE, PREMISES CONSIDERED, Ford prays that this motion be granted and that plaintiffs (and any other party asserting similar claims) take nothing on all pled claims for recovery based upon an alleged "misrepresentation" under section 402B of the Restatement (Second) of Torts. Ford further prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (Fax)

By: _____ William L Mennucci
Chris A. Blackerby, Attorney in Charge   for Chris
State Bar No. 00787091                    Blackerby, w/
So. Dist. of Texas No. 20016              permission

THOMPSON, COE, COUSINS & IRONS, L.L.P.
William L. Mennucci
State Bar No. 00788042
So. Dist. of Texas No. 18172
701 Brazos Street, Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 (Fax)

Doc ID EADYM-113391
08423-071

and

Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Ave.
Suite 1500
Tuscon, AZ 85701
(520) 882-1200
(520) 884-1294 (Fax)

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded as set forth below to the following attorney(s) on this __13__ day of May, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

_____   William L. Mennuci
Chris A. Blackerby           G- Chris Blackerby,
                             w/ permission

Doc ID EADYM-113391
08423-071