UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § § | |
| Defendants. | § | |

**DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT –MANUFACTURING DEFECT CLAIMS, AND SUPPORTING BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

In accordance with FED. R. CIV. P. 56, defendant, Ford Motor Company ("Ford"), moves for summary judgment on plaintiffs' pled claims for recovery based upon an alleged "manufacturing defect." The grounds for granting this motion are as follows:

1. **STATEMENT OF MATERIAL FACTS.**

    (a)   This is a product liability case arising out of rollover accident involving a 2000 Ford Explorer;

    (b)   The accident occurred on January 11, 2003;

    (c)   Plaintiffs seek recovery under strict liability and negligence based upon the existence of a "manufacturing defect" in the product;

    (d)   A "manufacturing defect" is distinctly different from a "design defect" or a "marketing defect";

    (e)   This case does not involve a "manufacturing defect."

2. **MANUFACTURING DEFECT CLAIMS.**

    A number of *different* claims and theories of recovery have been pled. Not all the pled claims and theories are supported by the evidence. Each theory must be considered separately.

In Plaintiffs' Original Petition, plaintiffs seek recovery under strict liability and negligence based upon a claimed manufacturing defect in the 2000 Ford Explorer:

V.

STRICT PRODUCTS LIABILITY

\* \* \*

> Since the Defendants are in the business of designing, *manufacturing*...the products and component parts in question, which are distributed and sold throughout the United States, Mexico, as well as the State of Texas, Defendants are liable to the Plaintiffs for their damages under the theory of products liability.

\* \* \*

> Further, in this connection, Plaintiffs allege that *the defects in the...manufacture...of the Explorer and/or its component parts were the producing cause or causes of the occurrence in question* and the injuries to the Plaintiffs.

Plaintiffs' Original Petition at ¶ V, pages 4-5 (emphasis added).

3. **ELEMENTS OF A PRODUCT LIABILITY CLAIM UNDER TEXAS LAW FOR RECOVERY BASED UPON THE EXISTENCE OF AN ALLEGED "MANUFACTURING DEFECT."**

A manufacturing defect requires proof that the product as manufactured did not conform to the design intended by the manufacturer. *See, e.g., The Torrington Company v. Stutzman*, 46 S.W.3d 829 (Tex. 2000) ("A product has a manufacturing defect if its construction or quality deviates from the specifications or planned output in a way that is unreasonably dangerous."); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997) ("Under Texas law, a plaintiff has a manufacturing defect claim when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous."); *Robins v. Kroger Co.*, 982 S.W.2d 156, 160 (Tex. App. -- Houston [1st Dist.] 1998, *review denied*) (no manufacturing defect where no evidence that finished

Doc ID EADYM-113397
08423-071

product deviated from specifications); *Clark Equipment Co. v. Pitner*, 923 S.W.2d 117, 126 n. 11 (Tex. App. -- Houston [14th Dist.] 1996, *writ denied*) ("A manufacturing defect exists when a product does not conform to the design standards and blueprints of the manufacturer and the flaw makes the product more dangerous and therefore unfit for intended or reasonably foreseeable uses."). In fact, a claim of manufacturing defect assumes that the "product would not have been defective had it conformed to the manufacturer's design specifications." *Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 239 (Tex. App. -- San Antonio 1996, *writ denied)*.

4. **ARGUMENT**

Not only do the facts of this case not support a manufacturing defect theory, but there is also no expert testimony to support such a claim. A manufacturing defect theory posits that the product was properly designed in the first instance, and that during production the end product *deviated* from the manufacturer's design specification. There is neither a contention by any expert, nor proof that the components in question were not manufactured as designed. There is no evidence that any component of the Ford Explorer did not conform to Ford's design specifications. In fact, the evidence is just the opposite. The components were manufactured as intended, but according to plaintiff, Ford's design was defective and unreasonably dangerous.

5. **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Ford has met its burden in this regard.

Doc ID EADYM-113397
08423-071

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 578 (1986). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Id.* at 423. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 232, 247-49 (1986). A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. *Saunders v. Michelin Tire Corp.,* 942 F.2d 299, 301 (5th Cir. 1991).

The primary inquiry is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson,* 477 U.S. at 251-52. The substantive law of the case identifies which facts are material. *Id.* at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of a summary judgment. *Id.* Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996).

6. **CONCLUSION**

Ford is entitled to summary judgment on plaintiff's pled claims for recovery under strict liability and negligence based upon an alleged manufacturing defect.

WHEREFORE, PREMISES CONSIDERED, Ford prays that this motion be granted and that plaintiff take nothing on all pled claims for recovery based upon an alleged "manufacturing defect."

Doc ID EADYM-113397
08423-071

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (Fax)

By: _____William L Mennucci for_____
Chris A. Blackerby, Attorney in Charge  (Chris Blackerby,
State Bar No. 00787091
So. Dist. of Texas No. 20016                w/ permission

THOMPSON, COE, COUSINS & IRONS, L.L.P.
William L. Mennucci
State Bar No. 00788042
So. Dist. of Texas No. 18172
701 Brazos Street, Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 (Fax)

and

Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Ave.
Suite 1500
Tuscon, AZ 85701
(520) 882-1200
(520) 884-1294 (Fax)

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

Doc ID EADYM-113397
08423-071

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing instrument has been forwarded as set forth below to the following attorney(s) on this __13__ day of May, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

                                      *William L. Mennucci [signature]*
                          _____  *Chris Blackerby,*
                          Chris A. Blackerby                  *w/ permission*

Doc ID EADYM-113397
08423-071