UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § | |
| Defendants. | § § | |

**DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PARTIAL
SUMMARY JUDGMENT -- MARKETING DEFECT CLAIMS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

In accordance with FED. R. CIV. P. 56(b), defendant, Ford Motor Company ("Ford"), moves for summary judgment on all pled claims for recovery alleging a "failure-to-warn" claim, under either a strict liability or negligence theory of recovery. The grounds for granting this motion are as follows:

1.  **STATEMENT OF MATERIAL FACTS**

    (a) This lawsuit arises out of a rollover accident of a 2000 Ford Explorer;

    (b) The accident occurred on January 11, 2003, in Mexico;

    (c) Plaintiffs have pled a claim for recovery based under the legal theories of strict liability and negligence under Texas law based upon a "marketing defect" in the 2000 Ford Explorer;

    (d) There is no evidence to support a "marketing defect";

    (e) Ford is entitled to summary judgment on this defect theory.

2.  **FAILURE-TO-WARN A/K/A MARKETING DEFECT CLAIMS.**

Plaintiffs seek recovery under a number of different theories. Some of the pled theories are not supported by *any* evidence, much less the required "expert testimony." Plaintiffs' "failure-to-warn" a/k/a "marketing defect" claim suffers from both deficiencies. Plaintiffs' Original Petition alleges:

V.

STRICT PRODUCTS LIABILTY

* * *

> At the time the Explorer was sold and/or marketed and/or placed into the stream of commerce by the Defendants, they were defective and unreasonably dangerous, as that term is defined in law, to persons who could reasonably be expected to use same, which defective and unreasonably dangerous conditions were a producing cause of the serious injuries and subsequent death of Betty Payan and injuries to Sally Payan. *The product was also defective by reason of Defendants' failure to include, provide or carry with them adequate and proper warnings and instructions as to dangers associated with the use of the product and how to avoid such dangers*, which defects rendered the product unreasonably dangerous and which defects were a producing cause of the occurrence in question, the death of Betty Payan and injuries sustained by Sally Payan.

* * *

> Further, in this connection, Plaintiffs allege that the defects in the…marketing of the Explorer and/or its component parts were the producing cause or causes of the occurrence in question and the injuries to the Plaintiffs.

Plaintiffs' Original Petition at ¶ V, pages 4-5 (emphasis added).

Doc ID EADYM-113394
08423-071

3. **FORD IS ENTITLED TO SUMMARY JUDGMENT ON ALL PLED CLAIMS FOR RECOVERY BASED UPON AN ALLEGED "FAILURE-TO-WARN OR INSTRUCT, A/K/A "MARKETING DEFECT."**

   A.   *Summary Judgment Standard*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Supreme Court has explained that a movant for summary judgment need not support its motion with evidence negating the opponent's case; rather, once the movant establishes that there is an absence of evidence to support the nonmovant's case, the burden shifts to the nonmovant to make a showing sufficient to establish each element as to which that party will have the burden at trial. *Celotex,* 477 U.S. at 322-25. Summary judgment is appropriate when the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *See* FED. R. CIV. P. 56(c); *Celotex,* 477 U.S. at 323. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The proof must be of such quality that "a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita,* 475 U.S. at 586-87.

Doc ID EADYM-113394
08423-071

### B. *Elements of Marketing Defect Claim Under Texas Law*

Under a marketing defect theory, it is the alleged absence of a warning that makes use of the product unreasonably dangerous. *Sims v. Washex Machinery Corp.*, 932 S.W.2d 559, 561 (Tex. App. -- Houston [1st Dist.] 1995, no writ). In other words, the product is not unreasonably dangerous, assuming adequate warnings and instructions accompany the product.

In an alleged marketing defect, the claimant must prove that –

> …at the time of sale or distribution, it [the product]…is defective because of inadequate instructions or warnings. A product:
>
> * * *
>
> (c) is defective because of inadequate instructions or warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe.

Restatement (Third) of Torts: Products Liability § 2.

Whereas strict liability looks at just the product, negligence looks at the acts of the manufacturer. *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 384 (Tex. 1995), *quoting Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871 (Tex. 1978). In practical terms, however, there is virtually no difference between a claimed negligent failure to warn and a strict liability marketing defect theory. Under either a strict liability or negligence theory, the claimant must establish that the failure to provide warnings and/or instructions caused the accident or injuries. *See GMC v. Saenz on behalf of Saenz*, 873 S.W.2d 353, 356 (Tex. 1993) ("A plaintiff must show that adequate warnings would have made a difference in the outcome, that is, that they would have been followed.").

Doc ID EADYM-113394
08423-071

### (i) *No expert testimony of a "marketing defect."*

Expert testimony is typically required since the area of automobile warnings and instructions is not a matter within the scope of knowledge of the average person. *See Goodyear Tire and Rubber Company v. Rios,* ___ S.W.3d ___ (Tex. App. – San Antonio 2004, pet. filed). Plaintiffs have not designated an expert in the area of warnings. Plaintiffs have not produced any evidence of alternative instructions. In sum, there is no evidence to support what is termed a "marketing defect" under Texas law.

### (ii) *There was no legal duty to warn.*

The central flaw in plaintiffs' *pled* marketing theory against Ford is this: a marketing claim presumes that the product can be made reasonably safe with proper instructions or warnings. "A product may be unreasonably dangerous if the manufacturer fails to warn of a foreseeable risk arising from the usage of the product, and the 'lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous.'" *Coleman v. Cintas Sales Corp.*, 40 S.W.3d 544, 549 (Tex. App. – San Antonio 2001) (emphasis supplied); *see also Caterpillar v. Shears,* 911 S.W.2d 379, 382 (Tex. 1995) ("Liability will attach if the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous."). However, a claim that a product is fundamentally defective because of its very design is different. That is a design defect claim. When that is the complaint, the issue of a warning becomes irrelevant when the plaintiffs contend, as here, that the only appropriate warning would have been to say, "do not buy the product at all." This is a far cry from simply saying that an otherwise adequate product was defectively marketed because it was not accompanied by warnings or instructions that otherwise would have rendered it safe.

The plaintiffs' pled design and marketing defect claims essentially ask the jury to decide the same factual question: Did the Ford Explorer have a design defect that rendered it

5

unreasonably dangerous? Functionally, the claims are identical. An argument that Ford should have warned of the claimed design defects is nothing more than a restatement of the plaintiffs' design defect claims. In fact, *a finding of no design defect completely disposes of the alleged failure to warn and/or any inadequate warnings claim.* See American Motors Corp. v. Ellis, 403 So.2d 459 (Fla. App., 5th Dist. 1981) ("The fallacy of the warning argument in the instant case is that it begs the question. If there were a defect in the fuel system of the 1974 Ambassador that caused the injuries to plaintiffs, AMC is liable, irrespective of any warning; if there were not, there is no liability, irrespective of any failure to warn. Consequently, the warning issue, under these facts, is irrelevant."). Judge Samuel Kent rejected this type of argument in an analogous situation:

> Defendant also asks for summary judgment with respect to Plaintiffs' failure to warn/marketing defect claims. Here the Court agrees with Defendant that Plaintiffs cannot transform their design and/or manufacturing defect claims into marketing defect claims merely by alleging that Firestone should have warned that their product contained design or manufacturing defects. See Lujan v. Tampo Manuf. Co., 825 S.W.2d 505, 510 (Tex. App. – El Paso 1992, no writ) (granting manufacturer's motion for summary judgment because plaintiff's claim that the manufacturer should have warned of the absence of a safety device merely restated the plaintiff's manufacturing and/or design defect claims); cf. Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 335-37 (Tex. 1998) (manufacturer cannot avoid liability for defective design by providing warnings). Plaintiffs' specific allegations are that Defendant failed to warn consumers about "dangerous conditions of the tire" and the tire's "propensity to separate" and that Firestone failed to furnish adequate warnings regarding the "safety, stability, maneuverability and road worthiness of the tires." Consumers expect tires to be road-worthy, and if they are not (e.g. the tread has a propensity to separate), no warning about "factors that may lead to tire deterioration" can cure that defect. It is ridiculous of plaintiffs to suggest otherwise, and their failure to warn claims are thus ridiculous on their face. If the tire at issue was negligently or defectively designed or manufactured, no amount of warning to that effect would have mattered. Accordingly, Defendant's motion for summary judgment with

Doc ID EADYM-113394
08423-071

respect to Plaintiffs' failure to warn claims is hereby **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**.

Exhibit "A."

It is plain from the allegations in paragraph V of Plaintiffs' Original Petition that the claimed defect in this case concerns the *design* of the Ford Explorer. Hence, in addition to the lack of requisite expert testimony, plaintiffs have not pled a legally viable marketing defect claim.

> ### *(iii) There is no evidence that any claimed inadequacy in any warning or instruction caused this incident.*

Assuming a duty to warn or instruct exists, which Ford denies, any alleged claims of "inadequacy" of the instructions and warnings contained either in the Ford Owner's Guide or on the vehicle are properly the subject of summary judgment. Similar claims were rejected in *GMC v. Saenz on Behalf of Saenz,* 873 S.W.2d 353 (Tex. 1993):

> In the present case, GM warned against overloading its truck, but the jury found the warning to be inadequate. *If despite the inadequacy of GM's instructions, following them would have prevented the accident, then their inadequacy could not have caused the accident.* There is no presumption that a plaintiff who ignored instructions that would have kept him from injury would have followed better instructions.
>
> \* \* \*
>
> There is no reason why a warning concerning the truck's maximum safe center of gravity (assuming it could have been effectively explained) would have drawn more attention than the warning GM gave against overloading.
>
> \* \* \*
>
> There is no evidence that anyone at Sascon or Cantu would have read a warning free from the inadequacies determined by the court of appeals. Indeed, given that they did not read the warnings GM provided, there is no reason why they would have read the warnings which the court of appeals held should have been provided. *While GM could have made the warning inescapably*

7

Doc ID EADYM-113394
08423-071

> *obvious, more than it was, it had no duty to do so. Thus, there is no evidence that the inadequacies in GM's warning caused the accident.*

873 S.W.2d at 359-61 (emphasis added).

Here, as in *GMC v. Saenz, supra,* there is no evidence that any inadequacy in Ford's warnings and instructions caused this incident.

> *(iv) No evidence that a different warning or instruction would have been heeded and would have changed the outcome in this instance.*

To succeed on a marketing defect claim, the claimant must establish that defendant's failure to provide adequate instructions was the *producing cause* of the accident. *GMC v. Saenz,* 873 S.W.2d 353, 357 (Tex. 1993) ("Proving causation in a failure-to-warn case has peculiar difficulties."). There is no presumption that a different warning would have been heeded when the instructions which were given would have prevented the accident if needed. *Id.; see also McLennan v. American Eurocopter Corporation,* 245 F.3d 403 (5th Cir. 2001). To prove causation, the plaintiffs must show that a different warning would have *prevented the injuries in this case. GMC v. Saenz,* 873 S.W.2d at 357.

4. **CONCLUSION.**

For the reasons outlined above, Ford is entitled to partial summary judgment on all claims based upon an alleged failure to warn, a/k/a marketing defect, irrespective of whether described as negligence or strict liability.

WHEREFORE, PREMISES CONSIDERED, Ford prays that this motion be granted and that plaintiffs take nothing on all alleged failure to warn and/or instruct a/k/a marketing defect claims, irrespective of the legal theory under which those claims have been pled.

Doc ID EADYM-113394
08423-071

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (Fax)

By: /s/ *William L Mennucci, for Chris Blackerby, w/ permission*
Chris A. Blackerby, Attorney in Charge
State Bar No. 00787091
So. Dist. of Texas No. 20016


THOMPSON, COE, COUSINS & IRONS, L.L.P.
William L. Mennucci
State Bar No. 00788042
So. Dist. of Texas No. 18172
701 Brazos Street, Suite 1500 Austin Centre
(512) 708-8200 Telephone
(512) 708-8777 (Fax)

and

Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Ave.
Suite 1500
Tuscon, AZ 85701
(520) 882-1200
(520) 884-1294 (Fax)

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

Doc ID EADYM-113394
08423-071

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been forwarded as set forth below to the following attorney(s) on this 13 day of May, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

_____  William L. Mennuck,
Chris A. Blackerby            for Chris Blackerby,
                              w/ permission

Doc ID EADYM-113394
08423-071