IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 2 0 1999

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| SHANNON SIMMONS, ET AL. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. G-98-342 |
| | § | |
| FORD MOTOR COMPANY, ET AL. | § | |

## ORDER

Plaintiffs in this case bring suit for personal injuries sustained in a car accident. They allege causes of action sounding in strict liability, negligence, gross negligence, and misrepresentation. Now before the Court is Defendant Bridgestone/Firestone's Amended Motion for Partial Summary Judgment filed on April 23, 1999, directed to all of Plaintiffs' claims except those for "improper manufacture or assembly of the tire." For the reasons set forth below, Defendant's Motion is DENIED IN PART AND GRANTED IN PART.

## I. FACTS

On October 17, 1997, Plaintiffs were involved in a single vehicle accident near Winterhaven, California. They were driving in a 1994 Ford Explorer that they purchased used from a car dealer pursuant to an "as is" contract for sale. According to Plaintiffs, the left rear tire on the Explorer experienced a tread separation, causing the Explorer to roll over three times and eject its occupants. Plaintiffs settled their claims against Ford Motor Company, thus only Bridgestone/Firestone ("Firestone") remains in the case.



## II. ANALYSIS

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth set forth specific facts showing that there is a genuine issue for trial. Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48, 106 S. Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### A. Misrepresentation Claims

Defendant argues first that Plaintiffs' misrepresentation claims should be dismissed because Plaintiffs have offered no evidence of any specific misrepresentation upon which they relied in purchasing the Ford Explorer. Plaintiffs have, however, alleged in their Complaint that in various advertising, marketing, and promotional materials, Defendant "falsely represented" the road worthiness, maneuverability, and safety of the tire, and concealed

2

or misrepresented the lack of adequate testing conducted on the tire and the propensity of the tire's tread to separate. While Defendant's "no evidence" contention may ultimately prove meritorious, the Court believes, with trial set to begin in just a few weeks, that allegation is best left for determination at trial.

Firestone next argues that, as a matter of law, Plaintiffs cannot prove causation based upon a misrepresentation because they purchased the car "as is" from a used car dealer. For support, Defendant cites Prudential Ins. Co. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 161 (Tex. 1995), wherein the Texas Supreme Court held that, in certain circumstances, a valid "as is" agreement prevents a buyer from holding a seller liable if the thing bought turns out to be worth less than price paid. Defendant's reliance on Prudential is misplaced for at least two reasons. To begin with, the circumstances in Prudential were entirely inapposite to the ones in the case at bar. Prudential involved the sale of a multi-million dollar piece of commercial real estate to an experienced real estate investor who had conducted independent investigations of the property. Also, the "as is" provision of the contract for sale was freely negotiated between sophisticated partes of relatively equal bargaining power. By contrast, the Plaintiffs in the instant case signed a boiler-plate used car contract. In Prudential, the Supreme Court limited its holding in precisely this type of situation when it stated:

> By our holding today we do not suggest that an "as is" agreement can have this determinative effect in every

circumstance. . . . We also recognize that other aspects of a transaction may make an "as is" agreement unenforceable. The nature of the transaction and the totality of the circumstances surrounding the agreement must be considered. Where the "as is" clause is an important part of the basis of the bargain, not an incidental or "boiler-plate" provision, and is entered into by parties of relatively equal bargaining position, a buyer's affirmation and agreement that he is not relying on representations by the seller should be given effect. . . . We think it too obvious for argument that an "as is" agreement freely negotiated by similarly sophisticated parties as part of the bargain in an arm's-length transaction has a different effect than a provision in a standard form contract which cannot be negotiated and cannot serve as the basis of the parties' bargain.

Prudential, 896 S.W.2d at 162. Defendant's argument also fails on a wholly separate ground. While the "as is" agreement in question *might* operate to bar claims against a used car dealer, there is no suggestion in Prudential that its holding would protect defendants, who, as in this case, were not parties to the contract for sale, such as a manufacturer or assembler. Accordingly, Defendant's motion for summary judgment as to Plaintiffs' misrepresentation claims is **DENIED**.

B.   *Design Defect and Negligent and/or Defective Design Claims*

Defendant contests Plaintiffs' design defect and negligent or defective design claims on the grounds that the expert reports submitted by Plaintiffs  do not present any evidence of those types of defects. According to Defendant, the expert reports concern only alleged defects in the manufacturing or assembly of the tire in question.  Defendant refers the Court to Fed. R. Civ. P. 26(a)(2)(B) which states that expert reports "shall contain a complete statement of all opinions to be expressed and the basis

·4

and reasons therefore . . ." And, under Fed. R. Civ. P. 37(c)(1), "a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." See Advisory Committee Notes to 1993 Amendment to Rule 26(a)(2). Defendant also cites several cases in which district courts were held not to have abused their discretion by limiting expert testimony, most commonly as a sanction for failure to comply with discovery schedules. See, e.g., Reliance Ins. Co. v. Louisiana Land and Exploration Co., 110 F.3d 253, 256-58 (5th Cir. 1997); Sierra Club Lone Star Chapter v. Cedar Point Oil Co., 73 F.3d 546, 569-73 (5th Cir. 1996); Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995).

Plaintiffs respond that, on the circumstances of this case, limiting their tire manufacturing expert, Paul Grogan's, testimony to what is stated in his expert report would be a punishment that does not fit the crime. They note that the United States Court of Appeals for the Fifth Circuit has viewed the sanction of exclusion under Fed. R. Civ. P. 26(e)(1) as "a particularly strong remedy" in the context of "highly relevant" expert testimony. Bradley v. United States, 866 F.2d 120, 125 (5th Cir. 1989). Furthermore, they argue that exclusion of Grogan's testimony would not be appropriate because Defendant has not been prejudiced in its trial preparation by an incomplete expert report; Defendant had notice, as the result of a previously lawsuit over this same type of tire, of the substance of Grogan's opinion. See Tomlin v. Holecek, 158 F.R.D. 132, 136-37 (D. Minn. 1994) (denying motion to exclude

expert testimony because opposing counsel was aware of the substance of that opinion testimony for several months, if not years). In deposition testimony given in Cynthia Jackson et al. v. Bridgestone/Firestone, Inc., et al., as early as October 6, 1998, Grogan testified that the same type of tire at issue in this case was defectively designed and a safer, alternative design was available at the time of manufacture. Additionally, in a deposition take in the instant case on April 21, 1999, Grogan testified regarding, among other things, the defective design of the tire. The Court agrees with Plaintiffs that without some showing of prejudice to the Defendant, excluding Plaintiffs' expert's highly relevant testimony at this time is an inappropriate sanction. Defendants are free to renew their objections at trial if they feel that they were in fact prejudiced by the ommissions from Grogan's report, but until that time, Defendant's Motion for summary judgment on plaintiff's design defect claims is **DENIED**.

C.  *Failure to Warn/Marketing Defect Claims*

Defendant also asks for summary judgment with respect to Plaintiffs' failure to warn/marketing defect claims. Here the Court agrees with Defendant that Plaintiffs cannot transform their design and/or manufacturing defect claims into marketing defect claims merely by alleging that Firestone should have warned that their product contained design or manufacturing defects. See Lujan v. Tampo Manuf. Co., 825 S.W.2d 505, 510 (Tex. App.--El Paso 1992, no writ) (granting manufacturer's motion for summary judgment because plaintiff's claim that the manufacturer should have warned of the

6

absence of a safety device merely restated the plaintiff's manufacturing and/or design defect claims); cf. Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 335-37 (Tex. 1998) (manufacturer cannot avoid liability for defective design by providing warnings). Plaintiffs specific allegations are that Defendant failed to warn consumers about "dangerous conditions of the tire" and the tire's "propensity to separate" and that Firestone failed to furnish adequate warnings regarding the "safety, stability, maneuverability and road worthiness of the tires." Consumers expect tires to be road-worthy, and if they are not (e.g. the tread has a propensity to separate), no warning about "factors that may lead to tire deterioration" can cure that defect. It is ridiculous of Plaintiffs to suggest otherwise, and their failure to warn claims are thus ridiculous on their face. If the tire at issue was negligently or defectively designed or manufactured, no amount of warning to that effect would have mattered. Accordingly, Defendant's motion for summary judgment with respect to Plaintiffs' failure to warn claims is hereby GRANTED, and those claims are DISMISSED WITH PREJUDICE.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Partial Summary Judgment is GRANTED with respect to Plaintiffs' failure to warn claims, and DENIED with respect to all other claims. The parties are ORDERED to file nothing further regarding the issues addressed in this Order, including motions to reconsider and the like, unless supported by compelling new evidence not available at

the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled, on any matter herein addressed, from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

IT IS SO ORDERED.

DONE this _19th_ day of May, 1999, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE