UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, | § | |
| SALLY PAYAN, AND | § | |
| ENRIQUE ROBERTO PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY, AND | § | |
| AUTOMOTRIZ DEL NORESTE, S.A. DE | § | |
| C.V. | § | |
| Defendants. | § | |

**DEFENDANT FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT--
PERSONAL INJURY CLAIMS OF PLAINTIFF SALLY PAYAN**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

In accordance with FED. R. CIV. P. 56(b), Defendant, Ford Motor Company ("Ford") moves for summary judgment on all pled claims for recovery of personal injury damages of Plaintiff Sally Payan. The grounds for granting this motion are as follows:

I.  STATEMENT OF MATERIAL FACTS

(a) This lawsuit arises out of a rollover accident of a 2000 Ford Explorer;

(b) The subject accident occurred on January 11, 2003, in Mexico;

(c) Plaintiff Sally Payan, who was a passenger in the Explorer at the time of the accident, has made claims for recovery personal injuries that she allegedly sustained in the accident;

(d) Sally Payan testified in her deposition that she had no pain or injuries from the accident, except for a seatbelt burn on her neck:

Q: Okay. How about you? Did you have any pain or any injuries?
A: Nothing.
Q: Nothing?
A: No.

> Q: No cuts? No bruises?
>
> A: I had a seatbelt burn.
>
> Q: Where was that?
>
> A: On my neck.

(Deposition of Sally Payan, attached as <u>Exhibit 1</u>, at 71).

(e) Because Sally Payan by her own admission suffered no injuries in the accident, Ford is entitled to summary judgment on her claims for personal injury damages.

## II. SALLY PAYAN'S PERSONAL INJURY CLAIMS

Plaintiffs' Original Petition seeks recovery of damages resulting from personal injuries suffered by Sally Payan in the accident, as follows:

IX.
<u>PERSONAL INJURY DAMAGES</u>

* * *

<u>SALLY PAYAN</u>

> Plaintiff, Sally Payan, states that she has sustained personal injuries, loss of income, mental anguish and pain and suffering. Plaintiff will continue to suffer mental anguish, pain, and suffering for the remainder of her natural life as a result of the injuries sustained, and is entitled to recover for same. Plaintiff is entitled to recover for all of said injuries and damages she has suffered in the past and will suffer in the future. With respect to all of these damages, Plaintiff Sally Payan is also entitled to recover exemplary damages in an amount exceeding the minimum jurisdictional limit of this court (*see, e.g.,* Paragraph VII).

(Plaintiffs' Original Petition, ¶ IX, pp. 10-11). Plaintiffs' Original Petition states that Sally Payan's alleged personal injuries were caused by Ford's alleged defective design, manufacture, and marketing of the vehicle (*Id.* ¶ V), negligence (*Id.* ¶ VI), malice and gross negligence (*Id.* ¶ VII), breach of warranty (*Id.* ¶ VIII), misrepresentation (*Id.* ¶ IX), and violations of the DTPA (*Id.* ¶ X).

2

## III. ARGUMENT

It is axiomatic that, in order to recover damages for personal injuries, a plaintiff must have suffered personal injuries. In her deposition, Sally Payan stated under oath that she suffered no injuries in the accident, other than a seatbelt burn on her neck. Thus, there is no evidence to support her claims for "personal injuries, loss of income, mental anguish and pain and suffering," no evidence that she will "continue to suffer mental anguish, pain, and suffering for the remainder of her natural life as a result of the injuries sustained," and no evidence that she is entitled to recover "exemplary damages in an amount exceeding the minimum jurisdictional limits of this Court" based on her personal injuries.

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 578 (1986). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Id.* at 423. An issue is

Doc ID MENNB-114148
08423-071

"genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 232, 247-49 (1986). A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. *Saunders v. Michelin Tire Corp.,* 942 F.2d 299, 301 (5th Cir. 1991).

The primary inquiry is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson,* 477 U.S. at 251-52. The substantive law of the case identifies which facts are material. *Id.* at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of a summary judgment. *Id.* Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996).

## V. CONCLUSION

For the foregoing reasons, Ford is entitled to summary judgment on Plaintiff Sally Payan's pled claims for recovery of personal injury damages.

WHEREFORE, PREMISES CONSIDERED, Ford prays that this motion be granted and that Plaintiff Sally Payan take nothing on all alleged personal injury claims and damages.

Doc ID MENNB-114148
08423-071

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (Fax)

By: /s/ *William L Mennucci for*
Chris A. Blackerby, Attorney in Charge  *Chris Blackerby,*
State Bar No. 00787091                  *w/ permission*
So. Dist. of Texas No. 20016

THOMPSON, COE, COUSINS & IRONS, L.L.P.
William L. Mennucci
State Bar No. 00788042
So. Dist. of Texas No. 18172
701 Brazos Street, Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 (Fax)

and

Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Ave.
Suite 1500
Tuscon, AZ 85701
(520) 882-1200
(520) 884-1294 (Fax)

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

5

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing instrument has been forwarded as set forth below to the following attorney(s) on this __13__ day of May, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520

_____  William L. Mennuci for
Chris A. Blackerby           Chris Blackerby, w/ permission

Doc ID MENNB-114148
08423-071