UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ISABEL ENNIS REYNOSO, § <br> SALLY PAYAN, AND § <br> ENRIQUE ROBERTO PAYAN § <br>       Plaintiffs, § <br> § <br> vs. § <br> § <br> FORD MOTOR COMPANY, AND § <br> AUTOMOTRIZ DEL NORESTE, S.A. DE § <br> C.V. § <br>       Defendants. § | CIVIL ACTION NO. B-03-120 |

**DEFENDANT FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' DEFECTIVE SEATBELT SYSTEM CLAIM,
AND SUPPORTING BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

In accordance with FED. R. CIV. P. 56, Defendant Ford Motor Company ("Ford") moves for summary judgment on Plaintiffs' products liability, negligence, misrepresentation, breach of warranty, and Texas Deceptive Trade Practices Act ("DTPA") claims insofar as these claims are based on an allegedly defective seatbelt system in the 2000 Ford Explorer because Plaintiffs' expert on injury causation cannot testify that the seatbelt defect alleged by Plaintiffs is causally related to any of Plaintiffs' alleged injuries.

I.     STATEMENT OF MATERIAL FACTS

    (a)    This is a product liability case arising out of a rollover accident involving a 2000 Ford Explorer in which the driver, Betty Payan, received a fatal injury and the sole vehicle passenger, Sally Payan, received minor injuries;

    (b)    The subject accident occurred on January 11, 2003;

    (c)    Plaintiffs seek recovery under strict liability, negligence, gross negligence, misrepresentation, breach of warranty, and the DTPA based upon the alleged existence of dangerous conditions/defects in the 2000 Ford Explorer;

    (d)    The dangerous conditions/defects alleged by Plaintiffs include an allegedly defective seatbelt system;

    (e)    Plaintiffs' seatbelt expert, Gerald Rosenbluth, opines that the driver's seatbelt system in the 2000 Ford Explorer was defective;

    (f)    Plaintiffs' expert on injury causation, Dr. Ronald Huston, cannot testify that any injury to Betty or Sally Payan was caused by the seatbelt defect described by Gerald Rosenbluth.

**II.    BACKGROUND**

Based on their alleged facts regarding the accident, Plaintiffs seek recovery from Ford under theories of strict products liability, negligence, gross negligence, breach of warranty, misrepresentation, and violations of the DTPA. *See* Plaintiffs' Original Petition. To succeed, Plaintiffs must prove that the 2000 Ford Explorer was defective and unreasonably dangerous and that any alleged defects in the Explorer injured Betty or Sally Payan. For this purpose, they have designated four professional expert witnesses: Gerald Rosenbluth, Dr. Ronald Huston, Dean Jacobson, and Stephan Irwin. *See* Plaintiffs' Designation of Experts, copy attached hereto as Exhibit A.

Plaintiffs' expert designation states that Mr. Rosenbluth is Plaintiffs' "Seatbelt Analyst Expert," and his report states he will testify that the seatbelt system in the 2000 Ford Explorer was defective because it did not have a proper seatbelt pretensioner and because it did not have an integrated seatbelt system. *See* Report of Gerald Rosenbluth ("Rosenbluth Report"), at pages 4 and 5, copy attached hereto as Exhibit B; *See also* Transcript of May 9, 2005 Deposition of Gerald Rosenbluth ("Rosenbluth Depo."), at page 103, lines 13 to 16 ("And I think, at minimum, to make it reasonably safe, give me the integrated seatbelt or give me the pretensionser."), copy of relevant excerpts attached hereto as Exhibit C.

Doc ID MENNB-114095
08423-071

Mr. Rosenbluth opines on the allegedly defective condition of the seatbelt system only as it relates to the injuries of the driver, Betty Payan. *See* Rosenbluth Depo. at page 45, line 23 to page 46, line 21, Exhibit C. He expresses no opinion as to the seatbelt system used by Sally Payan (*Id.*) and he defers to Plaintiffs' other expert, Dr. Ronald Huston, to opine on whether the alleged seatbelt defect caused Betty Payan's injury:

> Q:   And you're not offering any testimony as a biomechanic injury causation of injury mechanisms, fair?
>
> A:   Correct, although I'm aware of it, but that testimony will be offered by Dr. Huston.
>
> Q:   And you defer to Dr. Huston on those issues in this case, right?
>
> A.   Yes.

*Id.* at page 32, lines 5 to 12.

Plaintiffs' expert designation states that Dr. Huston is Plaintiffs' "Bio Mechanic Expert," and his report states that he will testify as to the cause of Betty Payan's fatal injury. *See* Report of Dr. Ronald Huston ("Dr. Huston Report"), at page 6, copy attached hereto as Exhibit D. Dr. Huston opines that, at some point during the rollover sequence, the subject vehicle's roof deformed inward and made a single impact with Betty Payan's head, causing her fatal head injury. *See* Transcript of March 15, 2005 Deposition of Dr. R. Huston ("Dr. Huston Depo."), relevant excerpts attached hereto as Exhibit E, at page 95, lines 12 to 19. He identifies this "intruding roof" as the cause of Betty Payan's injuries and testified that he did not believe the seatbelt system was causally related to Betty Payan's injuries. *Id.* at page 51, lines 1 to 24.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

3

to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 578 (1986). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Id.* at 423. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 232, 247-49 (1986). A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. *Saunders v. Michelin Tire Corp.,* 942 F.2d 299, 301 (5th Cir. 1991).

The primary inquiry is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson,* 477 U.S. at 251-52. The substantive law of the case identifies which facts are material. *Id.* at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of a summary judgment. *Id.* Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996).

4

Doc ID MENNB-114095
08423-071

IV. **PLAINTIFFS CANNOT PROVE THE ELEMENTS OF THEIR CLAIMS INSOFAR AS THEY ARE BASED ON AN ALLEGEDLY DEFECTIVE SEATBELT SYSTEM BECAUSE THEIR BIOMECHANICAL EXPERT CANNOT TESTIFY THAT ANY OF PLAINTIFFS' ALLEGED INJURIES WERE CAUSED BY THE ALLEGED SEATBELT DEFECT.**

To prove their products liability, negligence, gross negligence, misrepresentation, breach of implied warranty, and DTPA claims based on the presence of a defective seatbelt system, Plaintiffs must prove the alleged defect was a proximate cause of their injuries. *Allen v. W.A. Virnau & Sons, Inc.*, 28 S.W.3d 226, 231-32 (Tex. App.-Beaumont 2000); *Ambrosio v. Carter's Shooting Center*, 20 S.W.3d 262, 266 (Tex.App.-Houston 2000).

Plaintiffs rely on the testimony of Dr. Huston to establish the causal connection between their alleged seatbelt defect claim and their alleged injuries. However, Plaintiffs' seatbelt defect allegations only pertain to the belt used by Betty Payan, and Dr. Huston cannot testify that Betty Payan's fatal injury was causally related to the seatbelt defect described by Mr. Rosenbluth. Specifically, Dr. Huston testified:

> Q. Can you say to a reasonable degree of scientific certainty that had this vehicle been equipped with the integrated seatbelt, all other things remaining the same, that Mrs. Payan would not have received a paralyzing neck injury in this accident?
>
> A. No, I don't believe so.
>
> Q. No, you can't say that?
>
> A. That's correct. I believe that -- that in this accident she still would have received these injuries.
>
> Q. Okay. Let me ask a different question. Can you say to a reasonable degree of scientific certainty that had this vehicle been equipped with pretensioners that Mrs. Payan would not have suffered a paralyzing neck injury in this accident?
>
> A. No, I can't say that. I don't know if it would have been as bad as it was, and there's some qualitative words there like paralyzing. But, no, it appears to me from the measurements that I have in this surrogate testing

Doc ID MENNB-114095
08423-071

> that even with the better seatbelt system, there was still a significant amount of roof damage which would have come into her occupant space.

Dr. Huston Depo. at page 51, lines 1 to 24, Exhibit E.

Dr. Huston's testimony fails to establish any causal connection between Plaintiffs' alleged seatbelt defect and Betty Payan's fatal injury. Further, aside from speculation on what may have happened to Betty Payan if there was no roof deformation, Dr. Huston's testimony does not establish a causal connection between any non-fatal injury to Betty Payan and the allegedly defective seatbelt system:

> … It's my opinion based upon also the surrogate study that I did after the preparation of the report that if in this instance the roof had not come down that she would not have experienced the injuries that she did and that depending upon the nature of the restraint system, she would have been kept out of harm to varying degrees.

Dr. Huston Depo. at page 38, line 9 to page 39, line 6, Exhibit E.

This mere speculation, based on facts not present in the present case, is insufficient to establish a causal connection between the alleged seatbelt defect and any injury to Betty or Sally Payan.

## V. CONCLUSION

Plaintiffs cannot prove that their alleged seatbelt defect caused any injury to the occupants of the subject vehicle, Betty or Sally Payan. Because of this, and based on the foregoing, Ford is entitled to summary judgment on Plaintiffs' claims under strict liability, negligence, gross negligence, misrepresentation, breach of warranty, and the DTPA insofar as these claims are based upon an allegedly defective seatbelt system.

Doc ID MENNB-114095
08423-071

WHEREFORE, PREMISES CONSIDERED, Ford prays that this motion be granted and that Plaintiffs take nothing on their claims for recovery based upon an allegedly defective seatbelt system.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (Fax)

By: _____ William L Mennucci
Chris A. Blackerby, Attorney in Charge   for Chris
State Bar No. 00787091                     Blackerby, w/ permission
So. Dist. of Texas No. 20016

THOMPSON, COE, COUSINS & IRONS, L.L.P.
William L. Mennucci
State Bar No. 00788042
So. Dist. of Texas No. 18172
701 Brazos Street, Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 (Fax)

and

Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Ave.
Suite 1500
Tuscon, AZ 85701
(520) 882-1200
(520) 884-1294 (Fax)

**ATTORNEYS FOR DEFENDANT**
**FORD MOTOR COMPANY**

7

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing instrument has been forwarded as set forth below to the following attorney(s) on this __13__ day of May, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520


_____  William L Mennucci
Chris A. Blackerby                 for Chris Blackerby
                                   w/ permission