United States District Court
Southern District of Texas
FILED

MAY 1 3 2005

Michael N. Milby
Clerk of Court

IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, and ENRIQUE ROBERTO PAYAN. | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY and AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § § | |
| Defendants, | § | |

OPPOSED MOTION TO EXCLUDE THE TESTIMONY OF FORD'S
PROFFERED EXPERT MICHELLE VOGLER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Plaintiffs in the above entitled and numbered cause, and files this their Opposed Motion to Exclude the Testimony of Ford's Proffered Expert Michelle Vogler, and in support thereof would respectfully show as follows:

### I. Introduction

Ford has designated an expert witness "statistician" named Michelle Vogler to offer testimony regarding statistics presumably regarding rollover accident risks and injuries. Ms. Vogler has pulled the statistics from several databases listing every conceivable type of accident and make/model vehicle over a period of time exceeding ten years. A copy of Ms. Vogler's report is hereby attached. (Exhibit A)

Opposed Motion To Exclude The Testimony Of Ford's Proffered Expert Michelle Vogler-Page 1

Although it is difficult to determine exactly what her opinions are from her report Plaintiffs would respectfully request that her testimony not be allowed by virtue of Rule 702 of the Federal Rules of Evidence and Federal Rules of Evidence 402 and 403. Additionally, Ms. Volger's testimony should be challenged under the "substantial similar" test required to admit evidence of other accidents in a products liability case.

## II. APPLICABLE LAW

### A.   RULE 702 OF THE FEDERAL RULES OF EVIDENCE

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony.

Rule 702 states that:

> If scientific, technical, or other specialized knowledge <u>will assist the trier of fact to understand the evidence or to determine a fact in issue</u>, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702 (emphasis added)

Ms. Volger's conclusions or opinions meets none of the requirements stated above.

Based upon Ms. Vogler's report, her general knowledge or opinions are neither relevant nor of any assistance to the average juror.

### B.   FEDERAL RULES OF EVIDENCE 401, 402 AND 403

Rule 401 states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Opposed Motion To Exclude The Testimony Of Ford's Proffered Expert Michelle Vogler-Page 2

Rule 402 states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Court must also evaluate the admissibility of the testimony under Rules 402 and 403. Rule 402 prohibits admission of irrelevant evidence as defined by Rule 401. FED.R. EVID. 401 & 402. Rule 403 requires the exclusion of relevant evidence if so deemed, if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED.R. EVID. 403.

Ms. Volger's report containing the conclusions and opinions fails to meet the relevancy criteria.

### C. "SUBSTANTIAL SIMILARITY" TEST

Without belaboring the point, as the Court can determine from the report, the basis of Ms. Volger's opinions or conclusions are reached by virtue of data that is so diverse that under no circumstances could it be defined as complying; with the "substantial similarity" test required under the facts of this case.

### III. CONCLUSION

Based upon the above mentioned Rule of Evidence, as well as the established case law, Plaintiffs submits that Ms. Vogler's opinions and or conclusions are inadmissible.

Wherefore, premises considered, Plaintiffs respectfully request that their Motion be granted in all things and for all other relief to which they may be entitled.

Respecfully submitted,

Martinez, Barrera & Martinez, LLP
1201 E. Van Buren
Brownsville, TX 78520
(956) 546-7159

BY: _____
Tony Martinez
State Bar No. 13139000

## CERTIFICATE OF SERVICE

Ford is opposed with this motion. I hereby certify that a true and correct copy of the foregoing has been properly forwarded to all known counsel of record via certified mail, return receipt requested, in compliance with all applicable rules of civil process.

SIGNED this the 15th day of May, 2005.

_____
Tony Martinez