UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § § | |
| Plaintiffs, | § § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § § | |
| Defendants. | § | |

### DEFENDANT FORD MOTOR COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 20 TO EXCLUDE EVIDENCE OF OTHER ACCIDENTS, INCIDENTS, COMPLAINTS OR LAWSUITS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ford Motor Company ("Ford") hereby submits this brief in support of its Motion to Exclude or Alternative Motion *in Limine* to preclude evidence or argument relating to other individual accidents or incidents. Ford moves for entry of an order *in limine* excluding at trial any reference to or evidence, testimony, or argument relating to any other roll-over accidents or incidents involving Ford Explorers. Such matters must be excluded because (1) such evidence is hearsay; (2) such evidence is not relevant to or probative of any disputed issue in this case; and, (3) even if such evidence was deemed relevant (it is not), it should be excluded under FED. R. EVID. Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue consumption of time.

1

## ARGUMENT

A.  **EVIDENCE OF OTHER ACCIDENTS IS INADMISSIBLE HEARSAY**

    1)    *Unauthenticated Documents Are Inadmissible*

Even before the court determines the admissibility of a document, the document must be authenticated by extrinsic evidence, generally by testimony. FED. R. EVID. 901, 902; *First Nat'l Bank of Jefferson Parish v. M/V Lighting Power*, 851 F.2d 1543 (5th Cir. 1988) (figures on computer printout was neither self-authenticating nor authenticated by testimony of operator's president); *Touchstone v. G.B.Q. Corp.*, 596 F.Supp. 805, 812 (E.D. La. 1984). Furthermore, generally an affidavit will not suffice to authenticate a document, because the opposing party ought to have the opportunity to cross-examine the person vouching for the document. *In re Leifheit*, 53 B.R. 271, 273 (S.D. Ohio 1985).

In this case, most of the evidence plaintiffs will offer regarding other accidents will be impossible to authenticate. Documents that were produced from Ford in discovery require authentication. Ford's files contain numerous warranty claims, complaint letters, evidence of lawsuits and other documents that it receives from outside sources. Ford would be hard pressed to authenticate these documents. Unless plaintiffs can assemble the witnesses who made the complaints or claims, they will not be able to overcome the authentication hurdle (and even if they can, they face a substantial hearsay problem).

    2)    *Evidence Of Other Accidents Is Inadmissible Hearsay*

Any evidence plaintiffs attempt to introduce of other accidents purportedly involving Ford vehicles, whether contained in complaints, summaries, pleadings, or other documents, consists of nothing more than unsubstantiated allegations. Such "evidence" necessarily comprises out of court

2

statements that plaintiffs hope to introduce to prove the truth of the matters asserted. In short, it is inadmissible hearsay. FED. R. EVID. 802.

The Federal Rules of Evidence define "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Hearsay evidence is generally inadmissible because the person making the statement is not subject to the scrutiny of the jury, not under the oath, and not available for cross-examination by the opposing party. *McCormick on Evidence* at 726-29, § 24 (3d ed. 1984); FED. R. EVID. 802. Any documentary evidence offered to prove the truth of out of court statements or arguments or remarks of counsel regarding such evidence, is inadmissible hearsay. FED. R. EVID. 801, 802.

It is a well established principle of law that statements made in the pleadings of unrelated lawsuits are hearsay, with no probative force or evidentiary value. *See e.g., Johnson v. Ford Motor Co.*, 988 F.2d 573, 578-79 (5th Cir. 1993) (summaries of lawsuits and claims held inadmissible hearsay); *Roberts v. Harnischfeger Corp.*, 901 F.2d 42, 44-5 (5th Cir. 1989) (summaries of complaints or lawsuits are hearsay even if in a sworn affidavit); *Barker v. Norman*, 651 F.2d 1107, 1128 (5th Cir. 1981) (statements in sworn pleadings and affidavits held to be hearsay); *Century "21" Shows v. Owens*, 400 F.2d 603, 609 (8th Cir. 1968) (pleading from unrelated case was inadmissible hearsay); *Stevenson v. Hearst Consol Publications*, 214 F.2d 902, 907 (8th Cir. 1954) (complaint filed in prior marriage separation suit was inadmissible hearsay); *see also See Nissan Motor Company v. Armstrong,* 145 S.W.3d 131 (Tex. 2004). (error to admit evidence of other incidents without overcoming hearsay exclusion *and* demonstrating that the defect causing the other incident

3

was reasonably similar to the defect claimed by the plaintiffs to have caused this accident); *Yates v. State*, 489 S.W.2d 620 (Tex. Crim. App. 1973); *Joplin v. Meadows*, 623 S.W.2d 442, 444 (Tex. App.--Texarkana 1981, no writ); *Luther Transfer & Storage Co. v. Harrell*, 445 S.W.2d 268, 269 (Tex. Civ. App.-- Houston [1st Dist.] 1969, no writ).

Moreover, such statements are inadmissible hearsay even if the pleading in which they appear is sworn. *See, e.g., Briggs v. United States*, 90 F.Supp 135, 142, 116 Ct. Cl. 638 (1950); *Kline v. Southwest Wheel & Mfg. Co.*, 390 S.W.2d 297, 299 (Tex. App.--Amarillo 1965, no writ); *Wood v. Self*, 362 S.W.2d 188, 190 ((Tex. App.--Dallas 1962, no writ). The presence of an oath, does not change the self-serving or hearsay nature of such statements.

Moreover, plaintiffs cannot introduce otherwise inadmissible hearsay evidence through an expert witness as part of the underlying basis for his opinion. *See e.g., Soden v. Freightliner Corp.*, 714 F.2d 498 (5th Cir. 1983) (expert's testimony based on a letter and a telephone conversation of a third party were not admissible as hearsay); *see Southwest Lloyds Insurance Co. v. MacDowell*, 769 S.W.2d 954, 958 (Tex. App.--Texarkana 1989, writ denied).

In this case, practically speaking, any evidence that plaintiffs attempt to offer of other accidents or lawsuits that are based upon the allegations or complaints of non-parties or non-witnesses, whether discovered in Ford's files or obtained from other sources, will be hearsay and inadmissible. In short, regardless of arguments of counsel to the contrary, there is no other reason to introduce evidence of other accidents, except to prove the truth of the accident.

4

3) *Plaintiffs Must Prove That An Exception To Hearsay Applies*

Moreover, the impetus is on the plaintiffs to prove that any such evidence offered falls within an exception to the hearsay rule. Unless plaintiffs can clearly show that an exception to the hearsay rule applies, the evidence must be excluded. *See Doe v. U.S.*, 976 F.2d 1071, 1079 (7th Cir. 1992) *cert. denied*, 510 U.S. 812, 114 S.Ct. 58, 126 L.Ed.2d 28 (1993); *see e.g., Sabatino v. Curtis Nat'l Bank*, 415 F.2d 632, 634 (5th Cir. 1969) *cert. denied*, 398 U.S. 1057, 90 S.Ct. 750, 24 L.Ed.2d (1970); *see also Skillern & Sons, Inc. v. Rosen*, 359 S.W.2d 298, 301 (Tex. 1962) ("One seeking to have hearsay declarations of a witness admitted as an exception to the general rule must clearly show that they are within the exception").

In the event that a hearsay statement contains other hearsay statements, as in the case of a report or record of complaints, the proponent of the statement must demonstrate that an exception to the hearsay rule exists for each level of hearsay. FED. R. EVID. 805; *see Rock*, 922 F.2d at 280. None of the types of evidence discussed above will meet this standard. All the evidence described constitutes either: (1) mere unproven allegations impaired by the self interest of the speaker; or (2) a summary or list of unproven allegations for which plaintiffs have a double hearsay hurdle to overcome. Furthermore, any evidence of other accidents offered is not only hearsay, it is irrelevant to the present case unless plaintiffs can show that it is *substantially similar*. In fact, in order to prove substantial similarity, plaintiffs have no choice but to assert as true statements in documents that are inadmissible hearsay.

5

    4)    *The Business Records Exception To The Hearsay Rule Does Not Apply*

Ford anticipates that plaintiffs will attempt to overcome Ford's hearsay objections by claiming that evidence of other accidents or lawsuits, including summaries found in Ford's files, are admissible under the business records exception to the hearsay rule. However, contrary to any arguments of plaintiffs, the business records exception does not apply. *See Roberts*, 901 F.2d at 44-45 (employee's sworn summary of lawsuits and complaints was inadmissible hearsay); *Rock*, 922 F.2d at 278-79 (statements made by plaintiff to his physician which were contained in plaintiff's medical record were inadmissible hearsay); *Rambo*, 537 F.2d at 202 (statements made by plaintiff-yacht owner to Coast Guard which were contained in Coast Guard report were inadmissible hearsay not subject to business records exception).

The business records exception applies only if the person who makes the statement *is himself acting in the regular course of business*. *Rock*, 922 F.2d at 279. That is because the business records exception is based on the assumption that a person regularly and continually keeping the records in the course of business, is reliable. *Rock*, 922 F.2d at 279. This assumption disintegrates, however, when "any person in the process is not acting in the usual course of the business." *Rock*, 922 F.2d at 279 (citing *McCormick on Evidence* § 310 at 879 (3d Ed. 1984)). For the same reasons, the business records exception does not apply to incident or accident reports, logs or notices to insurers, as each is tinted by the unreliability of the person making the statement. *Rock*, 922 F.2d at 279.

Doc ID EADYM-115674
08423-071

B. **ANECDOTAL EVIDENCE OF OTHER, UNRELATED ROLL-OVER ACCIDENTS OR INCIDENTS IS IRRELEVANT AND INADMISSIBLE**

Plaintiffs may seek to introduce, and make arguments based on, anecdotal evidence of other, unrelated incidents for the ostensible purpose of trying to demonstrate that Explorers are especially prone to roll over in an accident. Ford, however, does not dispute that Explorers may be subject to, and have been involved in, roll-over accidents. The same is true, of course, for every sport utility vehicle and, for that matter, every passenger car on the road. Indeed, evidence of other accidents adds nothing to what is obvious—that vehicles can, and from time to time do, roll over in an accident. This undisputed proposition has no bearing on any claim in this case. Only relevant evidence is admissible. *See* FED. R. EVID. 401, 402. Relevant evidence includes that which is sufficiently related to the facts in the case that it will aid the jury in resolving a *factual dispute*. Because Ford does not dispute that Explorer model SUVs can and do roll over from time to time, any evidence offered to prove that undisputed fact constitutes a needless consumption of time. FED. R. EVID. 611.

C. **EVIDENCE OF OTHER ROLL-OVER ACCIDENTS IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE.**

Even if the Court were to deem such evidence relevant, any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, impassioning the jury, and undue consumption of time. *See* FED. R. EVID. 403; *Uitts v. General Motors Corp.*, 411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff'd.*, 513 F.2d 626 (3d Cir. 1975) ("[p]roof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters").

Introduction of evidence of other roll-over accidents would unavoidably lead to several trials within a trial. Plaintiffs would be required to demonstrate, by way of admissible evidence, that the

7

accidents occurred under "substantially similar" conditions. Ford, in turn, would have no choice but to litigate the other accidents, spending considerable time distinguishing those incidents from the case at bar. Admission of other accidents would overwhelm the jury and burden the Court with extensive, collateral litigation. On this basis alone, numerous courts have excluded "other accident" evidence. *See, e.g., Wilson v. Bicycle South, Inc.*, 915 F.2d 1503, 1508 n.10 (11th Cir. 1990); *De Pue v. Sears, Roebuck and Co.*, 812 F. Supp. 750 (W.D. Mich.1992); *see also Kelsay v. Consolidated Rail Corp.*, 749 F.2d 437, 443 (7th Cir. 1984) ("[W]e cannot ignore . . . that when a claim is made for the showing of [other] accidents, an element of a trial on collateral issues, sometimes termed a trial within a trial, is introduced with the real possibility of undue delay").

The risk of jury confusion is particularly acute when technical issues are involved, such as in this case. Factors bearing on whether a vehicle contains a defect and whether such defect caused a particular occurrence under a specific set of circumstances are highly complex and individual in nature. The added complexity of examining similarity in regards to different accidents would necessarily confront the jury with a multitude of collateral issues creating a high probability of confusion. *See, e.g., Olin-Mathieson Cam Corp. v. Allis-Chalmers Mfg. Co.*, 438 F.2d 833, 837 (6th Cir. 1971) (noting the confusion created by an examination of technical evidence comparing two incidents). Perhaps most importantly, insofar as the fairness of any potential verdict is concerned, introduction of "other accident" evidence runs the real risk of inflaming the jury's sympathies and emotions. The mere mention of other incidents of roll-over accidents involving Explorers could taint the deliberative process, seriously undermining the integrity and fairness of the trial. *See, e.g., Four Corners Helicopters. Inc. v. Turbomeca. S.A.*, 979 F.2d 1434, 1440 (10th Cir.1992) ("Evidence proffered to illustrate the existence of a dangerous condition necessitates a high degree of similarity because it weighs directly on the ultimate issue to be decided by the jury."); *Gardner v. Southern Ry.*

8

*Sys.*, 675 F.2d 949, 952 (7th Cir. 1982) ("the jury might infer from evidence of the [other] accident alone that ultra-hazardous conditions existed . . . and were the cause of the . . . accident without those issues ever having been proved.").

The injection of "other accident" evidence into this lawsuit would result in many of the negative factors identified in Rule 403. As stated by the district court in *Uitts*:

> Proof of prior accidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to collateral matters. . . . Defendant, in order to minimize the prejudicial effect of [the evidence of other accidents], would have had to go through each one individually with the jury. The result would have been a mini-trial on each of the thirty-five reports offered by plaintiffs. This would lengthen the trial considerably and the minds of the jurors would be diverted from the claim of the plaintiffs to the claims contained in these reports.

411 F. Supp. at 1383; *see also Sims v. General Motors Corp.*, 751 P.2d 357, 363-64 (Wyo. 1988) (quoting *Uitts* at length and following rationale).

The danger of admitting evidence of other lawsuits is particularly acute because of the potential influence the allegations contained in pleadings have on a jury. *Julander v. Ford Motor Co.*, 488 F.2d 839, 848 (10th Cir. 1973). In *Julander*, the Court of Appeals for the Tenth Circuit reversed the finding of the jury based in part on the trial court's admission of copies of seven other complaints filed against Ford. The court held that, although the other cases generically involved the same vehicle and a similar claimed defect, the evidence was not sufficiently specific to determine the similarity. In fact, no sufficient grounds were presented for admission of the evidence. The Court of Appeals was especially concerned that admission of the evidence of other lawsuits was highly prejudicial and "damaging" to Ford in the eyes of the jury. 488 F.2d at 848-49. *Julander*, 488 F.2d at 848-49.

9

In addition, in *Roberts*, a panel of the Fifth Circuit Court of Appeals affirmed the trial court's exclusion of statements contained in pleadings in other cases. *Roberts,* 901 F.2d at 44-45. The court found that introduction of the statements would inject collateral issues into the case and offered only "slight" probative value. *Id.* at 45.

If the Court considers allowing evidence concerning other accidents, incidents, complaints or lawsuits, then Ford requests that the Court establish a procedure for hearing argument and ruling on the admissibility of such evidence outside the presence of the jury. *See Wheeler*, 862 F.2d at 1408 (proper for judge to hear foundations for prior incidents in chambers as opposed to in the presence of the jury).

Doc ID EADYM-115674
08423-071

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Michael W. Eady
William L. Mennucci (Attorney in Charge)
State Bar No. 00788042
Federal Bar I.D. 18172
bmennucci@thompsoncoe.com
Michael W. Eady (Of Counsel)
State Bar of Texas No. 06332400
Federal Bar I.D.14591
meady@thompsoncoe.com
701 Brazos Street
Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax

OF COUNSEL:

Gerald Giordano
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

Jaime A. Saenz
State Bar No. 17514859
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

Doc ID EADYM-115674
08423-071

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing instrument has been forwarded as set forth below to the following attorney(s) on this 10th day of June, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

                                        */s/ Michael W. Eady*
                                        Michael W. Eady

Doc ID EADYM-115674
08423-071