UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. | § § § § | |
| Defendants. | § § | |

### DEFENDANT FORD MOTOR COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE, OR ALTERNATIVELY, MOTION IN LIMINE NO. 25 RESPECTING EVIDENCE OF DISCOVERY DISPUTES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ford Motor Company ("Ford") hereby submits this brief in support of its motion to exclude from the jury all evidence of discovery disputes. A plethora of "boilerplate" motions *in limine* fall within this motion to exclude, to wit, motions *in limine* directed to:

- Defendant's discovery practices.
- Evidence on matters not fully disclosed, properly answered or supplemented in response to discovery requests.
- Testimony of witnesses, including expert witnesses, not previously disclosed.
- Court rulings on discovery matters.
- Any alleged discovery dispute.
- Witnesses not properly identified.
- Documents allegedly not produced by defendant.

1

Doc ID EADYM-115776
08423-071

I. **EVIDENCE OF DISCOVERY DISPUTES IS IRRELEVANT TO THE ISSUES BEFORE THIS COURT AND, THEREFORE, IS INADMISSIBLE.**

Relevant evidence is defined by Rule 401, FEDERAL RULES OF CIVIL EVIDENCE:

Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Evidence of a discovery dispute certainly does not fall within that definition. A discovery dispute is something to be resolved by the court outside the presence of the jury. The court is equipped with appropriate sanction power for discovery abuses. *See* Rule 37, FEDERAL RULES OF CIVIL PROCEDURE. Open court in front of the jury is not the place for counsel to air their grievances about discovery.

II. **EVIDENCE OF DISCOVERY DISPUTES SHOULD ALSO BE EXCLUDED UNDER RULE 403.**

Even if evidence of discovery disputes could be deemed marginally relevant to some issue, such evidence should be excluded because any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and by considerations of undue delay. *See* Rule 403, FEDERAL RULES OF EVIDENCE; other courts have excluded evidence of discovery disputes on precisely this ground. For example, in *Empire Gas Corp. v. American Bakeries Co.*, 840 F.2d 1333 (7th Cir. 1988), the Seventh Circuit Court of Appeals relied on Rule 403 to affirm the trial court's decision to exclude evidence of discovery disputes, including evidence that the defendant willfully failed to comply with discovery by not providing certain documents to plaintiff. *Id.* at 1341. *See also Burwell v. American Edwards Labs*, 574 N.E.2d 1094, 1102 (Ohio Ct. App. 1989) (finding evidence of defendant's improper discovery behavior more prejudicial than probative).

In this case, raising a discovery dispute in front of the jury would have no purpose but to suggest to the jury that they should render a decision against Ford because Ford was not "playing

2

fair" or was hiding relevant evidence. It goes without saying that the jury should be discouraged from making a decision based on such unsupported allegations.

The proper method for addressing discovery disputes is outlined in FED. R. CIV. P. 37. Any alleged discovery dispute must be settled pursuant to motion under Rule 37 and should not be raised outside of such motion. *See Burwell*, 574 N.E.2d at 1102 ("The Civil Rules adequately provide for sanctions or other remedies when requests for discovery are not properly met, and there is thus no need to introduce evidence of discovery problems at trial.").

By raising discovery disputes with the jury, counsel would be, in effect, asking the jury to punish the opposing party based on the lawyer's version of the parties' discovery disputes. However, such punishment is beyond the province of the jury. Only the Court has power to punish a party for pre-trial discovery violations. Placing such disputes before the jury would invade the province of the Court, and would upset the carefully drafted discovery enforcement procedures embodied in FED. R. CIV. P. 37.

Raising the issue would also put Ford in a dilemma because the only way to try to rebut such an allegation is for counsel to testify. This would create a variety of ethical and procedural problems. *See, e.g., Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1307-08 (7th Cir. 1987), *cert. denied*, 492 U.S. 917 (1989) (holding that evidence of the parties' discovery dispute in that case was properly excluded because such evidence would delay the proceedings, require counsel to testify, and possibly require substitution of counsel).

### III. EVIDENCE OR ALLEGATIONS OF DISCOVERY DISPUTES IN OTHER CASES SHOULD ALSO BE EXCLUDED.

Ford anticipates that Plaintiffs may attempt to suggest to the jury that Ford has abused discovery in other cases. This evidence should also be excluded under Rules 402 and 403 because it is irrelevant and unduly prejudicial.

3

The United States Court of Appeals for the Fourth Circuit addressed a similar issue in *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978). In *Wilson*, plaintiff's attorney, relying on accounts given to him by attorneys for plaintiffs in three other cases, attempted to develop evidence of "a habit or pattern of conduct or 'stone walling'" by defense counsel in discovery proceedings. *Id.* at 511. The district court relied upon these claims in entering a default judgment against defendants. In reversing the district court, the Fourth Circuit stated that there is an "obvious danger of abuse in [habit] evidence resulting from 'the confusion of issues, collateral inquiry, prejudice and the like....'" *Id.*

In *Wilson*, the plaintiff introduced evidence of three cases in which other plaintiffs claimed discovery abuse against defendant Volkswagen. The plaintiff admitted, however, that Volkswagen had been involved in many products liability lawsuits; and that "at least fifty cases had been filed in recent years against the defendants involving rollover propensity," and approximately "two hundred product liability cases had been filed in recent years against the defendants." *Id.* at 512. The same counsel defending this case had also defended the three cases submitted in support of the plaintiff's allegations. The court of appeals noted that evidence of examples, for the purposes of establishing habit or a pattern of conduct, must be carefully scrutinized before being admitted into evidence. *Id.* Such scrutiny "requires a comparison of the number of instances in which any such [mis]conduct occurs with the number in which no such [mis]conduct took place." *Id.* The court stated:

> Compared with the large number of cases filed against the defendants, in which no claim of misconduct was apparently made, the mere fact that in three cases [a claim of misconduct was made], ... can hardly be thought sufficient to establish "regularity of response" so automatic as a represent habit or pattern.

*Id.*

Doc ID EADYM-115776
08423-071

Plaintiffs certainly cannot prove any discovery abuse, much less a habit of discovery abuse, by Ford. As such, Plaintiffs in this case should be prohibited during any stage of trial from mentioning any allegations of discovery disputes with Ford in this or any other case.

WHEREFORE, PREMISES CONSIDERED, Ford prays that this motion to exclude be granted, and for such other and further relief to which it may be justly entitled.

Doc ID EADYM-115776
08423-071

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Michael W. Eady
William L. Mennucci (Attorney in Charge)
State Bar No. 00788042
Federal Bar I.D. 18172
bmennucci@thompsoncoe.com
Michael W. Eady (Of Counsel)
State Bar of Texas No. 06332400
Federal Bar I.D.14591
meady@thompsoncoe.com
701 Brazos Street
Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax

OF COUNSEL:

Gerald Giordano
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

Jaime A. Saenz
State Bar No. 17514859
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

Doc ID EADYM-115776
08423-071

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded as set forth below to the following attorney(s) on this 10th day of June, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

*Michael W. Eady*
Michael W. Eady

Doc ID EADYM-115776
08423-071