UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN<br>      Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V.<br>      Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. B-03-120 |

### DEFENDANT FORD MOTOR COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE, OR ALTERNATIVELY, MOTION *IN LIMINE* NO. 28 RESPECTING TESTIMONY INTERPRETING DOCUMENTS PRODUCED BY FORD AS EVIDENCE OF FORD'S KNOWLEDGE OR INTENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ford Motor Company ("Ford") submits this brief in support of its motion in limine to exclude Plaintiffs' witnesses who have not worked at Ford from testifying about Ford's knowledge or intent with respect to the design of the 2000 Ford Explorer based on the witnesses' "interpretation" of documents produced by Ford in this or other litigation. Ford makes this motion on the ground that the admission of testimony about Ford's knowledge or intent violates FED R. EVID. 702 because (1) Plaintiffs' witnesses have no expertise about Ford, its employees, or the processes by which Ford communicates information or makes decisions, that would qualify them to express an expert opinion on that subject; (2) a determination of Ford's knowledge or intent does not require specialized knowledge or expertise, and thus the jury can make such a determination on its own, without expert assistance; and (3) testimony by

1

Plaintiffs' experts based on the documents is speculative and conjectural and thus will not assist the trier of fact. In addition, testimony based on or about such documents should be excluded under Rule 403 of the FEDERAL RULES OF EVIDENCE because the probative value, if any, of such testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay. Ford also moves *in limine* to exclude Plaintiffs' witnesses from testifying about the meaning or contents of documents produced by Ford that are inadmissible or have not been admitted into evidence on the ground that such testimony would violate FED. R. EVID. 1002, the "best evidence" rule.

## ARGUMENT

I. **THE OPINIONS OF PLAINTIFFS' EXPERT WITNESSES ABOUT THE KNOWLEDGE AND INTENT OF FORD IS INADMISSIBLE UNDER RULE 702 OF THE FEDERAL RULES OF EVIDENCE.**

Rule 702 of the FEDERAL RULES OF EVIDENCE states in part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . .

For expert testimony to be admissible, it must initially meet two requirements: the witness giving the testimony must be qualified as an expert on the subject about which he intends to testify; and testimony must assist the trier of fact in understanding the evidence or determining a fact in issue.

A. **Plaintiffs' Experts are Not Qualified to Give An Opinion on Ford's Knowledge or Intent.**

In order for Plaintiffs' experts to express opinions about what Ford knew, they must possess special "knowledge, skill, experience, training, or education" so that they can "actually

2

assist the jury in arriving at an intelligent and sound verdict." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "Stated more directly, the trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (quoting *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir. 1986)). Moreover, "[a]n expert witness must show special knowledge of the very question upon which he is to express an opinion." *George v. Morgan Constr. Co.*, 389 F. Supp. 253, 259 (E.D. Pa. 1975) (emphasis added); see also 2 John H. Wigmore, EVIDENCE IN TRIALS AT COMMON LAW § 555, at 750 (1979) (the qualification of a witness "is a fitness to answer on that point. He may be fitted to answer about countless other matters, but that does not justify accepting his views on the matter in hand . . . .").

Here, Plaintiffs' experts do not have sufficient expertise about Ford, its officials or employees, its design process, or its decision-making process, to express an expert opinion on Ford's knowledge or intent in designing the 2000 Ford Explorer. Plaintiffs' experts may have read a number of Ford documents that they have acquired or that were provided to either by Plaintiffs' counsel, but that activity is not sufficient to transform them into an expert. *See Hooten v. State*, 492 So. 2d 948, 957-58 (Miss. 1986) (although witness "had read books on forensic document work, his practical training and experience in that field have not . . . 'clearly qualified him as an expert'"); If it were, any person could become an expert in any field merely by reading books or published articles in that field.

    **B.**    **Testimony by Plaintiffs' Experts about Ford's Knowledge or Intent Will Not Assist the Trier of Fact.**

For expert testimony to be admissible, it must "actually assist the jury in arriving at an intelligent and sound verdict," *Viterbo*, 826 F.2d at 422, by "inform[ing] the court about affairs

3

not within the full understanding of the average man." *United States v. Webb*, 625 F.2d 709 (5th Cir. 1980) (emphasis added). As one Texas court of appeals has stated, "the use of expert testimony is restricted to those situations in which the expert's knowledge and experience . . . are beyond that of the average juror . . . ." *Dunnington v. State*, 740 S.W.2d 896, 898 (Tex. App.--El Paso 1987, pet. ref'd); *see also Bristol-Myers Co. v. Gonzales*, 548 S.W.2d 416, 431 (Tex. Civ. App.--Corpus Christi 1976), *rev'd on other grounds*, 561 S.W.2d 801 (Tex. 1978) ("it was error for the trial court not to have excluded" testimony "where the tribunal is in possession of the same information as the witness").

Plaintiffs' experts' knowledge and experience about Ford, its employees, and its decision-making process, are not "beyond that of the average juror." Numerous courts have held that testimony that addresses issues such as intent, character, and motivation of parties -- are particularly "'within the ken of lay jurors,'" and thus expert testimony on such issues is inadmissible. *Webb*, 625 F.2d at 711 (*quoting United States v. Fosher*, 590 F.2d 381, 383 (1st Cir. 1979)). In *Thomas v. State*, the court ruled that expert testimony about the reliability of eyewitness testimony was inadmissible because "any member of the jury could 'form an opinion on the issue equally readily and with the same degree of logic as the witness.'" 748 S.W.2d 539, 541 (Tex. App.--Houston [1st Dist.] 1988, no pet.)

Because issues such as motivation, intent, and character are readily understood by the jury, expert testimony on such subjects would improperly impinge on the jury purpose:

> Procedures which curtail or impinge upon the jury's role are strictly drawn, strictly scrutinized and viewed with skepticism. This applies . . . to practices which tend to seduce the jury into abrogating its function and deferring its responsibility to other evaluators.
> * * * *

4

Doc ID EADYM-115752
08423-071

> . . Expert testimony is not justified by the . . . need to preclude the jury from making up its own mind. It is justified when it enables the jury to heighten its appreciation of the full import of the evidence.

*Dunnington*, 740 S.W.2d at 898-99. Accordingly, such expert testimony does not assist the jury and must be excluded.

Furthermore, testimony will not assist the jury if it is based on unsupported assumptions and speculation. As the court stated in *Golleher v. Herrera*, "opinion evidence based on speculation or conjecture lacks probative value, and is inadmissible." 651 S.W.2d 329, 334 (Tex. App.--Amarillo 1983, no writ) (Citations omitted). These types of speculations are particularly troublesome because the testimony of an "expert" generally has an "aura of special reliability and trustworthiness." *United States v. Aramal*, 488 F.2d 1148, 1153 (9th Cir. 1973); *see also Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1112 n.10 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 1280 (1992) ("expert testimony creates the risk of a special kind of prejudice"). The expert's pronouncements about the purported meaning of documents will inevitably color jurors' perceptions about the same documents. Thus, rather than examining the documents to see what they *in fact* say, jurors will instead be mislead into reading "between the lines" of the documents and speculating about what the document "really" means. This does not assisting the jury; it "seduc[es] the jury into abrogating its function and deferring its responsibility to other evaluators." *Dunnington*, 740 S.W.2d at 898-99.

## II. TESTIMONY BY PLAINTIFFS' EXPERT WITNESSES ABOUT FORD'S PURPORTED KNOWLEDGE AND INTENT, BASED ON DOCUMENTS PRODUCED BY FORD, SHOULD BE EXCLUDED UNDER RULE 403 OF THE FEDERAL RULES OF EVIDENCE.

In addition, such testimony will confuse the jury, unduly prolong the trial, and unfairly prejudice Ford. Accordingly, the Court should exercise its sound discretion and exclude such testimony on the documents under Rule 403 of the FEDERAL RULES OF EVIDENCE.

Such testimony will unduly and unnecessarily prolong the trial. To effectively cross-examine Plaintiffs' experts on their opinions with respect to Ford's knowledge and intent, Ford will have to question them about their alleged interpretation of each document, and will have to ask them about other documents, not discussed by them, that rebut or refute their views. Ford will also have to call on rebuttal the authors of the documents so they can explain what they meant when they wrote the documents. As a result, the upcoming trial, which should focus on the accident at issue, will expand into a series of "minitrials" on the meaning of documents that for the most part are collateral to any disputed issue, hindering and confusing the jury's understanding of the essential issues in this case.

Furthermore, such evidence would be unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee note to FED. R. EVID. 403. The Advisory Committee also recognized that evidence should be excluded if it

> appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action [and] may cause a jury to base its decision on something other than the established propositions in the case.

6

*Thronson v. Meisels*, 800 F.2d 136, 142 (7th Cir. 1986) (quoting 1 J. Weinstein & M. Berger, WEINSTEIN'S EVIDENCE ¶ 403[03] (1985)).

### III. TESTIMONY BY PLAINTIFFS' EXPERT WITNESSES ABOUT DOCUMENTS THAT ARE NOT ADMITTED INTO EVIDENCE IS PROHIBITED BY RULE 1002 OF THE TEXAS RULES OF EVIDENCE.

To the extent that Plaintiffs' witnesses seek to testify about the contents or purported meaning of documents that are inadmissible or have not been admitted into evidence, such testimony is precluded by Rule 1002 of the FEDERAL RULES OF EVIDENCE, which states: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by an Act of Congress." The purpose of and reasons for Rule 1002, the "best evidence" rule,

> may be summed up in this way: . . . As between oral testimony based on recollection, and the original, the added risk, almost the certainty, exists, of errors of recollection due to the difficulty of carrying in the memory literally the tenor of the document.

John H. Wigmore, IV, Evidence § 1179 (3d ed. 1940). *See also United States v. Yamin*, 868 F.2d 130, 134 (5th Cir.), *cert. denied*, 492 U.S. 924 (1989) ("The purpose of the best evidence rule . . . is to prevent inaccuracy and fraud when attempting to prove the contents of a writing")

Here, testimony by Plaintiffs' experts about the content or meaning of documents that are not in evidence could misstate or misrepresent information in the documents, creating the possibility of "inaccuracy and fraud when attempting to prove the contents of" them. Accordingly, testimony on the documents would violate the best evidence rule.

7

## CONCLUSION

For the foregoing reasons, Ford's motion in limine, to exclude Plaintiffs' witnesses from testifying about Ford's knowledge or intent based the witnesses' purported "interpretation" of documents produced by Ford, should be granted.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */Michael W. Eady/*
William L. Mennucci (Attorney in Charge)
State Bar No. 00788042
Federal Bar I.D. 18172
bmennucci@thompsoncoe.com
Michael W. Eady (Of Counsel)
State Bar of Texas No. 06332400
Federal Bar I.D. 14591
meady@thompsoncoe.com
701 Brazos Street
Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax

OF COUNSEL:

Gerald Giordano
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

Jaime A. Saenz
State Bar No. 17514859
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

9

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing instrument has been forwarded as set forth below to the following attorney(s) on this 10th day of June, 2005:

Benigno (Trey) Martinez  
Tony Martinez  
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.  
1201 East Van Buren  
Brownsville, Texas 78520

                                          *Michael W. Eady*  
                                          Michael W. Eady