UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN<br>　　　　Plaintiffs, | §<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY<br>　　　　Defendant. | §<br>§<br>§ | |

## DEFENDANT FORD MOTOR COMPANY'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FORD'S MOTION FOR PARTIAL SUMMARY JUDGMENT – MANUFACTURING DEFECT CLAIMS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ford Motor Company ("Ford") replies as follows to Plaintiffs' Opposition (Docket entry # 82) to Ford's Motion for Partial Summary Judgment – Manufacturing Defect Claims (Docket entry # 50).

1.　　No genuine issue of material fact.

According to plaintiffs' response, no expert testimony is needed to establish the existence of a manufacturing defect in an automotive product liability case. No proof is attached to plaintiffs' response.

Plaintiffs do not dispute the elements of proof for a "manufacturing defect" –

> A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous.

*Ford Motor Company v. Ridgway,* 135 S.W.3d 598 (Tex. 2004).

A lay person is incapable of reviewing automotive blueprints, understanding the design terms therein, the manufacturing specifications, the material properties of the metals, plastics,

1

Doc ID EADYM-117331
08423-071

and the materials involved, and then looking at a photograph to determine whether the composition or construction of the roof or restraints in the vehicle deviated from Ford's design blueprints. FED. R. EVID. 702. One would need to analyze the material properties and construction detail of the roof and restraints through a laboratory process to determine if, in fact, the actual product deviated from the automobile manufacturer's blueprints. In the context of an automotive product liability case, and a "manufacturing defect," plaintiffs' response is incorrect.

Under Texas law, the Texas Supreme Court has reaffirmed that a plaintiff in a product liability case must identify a specific defect by competent evidence. *See Nissan Motor Co., Ltd. v. Armstrong*, 145 S.W.3d 131 (Tex. 2004). The mere fact that the roof is crushed after an accident, or that a restrained occupant is injured in a rollover accident, is no proof of defect. *Cf. Nissan Motor Co., Ltd. v. Armstrong, supra* ("...we again affirm that the mere occurrence of an unintended acceleration incident is no evidence that a vehicle is defective."). Expert testimony is required under Texas law. *Cf. Nissan Motor Co., Ltd. v. Armstrong, supra* ("In all of these cases, it was not enough that a vehicle accelerated when the claimants swore they had done nothing. Instead, we have consistently required competent expert testimony...").

Plaintiffs' response purports to offer nothing more. There is no identification of the deviation from Ford's blueprints. Regarding the roof, was it the type of metal, the thickness, the welds, the shape, or some other part of the manufacture that deviated? Regarding the restraints, was it the type of materials used, the placement of the components, their connection to the vehicle, or some other part of the manufacture that deviated? Plaintiffs ignore the burdens placed on the non-movant in a summary judgment context. In truth, they have filed no response.

In an attempt to escape their obligation to provide expert testimony regarding the alleged manufacturing defects, the Plaintiffs cite one case—*Parsons v. Ford*—to show that "a plaintiff

Doc ID EADYM-117331
08423-071

may prove a manufacturing defect existed from evidence of the product's malfunction," and therefore "expert testimony is not necessarily required to establish a manufacturing defect." (Plaintiffs' Opposition at 8.)   In *Parsons*, the vehicle spontaneously burst into flames while sitting idle in the plaintiffs' garage.   85 S.W.3d at 326.   The court determined that expert testimony was not needed to establish the existence of a defect because "cars parked with their engines disengaged, sitting in garages with no one around, do not just spontaneously erupt in flames in the absence of negligence or a product defect." *Id.* at 331.

This case is completely unlike *Parsons*, and as a result the Plaintiffs should not be allowed to escape their burden of presenting evidence of a specific manufacturing defect. Vehicle roofs are designed to crush to some extent in a rollover accident, and restraints are designed to allow some slack to the passenger, in order to absorb crash energy and protect the occupant.   Unlike the fire in *Parsons*, which was obviously the result of some defect, determining whether the amount of roof crush and the performance of the restraints is the result of "manufacturing defect" is not something that a lay juror can determine without expert guidance.

Additionally, in *Parsons*, expert testimony as to the cause of the fire was unattainable because "the fire damage was so extensive it prevented [the fire marshal] from determining the exact cause of the fire."   85 S.W.3d at 327.   Again, this case is different.   In this case, the Plaintiffs have hired automotive engineering experts on roof and restraints who have had full access to the vehicle, to Ford's design specifications, and all other evidence in the case.   These experts have prepared detailed opinions regarding the alleged design defects with the roof and restraints.   There is no conceivable reason that these experts could not have offered some evidence of a specific manufacturing defect if one existed.

3

The Plaintiffs' failure to provide any evidence in support of their manufacturing defect claim, despite the availability of all resources needed to investigate and prove the claim (*i.e.*, experts, Ford design documents, and the vehicle itself) demonstrates that the manufacturing defect claims are untenable and without merit. This is a design defect case, not a manufacturing defect case.

2.    <u>Ford is at a bare minimum entitled to a partial summary judgment on plaintiffs' pled claim for recovery based upon a manufacturing defect.</u>

To have a true "manufacturing defect" claim, plaintiffs would need to concede that the components at issue (the roof and the restraints) were properly designed and reasonably safe – *as designed*. Plaintiffs would then need to establish by competent proof that this vehicle's composition deviated from that design in some particular which rendered the vehicle unreasonably dangerous and in fact caused the injuries. Plaintiffs never reach first base because they cannot concede that Ford's roof and restraints design were reasonably safe.

WHEREFORE, PREMISES CONSIDERED, Ford prays that its motion be granted and that plaintiffs take nothing on all pled claims for recovery based upon alleged manufacturing defect claims. Ford further prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
William L. Mennucci (Attorney in Charge)
State Bar No. 00788042
Federal Bar I.D. 18172
bmennucci@thompsoncoe.com

4

Michael W. Eady (Of Counsel)
State Bar of Texas No. 06332400
Federal Bar I.D.14591
meady@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos Street
Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax


OF COUNSEL:

Vaughn Crawford
Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded by certified mail, return receipt requested, to the following attorney(s) on this ____14__ day of July, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520


_____
William L. Mennucci

5