UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN<br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY<br>Defendant. | § § § § § § § § § § | CIVIL ACTION NO. B-03-120 |

**<u>DEFENDANT FORD MOTOR COMPANY'S REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANT FORD'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – MISREPRESENTATION CLAIMS</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ford Motor Company ("Ford") replies as follows to Plaintiffs' Opposition (Docket entry # 82) to Ford's Motion for Partial Summary Judgment – Misrepresentation Claims (Docket entry # 49).

1. <u>No genuine issue of material fact</u>.

According to plaintiffs, Ford's motion should be denied because:

> Susana Reynoso testified that she specifically questioned the Ford salesman regarding the stability and handling of the 2000 Ford Explorer. Faced with her questioning, the salesman told her that in fact the vehicle was safe and did not have stability or handling problems. He assuaged her concerns by telling her that his own daughter drove an Explorer and that he would not let her if there were any safety problems with the Explorer.

\* \* \*

> The salesman was responding to Susana Reynoso's direct questioning about specific issues with the 2000 Explorer. (Ex. 2; *Deposition of Susana Reynoso...*). The summary judgment evidence further demonstrates that Susana Reynoso relied on those statements.

(Plaintiffs' Opposition at pages 7-8).

The testimony referred to above is simply –

> A. ...I questioned both Luis Elizondo and my brother-in-law because I had seen that they had stability problems, apparently something with the center of gravity, and I asked them about that. I specifically asked them about getting an Expedition instead of the Explorer, and Luis Elizondo's comment to me was that it was harder to get the Expedition, much more expensive, and that his daughter drove an Explorer and there was no reason to be concerned, and that he could get the Explorer easier than he could get the Expedition.
>
> Q. Okay. Anything else that he told you about the Explorer to alleviate your concerns?
>
> A. Only that his daughter drove one and made a comment concerning that if he was concerned about the safety, he wouldn't let his daughter drive one.
>
> * * *
>
> Q. Did he ever tell you anything specifically about the stability concerns that you raised?
>
> A. Only that if he had a concern he wouldn't let his daughter drive one.
>
> Q. Nothing more specific than that?
>
> A. Nothing more that I can remember. That's what I remember.

(Excerpts from pages 13 and 14, deposition of Susana Reynoso).

There is no genuine issue of material fact because the above is not actionable under § 402B of the Restatement Second of Torts. Plaintiffs have merely recounted the salesman's personal opinion. Ford disputes that it is even a misrepresentation. But, even assuming it was a misrepresentation, it was a private misrepresentation about the salesman's daughter. Section 402B does *not* apply to private misrepresentations. *Rehler v. Beech Aircraft Corporation*, 777 F.2d 1072, 1079 (5th Cir. 1985).

2

There is no issue of fact that the salesman's daughter in fact owned an Explorer, and liked her vehicle, and that based upon his daughter's experience *he believed* the vehicle was safe. Section 402B applies only to misrepresentations made to the public at large in the form of advertising, labels or similar broad forms of communication. *See Chandler v. Ford Motor Company,* 81 S.W.3d 493 (Tex. App. – Eastland 2002, pet. denied) *quoting* comment h of § 402B. Just as in the *Chandler* case, the salesman's alleged misrepresentations were not made to the public at large. *Id.* at 500. Like *Chandler,* "the salesman's statements were simply an expression of his opinion; they were not misrepresentations of material fact." *Id.* And, as in *Chandler,* the plaintiff/non-movant offered no summary judgment proof that the statements were misrepresentations.

Of course, the bigger problem is that *none* of the named plaintiffs "justifiably relied" upon this statement. Plaintiffs' proof does not purport to contest Ford's motion in this regard. Plaintiffs acknowledge that justifiable reliance is an essential element, and the best proof (the only proof) of justifiable reliance is by a person *not a party to this case* (*i.e.*, Susanna Reynoso).

Another important point is that the alleged misrepresentations were made by Luis Elizondo, a salesman at the Matamoras dealership, Automotriz Del Noreste, S.A. DE C.V., and not by an employee or representative of Ford Motor Company. Susanna Reynoso never had any communications with Ford Motor Company, either before or after purchasing the vehicle (Deposition of Susanna Reynoso at 22). Automotriz Del Noreste was originally a Defendant in this case, but is no longer a party. Any alleged "misrepresentations" by Luis Elizondo cannot be attributed to Ford Motor Company. There is no allegation or evidence of any connection of any kind between Ford and this dealer.

3

Finally, the Plaintiffs offer no evidence of any alleged misrepresentation concerning the crashworthiness of the vehicle, including the roof strength, windows, restraints, or airbags. In fact, Susanna Reynoso admitted that no discussions regarding these features took place between her Luis Elizondo (Deposition of Susanna Reynoso at 19-20). Because this case focuses almost exclusively on alleged defects in the vehicle's roof and restraints, the lack of representations of any kind concerning these features warrants summary judgment.

2. <u>Ford is entitled at a bare minimum to a partial summary judgment on plaintiffs' pled claims for recovery under Section 402B of the Restatement Second of Torts.</u>

The counter-summary judgment proof attached to plaintiffs' opposition does not demonstrate a genuine, let alone material, issue of fact on the existence of a claim for recovery under § 402B.

WHEREFORE, PREMISES CONSIDERED, Ford prays that its motion be granted and that plaintiffs take nothing on all pled claims for recovery based upon alleged misrepresentation claims. Ford further prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
William L. Mennucci (Attorney in Charge)
State Bar No. 00788042
Federal Bar I.D. 18172
bmennucci@thompsoncoe.com
Michael W. Eady (Of Counsel)
State Bar of Texas No. 06332400
Federal Bar I.D. 14591
meady@thompsoncoe.com
701 Brazos Street
Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax

4

OF COUNSEL:

Vaughn Crawford
Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded by certified mail, return receipt requested, to the following attorney(s) on this ___14___ day of July, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

_____
William L. Mennucci

Doc ID EADYM-117322
08423-071