UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN<br>   Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY<br>   Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-03-120 |

**DEFENDANT FORD MOTOR COMPANY'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT FORD'S MOTION FOR PARTIAL SUMMARY JUDGMENT – DECEPTIVE TRADE PRACTICES ACT CLAIMS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ford Motor Company ("Ford") replies as follows to Plaintiffs' Opposition (Docket entry # 82) to Ford's Motion for Partial Summary Judgment – Deceptive Trade Practices Act Claims (Docket entry # 53).

1. <u>No genuine issue of material fact</u>.

Plaintiffs' summary judgment evidence consists only of the deposition testimony of Sally Payan and Susanna Reynoso, which is offered for the sole purpose of proving the Plaintiffs' "consumer" status under the DTPA. The Plaintiffs argue that Sally Payan and the decedent, Betty Payan, "sought" the 2000 Explorer because they "assisted [Susanna Reynoso] in the purchasing and decision making process." (Plaintiffs' Opposition at 13). Plaintiffs then argue that Sally and Betty Payan "acquired" the 2000 Explorer because they were "intended as a user of the vehicle" and because the vehicle "was the vehicle that Betty Reynoso Payan would take when she went to Monterey, Mexico, like when this accident occurred." (*Id.*)

Notably, the only grounds for summary judgment addressed by the Plaintiffs in their Opposition is Ford's attack on the Plaintiffs' "consumer" status under the DTPA. The Plaintiffs offer no evidence of any actionable advertising, misrepresentations, or other "deceptive" acts; no evidence that any actionable conduct was a producing cause of their injuries; no evidence of the existence of, or breach of, any warranties; no evidence of any defect with the vehicle; no evidence of any intentional conduct by Ford; and no evidence of any safer alternative design. Each of these necessary elements were raised and challenged in Ford's Motion, and the Plaintiffs have failed to produce any summary judgment evidence, or even argument, creating a genuine issue of material fact. Ford is thus entitled to summary judgment on the DTPA claims, regardless of the Plaintiffs' "consumer" status under the DTPA.

Regarding the Plaintiffs' alleged "consumer" status, the evidence submitted by Plaintiffs does not raise a genuine issue of material fact. The Plaintiffs' argument that Sally and Betty Payan "sought" the vehicle because "they assisted [Susanna Reynoso] in the purchasing and decision making process" does not raise a fact issue. As Ford has stated in its Motion, when goods are "sought" under the DTPA, the Plaintiff must show that it initiated the purchasing process in good faith by proving that it (1) presented itself to the seller as a willing buyer with the subjective intent of, or specific objective of, purchasing, and (2) it possessed at least some credible indications of the capacity to consummate the transaction. Neither Sally Payan nor Betty Payan (through whom all the wrongful death claims are derived) presented themselves to the dealership where the 2000 Explorer was purchased, Automotriz Del Noreste, at any time. Sally Payan and Enrique Payan testified that they and their mother, Betty Payan, had nothing to do with the purchase of the Explorer. (Deposition of Sally Payan at 26; Deposition of Enrique Payan at 20). Susanna Reynoso (a non-party whom the Plaintiffs admit purchased the vehicle for

2

the use of her mother, Plaintiff Isabel Ennis Reynoso) and Susannna's brother-in-law (also a non-party) were the only persons who actually went to Automotriz Del Noreste and "sought" the 2000 Explorer. (Deposition of Susanna Reynoso at 12, l. 14-20; 16, l. 16-19; 19, l. 4-7; 21, l. 7-13). Susanna Reynoso testified regarding the limited nature of the involvement of Betty Payan, Sally Payan, and Enrique Payan in her deposition:

> Q. You mentioned that your sister, Betty Payan, had some involvement in evaluating different vehicles and selecting vehicles to be purchased. Did she have any involvement at all in the purchase of this particular vehicle that was purchased, the Explorer?
>
> A. She did not. As I mentioned, only Ricardo [Susanna's brother-in-law] and I, that I can ever remember, went to the dealership.
>
> Q. Do you recall Sally Payan's input into this vehicle selection process?
>
> A. I mean, only in terms that you're in a family group and you say, "We are thinking of buying a car, you know. Do you like green better than white, blue better than red?" I mean, it was a very general conversation that "we are buying a car for your grandmother," things like that.
>
> Q. Same question as to Enrique?
>
> A. It would be the same. In fact, I don't think Enrique was even in town. He was already out of town.

(Deposition of Susanna Reynoso at 21, l. 7-24). The Plaintiffs have wholly failed to provide any evidence that Sally, Enrique, or Betty Payan "sought" the 2000 Ford Explorer at issue in this suit. Susanna Reynoso's mother, Plaintiff Isabel Ennis Reynoso, likewise had no input in selecting the Ford Explorer. (*Id.* at 20, l. 17-21).

As for whether the Plaintiffs "acquired" the 2000 Ford Explorer, the Plaintiffs concede that the vehicle was purchased by Susanna Reynoso for the use of her mother, Isabel Ennis Reynoso. The Plaintiffs argue that Sally and Betty Payan were nevertheless "intended as a user

3

of the vehicle" because this "was the vehicle that Betty would take when she went to Monterey, Mexico, like when this accident occurred." (Plaintiffs' Opposition at 13).

The evidence produced by the Plaintiffs does not support Plaintiffs' contention that they "acquired" the vehicle. As Ford points out in its Motion, when someone other than the plaintiff acquired the goods (as in this case), the plaintiff must establish that the *primary purpose* of the acquisition was to benefit the plaintiff. The deposition testimony of Sally Payan, Enrique Payan, and particularly Susanna Reynoso shows conclusively that the *primary purpose* of the purchase of the 2000 Ford Explorer was to benefit Isabel Ennis Reynoso, not other family members. (*See* Deposition of Susanna Reynoso at 8 ("I purchased the vehicle for my mother's use."); 26-27 ("Well occasionally, if somebody needed a car and, you know, they would borrow the car . . . . I'm sure months went by when nobody used it. I mean, it was very occasional"); 28 (Q. How about your sister, Betty Payan, would she ever use that vehicle? A. Very rarely. Everyone worked, everybody had their own car."). In short, the primary purpose for purchasing the 2000 Ford Explorer was to benefit Isabel Ennis Reynoso, and Betty Payan, Sally Payan, and other family members were, at most, mere incidental beneficiaries of the purchase of the vehicle. In its Motion, Ford discusses two cases directly on point, which show that incidental beneficiaries of an automobile purchase do not have consumer status: *Chamrad v. Volvo Cars of North America*, 145 F.3d 671 (5th Cir.1998); *Rodriguez v. Ed Hicks Imports*, 767 S.W.2d 187 (Tex.App.—Corpus Christi 1989, no writ). The Plaintiffs do not distinguish, or even address, these on-point cases in their Opposition.

WHEREFORE, PREMISES CONSIDERED, Ford prays that its motion be granted and that plaintiffs take nothing on all pled claims for recovery based upon alleged Deceptive Trade

4

Practices Act claims. Ford further prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
William L. Mennucci (Attorney in Charge)
State Bar No. 00788042
Federal Bar I.D. 18172
bmennucci@thompsoncoe.com
Michael W. Eady (Of Counsel)
State Bar of Texas No. 06332400
Federal Bar I.D.14591
meady@thompsoncoe.com
701 Brazos Street
Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax

OF COUNSEL:

Vaughn Crawford
Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

5

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing instrument has been forwarded by certified mail, return receipt requested, to the following attorney(s) on this _14_ day of July, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

                                         William L. Mennucci

Doc ID EADYM-117329
08423-071