UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN<br>　　　　Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-03-120 |

## DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF ITS:

## OPPOSED MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' DEFECTIVE SEATBELT SYSTEM CLAIM AND SUPPORTING BRIEF

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Ford Motor Company hereby replies in support of its Opposed Motion For Summary Judgment on Plaintiffs' Defective Seatbelt System Claim and requests that its Motion be granted because Plaintiffs do not dispute that they rely on the testimony of Dr. Ronald Huston to establish a causal connection between their alleged seatbelt defect claim and their alleged injuries and Dr. Huston testified that he could not establish such a causal connection.

Dr. Huston clearly testified that he can not say, to a reasonable degree of scientific certainty, if the design of the subject vehicle's seatbelt system caused or contributed to Betty Payan's injuries. *See* Transcript of March 15, 2005 Deposition of Dr. Ronald Huston ("Dr. Huston Depo.") at page 51, lines 1 to 24, Exhibit E to Ford's Motion for Summary Judgment. Dr. Huston also testified that, all other things remaining the same, Ms. Payan would have

received her injuries even if the alternative seatbelt design proposed by Plaintiffs' seatbelt expert was in use at the time of the accident. *Id.*

Rather than withdrawing this claim, Plaintiffs argue that Ford mischaracterizes the nature of Dr. Huston's testimony solely because Dr. Huston testified that:

> the conclusions I made were that with a restraint system that keeps the occupant away from the roof, **and without the roof of course coming toward the occupant**, that then the significant loading which was experienced in this accident would not have happened.

Plaintiffs' Response at Section IX. (citing Dr. Huston Depo. at page 50, lines 20-25.) (emphasis added). This testimony cited by Plaintiffs in their Response, proves Ford's argument that Dr. Huston's seatbelt opinion is mere speculation based on facts not present in the present case (i.e., no roof deformation). This is not admissible testimony. *See Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996) (upholding trial court's decision to exclude expert opinion that was not based upon facts in the record but on altered facts and speculation). Moreover, it is insufficient to establish a causal connection between the alleged seatbelt defect and any injury to Plaintiffs. Dismissal of this claim is therefore proper.

Doc ID MENNB-117820
08423-071

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
William L. Mennucci (Attorney in Charge)
State Bar No. 00788042
Federal Bar I.D. 18172
bmennucci@thompsoncoe.com
Michael W. Eady (Of Counsel)
State Bar of Texas No. 06332400
Federal Bar I.D. 14591
meady@thompsoncoe.com
701 Brazos Street
Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax

OF COUNSEL:

Vaughn Crawford
Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

Doc ID MENNB-117820
08423-071

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded by certified mail, return receipt requested, to the following attorney(s) on this ___14___ day of July, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

_____
William L. Mennucci