UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN<br>　　　　Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-03-120 |

## DEFENDANT FORD MOTOR COMPANY'S REPLY IN SUPPORT OF ITS:

## MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' HANDLING AND STABILITY DEFECT CLAIM, AND SUPPORTING BRIEF

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Ford Motor Company hereby replies in support of its Opposed Motion For Summary Judgment on Plaintiffs' Handling and Stability Defect Claim and requests that its Motion be granted because it undisputed that Plaintiffs never designated a handling and stability expert.

In their Response, Plaintiffs argue that obscure testimony regarding an electronic control stability device from their proffered seatbelt expert, Gerald Rosenbluth, is sufficient to support their handling and stability defect claims. However, Mr. Rosenbluth was never designated as a handling and stability expert in accordance with Rule 26, Fed.R.Civ.P.. Plaintiffs' attempt to now designate Mr. Rosenbluth should be denied as untimely, coming long after the deadline for expert designations set by this Court and two months after the close of discovery.

In addition, Plaintiffs cannot now make this designation under Rule 37, Fed.R.Civ.P., since Mr. Rosenbluth testified that he was <u>not</u> offering opinions as a handling and stability expert. *See* Transcript of May 9, 2005 Deposition of Gerald Rosenbluth ("Rosenbluth Depo.") at page 18, lines 6 to 21, copy attached hereto as Exhibit A ("Q. And you won't be testifying as a handling and stability expert in this case, fair? A. Correct."). Inasmuch as Plaintiffs now seek to offer Mr. Rosenbluth as a handling and stability expert, this testimony was false, misleading, and it denied Ford a fair opportunity to question Mr. Rosenbluth on any handling and stability opinions.

In addition, Plaintiffs agree that they must prove the subject vehicle actually suffered from a handling and stability defect that rendered it unreasonably dangerous, and that this alleged defect was a proximate cause of their injuries. *See* Plaintiffs' Response at pages 4 and 5. They offer no such evidence. Mr. Rosenbluth's proffered testimony only regards the feasibility of alternative designs. Accordingly, Ford is entitled to dismissal of Plaintiffs' handling and stability claim.

Doc ID MENNB-117821
08423-071

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By: _____
     William L. Mennucci (Attorney in Charge)
     State Bar No. 00788042
     Federal Bar I.D. 18172
     bmennucci@thompsoncoe.com
     Michael W. Eady (Of Counsel)
     State Bar of Texas No. 06332400
     Federal Bar I.D.14591
     meady@thompsoncoe.com
     701 Brazos Street
     Suite 1500 Austin Centre
     Austin, Texas 78701
     (512) 708-8200 Telephone
     (512) 708-8777 Fax

OF COUNSEL:

Vaughn Crawford
Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)


ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

Doc ID MENNB-117821
08423-071

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing instrument has been forwarded by certified mail, return receipt requested, to the following attorney(s) on this _____ day of July, 2005:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

_____
William L. Mennucci

Doc ID MENNB-117821
08423-071