UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | CIVIL ACTION NO. B-03-120 (JURY) |
| FORD MOTOR COMPANY Defendant. | § § | |

## DEFENDANT FORD MOTOR COMPANY'S BRIEF ON SUBMITTING DUPLICATIVE NEGLIGENCE, BREACH OF WARRANTY AND STRICT LIABILITY THEORIES OF RECOVERY

Defendant Ford Motor Company ("Ford") presents the court this brief in support of its position that a negligence question should not be submitted to the jury in a product liability case concurrently with a question on strict product liability.

**I.   Plaintiffs' negligence, breach of warranty and strict liability claims are improperly redundant.**

The same facts underlying plaintiffs' strict liability claims form the basis of their negligence claims. Functionally, the claims are identical. There is no meaningful difference between them. Under a theory of strict liability, Ford will be liable if its product was defective and thereby harmed plaintiffs -- regardless of how careful Ford was in producing it. On the other hand, if there was no defect in the product, it will not matter how careless Ford might have been. *See Toshiba International Corporation v. Henry,* 152 S.W.3d 774 (Tex. App. – Texarkana 2004, no pet.) ("It is not logical for a manufacturer to be held liable for failing to exercise ordinary care when producing a product that is not defective."). As the Fifth Circuit has put it:

> [A] manufacturer logically cannot be held liable for failing to exercise ordinary care when producing a product that is not

>	defective because: (1) if a product is not unreasonably dangerous because of the way it was manufactured, it was not negligent to manufacture it that way and (2) even if the manufacturer was somehow negligent in the design or production of the product, that negligence cannot have caused the plaintiff's injury because the negligence did not render the product "unreasonably dangerous."

*Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 257(5th Cir 1988) (applying Texas law) (footnote by the court omitted). *Accord Mello v. K-Mart Corp.*, 792 F.2d 1288, 1233 (1st Cir. 1986) ("even if [seller] were negligent in respect to its testing of the [product] . . . *no* amount of testing would have weeded out . . . a non-defective [product].") (emphasis in the original); *Tipton v. Michelin Tire Co.*, 101 F.3d 1145, 1150 (6th Cir. 1996) ("[P]roof of a *defective product* is essential to the products liability or the negligence claim." Jury finding of no defective product for the strict liability claim "is legally inconsistent" with a finding of defect for the negligence claim.) (emphasis in the original); *Oja v. Howmedica, Inc.*, 111 F.3d 782, 791 (10th Cir. 1997) ( whether asserting a claim for negligence or strict liability, plaintiff must prove that the product was defective at the time of sale); *Witt v. Norfe, Inc.*, 725 F.2d 1277, 1279 (11th Cir. 1984) (inconsistent for jury to find product not defective for strict liability but find "that the product was negligently designed, *i.e.* was defective," under theory of negligence).

The Texas Supreme Court has held that a trial court "should not confuse the jury by submitting differently worded questions that call for the same factual finding." *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 665-66 (Tex. 1999). Irrespective of whether framed as a negligence, breach of warranty or strict liability theory of recovery, the plaintiff in a product liability case must prove the existence of a defect. *See Toshiba International Corporation v. Henry*, 152 S.W.3d 774 (Tex. App. – Texarkana 2004, no pet.). ("When a plaintiff seeks recovery because of negligence or a theory of strict liability in tort, the burden is on the plaintiff

2

to prove that the injury resulted from a defect in the product."). Here, each of the plaintiffs' negligence claims asks the jury to decide the same factual question presented in a parallel strict liability claim -- whether the Ford product was defective in some way that caused injury to them.

The statute now plainly states that any complaint about a product's allegedly unsafe *design* requires the claimant to prove exactly the same elements as a claim of design defect under strict liability: that there was a safer alternative design, that this design would have been feasible at the time, and that it would have prevented or significantly reduced the risk of the harm that occurred. *See* TEX. CIV. PRAC. & REM. CODE § § 82.001(2) and 82.005(a). *See also Hyundai Motor Co. v. Rodriguez* 995 S.W.2d 661, 667 (Tex 1999) ("the findings required to establish a design defect claim are identical, regardless of the legal theory asserted."). To avoid confusing the jury, and to avoid possibly inconsistent jury findings, the court should not separately submit strict liability and negligence theories that call for the same factual determinations. *Id.*

The new RESTATEMENT agrees:

> [T]wo or more factually identical defective-design claims or two or more factually identical failure-to-warn claims should not be submitted to the trier of fact in the same case under different doctrinal labels. Regardless of the doctrinal label attached to a particular claim, design and warning claims rest on a risk-utility assessment. To allow two or more factually identical risk-utility claims to go to a jury under different labels, whether "strict liability," "negligence," or "implied warranty of merchantability," would generate confusion and may well result in inconsistent verdicts.

RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 2 cmt. n at 35-36 (1998).

The Texas Supreme Court found this reasoning persuasive in *Hyundai Motor Co. v. Rodriguez.* In that case, it held that the trial court had correctly refused to submit a claim of breach of implied warranty of merchantability, along with a claim of strict liability for design

3

defect, since they were duplicative claims calling for essentially the same factual determination. 995 S.W.2d at 665-66. *See also Otis Spunkmeyer, Inc. v. Blakely*, 30 S.W.3d 678 (Tex. App. -- Dallas 2001, no pet.) (because defect was functionally the same under both the strict liability and breach of warranty theories, jury's answers were in irreconcilable conflict, requiring a new trial).[1]

Consistent with these other courts, the Dallas Court of Appeals in a product liability case reversed a judgment in favor of the plaintiffs on account of conflicting jury answers to the negligence and strict liability questions. *See Ford Motor Company v. Miles,* 141 S.W.3d 309 (Tex. App. – Dallas 2004, pet. filed). Like this case, the *Miles* case was a design defect case. The plaintiff there tendered three products liability questions on defective design, manufacturing and marketing of the truck in question, *and* a general negligence question. Ford objected to the submission of the negligence question, in the same manner it will object here, contending that the negligence question was duplicative of the product liability theories and created a danger of conflicting jury answers. That is exactly what occurred. The jury answered "No" to each of the three strict product liability questions and "Yes" to the general negligence question. Applying the holdings in *Hyundai,* 995 S.W.2d at 665, and *General Motors Corp. v. Paiz,* 2000 Tex. App. LEXIS 7983 (Tex. App. – Dallas 2000, no pet.) (not designated for publication), the Dallas Court of Appeals reversed and remanded the case for a new trial. As in this case, the Miles' could not point to any evidence supporting one product liability theory but not the other. Central to all theories is proof of defect.

---

[1]Same result occurred in *GMC v. Piaz*, 2000 Tex.App.Lexis 7983 (Tex. App. -- Dallas 2001, no pet.), except the conflict was between the strict liability and negligence product theories.

It is the same reasoning found persuasive by the overwhelming number of other courts to have addressed the issue. *See, e.g., Lambert v. General Motors*, 67 Cal. App. 4th 1179, 79 Cal. Rptr. 2d 657 (1998) ("The majority of cases have held that a finding of negligent design is precluded if a jury finds no defect in design"); *Lovick v. Wil-Rich*, 588 N.W.2d 688 (Iowa 1999) ("we have recognized the growing number of courts and commentators that have found no practical difference between strict liability and negligence theories in defective design cases . . . ."); *Chestnut v. Ford Motor Co.*, 445 F.2d 967, 968 (4th Cir. 1971) ("The standard of safety of goods imposed on the seller or manufacturer of a product is essentially the same whether the theory of liability is labeled warranty or negligence or strict liability . . . ."). Plaintiffs such as these who pursue a claim of strict liability for product defect may not also seek to recover for the same alleged harm under duplicative theories of negligence.

**II.   Conclusion.**

Ford submits that plaintiffs' proffered general negligence question is redundant of their strict product liability design defect question under the facts and circumstances of this cause. Ford therefore requests that no such question be submitted to the jury.

5

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Michael W. Eady*
William L. Mennucci (Attorney in Charge)
State Bar No. 00788042
Federal Bar I.D. 18172
bmennucci@thompsoncoe.com
Michael W. Eady (Of Counsel)
State Bar of Texas No. 06332400
Federal Bar I.D.14591
meady@thompsoncoe.com
701 Brazos Street
Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax

OF COUNSEL:

Vaughn Crawford
Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the _13th_ day of _September_, 2005, I electronically filed the foregoing Ford Motor Company's Requested Jury Instructions on Exemplary Damages with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following parties:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520


_/s/ Michael W. Eady_
William L. Mennucci

7