IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESTATE OF ISABEL ENNIS REYNOSO, | § | |
| BY HER REPRESENTATIVE OF HER | § | |
| ESTATE, SUSANNA REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN, | § | |
| *Plaintiffs* | § | |
| | § | CIVIL ACTION NO. B-03-120 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| FORD MOTOR COMPANY. | § | |
| *Defendants* | § | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND QUESTIONS
AND REQUESTED VERDICT FORM**

Plaintiffs request that the Court give the instructions and questions on the attached Appendix "C-1" to the jury. Plaintiffs reserve the right to supplement its requested instructions and jury questions based upon the evidence and upon Defendants' requested instructions. Based on the foregoing requested instructions and jury questions, Plaintiffs submit the requested verdict form attached as Exhibit "D-1".

Respectfully submitted,

**Martinez, Barrera y Martinez, L.L.P.**
1201 E. Van Buren
Brownsville, TX 78520
(956) 546-7159
(956) 544-0602 - Fax


By:_____
    Tony Martinez
    State Bar No. 1313900
    Federal I.D. No. 1943

**APPENDIX "D-1"**

Benigno "Trey" Martinez
State Bar No. 00797011
Federal I.D. No. 23945

**Attorneys in Charge for Plaintiffs**

**Randolph Kimble Whittington**
2014 East Harrison Street
Harlingen, TX 78550
(956) 423-7200
(956) 423-7999 - Fax

By:_____
    R.K. Whittington
    State Bar No. 21404500
    Federal I.D. No. 1091

**Carla M. Saenz & Associates**
20 Hibiscus Ct
Brownsville, TX 78520
(956) 541-2862
(956) 541-2864 - Fax

By:_____
    Carla Saenz Martinez
    State Bar No. 17514595
    Federal I.D. No. 7994

**Attorneys for Plaintiffs**

APPENDIX "D-1"

**1.     Plaintiffs request the following proposed instruction with respect to the definition of "producing cause" in connection with Plaintiffs' product liability cause of action:**

> "Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the injury. There may be more than one producing cause.

**Authority:**

> (a)     *Texas Pattern Jury Charges*, Chapter 70, Products Liability -- Definitions, Instructions, and Preliminary Questions, PJC 70.1

**2.     Plaintiffs request the following proposed instruction with respect to the definition of "design defect" in connection with Plaintiffs' product liability cause of action:**

> A "design defect" is a condition of the 2000 Ford Explorer that renders it unreasonably dangerous as designed, taking into consideration the utility of the 2000 Ford Explorer and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

**Authority:**

> (a)     *Texas Pattern Jury Charges*, Chapter 71, Products Liability -- Theories of Recovery, PJC 71.4B
>
> (b)     *Texas Civil Practice & Remedies Code*, §82.005 (Vernon 1997).

**3.     Plaintiffs request the following proposed instruction with respect to the definition of "safer alternative design" in connection with Plaintiffs' product liability cause of action:**

> "Safer alternative design" means a product design other than the one actually used that in reasonable probability --
>
> (1) would have prevented or significantly reduced the risk of the injury in question without substantially impairing the 2000 Ford Explorer's utility and
>
> (2) was economically and technologically feasible at the time the 2000 Ford Explorer left the control of Ford Motor Company by the application of existing or reasonably achievable scientific knowledge.

**Authority:**

    (a)    *Texas Pattern Jury Charges*, Chapter 71, Products Liability -- Theories of Recovery, PJC 71.4B

    (b)    *Texas Civil Practice & Remedies Code*, §82.005 (Vernon 1997).

**4.    Plaintiffs request the following jury question (incorporating the foregoing instructions and definitions) with respect to liability under Plaintiffs' product liability cause of action.**

Question No. 1

Was there a design defect in the 2000 Ford Explorer at the time it left the possession of Ford Motor Company that was a producing cause of the death of Betty Reynoso de Payan?

    A "design defect" is a condition of the 2000 Ford Explorer that renders it unreasonably dangerous as designed, taking into consideration the utility of the 2000 Ford Explorer and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

    "Safer alternative design" means a product design other than the one actually used that in reasonable probability --

        (1) would have prevented or significantly reduced the risk of the injuries in question without substantially impairing the 2000 Ford Explorer's utility and

        (2) was economically and technologically feasible at the time the 2000 Ford Explorer left the control of Ford Motor Company by the application of existing or reasonably achievable scientific knowledge.

    "Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the injury. There may be more than one producing cause.

Answer "Yes" or "No".

Answer: _____

**Authority:**

    (a)    *Texas Pattern Jury Charges*, Chapter 71, Products Liability -- Theories of Recovery, PJC 71.4B

  (b) *Texas Civil Practice & Remedies Code*, §82.005 (Vernon 1997).

**5.** **Plaintiffs request the following jury questions with respect to compensatory damages under Plaintiffs' product liability cause of action.**

If your answer to Question No. 1 is "Yes", then answer each of the following questions. Otherwise, do not answer the following questions.

Question No. 2

What sum of money, if paid now in cash, would fairly and reasonably compensate the Estate of Isabel Ennis Reynoso for the damages, if any, resulting from the death of Betty Reynoso de Payan?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

  (a) Pecuniary loss sustained in the past by Isabel Ennis Reynoso

    Answer: $_____

   "Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Isabel Ennis Reynoso, in reasonable probability, would have received from her daughter, Betty Reynoso de Payan, had Betty Reynoso de Payan lived.

  (b) Loss of companionship and society sustained in the past by Isabel Ennis Reynoso

    Answer: $_____

   "Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Isabel Ennis Reynoso, in reasonable probability would have received from her daughter, Betty Reynoso de Payan, had Betty Reynoso de Payan lived.

  (c) Mental anguish sustained in the past by Isabel Ennis Reynoso

    Answer: $_____

"Mental anguish" means the emotional pain, torment, and suffering experienced by Isabel Ennis Reynoso because of the death of her daughter, Betty Reynoso de Payan.

In determining damages for elements (b) and (c), you may consider the relationship between Betty Reynoso de Payan and her mother, Isabel Ennis Reynoso, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

**Authority:**

(a)   *Texas Pattern Jury Charges*, Chapter 81, Wrongful Death Damages, PJC 81.5

(b)   *Texas Civil Practice & Remedies Code*, §§71.001-.012 (Vernon 1997 and Supp. 2004)

(c)   *Moore v. Lillebo*, 722 S.W.2d 683 (Tex. 1986); *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex. 1983); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 770 (Tex. 2003).

Question No. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Sally Payan and Enrique Roberto Payan for their damages, if any, resulting from the death of their mother, Betty Reynoso de Payan?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

(a)   Pecuniary loss sustained in the past by

   Sally Payan                          Answer:   $_____
   Enrique Roberto Payan                Answer:   $_____

"Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Sally Payan and Enrique Roberto Payan, in reasonable probability, would have received from their mother, Betty Reynoso de Payan, had she lived.

(b)   Pecuniary loss that, in reasonable probability, will be sustained in the future by

|   |   |
|---|---|
| Sally Payan | Answer: $_____ |
| Enrique Roberto Payan | Answer: $_____ |

(c) Loss of companionship and society sustained in the past by

|   |   |
|---|---|
| Sally Payan | Answer: $_____ |
| Enrique Roberto Payan | Answer: $_____ |

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Sally Payan and Enrique Roberto Payan, in reasonable probability would have received from their mother, Betty Reynoso de Payan, had she lived.

(d) Loss of companionship and society that, in reasonable probability, will be sustained in the future by

|   |   |
|---|---|
| Sally Payan | Answer: $_____ |
| Enrique Roberto Payan | Answer: $_____ |

(e) Mental anguish sustained in the past by

|   |   |
|---|---|
| Sally Payan | Answer: $_____ |
| Enrique Roberto Payan | Answer: $_____ |

"Mental anguish" means the emotional pain, torment, and suffering experienced by Sally Payan and Enrique Roberto Payan because of the death of their mother, Betty Reynoso de Payan.

(f) Mental anguish that, in reasonable probability, will be sustained in the future by

|   |   |
|---|---|
| Sally Payan | Answer: $_____ |
| Enrique Roberto Payan | Answer: $_____ |

In determining damages for elements (c), (d), (e) and (f), you may consider the relationship between Betty Reynoso de Payan and her children, Sally Payan and Enrique Roberto Payan, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

**Authority:**

(a) *Texas Pattern Jury Charges*, Chapter 81, Wrongful Death Damages, PJC 81.3

    (b)    *Texas Civil Practice & Remedies Code*, §§71.001-.012 (Vernon 1997 and Supp. 2004)

    (c)    *Texas Financial Code*, §304.1045

    (d)    *Moore v. Lillebo*, 722 S.W.2d 683 (Tex. 1986); *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex. 1983); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 770 (Tex. 2003).

**6.  Plaintiffs request the following jury questions with respect to exemplary damages under Plaintiffs' product liability cause of action.**

If, in answer to Question No. 1 you have answered "Yes", then answer the following question. Otherwise, do not answer the following question.

Question No. 4

Do you find by clear and convincing evidence that, on the occasion in question, Ford Motor Company's conduct was done with malice?

> "Clear and convincing" means the measure or degree of proof that will produce in your mind a firm belief or conviction as to the truth of the allegations sought to be established.

> "Malice" means that the defendant's act or omission, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and the actor had actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____

If your answer to Question No. 4 is "Yes", then answer the following question. Otherwise, do not answer the following question.

Question No. 5

What sum of money, if any, should be assessed against Ford Motor Company and awarded to Sally Payan and Enrique Roberto Payan as exemplary damages for the death of their mother, Betty Reynoso de Payan?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment. Exemplary damages includes punitive damages.

In determining the amount of exemplary damages, you shall consider evidence, if any, relating to--

  (a) The nature of the wrong.
  (b) The character of the conduct involved.
  (c) The degree of culpability of the wrongdoer.
  (d) The situation and sensibilities of the parties concerned.
  (e) The extent to which such conduct offends a public sense of justice and propriety.
  (f) The net worth of Ford Motor Company.

Answer in dollars and cents, if any.

Answer: $_____

If, in your answer to Question No. 5, you have entered any amount of exemplary damages, then answer the following question. Otherwise, do not answer the following question.

Question No. 6

How do you apportion the exemplary damages between Sally Payan and Enrique Roberto Payan?

Answer by stating a percentage for each person named below. The percentages you find must total 100 percent.

  (a) Sally Payan _____%
  (b) Enrique Roberto Payan _____%

    Total  ___100___%

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ESTATE OF ISABEL ENNIS REYNOSO, BY HER REPRESENTATIVE OF HER ESTATE, SUSANNA REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN,<br>        *Plaintiffs*<br><br>VS.<br><br>FORD MOTOR COMPANY<br>        *Defendants* | CIVIL ACTION NO. B-03-120<br><br>(JURY REQUESTED) |

## VERDICT FORM

**QUESTION NO. 1**

Was there a design defect in the 2000 Ford Explorer at the time it left the possession of Ford Motor Company that was a producing cause of the death of Betty Reynoso de Payan?

A "design defect" is a condition of the 2000 Ford Explorer that renders it unreasonably dangerous as designed, taking into consideration the utility of the 2000 Ford Explorer and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonable probability --

    (1) would have prevented or significantly reduced the risk of the injuries in question without substantially impairing the 2000 Ford Explorer's utility and

    (2) was economically and technologically feasible at the time the 2000 Ford Explorer left the control of Ford Motor Company by the application of existing or reasonably achievable scientific knowledge.

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the injury. There may be more than one producing cause.

Answer "Yes" or "No".

Answer: _____

If your answer to Question No. 1 is "Yes", then answer each of the following questions. Otherwise, do not answer the following questions.

**QUESTION NO. 2**

What sum of money, if paid now in cash, would fairly and reasonably compensate the Estate of Isabel Ennis Reynoso for the damages, if any, resulting from the death of Betty Reynoso de Payan?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

(a) Pecuniary loss sustained in the past by Isabel Ennis Reynoso

Answer: $_____

"Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Isabel Ennis Reynoso, in reasonable probability, would have received from her daughter, Betty Reynoso de Payan, had Betty Reynoso de Payan lived.

(b) Loss of companionship and society sustained in the past by Isabel Ennis Reynoso

Answer: $_____

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Isabel Ennis Reynoso, in reasonable probability would have received from her daughter, Betty Reynoso de Payan, had Betty Reynoso de Payan lived.

    (c)    Mental anguish sustained in the past by Isabel Ennis Reynoso

           Answer:    $_____

        "Mental anguish" means the emotional pain, torment, and suffering experienced by Isabel Ennis Reynoso because of the death of her daughter, Betty Reynoso de Payan.

In determining damages for elements (b) and (c), you may consider the relationship between Betty Reynoso de Payan and her mother, Isabel Ennis Reynoso, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Sally Payan and Enrique Roberto Payan for their damages, if any, resulting from the death of their mother, Betty Reynoso de Payan?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

    (a)    Pecuniary loss sustained in the past by

        Sally Payan                                  Answer:    $_____
        Enrique Roberto Payan                Answer:    $_____

        "Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Sally Payan and Enrique Roberto Payan, in reasonable probability, would have received from their mother, Betty Reynoso de Payan, had she lived.

    (b)    Pecuniary loss that, in reasonable probability, will be sustained in the future by

        Sally Payan                                      Answer:    $_____
        Enrique Roberto Payan                Answer:    $_____

    (c)    Loss of companionship and society sustained in the past by

|   |   |   |
|---|---|---|
| Sally Payan | Answer: | $_____ |
| Enrique Roberto Payan | Answer: | $_____ |

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Sally Payan and Enrique Roberto Payan, in reasonable probability would have received from their mother, Betty Reynoso de Payan, had she lived.

(d) Loss of companionship and society that, in reasonable probability, will be sustained in the future by

|   |   |   |
|---|---|---|
| Sally Payan | Answer: | $_____ |
| Enrique Roberto Payan | Answer: | $_____ |

(e) Mental anguish sustained in the past by

|   |   |   |
|---|---|---|
| Sally Payan | Answer: | $_____ |
| Enrique Roberto Payan | Answer: | $_____ |

"Mental anguish" means the emotional pain, torment, and suffering experienced by Sally Payan and Enrique Roberto Payan because of the death of their mother, Betty Reynoso de Payan.

(f) Mental anguish that, in reasonable probability, will be sustained in the future by

|   |   |   |
|---|---|---|
| Sally Payan | Answer: | $_____ |
| Enrique Roberto Payan | Answer: | $_____ |

In determining damages for elements (c), (d), (e) and (f), you may consider the relationship between Betty Reynoso de Payan and her children, Sally Payan and Enrique Roberto Payan, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

If, in answer to Question No. 1 you have answered "Yes", then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 4**

Do you find by clear and convincing evidence that, on the occasion in question, Ford Motor Company's conduct was done with malice?

"Clear and convincing" means the measure or degree of proof that will produce in your mind a firm belief or conviction as to the truth of the allegations sought to be established.

"Malice" means that the defendant's act or omission, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and the actor had actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____

If your answer to Question No. 4 is "Yes", then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 5

What sum of money, if any, should be assessed against Ford Motor Company and awarded to Sally Payan and Enrique Roberto Payan as exemplary damages for the death of their mother, Betty Reynoso de Payan?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment. Exemplary damages includes punitive damages.

In determining the amount of exemplary damages, you shall consider evidence, if any, relating to--

(a) The nature of the wrong.
(b) The character of the conduct involved.
(c) The degree of culpability of the wrongdoer.
(d) The situation and sensibilities of the parties concerned.
(e) The extent to which such conduct offends a public sense of justice and propriety.
(f) The net worth of Ford Motor Company.

Answer in dollars and cents, if any.

Answer:     $_____

If, in your answer to Question No. 5, you have entered any amount of exemplary damages, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NO. 6**

How do you apportion the exemplary damages between Sally Payan and Enrique Roberto Payan?

Answer by stating a percentage for each person named below. The percentages you find must total 100 percent.

    (a)    Sally Payan    _____%
    (b)    Enrique Roberto Payan    _____%

            Total    ___100___%