IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY, et al. | § § | |
| Defendants. | § § § | |

## DEFENDANT FORD MOTOR COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Ford Motor Company hereby responds in opposition to Plaintiffs' Motion for Reconsideration of this Court's orders dismissing Plaintiffs' defective seatbelt claim and excluding the testimony of Gerald Rosenbluth. This Court must deny Plaintiffs' Motion for Reconsideration because it presents arguments previously considered by this Court and evidence that was, or could have been, considered by this Court prior to entry of the orders which Plaintiffs complain.

Alternatively, insofar as this Court considers the arguments raised in Plaintiffs' Motion for Reconsideration, it must deny Plaintiffs' motion because Plaintiffs fail to raise any genuine dispute of material fact. Specifically, this Court has held that neither Mr. Rosenbluth's testimony nor Dr. Huston's testimony establishes that a different seatbelt system would have

prevented or significantly reduced the risk of injury to Betty Payan and Plaintiffs provide no affidavits or other credible evidence that the opinions of these experts has changed.

This Response is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Ford filed its Motion for Summary Judgment on Plaintiffs' Seatbelt Defect Claim (Ford's "Motion for Summary Judgment") and its Motion to Exclude Gerald Rosenbluth on May 13, 2005. Among other things, Ford's motions argued that Plaintiffs' alleged defective seatbelt claim must be dismissed and that the testimony of Plaintiffs' safety restraint expert, Gerald Rosenbluth, must be excluded because Plaintiffs' biomechanics expert, Dr. Ronald Huston, testified that: (1) he can not say, to a reasonable degree of scientific certainty, that the design of the subject vehicle's seatbelt system caused or contributed to Betty Payan's injuries, and; (2) that, Ms. Payan would have received her injuries even if the alternative seatbelt design proposed by Gerald Rosenbluth was in use at the time of the accident. *See* Transcript of March 15, 2005 Deposition of Dr. Ronald Huston at page 51, lines 1 to 24, Exhibit E to Ford's Motion for Summary Judgment.

In their Response to Ford's Motion, Plaintiffs argued that Dr. Huston testified the alleged seatbelt defect was causally related to Plaintiffs' injuries, citing Dr. Huston's testimony that, "the conclusions I made were that with a restraint system that keeps the occupant away from the roof, and without the roof of course coming toward the occupant, that then the significant loading which was experienced in this accident would not have happened." Plaintiffs' Response at Section IX. (citing Dr. Huston's Depo. at page 50, lines 20-25.). However, this testimony is pure

2

speculation because it assumes the existence of a condition that Dr. Huston testified did not in fact occur (i.e., no roof deformation). *See* Dr. Huston Depo. at page 50, lines 20-25, Exhibit E to Ford's Motion for Summary Judgment.

On September 12, 2005, this Court granted Ford's Motion for Summary Judgment, holding that neither Mr. Rosenbluth's testimony nor Dr. Huston's testimony establishes that a different seatbelt system would have prevented or significantly reduced the risk of injury to Betty Payan. *See* Court's September 12, 2005 Order. This Court further held that Dr. Huston's testimony indicates that, even with a different seatbelt system, Betty Payan would have received the same injuries. *Id.* Ford's Motion to Exclude Gerald Rosenbluth was granted thereafter on September 20, 2005, when this Court held that Mr. Rosenbluth's testimony was not relevant following dismissal of Plaintiffs' defective seatbelt claim. *See* Court's September 20, 2005.

In their Motion for Reconsideration, Plaintiffs argue that testimony from Dr. Piziali, Ford's biomechanics expert, on how Ms. Payan's fatal injury was caused by diving into the subject vehicle's roof somehow establishes that Dr. Huston's testimony is not merely speculation and somehow establishes that the seatbelt defect described by Mr. Rosenbluth is relevant. However, this argument was already presented by Plaintiffs in their Response to Ford's Motion to Exclude Gerald Rosenbluth wherein they cited to Dr. Piziali's January 20, 2005 report and argued: "Mr. Rosenbluth's testimony directly contradicts Ford's theory that Betty Reynoso Payan was injured when her head hit the roof before deformation." *See* Plaintiffs' Response in Opposition to Ford's Motion to Exclude at page 10.

Plaintiffs have not attached any affidavit to their Motion for Reconsideration from any expert and nowhere in their Motion do they allege that Dr. Huston changed his testimony after reviewing Dr. Piziali's report. Nowhere do Plaintiffs argue that Dr. Huston actually believes a

3

defective seatbelt in any way caused Ms. Payan's injuries. Nor do Plaintiffs allege that Dr. Huston now believes Ms. Payan would have received her injuries if the alternative seatbelt design proposed by Gerald Rosenbluth was in use at the time of the accident.

Instead of presenting any new evidence, Plaintiffs request that this Court interpret preexisting testimony from Dr. Piziali, Mr. Rosenbluth, and Dr. Huston. However, Plaintiffs do not contend, nor could they, that Dr. Piziali's deposition (taken March 30, 2005), Mr. Rosenbluth's deposition (taken May 9, 2005), and Dr. Huston's deposition (taken March 15, 2005), constitute newly discovered evidence. Rather, these depositions were taken months before Plaintiffs filed their responses on June 24, 2005.

II. **PLAINTIFFS' MOTION FOR RECONSIDERATION MUST BE DENIED BECAUSE IT FAILS TO MEET THE REQUIREMENTS FOR RELIEF UNDER RULE 59(E), FED.R.CIV.P., AND BECAUSE IT FAILS TO RAISE ANY GENUINE ISSUE OF MATERIAL FACT.**

There is no provision for a "motion for reconsideration" in the Federal Rules of Civil Procedure. *See Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Nevertheless, the Fifth Circuit treats motions to reconsider dispositive pretrial orders as analogous to Rule 59(e) motions to alter or amend the judgment, when, as in the present case, the motion is filed within ten days of a contested order's issuance. *See e.g., Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). However, the Fifth Circuit cautions that "reconsideration of a judgment is an extraordinary remedy which courts should use sparingly," and that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." *Southern Contractors Group, Inc., v. Dynalectric Company,* 2 F.3d 606, 611 (5th Cir.1993). Accordingly, a "motion to

4

Doc ID FORD-122455
08423-071

alter or amend the judgment under 59(e) [Fed.R.Civ.P.] must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, had been made before the judgment is issued." *Rosenweig v. Azurix Corp.,* 332 F.3d 854, 863 (5th Cir. 2003).

In the present case, Plaintiffs fail to meet the strict standards governing Rule 59(e) relief. They have not revealed a manifest error of law or fact, the availability of new evidence, manifest injustice, or an intervening change in controlling law. Rather, their Motion for Reconsideration merely seeks to rehash issues previously briefed and carefully considered by this Court. In short, Plaintiffs are attempting a second bite at the apple. Accordingly, because it fails to meet the requirements of Rule 59(c) and would only serve to waste this Court's resources, Plaintiffs' Motion for Reconsideration must be denied. *Krim v. PCORDER.COM, Inc.,* 212 F.R.D. 329, 331 (W.D. Tex. 2002) (Motions for reconsideration based on recycled arguments only waste court resources and are not the proper vehicle to rehash old arguments or legal theories that could have been presented earlier.).

Insofar as this Court considers the substantive argument reiterated by Plaintiffs in their Motion for Reconsideration, this Court's prior orders must be upheld because, to date, there is no evidence that Dr. Huston opines that a defect in the seatbelt system was causally related to Ms. Payan's injuries. This fact is undisputed by Plaintiffs' counsel, who merely offer an interpretation of Dr. Huston's testimony, devoid of any affidavits or other sworn testimony from Dr. Huston. Whether Ford's own experts believe that Ms. Payan received her injury from impact with the subject vehicle's roof does not change the fact that Dr. Huston testified he does not believe this to be the case. Testimony from Ford's experts also does not change the fact that Dr.

Doc ID FORD-122455
08423-071

Huston does not believe the alternative seatbelt design proffered by Mr. Rosenbluth would have made a difference.

## III. CONCLUSION.

Based on the forgoing, this Court must deny Plaintiffs' Motion for Reconsideration and uphold its previous orders dismissing Plaintiffs' defective seatbelt claim and excluding Gerald Rosenbluth from testifying at trial.

DATED this 26th day of September, 2005

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
William L. Mennucci, Esq.
State Bar No. 00788042
Michael W. Eady, Esq.
State Bar No. 06332400

701 Brazos Street
Suite 1500 Austin Centre
(512) 708-8200 Telephone
(512) 708-8777 Fax

-and-

Amy M. Samberg, Esq.
Matthew A. Goldstein, Esq.
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, AZ 85701-1630
(520) 882-1200

Doc ID FORD-122455
08423-071

Timothy O'Neill
SNELL & WILMER L.L.P.
1200 Seventeenth Street
Suite 1900, Tabor Center
Denver, Colorado 80202
TEL: 303.634.2000
FAX: 303.634.2020

David Prichard
Prichard, Hawkins & Young, L.L.P.
10101 Reunion Place
Suite 600
San Antonio, TX 78216
TEL: (210) 477-7401
FAX: (210) 477-7450

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

Doc ID FORD-122455
08423-071

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the foregoing has been served on all counsel of record via facsimile and certified mail on this 26th day of September, 2005:

Tony Martinez, Esq.
Martinez, Barrera & Martinez, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

Randolph Kimble Whittington, Esq.
Law Office of Randolph Kimble Whittington
2014 East Harrison Street
Harlingten, Texas 78550

Carla Saenz, Esq.
GRIFFITH SAENZ & HILL
1325 Palm Blvd # A
Brownsville, Texas 78520
(956) 541-2864 Telephone

Attorneys for Plaintiffs


_____
William L. Mennucci, Esq.

Doc ID FORD-122455
08423-071