UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, §<br>AND ENRIQUE ROBERTO PAYAN, §<br>§<br>Plaintiffs, §<br>vs. §<br>§<br>FORD MOTOR COMPANY, AND §<br>AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. §<br>§<br>Defendants. § | CIVIL ACTION NO. B-03-120<br>(JURY) |

## AMENDED JOINT PRETRIAL ORDER

I.  **APPEARANCE OF COUNSEL**

   A.  **Plaintiffs, The Estate of Isabel Ennis Reynoso, Sally Payan and Enrique Roberto Payan, are represented by:**

   Tony Martinez
   State Bar No. 1313900
   Federal I.D. No. 1943
   MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
   1201 E. Van Buren
   Brownsville, TX 78520
   (956) 546-7159
   (956) 544-0602 – Fax

   Benigno "Trey" Martinez
   State Bar No. 00797011
   Federal I.D. No. 23945
   MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
   1201 E. Van Buren
   Brownsville, TX 78520
   (956) 546-7159
   (956) 544-0602 – Fax

R.K. Whittington
State Bar No. 21404500
Federal I.D. No. 1091
RANDOLPH KIMBLE WHITTINGTON
2014 East Harrison Street
Harlingen, TX 78550
(956) 423-7200
(956) 423-7999 – Fax

Carla Saenz Martinez
State Bar No. 17514595
Federal I.D. No. 7994
CARLA M. SAENZ & ASSOCIATES
20 Hibiscus Ct
Brownsville, TX 78520
(956) 541-2862
(956) 541-2864 - Fax

B.  **Counsel for Ford Motor Company:**

Jaime Arturo Saenz, Esq.
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
(956) 542-7441 Telephone
(956) 541-2170 Fax

Michael W. Eady, Esq.
William L. Mennucci, Esq.
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Austin, Texas 78701
701 Brazos Street, Suite 1500 Austin Centre
(512) 708-8200 Telephone
(512) 708-8777 Fax

Vaughn Crawford, Esq. (Admitted Pro Hac Vice)
Amy M. Samberg, Esq. (Admitted Pro Hac Vice)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ 85701-1630
(520) 882-1200 Telephone
(520) 884-1294 Fax

Timothy O'Neill
USDC SDTX No. 18694
SNELL & WILMER L.L.P.
One Tabor Center
1200 Seventeenth Street, Suite 1950
Denver, CO 80202
(303) 634-2003
(303) 634-2020 - Fax

David Prichard
USDC SDTX No. 0616
Texas SBN 16317900
PRICHARD, HAWKINS MCFARLAND & YOUNG, L.L.P.
10101 Reunion Place Blvd.
Suite 600
San Antonio, Texas 78216
(210) 477-7401
(210) 477-7451 - Fax

(NOTE—Ford filed a notice of appearance of additional counsel on September 26, 2005 for Mr. O'Neill and Mr. Prichard. Plaintiffs' counsel opposes the appearance of these additional counsel.)

**STATEMENT OF THE CASE**

This is a product liability action arising from a single vehicle rollover accident on January 11, 2003 in Nuevo Leon, Mexico. Plaintiffs' decedent, Betty Payan, was the driver of a 2000 Ford Explorer and died, allegedly as the result of injuries from the accident.

**III.  JURISDICTION**

Federal jurisdiction exist pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship. The amount in controversy exceeds the jurisdictional amount of $75,000. There is no dispute regarding subject matter jurisdiction. The Court has personal jurisdiction over all parties. There is no dispute regarding subject matter jurisdiction.

IV. **MOTIONS**

    **A. Plaintiffs' Motions**

        i.   <u>Motion In Limine</u>

        ii.   <u>Motion To Reconsider Orders</u>

            (1)  Motion to Reconsider Orders Granting Defendant's Motion For Partial Summary Judgment As To Defective Seatbelt System and Granting Defendant's Motion to Exclude Testimony of Gerald Rosenbluth

        iii.  <u>Motion For Leave</u>

            (1)  Motion for Leave To Take Depositions of Fact/Ford Employee Depositions and Order

                (a)  Notice Of Intention To Take Oral And Videotaped Deposition And Duces Tecum Of Dr. Debra Marth

                (b)  Notice Of Intention To Take Oral And Videotaped Deposition And Duces Tecum Of Dr. Robert McCoy

                (c)  Notice Of Intention To Take Oral And Videotaped Deposition And Duces Tecum Of Dr. Julio C. R. Rivera

                (d)  Notice Of Intention To Take Oral And Videotaped Deposition And Duces Tecum Of Oscar Hernandez Escobedo

                (e)  Notice Of Intention To Take Oral And Videotaped Deposition And Duces Tecum Of Hunac Gonzalez

                (f)  Notice Of Intention To Take Oral And Videotaped Deposition And Duces Tecum Of A Ford Representative (Knowledgeable In The Design Development And Testing)

                (g)  Notice Of Intention To Take Oral And Videotaped Deposition And Duces Tecum Of A Ford Representative (Knowledgeable In The Seatbelt/Restraint System)

        iv.  <u>Motion For Substitution</u>

            (1)  Motion for Substitution Of Proper Parties and Order

    v.    <u>Motion For Continuance</u>

        (1)    Motion for Continuance To Continue This Case For A Reasonable Period Of Time

**B. Ford's Motions**

Ford has moved to exclude certain evidence offered by Plaintiffs. These motions include the following, which are on file with the Court:

    i.    <u>Motions To Exclude</u>

        (1)    Motion to Exclude Testimony of Dr. Ronald Huston Under Rules 402, 403, and 702 of the Federal Rules of Civil Evidence and *Daubert v. Merrell Dow Pharmaceuticals* (Docket # 54); Plaintiffs' Response (Docket # 83).

    ii.    <u>Motion In Limine (Docket # 69, Docket # 76 and Docket #102 and  )</u>

Ford has filed a motion *in limine,* with supporting legal authorities, requesting an order that Plaintiffs and all of Plaintiffs' witnesses refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, proffered evidence or otherwise, either directly or indirectly, concerning the following matters:

    (1)    Alleged defects not previously listed in Plaintiffs' Original Petition, discovery responses, or supported by expert testimony;

    (2)    Alleged discovery disputes and documents allegedly not produced by Ford;

    (3)    Destruction of documents;

    (4)    Other unrelated alleged defects or recalls;

    (5)    The Ford Pinto;

    (6)    The Grush/Saundy Fuel System Integrity Report;

    (7)    Well-known product liability lawsuits (E.G., Breast Implants, Dalkon Shield, General Motors Side Saddle Tank Pickup Trucks, Crown Victoria Police Interceptors, etc.);

(8) Punitive damages, verdicts, or judgments against Ford;

(9) Volvo vehicles, Volvo documents, particularly Volvo documents marked "Confidential" and covered by a protective order issued by another court;

(10) Side curtain airbags;

(11) The Weaver documents;

(12) Statements from any media articles or television or radio programs;

(13) Non-scientific publications, newspaper articles, etc.;

(14) Expert opinion testing linking a different warning to changing the outcome in the subject accident;

(15) Failure to warn, recall, or retrofit subsequent to delivery;

(16) Test reports and/or test videotapes referring to or depicting tests more than twenty years old;

(17) Other accidents, lawsuits, or claims;

(18) Alleged fraud-on-NHTSA claims;

(19) FMVSS 216 testing;

(20) References or inferences that Ford or the automotive industry improperly influenced NHTSA;

(21) Non-final reports from NHTSA;

(22) Alleged discovery disputes in this action or any other action;

(23) Privileged material;

(24) Legal advice of counsel or Ford's Office of General Counsel;

(25) Interpretations of documents produced by Ford as evidence of Ford's knowledge or intent;

(26) Argument that the jury award an amount of punitive damages in excess of that recoverable by statute;

(27) Ford's net worth, cash reserves, revenues, income, or assets;

(28)   Punishment sought on behalf of individuals who are not parties, or references to sales of vehicles and accidents outside the State of Texas;

(29)   Limitation of punitive damages;

(30)   Opinions that Ford's conduct rises to the level sufficient to award punitive damages, or that the product was "unreasonably dangerous";

(31)   Asking the jury to "send a message" or act as "the conscience of the community;

(32)   The size, location, specialization, or representation by Ford's counsel;

(33)   Ford's corporate status or out-of-state residence;

(34)   Ford's counsel's arguments in other cases;

(35)   Characterizations of Ford's counsel or experts as "hired guns," "a traveling road show" or "circus," "a dog and pony show," or other similar derogatory remarks;

(36)   References to "victims";

(37)   Persons in the courtroom assisting counsel;

(38)   Absence or identity of Ford's corporate representative;

(39)   Objections of counsel during depositions;

(40)   Settlement offers;

(41)   Hearsay statements by Plaintiffs' treating physicians;

(42)   Any request by Ford to exclude certain evidence.

(43)   FMVSS 216 Notice of Proposed Rulemaking

(44)   Exclude Undisclosed Lay and Expert Witnesses (Motion for Leave to File will be filed 9/27/05)

V. **CONTENTIONS OF THE PARTIES**

A. **Plaintiffs' Contentions**

Plaintiffs contend:

(1) That on January 11, 2003, Betty Reynoso de Payan was driving a 2000 Ford Explorer when it went out of control, rolled over causing the roof to collapse on the driver's side causing serious injuries and the eventual death of the driver.

(2) That the strength of the roof was insufficient to sustain a rollover situation that caused the amount of collapse which caused the injuries and death of Betty Reynoso de Payan.

(3) That Betty Reynoso de Payan was properly belted in her driver's seat.

(4) That the vehicle went out of control and the cause of responsibility of the incident was not attributed to the driver.

B. **Defendant Ford's Contentions**

Defendant Ford Motor Company denies that the 2000 Ford Explorer was defectively designed or manufactured and/or that any alleged defect in the product was the proximate cause of any injuries sustained by Plaintiffs' decedent, Betty Payan. Ford further contends the following affirmative defenses may bar Plaintiffs' claims in whole or in part: comparative fault, fault of others, intervening/superseding cause, compliance with relevant industry custom, technological feasibility, compliance with legislative or administrative regulatory standards.

VI. **ADMISSIONS OF FACT**

1. The accident occurred on January 11, 2003 in Nuevo Leon, Mexico.

2. Betty Payan, deceased, was the driver of the 2000 Ford Explorer.

3. Sally Payan was the passenger.

4. Sally Payan is Betty Payan's daughter.

5. The 2000 Ford Explorer was purchased by Susanna Reynoso from Ford Automotriz del Noreste, S.A. de C.V.

6. The accident occurred at approximately 6:20 p.m.

7. Betty Payan and Sally Payan were traveling west towards Matamoros, Mexico.

8. It was raining, and the road conditions were wet.

9. No other vehicles were involved in the accident.

10. Both Betty Payan and Sally Payan were wearing their seat belts.

11. Betty Payan lost control of her vehicle.

12. The 2000 Ford Explorer rolled over several times, coming to rest on its roof.

13. The 2000 Ford Explorer was designed, manufactured and marketed by Ford Motor Company.

14. This lawsuit was filed on May 23, 2003.

15. The lawsuit was filed by Isabel Ennis Reynoso, Sally Payan and Enrique Roberto Payan.

16. Isabel Ennis Reynoso is Betty Payan's mother.

17. Sally Payan and Enrique Roberto Payan are the natural children of Betty Payan, deceased.

18. Betty Payan was 51 years old at the time of her death.

19. All claims against Automotriz del Noreste, S.A. de C.V., Mexico have been dismissed.

20. Isabel Ennis Reynoso died on May 3, 2005, during the pendency of this suit.

## VII. CONTESTED ISSUES OF FACT

1. Whether Betty Payan, deceased, was negligent and whether such negligence, if any, caused or contributed to the accident and her injuries.

2. Whether Ford was negligent in the design of the 2000 Ford Explorer and, if so, whether such negligence caused Betty Payan's injuries or Plaintiffs' damages.

3. Whether the 2000 Ford Explorer was defectively designed, whether such defects, if any, rendered the product unreasonably dangerous at the time it left Ford's custody and control, whether any such defect caused Betty Payan's injuries or Plaintiffs' damages; and with respect to plaintiffs' design defect claims there existed a safer alternative design as defined in TEX. CIV. PRAC. & REM. CODE § 82.005.

4. Whether roof deformation caused or contributed to any of the alleged injuries sustained by Betty Payan.

5. Whether the design of the 2000 Ford Explorer met or exceeded all applicable Federal Motor Vehicle Safety Standards.

6. Whether Ford made an express or implied warranty to Betty Payan or Plaintiffs, whether Ford breached that warranty, and whether such breach, if any, was a proximate cause of Betty Payan's injuries or Plaintiffs' damages.

7. Whether Ford Motor Company acted with gross negligence.

8. Whether Ford Motor Company committed the first degree felony offense of destroying, removing, concealing, altering, substituting or otherwise impairing the verity, legibility or availability of a writing other than a government record for which the law provides public recording or filing, with an intent to defraud or harm.

9. The amount of damages Plaintiffs are legally entitled to recover.

10. Live Expectancy (Table of Bureau of Statistics)

## VIII. AGREED PROPOSITIONS OF LAW

Plaintiffs and Defendant agree that this Court has jurisdiction to hear this case, that Texas law applies to the claims in this case, and that the following are essential elements of the below listed theories of recovery and defenses under Texas law.

### STRICT PRODUCT LIABILITY – DESIGN DEFECT

(1) The product must be defective;

Doc ID MENNB-122468
08423-071

(2) The product must reach the consumer without substantial change from the time it leaves the possession or control of the manufacturer or seller;

(3) The defective condition must render the product unreasonably dangerous under a risk versus utility analysis;

(4) The unreasonably dangerous condition of the product must be a producing cause of injury to the user; and

(5) There exists a "safer alternative design" as defined by TEX. CIV. PRAC. & REM. CODE §82.005.

### NEGLIGENCE

(1) Existence of a legal duty, to wit, what a reasonable person or automotive manufacturer would have, or would not have done under the same or similar circumstances;

(2) Breach of the applicable duty; and

(3) Damages proximately caused by the breach.

In a products liability case, proof of defect is further required. That defect may be with respect to the product's design, manufacture or marketing. (See above). In the event the claim involves "negligent design," proof of the existence of a "safer alternative design" is required by law. *See* TEX. CIV. PRAC. & REM. CODE. § 82.005.

### TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT

(1) The plaintiff is a "consumer."

(2) (a) use or employment by any person of a false, misleading or deceptive act or practice as defined in § 17.46, TEX. BUS. COM. CODE, which was relied upon by the consumer to his or her detriment; (b) breach of express or implied warranty; (c) any unconscionable action or course of action.

(3) Which was a producing cause of economic damages or damages for mental anguish.

Recovery is limited to "economic damages" unless the plaintiff proves, and the trier of fact finds, that the conduct of the defendant was committed knowingly, in which case the

consumer may also recover damages for mental anguish, but limited to three times the amount of economic damages; provided, however, that if the plaintiff proves and the trier of fact finds, that the conduct of the defendant was committed intentionally, the consumer may recover damages for mental anguish, not to exceed three times the amount of damages for mental anguish and economic damages.

### PUNITIVE OR EXEMPLARY DAMAGES

Recovery governed by Chapter 41, TEX. CIV. PRAC. & REM. CODE.

### COMPARATIVE RESPONSIBILITY

Comparative responsibility is a defense irrespective of the theory of recovery pled. Proof of comparative responsibility and a finding by the trier of fact of 51% or more comparative responsibility bars recovery by the consumer/plaintiff and all derivative claimants. Wrongful death beneficiaries are derivative claimants.

IX.   **CONTESTED PROPOSITIONS OF LAW**

1. Legal and evidentiary issues raised in Ford's pending motion to exclude. Plaintiffs' expert witness under FRE 702 and *Daubert* (previously briefed).

2. Legal and evidentiary issues raised in Ford's pending Motions In Limine (filed with supporting memoranda).

3. Whether Plaintiffs' negligence and breach of warranty claims are duplicative of their claims for recovery based upon strict liability. (separate brief).

4. Whether proof of "overall safer" design is an essential element in the proof of a "safer alternative design." *See Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 337 (Tex. 1998).

5. The admissibility of post-sale changes or proposed changes to Federal Motor Vehicle Safety Standards. *See Steenbergen v. Ford Motor Company*, 814 S.W.2d 755 (Tex. App. Dallas 1991, writ denied).

6. The proper instructions to be contained in the Court's instructions (memoranda attached with instructions).

7. Whether Plaintiffs' punitive damages claim should be submitted to the jury (memoranda of law to accompany judgment as a matter of law).

8. The proper instructions to be included in the Court's instructions to the jury consistent with *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), in the event a claim for recovery of punitive damages is submitted.

9. The applicability of the cap on the recovery of exemplary damages. TEX. CIV. PRAC. & REM. CODE § 41.008.

10. The interpretation and construction of TEX. CIV. PRAC. & REM. CODE § 41.008(b).

11. Whether Plaintiffs have pled a cause of action under TEX. CIV. PRAC. & REM. CODE § 41.008(b), to wit, whether Ford Motor Company intentionally and knowingly committed a first degree felony offense – fraudulent, removal or concealment of writing. TEX. PEN. CODE § 32.47. *See* Plaintiffs' Original Petition at ¶ VII, referring to TEX. CIV. PRAC. & REM. CODE § 41.008(c)(12) (referring to § 32.47, TEX. PEN. CODE – fraudulent, removal or concealment of writing).

12. The number of jurors Ford Motor Company is entitled to have hear the case in the event any claim under TEX. PEN. CODE § 32.47 is submitted.

13. The burden of proof of any claim under TEX. PEN. CODE § 32.47.

14. The constitutionality of any claim under TEX. PEN. CODE § 32.47.

15. Whether Plaintiff Isabel Ennis Reynoso, who died while this suit was pending, or her "Estate" or its purported representative, Susanna Reynoso, has an actionable claim for wrongful death of Betty Payan. Ford contends that under Texas Law, when a wrongful death beneficiary dies, her cause of action for damages arising from the wrongful death of another ceases to exist. *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex.App.—Eastland 2004, n.p.h.); *Johnson v. City of Houston*, 813 S.W.2d 227, 230 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

16. Whether, Isabel Ennis Reynoso's "Estate" or its purported representative, Susanna Reynoso, can be properly substituted under Texas law as the proper party for Isabel Ennis Reynoso, who died on May 3, 2005.

X.  **EXHIBITS (SEE APPENDIX A)**

    **Plaintiffs' Amended Exhibits A-1**

    **Ford's Amended Exhibits A-2**[1]

XI.  **WITNESSES (SEE APPENDIX B)**

    **Plaintiffs' Amended Witnesses B-1**

    **Ford's Amended Witnesses B-2**

XII.  **SETTLEMENTS**

After months of discussion and an unsuccessful mediation, the parties aver and affirm that all settlement efforts have been exhausted and the case will have to be tried.

**TRIAL**

The estimated length of the trial is fourteen (14) days. Additional time may be necessary as factual witnesses may be traveling from Mexico and expert witnesses may be traveling from the states of California, and Michigan.

XIV.  **ATTACHMENTS (SEE APPENDIX C)**

    A.    The parties' respective proposed voir dire examination questions are attached.

        **Plaintiffs' Voir Dire C-1**

        **Ford's Voir Dire C-2**

    B.    The parties' respective proposed jury charge, including instructions, definitions, and special interrogatories, with authority, are attached.

        **Plaintiffs' D-1**

---

[1] Some of the exhibits are listed contingently, depending upon this Court's rulings on Ford's pending motions to exclude, *supra*, and/or Ford's Motion In Limine, *supra*. Ford's mere identification of a document as a potential exhibit is not a stipulation to its admissibility or a waiver of any objection to its admissibility.

**Ford's Amended D-2**

DATED this _____ day of _____, 2005.

                                                _____
                                                Honorable Hilda G. Tagle
                                                United States District Judge

Doc ID MENNB-122468
08423-071

FORM APPROVED

| MARTINEZ, BARRERA Y MARTINEZ, L.L.P. | THOMPSON, COE, COUSINS & IRONS, L.L.P. |
|---|---|
| Attorneys for Plaintiffs | Attorneys for the Defendant Ford Motor Company |

By: /s/ *William L. Mennucci, for Tony Martinez, w/ permission*  
Benigno (Trey) Martinez, Esq.
Tony Martinez, Esq.
1201 East Van Buren
Brownsville, TX 78520
(956) 546-7159 Telephone
(956) 544-0602 Fax

- and -

R.K. Whittington
State Bar No. 21404500
Federal I.D. No. 1091
RANDOLPH KIMBLE
 WHITTINGTON
2014 East Harrison Street
Harlingen, TX 78550
(956) 423-7200
(956) 423-7999 – Fax

- and -

Carla Saenz Martinez
State Bar No. 17514595
Federal I.D. No. 7994
CARLA M. SAENZ & ASSOCIATES
20 Hibiscus Ct
Brownsville, TX 78520
(956) 541-2862
(956) 541-2864 - Fax

By: /s/  
William L. Mennucci, Esq.
State Bar No. 00788042
Michael W. Eady, Esq.
State Bar No. 06332400
701 Brazos Street, Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax

– and -

Vaughn Crawford, Esq.
Amy M. Samberg, Esq.
Matthew A. Goldstein, Esq.
SNELL & WILMER L.L.P.
One South Church Avenue,
Suite 1500
Tucson, AZ 85701-1630
(520) 882-1200 Telephone
(520) 884-1294 Fax

and –

Timothy O'Neill
USDC SDTX No. 18694
SNELL & WILMER L.L.P.
One Tabor Center
1200 Seventeenth Street, Suite 1950
Denver, CO 80202
(303) 634-2003
(303) 634-2020 - Fax

David Prichard
USDC SDTX No. 0616
Texas SBN 24025582
PRICHARD, HAWKINS & YOUNG, L.L.P.
10101 Reunion Place Blvd.
Suite 600
San Antonio, Texas 78216
(210) 477-7401
(210) 477-7451 – Fax

ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY