UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 (JURY) |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

### FORD MOTOR COMPANY'S AMENDED REQUESTED VERDICT FORM

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ford Motor Company ("Ford") requests that the attached verdict form be given to the jury with the Court's instructions.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
William L. Mennucci (Attorney in Charge)
State Bar No. 00788042
Federal Bar I.D. 18172
bmennucci@thompsoncoe.com
Michael W. Eady (Of Counsel)
State Bar of Texas No. 06332400
Federal Bar I.D.14591
meady@thompsoncoe.com
701 Brazos Street
Suite 1500 Austin Centre
Austin, Texas 78701
(512) 708-8200 Telephone
(512) 708-8777 Fax



1

OF COUNSEL:

Vaughn Crawford
Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the ___26___ day of ___September___ 2005, I electronically filed the foregoing Ford Motor Company's Requested Jury Instructions on Exemplary Damages with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following parties:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

_____
William L. Mennucci

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
|       Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
|       Defendant. | § | |

## VERDICT FORM

Your answers to these questions must be unanimous.

**Question 1:**

Was there a design defect in the roof of the 2000 Ford Explorer in question at the time it left the possession of Ford Motor Company that was a producing cause of the injury in question to Betty Payan?

Answer "Yes" or "No."

Answer:_____

If you answered "No" to Question 1, then do not answer any more questions. Go to the end of this verdict form and have the foreperson sign and date the form and return it to the Security Officer. Otherwise, proceed to Question 2.

**Question 2:**

Did the negligence, if any, of Betty Payan proximately cause the injury in question?

Answer "Yes" or "No."

Answer:_____

If you answered "Yes" to Questions 1 and 2, then proceed to Question 3. Otherwise, proceed to Question 4.

**Question 3:**

For each person or product found by you to have caused the injury in question, what percentage of responsibility do you find attributable to each of those listed below? The percentages you find must total 100 percent and must be expressed in whole numbers. The percentage of responsibility attributable to a person or product is not necessarily measured by the number of acts, omissions, or product defects found.

a.    Betty Payan                                        _____

b.    The roof of the 2000 Ford Explorer               _____

      Total                                             100%

Please proceed to Question 4.

**Question 4:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Sally Payan for her damages, if any, resulting from the death of Betty Payan?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

    a.      Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Sally Payan because of the death of Betty Payan.

    b.      Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Sally Payan, in reasonable probability, would have received from Betty Payan had she lived.

In determining damages for elements a and b, you may consider the relationship between Sally Payan and Betty Payan, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that –

    were sustained in the past;    Answer:_____

    in reasonable probability will
    be sustained in the future    Answer:_____

SOURCE: Texas Pattern Jury Charge § 81.4 (2003 ed.)

**Question 5:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Enrique Roberto Payan for his damages, if any, resulting from the death of Betty Payan?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

a.    Mental anguish.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Enrique Roberto Payan because of the death of Betty Payan.

b.    Loss of companionship and society.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Enrique Roberto Payan, in reasonable probability, would have received from Betty Payan had she lived.

In determining damages for elements a and b, you may consider the relationship between Enrique Roberto Payan and Betty Payan, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

Answer, with respect to the elements listed above, in dollars and cents for damages, if any, that –

were sustained in the past;    Answer:_____

in reasonable probability will
be sustained in the future    Answer:_____

SOURCE:  Texas Pattern Jury Charge § 81.4 (2003 ed.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | (JURY) |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED
## JURY DEFINITIONS AND INSTRUCTIONS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, Ford Motor Company ("Ford"), in accordance with this Court's direction and FED. R. CIV. P. 51, files this preliminary written request that this Court instruct the jury as set forth in the attached jury definitions and instructions. By "preliminary," Ford merely notes that it is impossible to anticipate before trial all potential instructions necessary for the jury to render its verdict, since no evidence has been admitted at this point in time.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
      William L. Mennucci (Attorney in Charge)
      State Bar No. 00788042
      Federal Bar I.D. 18172
      bmennucci@thompsoncoe.com
      Michael W. Eady (Of Counsel)
      State Bar of Texas No. 06332400
      Federal Bar I.D.14591
      meady@thompsoncoe.com
      701 Brazos Street
      Suite 1500 Austin Centre
      Austin, Texas 78701
      (512) 708-8200 Telephone
      (512) 708-8777 Fax

OF COUNSEL:

Vaughn Crawford
Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the _____26_____ day of _Syplember_____, 2005, I electronically filed the foregoing Ford Motor Company's Requested Jury Instructions on Exemplary Damages with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following parties:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

_____
William L. Mennucci

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
|      Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
|      Defendant. | § | |

### FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 1

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did

something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain testimony in this case has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, the witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same as if the witness had been present and had testified from the witness stand in court.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence -- such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field -- he is called an expert witness -- is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

Attached to this Jury Charge is a Verdict Form which contains various questions. Before answering each of the questions on the Verdict Form, you must consider the instructions for those questions which are provided below. After considering the instructions for a question in the Jury Charge, turn to that question in the Verdict Form and answer it.

<u>SOURCE:</u>    *See* Sections 2.23, 3.1 U.S. Fifth Circuit Pattern Jury Instructions.


GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
|      Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
|      Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 2

Regardless of any opinion you have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

SOURCE:    DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE & INSTRUCTIONS § 71.04 & Appendix, Ch. 76 at 113.

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 3

The manufacturer of an automobile is not a guarantor that nobody will get hurt in using the automobile. What the manufacturer is required to do is to make a product which is free from defective and unreasonably dangerous conditions.

SOURCE:    DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE & INSTRUCTIONS § 82.08; *Acord v. General Motors Corp.*, 669 S.W.2d 111, 113-14 (Tex. 1984) (manufacturers are not absolute insurers of their products under Texas Law); *Miles v. Ford*, 967 S.W.2d 337, 386 (Tex. 1998) (This Court has long recognized that "'[a] manufacturer or distributor of products is not an insurer,'" *Acord*, 669 S.W.2d at 114, *quoting Shamrock Fuel & Oil Sales Co. v. Tunks*, 416 S.W.2d 779, 785 (Tex. 1967), and that "a manufacturer is not required to design the safest possible product," *Id.* (citing *Henderson v. Ford Motor Co.*, 519 S.W.2d 87 (Tex. 1974)).

GIVEN _____        GIVEN AS MODIFIED _____        REFUSED _____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 4

In this case, the plaintiffs must prove every essential part of their claim by a preponderance of the evidence.

A preponderance of the evidence means the greater weight and degree of credible evidence admitted in this case.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

SOURCE:    *See* Section 2.20, U.S. Fifth Circuit Pattern Jury Instructions; Texas Pattern Jury Charge 1.03.


GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 5

Plaintiffs seek recovery under a design defect theory. They allege that the 2000 Ford Explorer was defectively designed. Texas requires that the claimant seeking recovery under any design defect theory prove all of the following:

(a)    that there was a design defect;

(b)    that design defect rendered the product unreasonably dangerous under a risk vs. utility analysis;

(c)    there existed a "safer alternative design" as defined herein; and

(d)    that the design defect was a "producing cause" of the injuries.

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 6
### (to accompany all instructions on liability for a design defect,
### irrespective of the theory of recovery)

In order to find a "design defect," you must find that there was a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonable probability: (1) would have prevented or significantly reduced the risk of the claimant's personal injury without substantially impairing the product's utility, and (2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.

SOURCE:    "To prove a design defect, a claimant must establish, among other things, that the defendant could have provided a safer alternative design." *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 335 (Tex. 1998). "Implicit in this holding is that the safer alternative design must be reasonable, i.e., that it can be implemented without destroying the utility of the product." *Id.*; TEX. CIV. PRAC. & REM. CODE § 82.005, "Design Defects," effective Sept. 1, 1993. Applies to all causes of action that have accrued on or before the effective date. *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379 (Tex. 1995); *Miles v. Ford*; 967 S.W.2d 337 (Tex. 1998). ("We have held that 'if there are no safer alternatives, a product is not unreasonably dangerous as a matter of law,'" *Citing Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 384 (Tex. 1995). *See also American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 433 (Tex. 1997) ("if there is no safer alternative to the cigarette manufactured by American, then its cigarettes are not unreasonably dangerous as a matter of law.")).

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
|      Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
|      Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 7
### (to accompany the definition of "safer alternative design")

The existence of a "safer alternative design," while an essential proof requirement of the Plaintiffs' case, does not mean that the Defendant's product was "unreasonably dangerous." For liability to exist, a safer alternative design must exist, and the Defendant's product design must be defective and unreasonably dangerous.

SOURCE:    *Hernandez v. Tokai Corp.*, 2 S.W.3d 251 (Tex. 1999) ("proof an available 'safer alternative design,' as defined by statute, is necessary but not sufficient for liability; the claimant must also show that the product was unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use") (". . . the statute [82.005] was not intended to, and does not, supplant the risk-utility analysis Texas has for years employed in determining whether a defectively designed product is unreasonably dangerous."); *see also* RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 2, illus. 10; *Uniroyal Goodrich Tire Company v. Martinez*, 977 S.W.2d 328, 346 (Tex. 1998) (Hecht, J., dissenting) ("There are two components to this rule: the possibility of a safer, reasonable alternative design *and* a product that is not reasonably safe without that design. Both are required.").

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 8

In conducting the risk-utility analysis and evaluating the reasonableness of some other alternative design, you shall consider whether the manufacturer's use of the alternative design proposed by plaintiffs would have increased or decreased the usefulness of the product, increased or decreased the overall safety of the product, and increased or decreased any other benefit provided by the product as actually designed, including such benefits as production costs and price, product longevity and durability, ease and cost of maintenance and repair, aesthetics, and convenience and ease of use.

SOURCE:    "We agree with the general proposition that a manufacturer should not be liable for failing to adopt an alternative design that would, under other circumstances, impose an equal or greater risk of harm." *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 337 (Tex. 1998). "To prevail in a design defect case, a plaintiff should be required to show that the safety benefits from its proposed design are foreseeably greater than the resulting costs, including any diminished usefulness or diminished safety." *Id.*; RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 2(b) cmt. e; *See also Crespo v. Chrysler Corp.*, No. 97 Civ. 8246 (JSR), 1999 U.S. Dist. LEXIS 17888 at *8 (S.D.N.Y. Nov. 19, 1999) ("This requirement that the alternative design be not only feasible but also safer for the relevant users is vital, for otherwise a plaintiff could recover simply by showing that a product could feasibly and without loss of utility be designed in such a way as to avoid injury to him alone even though the change would inflict injury on numerous others -- an absurd position."); *see also Id.* at *7 n.7 (S.D.N.Y. Nov. 19, 1999) ("*Richards v. Michelin Tire Corp.,* 21 F.3d 1048, 1057 (11th Cir. 1994) (applying Alabama law) ('The fact that an alternative design existed which would have reduced or eliminated Appellant's injuries does not mean that the alternative design was of greater overall safety.'); *Hull v. Eaton Corp.*, 263 U.S. App. D.C. 311, 825 F.2d 448, 454 (D.C. Cir. 1987) (applying Maryland law) ("[A] plaintiff must show that the magnitude of the danger from the product outweighed the costs of avoiding the danger -- including, for example, any new dangers created and any reduction in the benefits of the product caused by the safer design.'); *Miller v. Todd*, 551 N.E.2d 1139, 1143 (Ind. 1990) (requiring a plaintiff 'to demonstrate that a feasible, safer, more practicable product design would have afforded better protection'); *Owens v. Allis-Chalmers Corp.*, 414 Mich. 413, 326 N.W.2d 372, 379 (Mich. 1982)

(under Michigan law, prima facie case of design defect requires, *inter alia*, evidence concerning impact of alternative forklift design on 'operator's safety in other circumstances'); *See generally* James A. Henderson, Jr. & Aaron D. Twerski, *Arriving at Reasonable Alternative Design:  The Reporters' Travelogue*, 30 U. MICH. J.L. REF. 563 (1997).").

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 9

In lieu of the TEXAS PATTERN JURY definition of "producing cause," Ford requests that the following "plain English" definition be submitted.

"Producing Cause." A product or the conduct of a person is a "producing cause" of harm to another only if it is a substantial factor in bringing about the harm, and without which no harm would have been incurred. The rule is known as the "but for" rule.

SOURCE: *Trinity Universal Ins. Co. v. Bleeker*, 966 S.W.2d 489, 491 (Tex. 1998)("A 'producing cause' is an act that is a substantial factor that brings about injury and without which the injury would not have occurred."); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 481 (Tex. 1995)("A producing cause is a substantial factor which brings about the injury and without which the injury would not have occurred.").

The definition of producing cause in the PJC does not accurately state the law. It says that:

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the [*occurrence*][*injury*][*occurrence or injury*]. There may be more than one producing cause.

PJC 70.1. Notably, in neither *Trinity Universal Ins. Co. v. Bleeker*, nor in *Doe v. Boys Clubs of Greater Dallas, Inc.* did the court even <u>mention</u>, much less try to apply, the language that PJC 70.1 uses to define producing cause. One will search those decisions in vain for any reference to an "efficient", or "exciting," or even "contributing" cause. In fact, none of those three words appears anywhere in either decision.

This is not surprising. The definition in PJC 70.1 is legally wrong. It does not tell the jury that the alleged cause must be a substantial factor in causing the injury. Nor does it tell them that without that cause the event would not have occurred. Simply put, is does not tell the jury anything about causation in fact -- which is a required element in both proximate cause and producing cause.

*See, Prudential Ins. v. Jefferson Associates*, 896 S.W.2d 156, 161 (Tex. 1995)("The element common to both proximate cause and producing cause is actual causation in fact."); *General Motors Corp. v. Saenz*, 873 S.W.2d 353, 357 (Tex. 1993)("The element common to both proximate cause and producing cause is actual causation in fact."); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1985)("Common to both proximate and producing cause is causation in fact, including the requirement that the defendant's conduct or product be a substantial factor in bringing about the plaintiff's injuries.").

Causation in fact contains two elements: (1) the alleged cause was a substantial factor in causing the event, and (2) without that cause, the event would not have occurred. *See, Prudential Ins. v. Jefferson Associates*, 896 S.W.2d at 161("[causation in fact] requires proof that an act or omission was a substantial factor in bringing about injury which would not otherwise have occurred."); *Union Pump Co. v. Allbritton*, 898 S.W.2d at 775 ("cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred."); *Missouri Pac. R.R. Co. v. American Statesman*, 552 S.W.2d 99 (Tex. 1977) ("cause-in-fact as an element of proximate cause means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred"); *Texas Pacific Railway Company v. McCleery*, 418 S.W.2d 494 (Tex. 1967) ("The rule is known as the 'but for' rule.").

Yet the definition of producing cause in the PJC does not include *either* element of cause in fact: substantial factor or the "but for" rule.

The only difference between proximate cause and producing cause is that the former includes the element of foreseeability but the latter does not. *General Motors Corp. v. Saenz*, 873 S.W.2d at 357 ("the difference being that proof of proximate cause entails a showing that the accident was foreseeable, while proof of producing cause does not."); *Union Pump Co. v. Allbritton*, 898 S.W.2d at 775. Yet it would be utterly impossible to discern that point from a comparison of the definitions that we give the jury. Put the definition of producing cause from PJC 70.1 next to the definition of proximate cause from PJC 2.1:

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the [*occurrence*] [*injury*] [*occurrence or injury*]. There may be more than one producing cause.

"Proximate Cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

It would take a clairvoyant juror indeed to discern from these instructions that the only legal difference between these two types of causation is that the second one requires that the resulting event be reasonably foreseeable.

What is more, the definition of producing cause in PJC 70.1 is not just legally wrong; it is hopelessly confusing and misleading. The simple fact is that no one -- not even a lawyer or a judge -- really knows what an "efficient" or an "exciting" cause is. There do not appear to be any reported decisions defining either word. Instead, every time that an appellate court has recited the PJC definition and then had to *apply* the concept of "producing cause" to a set of facts, it has re-defined the concept using other words before deciding the case. There does not seem to be any reported decision in memory in which a court has actually *used* the words of the PJC definition to decide a case. Even those courts recognize that it does nothing helpful to define "producing cause" in the way we expect juries to find enlightening. It is time we used the same plain English that the courts and lawyers themselves use in communicating the concept.


GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____



_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED DEFINITIONS

"**Negligence,**" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"**Ordinary Care,**" means that degree of care that a person of ordinary prudence would use under the same or similar circumstances.

"**Proximate Cause.**" A person's conduct is a proximate cause of harm to another only if it is a substantial factor in bringing about the harm, and without which no harm would have been incurred. The rule is known as the "but for" rule. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

A "**design defect**" is a condition of the product that renders it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

"**Safer alternative design**" means a product design other than the one actually used that in reasonable probability—

1.     would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility; and

2.     was economically and technologically feasible at the time the product left the control of Firestone by the application of existing or reasonably achievable scientific knowledge.

Proof of a safer alternative design is necessary but is not sufficient to establish a design defect. For there to be a design defect, there must also be a condition of the product that renders it

unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use.

SOURCE:  Texas Pattern Jury Instructions, except for the last paragraph, which is taken from *Hernandez v. Tokai Corp.,* 2 S.W.3d 251 (Tex. 1999).


GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____



_____

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | (JURY) |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD MOTOR COMPANY'S REQUESTED
## JURY INSTRUCTIONS ON EXEMPLARY DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ford Motor Company ("Ford") objects to the submission of any question to the jury based upon malice or gross negligence or any other theory that would permit the recovery of punitive or exemplary damages. Nonetheless, and in the event this Court decides to submit such a question, Ford requests that the attached instructions and definitions be given to the jury with the Court's instructions.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____

    William L. Mennucci (Attorney in Charge)
    State Bar No. 00788042
    Federal Bar I.D. 18172
    bmennucci@thompsoncoe.com
    Michael W. Eady (Of Counsel)
    State Bar of Texas No. 06332400
    Federal Bar I.D.14591
    meady@thompsoncoe.com
    701 Brazos Street
    Suite 1500 Austin Centre
    Austin, Texas 78701
    (512) 708-8200 Telephone
    (512) 708-8777 Fax

OF COUNSEL:

Vaughn Crawford
Matthew Goldstein
SNELL & WILMER, L.L.P.
One South Church Tower
Suite 1500
Tucson, Arizona 85701
(520) 882-1214 (telephone)
(520) 884-1294 (fax)

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the ___26___ day of ___September___, 2005, I electronically filed the foregoing Ford Motor Company's Requested Jury Instructions on Exemplary Damages with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following parties:

Benigno (Trey) Martinez
Tony Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

_____
William L. Mennucci

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
|      Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
|      Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 1
### (to accompany question on liability for exemplary damages)

The burden of proving "gross negligence" may not be shifted to Ford.

**SOURCE:**    This instruction is drawn directly from TEX. CIV. PRAC. & REM. CODE § 41.003(b)("The claimant must prove by clear and convincing evidence the elements of exemplary damages as provided by this section. This burden of proof may not be shifted to the defendant or satisfied by evidence of ordinary negligence, bad faith, or a deceptive trade practice."). Notwithstanding the Texas Pattern Jury Instructions, the Court is by statute required to give this instruction. TEX. CIV. PRAC. & REM. CODE § 41.012 states in part that "the court *shall* instruct the jury with regard to Section[] ... 41.003...."(emphasis added).

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN<br>Plaintiffs, | §<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY<br>Defendant. | §<br>§<br>§ | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 2
### (to accompany question on liability for exemplary damages and amount)

"Clear and convincing evidence" means the measure or degree of proof that will produce in your mind a firm belief or conviction as to the truth of the allegations. It is a degree of proof that is higher than the "preponderance of the evidence" that applies to all other issues in this case.

**SOURCE:**   The definition of "clear and convincing evidence" is drawn directly from TEX. CIV. PRAC. & REM. CODE § 41.001(2). The second sentence is for purposes of clarification and to avoid confusion with the "preponderance of the evidence" burden of proof, which applies to all other questions submitted to the jury.

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY Defendant. | § § § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 3
### (to accompany question on liability for exemplary damages)

In determining whether to award exemplary damages, you may consider only that conduct by Ford, if any, that you find caused the plaintiffs' specific injuries in this case.

**SOURCE:**    TEX. CIV. PRAC. & REM. CODE § 41.004(b) ("A claimant may only recover exemplary damages . . . if the claimant establishes by clear and convincing evidence that *the harm with respect to which the claimant seeks recovery* of exemplary damages results from malice . . .*")*. This instruction is required because the consideration of alleged harms lacking any nexus to the plaintiff's specific injuries has constitutional implications. *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1523 (2003) (". . . conduct must have a nexus to the specific harm suffered by the plaintiff . . . [A] defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business.").

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 4
### (to accompany definitions of "malice" or "gross negligence")

Determining whether an act or omission involves extreme risk or peril requires an examination of the events and circumstances from the viewpoint of the defendant at the time the product was originally sold, and without viewing the matter in hindsight.

**SOURCE:** *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994); *Nissan Motor Company v. Armstrong,* 145 S.W.3d 131 (Tex. 2004). Unlike the liability questions, the gross negligence or malice exemplary damage question fails to make clear that events may not be viewed in hindsight.

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
|       Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
|       Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 5
### (to accompany question on the amount of any exemplary damages)

The legal justification for punitive damages is similar to that of criminal punishment. You may award exemplary damages only if you find, in accordance with the Court's instructions, that Ford engaged in conduct so reprehensible to warrant punitive damages, and then only in an amount necessary to achieve punishment and deterrence.

**SOURCE:**   Under Texas statutory law, the trier of fact must be instructed on the definition and purposes of punitive damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.010(a). This instruction is couched in language consistent with the recent holdings of the U. S. Supreme Court. *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1523 (2003) ("To the extent an award is grossly excessive, it furthers no legitimate purpose and constitutes an arbitrary deprivation of property."). This instruction further reflects the constraints on Texas courts *and juries*. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994) ("Our duty in civil cases, then, like the duty of criminal courts, is to ensure that defendants who deserve to be punished in fact receive an appropriate level of punishment, while at the same time preventing punishment that is excessive or otherwise erroneous.").

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


                    _____
                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 6
### (to accompany question on liability for exemplary damages)

Exemplary damages are not intended to compensate the plaintiffs. The typical remedy in a civil case is an award of damages sufficient to compensate the injured plaintiffs. The plaintiffs do not have any right or entitlement to an award of exemplary damages. Punitive damages have an altogether different purpose.

**SOURCE:** *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 n.7 (Tex. 1994)("'It is generally agreed that punitive damages are a windfall to the plaintiff and not a matter of right....'" *quoting* W. Page Keeton, et. al., PROSSER AND KEETON ON THE LAW OF TORTS, § 2 at 14 (5th ed. 1984)); *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1523 (2003) (". . . punitive damages should only be awarded if the defendant's culpability after having paid compensatory damages is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deference."). The Court is required to give those instructions necessary for the jury to properly render its verdict. TEX. R. CIV. P. 277. For the jury to render its verdict, the jury must understand that any punitive damage award is not intended as compensation.

GIVEN_____         GIVEN AS MODIFIED_____         REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 7
### (to accompany question on liability for exemplary damages in a design defect case)

A mere finding that a defendant's product contained a design defect that rendered the product unreasonably dangerous does not alone establish that the defendant's conduct in designing and distributing that product involved an extreme degree of risk. The threshold for finding an extreme degree of risk is significantly higher than the threshold for finding a product unreasonably dangerous.

**SOURCE:**    Current Texas Pattern Jury Charge instructions on punitive damages *do not meet* the higher standard of care set by *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1523 (2003) ("Vague instructions or those that merely inform the jury to avoid passion or prejudice . . . do little to aid the decisionmaker in its task of assigning appropriate weight to evidence that is relevant and evidence that is tangential or only inflammatory.") This instruction is a modification and implementation of TEX. CIV. PRAC. & REM. CODE § 41.003(a), (b), and TEX. CIV. PRAC. & REM. CODE § 41.012, in the context of product liability lawsuits. Punitive damages are permitted only in exceptional cases. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994) ("Every tort involves conduct that the law considers wrong, but punitive damages are proper only in the most exceptional cases."). Under the Texas Pattern Jury Charge, the jury is not given any guidance in determining the critical threshold separating product liability from conduct subject to punishment. That guidance is necessary for the jury to properly render a punitive damage verdict. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, n. 14, 22 (Tex. 1994) ("The justification issue is essential for both courts and juries in determining whether a defendant was grossly negligent . . . only if the defendant's act or omission is unjustifiable and likely to cause serious harm can it be grossly negligent.").

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 8
### (to accompany question on liability for exemplary damages in a design defect case)

In determining whether the defendant's conduct created an extreme degree of risk, you must consider the probability of harm created by the product's design, the magnitude of the potential harm, and the benefits provided by the product's design. Exemplary damages are not appropriate unless the risk of harm created by the design was so extreme compared to the benefits of the design that reasonable people could not disagree that the product was defective. If reasonable people could conclude that the risk was justified by the benefits, exemplary damages are not appropriate.

**SOURCE:**    All products involve some risk of injury. The fact that a jury finds that a manufacturer should have adopted a different design, for example, and that the manufacturer's chosen design was "unreasonably dangerous," justifies an award of compensatory damages and nothing more. Only when accompanied by malicious, intentional, fraudulent or grossly negligent conduct does the manufacturer's conduct justify punitive damages. David G. Owen, *Problems in Assessing Punitive Damages Against Manufacturers of Defective Products*, 49 U. CHI. L. REV. 1, 38 (1982) ("[Punitive] damages usually will not be appropriate unless the product was very defective, and plainly so, at the time it was sold. A plaintiff usually should be entitled to a directed verdict on defectiveness, or close thereto, before the punitive damages issue is properly before the jury at all."); *cf. Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994) ("Evidence that merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith."). To prove bad faith in the context of an insurance bad faith case, the insured must prove that the insurer had no reasonable basis for denying or delaying payment of the claim, and that it knew or should have known that fact. *Id.* at 18. But then the bad faith of the insurer justifies an award of compensatory damages and nothing more. *Id.* Only when accompanied by malicious, intentional, fraudulent or grossly negligent conduct does bad faith justify punitive damages. The same reasoning should apply to product liability cases. *Id.* ("It is important to maintain the distinction between punishment and compensation in the context of bad faith *as it is in the remainder of tort law*." (Emphasis added).)

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORDS REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 8A
### (to accompany question on liability for exemplary
### damages in the event 8 is not given in a design defect case)

You may award exemplary damages only if you find by clear and convincing evidence that the product design chosen by defendant created a risk of harm that was known to the defendant at the time of manufacture and that so greatly and flagrantly exceeded the benefits of the design that the defendant had no arguably legitimate justification for designing the product as it did and could not in good faith have believed that the overall benefits of the design outweighed the risks of the design.

**SOURCE:**    *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994)( In an insurance bad faith case, "Even if the insurer has 'no reasonable basis' to deny or delay payment of the claim, the plaintiff may not recover punitive damages on that basis alone.") The same reasoning applies in product cases. A product is not "unreasonably dangerous" simply because there is a "safer alternative design." *Hernandez v. Tokai Corp.*, 2 S.W.3d 251 (Tex. 1999). That determination is still made under a risk-utility test. Hence, exemplary damages are appropriate in a product case only when no reasonable person could find that the manufacturer's risk-utility balancing was done in good faith. Mere negligence or mistake or second-guessing does not rise to the level of "malice." *Cf.* TEX. CIV. PRAC. & REM. CODE § 41.003(b).

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
|       Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
|       Defendant. | § | |

## REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 9
### (to accompany question on liability for exemplary damages in a design defect case)

In determining whether the defendant's conduct involved an extreme degree of risk, and in determining whether the defendant proceeded in conscious indifference to the rights, safety or welfare of the plaintiffs, you may consider both the conduct of other manufacturers in the defendant's industry in designing or distributing products similar to the defendant's product, and regulations and decisions of governmental entities whose purpose as defined by law is to protect the public through regulation of these same products. Exemplary damages generally are not appropriate when a manufacturer has designed its product to meet or exceed applicable government standards or has complied with industry custom and practice.

**SOURCE:**    *American Cyanamid Co. v. Roy*, 498 So.2d 859 (Fla. 1986) ("While we agree with the district court that compliance with industry guidelines should not be taken as conclusive evidence bearing on the question of a corporation's negligence, such information may certainly bear on whether a party's behavior represents such an extreme departure from accepted standards of care as to justify punitive damages."); *Nigro v. Remington Arms Co., Inc.*, 432 Pa. Super. 60, 637 A.2d 983 (1993) ("Compliance with industry standard and custom tends to support the defense that Remington acted with a nonculpable state of mind, and would negate an inference of wanton indifference to rights of others."); *Reed v. Tiffin Motor Homes, Inc.*, 697 F.2d 1192, 1198 (4th Cir. 1982) (whether defendant followed industry standards and complied with the state of art while designing product is probative on the issue of wantonness, willfulness and maliciousness of defendant's acts).

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
|      Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
|      Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 10
### (to accompany questions on liability for exemplary damages)

In determining whether the defendant was subjectively aware of an extreme degree of risk and acted in conscious indifference to it, it must be shown by clear and convincing evidence that a "vice-principal" of Ford Motor Company had the necessary knowledge and acted with the required mental state.

A "vice-principal" of a corporation is a person who has the authority to hire discharge, and direct employees of the corporation or who has the authority to manage the entire corporation or a department of its business.

In making these determinations, it is not sufficient to find that the collective knowledge of different vice-principals or employees, when combined, would provide the knowledge necessary to award exemplary damages. Rather, you must find that at least one specific individual Ford vice-principal had actual subjective awareness of the risk, subjectively believed the risk was extreme and unjustifiable, but nevertheless proceeded to approve or ratify the sale of the product.

**SOURCE:**  *See* Texas PJC  7.14A-714B, 7.14- 7.15; *Wal-Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 530 (Tex. Ct. App. 1996) ("In the absence of proof of ratification the punitive damage award can not be sustained unless there be evidence that the [employee] was employed in a managerial capacity. . ."); *Rainbow Express, Inc., v. Unkenholz*, 780 S.W.2d 427, 432 (Tex. Ct. App. 1989) (holding that "[i]n order to impose [punitive] damages on a corporation for the acts of its agent, there must be evidence not only that the actor was an employee, but also that the agent was employed in a managerial capacity or that the agent was performing an act authorized by the principal or managerial agent or that the principal ratified or approved the act of the agent," and describing a "vice-principal" as one "with the right to direct and discharge servants"). *See generally* Restatement (Second) of Torts § 909; *see also generally Kolstad v. American Dental Assn.*, 527 U.S. 526 (1999).

The notion of "collective scienter" or "collective knowledge" as a basis for imposing liability on a corporation has been rejected. *See, e.g., Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397 (Tex. 1934) ("Under Texas law, only the acts of a vice principal or an agent whose acts have been ratified or expressly authorized can subject a corporate defendant to exemplary damages"); *Southwestern Bell Tel. Co. v. Reeves*, 578 S.W.2d 795 (Tex. Civ. App. -- Houston [1st Dist.] 1979, *reh'g denied*) (reversing award of punitive damages and observing that plaintiff "did not identify any company employee whose conduct should give rise to recovery of exemplary damages"); *Arazie v. Mullane*, 2 F.3d 1456, 1467 (7th Cir. 1993) (rejecting an attempt to plead scienter based on internal memo showing $3.5 million cash flow shortfall where plaintiffs failed to allege facts showing which officers reviewed the projections); *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 539-40 (3d Cir. 1999)("[A]llegations that a securities-fraud defendant, because of his position within the company, 'must have known' a statement was false . . . are 'precisely the types of inferences which [courts], on numerous occasions, have determined to be inadequate.'") (internal quotations omitted); *see also Fontenot v. Fina Oil & Chemical Co.*, 772 F. Supp. 950, 952 (E.D. Tex. 1992) (rejecting employee's claims that successive defendant employers engaged in an "interlocked series of transactions" and holding that "evidence will have to be introduced as to each defendant's knowledge and actions. . . . A successor owner's actions cannot automatically be said to 'interlock' with the actions of the predecessor owner.")

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

**FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 11**
**(to accompany question on amount of exemplary damage award)**

In determining the proper amount of exemplary damages, you may not consider Ford's wealth or size.

**SOURCE:**    A defendant's wealth bears no relation to an award's reasonableness or proportionality to the harm. To ameliorate due process concerns associated with quasi-criminal awards, the jury must be aided in "its task of assigning appropriate weight to evidence that is relevant and evidence that a tangential or only inflammatory." *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1523 (2003), the Utah Supreme Court "sought to justify the massive award by pointing to . . . State Farm's enormous wealth." The argument was rejected, for the same reasons raised by Ford in this litigation -- a defendant's wealth bears no relation to the harm to the plaintiffs in this case. "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damage award." *Id., citing BMW of North America, Inc. v. Gore*, 517 U.S. 559, 585 (1996). Notably, none of the three guideposts for reviewing punitive damage awards mentions wealth. *See BMW of North America, Inc. v. Gore*, 517 U.S. 555, (1996). Even more problematic is the fact that wealth and/or net worth information inherently invites improper consideration of a defendant's lawful conduct in other states. As a general rule, a state lacks any legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the state's jurisdiction. *Id.* at 583 ("each State has ample power to protect its own consumers, [and] none may use the punitive damages deterrent as a means of imposing its regulatory policies on the entire nation."); *see also White v. Ford*, 312 F.3d 998 (9th Cir. 2002) (under *BMW*, "we may not, as a matter of federal law, permit one state to punish . . . nationwide manufacturers for their conduct - actual or hypothetical - in other states."). The U.S. Supreme Court has admonished that trial courts must "ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." *Id.* Wealth is by nature unrelated to the harm any plaintiff has suffered. Evidence of wealth is instead inflammatory inviting the jury to improperly use their verdict to express biases against big businesses. *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994) ("O'Conner, J., dissenting); *see also State Farm Mut.*

*Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1523 (2003) ("A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business.")

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 12
### (to accompany question on amount of exemplary damage award)

You may not award any punitive damages for the purpose of punishing defendant for the sale of vehicles in other states, for any injuries which may have occurred in other states, or for the purpose of changing defendant's conduct in other states.

**SOURCE:**    *State Farm Mutual Automobile Ins. Co. v. Campbell,* 538 U.S. 408 (2003) ("A State cannot punish a defendant for conduct that *may* have been lawful where it occurred); "A jury must be instructed...that it may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred."; "Nor, as a general rule, does a State have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction.")(emphasis added); *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 672 (1996) ("[A] State may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' lawful conduct in other states."); *White v. Ford Motor Co.,* 312 F.3d 998 (9th Cir. 2002) (motion for rehearing pending)("The district court's refusal to limit the jury to consideration of Nevada's interests, combined with the plaintiffs' lawyers exhortations to let the decision resonate 'across the country,' compels us to conclude that the jury here was permitted to engage in 'a due process violation of the most basic sort' when it arrived at its punitive damages award."

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 13
### (to accompany question on amount of exemplary damage award)

Ordinarily, it constitutes sufficient punishment and deterrence to deprive a corporate defendant of the monetary gain realized from the wrongful conduct of its employees. Therefore, if you decide to award exemplary damages in this case, the maximum amount you may award is the amount of money saved by the defendant by not utilizing the alternative design proposed by plaintiffs in the product involved in this case, minus the amount of compensatory damages you have awarded.

**SOURCE:**    *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) (harm caused by tortious conduct not measured in terms of anticipated "gross profits" or a company's entire sales volume for a five year period). Current Texas Pattern Jury Charge forms fail to guide the jury's discretion in awarding punitive damages, a problem of constitutional magnitude. *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1523 (2003) ("Jury instructions typically leave the jury with wide discretion in choosing amounts" creating "an acute danger of arbitrary deprivation of property," *quoting in part Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994)). The nexus between punitive damages and criminal penalties requires more, not less instruction to the jury. Although these awards serve the same purposes as criminal penalties, defendants subjected to punitive damages in civil cases have not been accorded the protections applicable in a criminal proceeding. *See generally State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1523 (2003); *BMW of North America, Inc. v. Gore,* 116 S. Ct. 1589 (1996); *Uniform Law Commissioners' Model Punitive Damages Act,* § 6(c) (Approval Draft, July 1996); American Law Institute, *Reporters' Study: Enterprise Responsibility for Personal Injury,* Vol. II at 254 (1991); Malcolm E. Wheeler, *A Proposal for Further Common Law Development of the Use of Punitive Damages in Modern Product Liability Litigation,* 40 ALA. L. REV. 919, 947 (1989).

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY | § | |
| PAYAN, AND ENRIQUE ROBERTO | § | |
| PAYAN | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 14

Any individuals other than the plaintiffs who might claim to have been harmed by the defendant have the right to bring their own lawsuit seeking compensatory and punitive damages for the wrong, if any done to them. Therefore, if you decide to impose punitive damages, you may not impose punitive damages for the purpose of punishing the defendant for any wrong except the wrong done to the plaintiffs in this case.

**SOURCE:**   *State Farm Mutual Automobile Ins. Co. v. Campbell,* 538 U.S. 408 (2003) ("Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis.... Punishment on these bases creates the possibility of multiple punitive damages awards for the same conduct; for in the usual case nonparties are not bound by the judgment some other plaintiff obtains.").

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 15

You may not award punitive damages merely because defendant's employees and vice-principals considered cost in designing the product. A responsible manufacturer must consider the costs in designing products that are affordable to the anticipated users of its products. Nor may you award punitive damages simply because the defendant balanced the risk of harm against other factors (including for example, cost, convenience, and esthetics) that affect the utility, usefulness, practicality or desirability of the product to users and consumers.

**SOURCE:**    *Caterpillar, Inc. v. Shears,* 911 S.W.2d 379 (Tex. 1995)("We evaluate whether a product has a design defect in light of the economic and scientific feasibility of safer alternatives…. Texas law does not require a manufacturer to destroy the utility of his product in order to make it safe."); *Boatland of Houston, Inc. v. Bailey,* 609 S.W.2d 743, 746 n. 2 (Tex. 1980) ("a number of evidentiary factors may be considered in determining whether a product's design is defective. The product's usefulness and desirability, the likelihood and gravity of injury from its use, [and] the ability to eliminate the risk without seriously increasing the product's usefulness or cost…are some of these factors."). Restatement (Third) of Torts: Products Liability, § 2, comment f at 23 ("[T]he likely effects of the alternative design on production costs; the effects of the alternative design on product longevity, maintenance, repair, and esthetics; and the range of consumer choice among products are factors that may be taken into account…. [E]vidence of the magnitude and probability of foreseeable harm may be offset by evidence that the proposed alternative design would reduce the efficiency and the utility of the product.").

GIVEN_____         GIVEN AS MODIFIED_____         REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-120 |
| | § | |
| FORD MOTOR COMPANY | § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 16

The purpose of compensatory damages is to compensate the plaintiffs and to make them whole. However, a substantial award of compensatory damages also has the effect of punishing and deterring misconduct. Therefore, in determining the amount of punitive damages necessary for appropriate punishment and deterrence, you must consider the punishment and deterrent effect associated with an award of compensatory damages alone.

**SOURCE:** *Moriel,* 879 S.W.2d at 26 ("Not only does the prospect of being sued and having to defend oneself have a deterrent effect in most circumstances, but the threat of compensatory damages also serves as a deterrent, even for such "repeat-players" in litigation as insurance companies."); *State Farm Ins. Co. v. Campbell,* Slip Op. at 16 (U.S. 2003)("Compensatory damages, however, already contain this punitive element."); *Prosser and Keeton on Torts* § 4 at 25-26 (one reason for imposing tort liability is to provide incentive to avoid future harm; this "idea of prevention shades into punishment of the offender").

GIVEN_____         GIVEN AS MODIFIED_____         REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 17

Any amount of punitive damages you award must bear a reasonable relationship to the harm caused to the plaintiffs. In cases such as this, where compensatory damages are substantial, a punitive damages award equal to the compensatory award can reach the outermost limit permitted by law, although a lesser amount may be appropriate based upon the other factors I have identified for you.

**SOURCE:** *State Farm*, Slip op. at 15 ("When compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee."); *BMW of North America,* 517 U.S. at 580-581 ("The principle that exemplary damages must bear a 'reasonable relationship' to compensatory damages has a long pedigree. . . . Our decisions in both Haslip and TXO endorsed the proposition that a comparison between the compensatory award and the punitive award is significant.").

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 18
### (to immediately precede any question concerning liability for exemplary damages)

Answer Question No. _____ regarding Ford Motor Company only if you unanimously answered "Yes" to Question[s] _____ regarding Ford Motor Company. Otherwise, do not answer Question No. _____ regarding Ford Motor Company.

You are instructed that in order to answer "Yes" to Question No. _____, your answer must be unanimous. Otherwise, you must not answer Question No. _____.

**SOURCE:** TEX. CIV. PRAC. & REM. CODE § 41.003(d) and (e); TEX. R. CIV. P. 226a ("Before closing arguments begin, the Court must give to each member of the jury a copy of the charge, *which must include the following written instructions,* with such modifications as the circumstances of the particular case may require")(emphasis added).

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY | § § | |
| Defendant. | § | |

## FORD'S REQUESTED EXEMPLARY DAMAGES INSTRUCTION NO. 19
### (to immediately precede any question concerning
### the amount of exemplary damages to be awarded)

Answer Question No. _____ regarding Ford Motor Company only if you unanimously answered "Yes" to Question No. _____ regarding Ford Motor Company. Otherwise, do not answer Question No. _____ regarding Ford Motor Company.

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

**SOURCE:** TEX. CIV. PRAC. & REM. CODE § 41.003(d) and (e); TEX. R. CIV. P. 226a ("Before closing arguments begin, the Court must give to each member of the jury a copy of the charge, *which must include the following written instructions,* with such modifications as the circumstances of the particular case may require")(emphasis added).

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE