United States District Court
Southern District of Texas
ENTERED

SEP 2 6 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO,<br>SALLY PAYAN, AND<br>ENRIQUE ROBERTO PAYAN | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR CO., AND<br>AUTOMOTRIZ DEL NORESTE, S.A.<br>DE C.V. | § § § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED that on September 26, 2005, the Court **DENIED** the Plaintiffs' Motion for Leave to Take Depositions of Fact/Ford Employee Depositions. Dkt. No. 106.

I.     **Background**

*A. Factual*

The uncontroverted facts show that on January 11, 2003 an accident occurred involving a 2000 Ford Explorer ("Explorer"). Dkt. No. 96, at 2.   Jean Margaret Elizabeth Reynoso de Payan was the driver and Sally Payan was a passenger in the Explorer at the time of the accident. *Id.* Isabel Ennis Reynoso is the mother of Susana Reynoso and Jean Margaret Elizabeth Reynoso de Payan, known to her family as Betty Payan. *Id.* Plaintiffs are Betty Payan's daughter, Sally Payan; her son, Enrique Roberto Payan; and Betty Reynoso. *Id.* at 2-3. Betty Reynoso died after this lawsuit was filed from causes unrelated to this case. *Id.* at 3.

On January 11, 2003, Sally and Betty Payan traveled from Matamoros to

1

Monterrey for a medical appointment, lunch, and some shopping. *Id.* Sally Payan was sleeping while her mother drove. *Id.* Approximately 45 minutes into the return trip in the rain, the vehicle swerved to the left, crossed the center median, rolled over, and ended up on its roof on the opposite side of the highway. *Id.* Sally Payan sustained very minor injuries and was able to extricate herself from the vehicle. *Id.* Betty Payan was injured and stuck inside the vehicle. *Id.*

Betty Payan received medical care in several locations before she died approximately 30 days after the accident. *Id.* Less than half an hour after the accident, an ambulance arrived and transported her to a clinic in China, Nuevo Leon. *Id.* From there, she was transported by ambulance to McAllen and then to Harlingen for surgery. *Id.* After the surgery, Betty Payan traveled to Houston for physical therapy and treatment at Texas Institute of Rehabilitation and Research ("TIRR") and Hermann Memorial Hospital, where she died. *Id.*

### B. Procedural

Plaintiffs proffer and title the motion presently before the Court as a request for leave to take depositions of a number of Defendant's witnesses. Dkt. No. 106, at 1. In reality, Plaintiffs request an extension of the discovery deadline set by this Court. Plaintiffs are forced to concede this in their motion: "Plaintiffs . . . moves [sic] this Court for an extension of the discovery deadline." *Id.* This opposed motion presents this Court with a seventh proposed scheduling order.

This case came to this Court by a Notice of Removal filed July 2, 2003. Dkt. No. 1. The initial pretrial and scheduling conference was ordered for September 15, 2003. Dkt. No. 3. The conference was held, and a subsequent scheduling order was entered on October 15, 2003. Dkt. No. 16. In that order, discovery was to be completed by March 31, 2004, and docket call was set for September 2, 2004. *Id.* The scheduling order was amended on April 6, 2004 at the request of the parties. Dkt. No. 19. The discovery deadline was re-set for October 22, 2004 and docket call was set for March 3, 2005. *Id.* The scheduling order was further modified four times at the request of the parties, on June 24, 2004; August, 25, 2005; March 1, 2005; and June 16, 2005. Dkt. Nos. 22, 25, 32, 78. The final discovery deadline was provided in the order of March 1

2

as April 1, 2005. Dkt. No. 32. The final docket call date was set in the order of June 16 as September 28, 2005. Dkt. No. 78. Additionally, the Court stated in the order of March 1 that "[u]nless extreme circumstances arise, the Court will not amend the scheduling order again." Dkt. No. 32. Plaintiffs now request an additional modification of the scheduling order by way of an extension of the discovery deadline.

## II.    Discussion

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b).

As a preliminary matter, "[t]he 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton Crain, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In this case, Plaintiffs present three reasons which they contend form bases for establishing good cause. Dkt. No. 106, at 1-2. First, Plaintiffs rely on the parties' cancellation of the previous scheduling of these depositions. Id. at 1. Second, Plaintiffs proffer the deponents' physical presence in China, Nuevo Leon, Mexico and the "*possible* difficulties" of bringing them to the United States as a reason for amending the scheduled discovered deadline. Id. at 1-2. Finally, Plaintiffs request leave to depose two witnesses designated as possible and/or rebuttal witnesses by the

3

Defendant. *Id*. at 2. The Court will address each of these possible bases in turn.

Plaintiffs first assert the cancellation of the times previously set for these depositions as a basis for extending the discovery deadline. The Court first notes that Plaintiffs have provided no additional allegations regarding these depositions. Plaintiffs fail to provide any reasons (1) why these depositions were not taken at an earlier time, prior to the discovery deadline; (2) why the originally scheduled times for these depositions were cancelled; or (3) why they did not request leave for an extension earlier than five days prior to docket call and well after the close of discovery. Without the reasons behind any of these failures by the Plaintiffs, this Court cannot find that Plaintiffs acted with diligence and therefore cannot find good cause for extending the discovery deadline on this basis. *See* Alwood v. Steuben County Sheriff Dep't, 2005 U.S. Dist. LEXIS 19161, *3 (N.D. Ind. 2005) (finding no good cause when the defendant had not explained why the deposition was not conducted during the five months allotted for discovery); *Alton Crain*, 2005 U.S. Dist. LEXIS at *5 (finding that "past scheduling difficulties and the fact that many of the witnesses identified by plaintiff reside out of town" was insufficient to establish good cause when the defendant had not explained why depositions had not been conducted earlier); *Jones*, 2005 U.S. Dist. LEXIS at *7-*8 (finding that mutual agreement to adjourn a deposition did not provide good cause for extending the deadline to file dispositive motions).

Plaintiffs next contend that an extension of the discovery deadline is warranted because the deponents are physically located in Mexico. Dkt. No. 106, at 1. However, Plaintiffs still fail to provide any reason why these depositions were not conducted earlier. Plaintiffs are unable to even proffer a concrete allegation that there will be difficulties presented by the deponents' physical location. *Id*. at 1-2. Plaintiffs allege that difficulties are "possible." *Id*. at 1. Furthermore, this language is in the future tense. At a minimum, Plaintiffs should have attempted to conduct these depositions prior to the close of discovery. Assertions in the future tense imply that Plaintiffs have not even attempted to depose these witnesses. Perhaps more importantly, another Court has already held that the fact that witnesses live out of town did not establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *5. Thus, this Court finds that

4

264navigation

the potential difficulties presented by depositions which should already be completed do not provide a basis for granting the Plaintiffs' motion.

Finally, Plaintiffs request leave to depose two Ford employees designated as potential or rebuttal witnesses. Dkt. No. 106, at 2. Again, Plaintiffs fail to provide any additional allegations regarding this basis. Plaintiffs fail to state why these witnesses were not deposed earlier or why they failed to request an extension of the deadline sooner. Thus, the Court finds that the designation of these witnesses does not provide good cause for amending the scheduling order.

Moreover, the Court observes that Rule 16 requires *both* a showing of good cause *and* "leave of the district judge." Fed. R. Civ. P. 16(b). In this case, the Court has previously stated that "[u]nless extreme circumstances arise, the Court will not amend the scheduling order again." Dkt. No. 32. The Court finds that Plaintiffs have provided no assertions of extreme circumstances. Therefore, this Court will not give leave to amend the scheduling order.

Thus, the Court finds that there is no good cause for extension of the discovery deadline and that there is no adequate basis for granting leave. Thus, the motion must be denied.

## III.    Conclusion

For the foregoing reasons, the Court **DENIED** the Plaintiffs' Motion for Leave to Take Depositions of Fact/Ford Employee Depositions.

DONE at Brownsville, Texas, this 26th day of September 2005.

Hilda G. Tagle
United States District Judge