IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY, et al. | § § | |
| Defendants. | § § | |

### DEFENDANT FORD MOTOR COMPANY'S OPPOSED MOTION TO EXCLUDE UNDISCLOSED FACT AND EXPERT WITNESSES

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Ford Motor Company hereby moves to exclude certain fact witnesses (namely, Estella Filizola, Elsa Ybarra, Claudia Sandoval, Irv Downing, Tom Flory, and Ricardo Filizola) and an expert witness (Mary Church) from testifying at trial because these witnesses were never disclosed and are now listed by Plaintiffs in Plaintiffs' witness lists, which were filed as part of the Pretrial Order and Amended Pretrial Order in this action less than thirty (30) days before trial.

This motion to exclude is supported by the following Memorandum of Points and Authorities and exhibits attached thereto.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

   A.  **Plaintiffs never disclosed fact witnesses identified in their witness lists.**

This action was filed by Plaintiffs on May 28, 2003. Shortly thereafter, Ford served its First Set of Requests for Production and Interrogatories and its First Requests for Disclosure on

Plaintiffs. The action was then timely removed. Plaintiffs responded to Ford's written discovery on October 16, 2003. (Relevant portions of Plaintiffs' responses are attached at Exhibit A).

Ford's Interrogatory Number 6 specifically requested: "Please identify each person you expect to call to testify at the trial of this case pursuant to TRCP 192.3(d)." Ford's Requests and Plaintiffs' Responses, Exhibit A. Plaintiffs responded to this interrogatory on October 16, 2003, stating, "Plaintiff will supplement." *Id.* Similarly, Ford's Request for Disclosure E specifically requested: "The name, address, and telephone number, of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case." *Id.* In response to this request, on October 16, 2003, Plaintiff stated, "Plaintiff will supplement at a later date." *Id.*

The last day to complete discovery in this matter was April 1, 2005. *See* Court's March 1, 2005 Order. By written agreement, the parties extended the discovery completion deadline to June 1, 2005 (Exhibit B). However, Plaintiffs have never supplemented their responses to the interrogatory and request for disclosure noted above. In addition, despite requests from Ford, Plaintiffs have never provided an Initial Disclosure Statement and they have never provided any supplemental disclosures as required by Rule 26, Fed.R.Civ.P. *See* June 7, 2005 Letter to T. Martinez, copy attached as Exhibit C.

Trial in this matter is set to begin on October 12, 2005 (*See* Court's June 16, 2005 Amended Scheduling Order) and Plaintiffs finally provided a witness list, which was filed on September 13, 2005 as part of the Joint Pretrial Order. *See* Plaintiffs' Witness List, copy attached as Exhibit D. A second, amended, witness list was filed by Plaintiffs on September 26, 2005, as part of the Amended Joint Pretrial Order. *See* Plaintiffs' Amended Witness List, copy attached as

Doc ID FORD-122458
08423-071

Exhibit E. Plaintiffs' amended witness list identifies the same witnesses as their first witness list along with the investigating officers and Ricardo Filizola.

Despite the fact that their witness lists were filed less than thirty (30) days prior to trial and well after the discovery deadline, Plaintiffs listed new fact witnesses who were never disclosed. These witnesses are: Estella Filizola, Elsa Ybarra, Claudia Sandoval, Irv Downing, Tom Flory, and Ricardo Filizola. *See* Plaintiffs' Witness Lists, Exhibits D and E.

B.  **Plaintiffs never disclosed Mary Church as a lay or expert witness.**

Plaintiffs' witness lists describe Mary Church as a witness who will testify regarding a: "review and explanation of injuries and procedures Mrs. Payan endured based on medical records." Ms. Church was never disclosed as a lay or expert witness in this case, until the witness list was filed on September 13, 2005. Moreover, based on Plaintiffs' description, Ms. Church's testimony is based on scientific, technical, or other specialized knowledge. She is therefore presented as an expert witness, who must qualify under Rule 702, Fed.R.Evid. However, the deadline for Plaintiffs' designation of expert witnesses was August 30, 2004 (*See* Court's June 24, 2005 Scheduling Order) and Plaintiffs never designated Ms. Church as an expert. *See* Plaintiffs' Expert Designation, copy attached as Exhibit F. Further, Ford's Requests for Disclosure F specifically requested an identification of Plaintiffs' testifying experts, but Plaintiffs never identified Ms. Church in response to this request. *See* Ford's Requests and Plaintiffs' Responses, Exhibit A. To date, Plaintiffs have never disclosed the basis of Ms. Church's opinions and they have never disclosed Ms. Church's qualifications to testify on the topics upon which she opines.

Doc ID FORD-122458
08423-071

## II. THE UNDISCLOSED WITNESSES MUST BE EXCLUDED FROM TRIAL.

Pursuant to Rules 26(a)(1)(A) and 26(a)(2), Fed.R.Civ.P., parties must disclose the names of potential fact and expert witnesses before trial. Rule 37(c)(1), Fed.R.Civ.P., provides that a party, who without substantial justification, fails to disclose information required by Rule 26(a) or to amend a prior response to discovery is not, unless such failure is harmless, permitted to use as evidence at trial any information or witnesses not so disclosed.

In the present case, Plaintiffs failed to amend responses to discovery requests that, for over two years, specifically requested disclosure of fact and expert witnesses. Plaintiffs now attempt to interject these witnesses on the eve of trial, months after expiration of applicable discovery deadlines and over a year after expiration of the deadline for the designation of expert witnesses. There is no substantial justification for Plaintiffs' failure to properly disclose these witnesses. Moreover, Ford has been substantially prejudiced in its ability to prepare for trial through depositions of these witnesses and other discovery. Accordingly, pursuant to Rules 26 and 37, Fed.R.Civ.P., Plaintiffs must not be permitted to use the testimony of the undisclosed witnesses at trial.

## III. CONCLUSION.

For the foregoing reasons, the testimony of the undisclosed witnesses first identified in Plaintiffs' witness lists filed with the Pretrial Order and Amended Pretrial Order must excluded. The witnesses are Estella Filizola, Elsa Ybarra, Claudia Sandoval, Irv Downing, Tom Flory, Ricardo Filizola, and Mary Church.

Doc ID FORD-122458
08423-071

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
William L. Mennucci, Esq.
State Bar No. 00788042
Michael W. Eady, Esq.
State Bar No. 06332400

701 Brazos Street
Suite 1500 Austin Centre
(512) 708-8200 Telephone
(512) 708-8777 Fax

-and-

Amy M. Samberg, Esq.
Matthew A. Goldstein, Esq.
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, AZ 85701-1630
(520) 882-1200

Timothy O'Neill
SNELL & WILMER L.L.P.
1200 Seventeenth Street
Suite 1900, Tabor Center
Denver, Colorado 80202
TEL: 303.634.2000
FAX: 303.634.2020

David Prichard
Prichard, Hawkins McFarland & Young, L.L.P.
10101 Reunion Place
Suite 600
San Antonio, TX 78216
TEL: (210) 477-7401
FAX: (210) 477-7450

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

Doc ID FORD-122458
08423-071

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 26, 2005, I conferred via telephone with Plaintiffs' counsel Tony Martinez and was told that any Ford motion filed after September 26, 2005 would be opposed by Plaintiffs. Therefore, Ford submits this Motion to Exclude as opposed.

_____
William L. Mennucci

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the foregoing has been served on all counsel of record via facsimile on this 27TH day of September, 2005:

Tony Martinez, Esq.
Martinez, Barrera & Martinez, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

Randolph Kimble Whittington, Esq.
Law Office of Randolph Kimble Whittington
2014 East Harrison Street
Harlingten, Texas 78550

Carla Saenz, Esq.
GRIFFITH SAENZ & HILL
1325 Palm Blvd # A
Brownsville, Texas 78520
(956) 541-2864 Telephone

**Attorneys for Plaintiffs**

_____
William L. Mennucci

Doc ID FORD-122458
08423-071