IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. B-03-120 |
| FORD MOTOR COMPANY, et al. | § § | |
| Defendants. | § § | |

## DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS OF THE ESTATE OF ISABEL ENNIS REYNOSO

TO THE HONORABLE DISTRICT COURT:

Defendant Ford Motor Company ("Ford") files this motion for partial summary judgment on the claims of Plaintiff Isabel Ennis Reynoso (and her Estate and its representative, Susanna Reynoso) on the grounds that these parties have no remaining actionable claims for relief because of the May 3, 2005 death of Isabel Ennis Reynoso during the pendency of this suit. In support of this motion, Ford would show as follows:

**I.  Factual and Procedural Background**

This suit is based on the death of Betty Payan in an automobile accident that occurred on January 11, 2003. Plaintiffs' Original Petition was filed in Texas state court on May 28, 2003 (copy attached as <u>Exhibit A</u>), and the case was timely removed to federal court. Plaintiffs' Original Petition is still Plaintiffs' live pleading.

Plaintiff Isabel Ennis Reynoso is the mother of decedent Betty Payan. Isabel Ennis Reynoso's only claims in this case were for the wrongful death of her daughter Betty Payan.[1]

---

[1] *See* Plaintiffs' Original Petition at II ("[t]his is a wrongful death lawsuit...."); III ("[Plaintiffs] bring this suit, individually, on behalf of themselves as persons entitled to recover for the wrongful death of

All damages claimed in this case by Isabel Ennis Reynoso are claimed through the Texas Wrongful Death Act, TEX.CIV.PRAC.& REM. CODE § 71.001—71.012, which is appropriate, as Isabel Ennis Reynoso was not in the vehicle at the time of the accident and she suffered no personal injuries or other damages of any kind other than those related to the death of her daughter.

On September 23, 2005, Plaintiff filed a Suggestion of Death, informing the Court for the first time that Plaintiff Isabel Ennis Reynoso died on May 3, 2005. On September 23, 2005, Plaintiffs also filed their Motion for Substitution of Proper Parties. On September 26, 2005, the Court granted this motion, substituting the Estate of Isabel Ennis Reynoso as the proper party.

## II. Isabel Ennis Reynoso's death extinguishes all of her claims, which are brought through the Texas Wrongful Death Statute, and her estate and representative have no standing to continue to assert them

All of Isabel Ennis Reynoso's claims in this suit arise from the death of her daughter Betty Payan, and flow through the Texas Wrongful Death Act. Texas law is clear that when a wrongful death beneficiary dies, her cause of action for damages arising from the wrongful death of another ceases to exist, and neither her estate nor its representative have standing to continue to pursue the claim. Thus, neither the Estate of Isabel Ennis Reynoso nor its Representative, Susanna Reynoso, have standing to assert the wrongful death claims of Isabel Ennis Reynoso, and those claims must be dismissed.

---

[Betty Payan]. Their claims are, in part, brought pursuant to the Texas Wrongful Death Statutes, the Texas Constitution and the common law."); XI ("ISABEL ENNIS REYNOSO: As a result of the untimely death of Betty Payan, Plaintiff, Isabel Ennis Reynoso has suffered loss, damages, and injury from the death of her daughter, Betty Payan, including loss of love, comfort, companionship, society, care, maintenance, assistance and emotional support, services, advice, counsel and contributions of a pecuniary value that he [sic] would, in all reasonable probability, have received from her daughter during her lifetime had she lived. She has also suffered mental anguish, grief and sorrow as a result of her death. Plaintiff, Isabel Ennis Reynoso, is entitled to recover for all of these damages, past and future, in an amount exceeding the minimum jurisdictional limits of this court.").

*Johnson v. City of Houston*, 813 S.W.2d 227 (Tex.App.—Houston [14th Dist.] 1991, writ denied) is illustrative of this rule. In that case, a widow filed a suit against the City of Houston under both the Texas Wrongful Death Act and the Texas Survival Statute for the death of her husband. 813 S.W.2d at 228. Prior to trial, the widow died, and her heirs were substituted as plaintiffs. *Id.* The City of Houston filed a motion for summary judgment on the basis that the suit did not survive the death of the widow. *Id.* The trial court granted the City's motion for summary judgment. *Id.* In their appeal, the widow's heirs argued that the trial court had erred, because the widow's death did not extinguish her wrongful death claims, but merely provided an "ending date" for determining her damages. *Id.*

The court of appeals affirmed the trial court's order, holding that "it is clear that [the widow's] cause of action for damages arising from the alleged wrongful death of [her husband] ceased to exist when she died." 813 S.W.2d at 230. The court noted that a wrongful death action is "conferred solely by virtue of the wrongful death statute, and exists only for the sole and exclusive benefit of the beneficiaries named in the statute, specifically the surviving spouse, children, and parents of the deceased." *Id.* at 229. The court went on to state that "a cause of action for wrongful death ceases to exist upon the death of the named beneficiary." *Id.* (citing *Carter v. Van Meter*, 495 S.W.2d 583, 586 (Tex.Civ.App.—Dallas 1973, writ dism'd); *Huntington v. Walker's Austex Chili Co.*, 285 S.W.2d 255, 257 (Tex.Civ.App.—Waco 1955, writ ref'd)).

The court of appeals rejected Plaintiffs' claims that the Texas Survival Statute allowed the wrongful death action to survive the widow's death and to be pursued by her heirs, because "the survival statute allows the decedent's estate to recover damages for the personal injuries *which resulted in* the decedent's death." *Id.* (emphasis in original) Again citing *Carter* and

*Huntington*, the court stated that "the survival statute does not . . . . preserve or cause to survive a cause of action for wrongful death." 813 S.W.2d at 230.

In *Coffey v. Johnson*, 142 S.W.3d 414 (Tex.App.—Eastland 2004, n.p.h.), the court of appeals, following the *Johnson, Carter*, and *Huntington* cases, held that a wrongful death claim does not survive the beneficiary's death during the pendency of the wrongful death suit. 142 S.W.3d at 417. The court of appeals explained that there is no common law right in Texas to recover for the wrongful death of another, and the only means for making such a recovery is through the Texas Wrongful Death Act. *Id.* As in *Johnson*, the court held that the Survival Act does not allow an estate, or a representative of the estate, of a wrongful death beneficiary to continue with the wrongful death suit, because the survival statute "is simply a mechanism to prevent a *common-law* cause of action for damages sustained by the decedent from being abated because of the death of the victim or of the tortfeasor." *Id.* (emphasis supplied).

Isabel Ennis Reynoso's claims in this case arise solely from the death of her daughter, Betty Payan, and her claims are brought exclusively through the Texas Wrongful Death Statute, which is a statutory cause of action solely benefiting the children, spouse, and surviving parents of the deceased. Her wrongful death claims alleged in this case did not survive her death on May 3, 2005, and neither her Estate nor its representative, Susanna Reynoso, has standing to continue to assert the claims.

### III.   Conclusion and Prayer.

For the foregoing reasons, Ford respectfully requests that the Court grant partial summary judgment on all claims brought by Isabel Ennis Reynoso, her Estate, and/or the representative of her Estate, Susanna Reynoso, in this case.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
William L. Mennucci, Esq.
State Bar No. 00788042
Michael W. Eady, Esq.
State Bar No. 06332400

701 Brazos Street
Suite 1500 Austin Centre
(512) 708-8200 Telephone
(512) 708-8777 Fax

-and-

Amy M. Samberg, Esq.
Matthew A. Goldstein, Esq.
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, AZ 85701-1630
(520) 882-1200

Timothy O'Neill
SNELL & WILMER L.L.P.
1200 Seventeenth Street
Suite 1900, Tabor Center
Denver, Colorado 80202
TEL: 303.634.2000
FAX: 303.634.2020

David Prichard
Prichard, Hawkins McFarland & Young, L.L.P.
10101 Reunion Place
Suite 600
San Antonio, TX 78216
TEL: (210) 477-7401
FAX: (210) 477-7450

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify by my signature below that a true and correct copy of the foregoing has been served on all counsel of record via facsimile on this 27TH day of September, 2005:

Tony Martinez, Esq.
Martinez, Barrera & Martinez, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

Randolph Kimble Whittington, Esq.
Law Office of Randolph Kimble Whittington
2014 East Harrison Street
Harlingten, Texas 78550

Carla Saenz, Esq.
GRIFFITH SAENZ & HILL
1325 Palm Blvd # A
Brownsville, Texas 78520
(956) 541-2864 Telephone

**Attorneys for Plaintiffs**

_____
William L. Mennucci

FILED
7:50 O'CLOCK PM
RORA DE LA GARZA DIST. CLERK
MAY 28 2003
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

pld

CAUSE NO. 2003-05-2715-E

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | IN THE 357th JUDICIAL |
| VS. | § § § | DISTRICT COURT OF |
| FORD MOTOR COMPANY, USA, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., MEXICO | § § § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Isabel Ennis Reynoso, Sally Payan, and Enrique Payan, complaining of the above-named Defendants, and for cause of action would respectfully show the court as follows:

I.

### DISCOVERY LEVEL

The Plaintiffs intend discovery in this suit to be conducted under Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

II.

### JURISDICTION AND VENUE

Jurisdiction is proper in Cameron County, Texas because this is a wrongful death lawsuit and the damages sought exceed the minimum jurisdictional limit of this Court.

Venue is proper in Cameron County:

a. Pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because a principal office of Defendant, Ford Motor Company, U.S.A. (a corporation



    incorporated under the laws of the Delaware) is located in, is authorized to do business, and is doing business in and throughout the State of Texas, including Cameron County.

b.   Pursuant to Section 15.033 of the Texas Civil Practice and Remedies Code because one of the Plaintiffs resided in Cameron County, Texas at the time the cause of action accrued and all Plaintiffs are asserting causes of action for breaches of warranties against a manufacturer (*i.e.*, Ford Motor Company) of consumer goods (*i.e.*, the vehicle);

c.   Pursuant to Section 15 of the Texas Civil Practices and Remedies Code because venue is permissive and Cameron County would be the most convenient county for all parties;

d.   Pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because Plaintiffs have established proper venue over one or more Defendants and Plaintiffs' claims or actions against all Defendants arise from the same transaction, occurrence, or series of transactions or occurrences, and as such, venue as to all Defendants is established.

### III.
### PARTIES

#### PLAINTIFFS

Plaintiff, Isabel Ennis Reynoso, is a resident of Matamoros, Tamaulipas, Mexico.

Plaintiff, Sally Payan, is a resident of Cameron County, Texas.

Plaintiff, Enrique Roberto Payan, is a resident of New York, New York.

They bring this suit, individually, on behalf of themselves as persons entitled to recover for the wrongful death of Jean Margaret Elizabeth Reynoso de Payan. Their claims are, in part, brought pursuant to the Texas Wrongful Death Statutes, the Texas Constitution and the common law.

DEFENDANTS

Defendant FORD MOTOR COMPANY, U.S.A. ("FORD") is a Delaware corporation with its principal place of business in Dearborne, Michigan. Ford is organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Ford may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested.

Defendant AUTOMOTRIZ DEL NORESTE, S.A. DE C.V. ("AUTOMOTRIZ"), is a Mexican based corporation with its principal place of business in Matamoros, Tamaulipas, Mexico, and is authorized to conduct business on behalf of Ford in the country of Mexico. Defendant AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., may be served by registered mail containing a true and correct coy of this Plaintiffs' Original Petition to its Chairman, C.E.O., President, or Vice-President at Calle 6a. Y Cristobal Colon, #800 Lucero C.P. 87350, H. Matamoros, Tamaulipas.

At all times material hereto, Defendant FORD and AUTOMOTRIZ were in the business of designing, manufacturing, marketing, and selling automobiles, including sport utility vehicles such as the Ford Explorer, and did design, manufacture, market, and place in the stream of commerce the Ford Explorer involved herein.

IV.

FACTS

On or about June 23, 2000, Jean Margaret Elizabeth Reynoso de Payan (hereinafter referred to as Betty Payan), purchased her 2000 Explorer, Ford, four-door sport utility vehicle, VIN 1FMZU62E6YZC13643 from Ford Automotriz del Noreste, S.A. de C.V.

On January 11, 2003 at approximately 6:20 p.m. Betty Payan and her daughter, Sally Payan, were driving her 2000 Ford Explorer on a toll highway from Monterrey headed towards Reynosa and McAllen, Texas, when Betty Payan lost control of the vehicle. This caused the Explorer to go off of the highway and then roll several times before coming to a stop. As a result Betty Payan was seriously injured and subsequently died two months later after a lengthy battle with her injuries. Sally Payan suffered only minor physical injuries.

V.

STRICT PRODUCTS LIABILITY

The Ford Explorer and its component parts were defective and unreasonably dangerous by reason of defective design, manufacture, marketing and the failure of Defendants to give adequate and proper warnings and instructions, which defective and unreasonable risk of harm and were a producing cause of the injuries and subsequent death of Betty Payan, as well as the injuries sustained by Sally Payan. The dangerous condition/defect(s) included or involved the failure of the vehicle to withstand adequate force to prevent roof crush and vehicle steering/instability under conditions such as those involved in this incident. Since the Defendants are in the business of designing,

manufacturing, selling and/or marketing the products and component parts in question, which are distributed and sold throughout the United States, Mexico, as well as the State of Texas, Defendants are liable to the Plaintiffs for their damages under the theory of products liability.

At the time the Explorer was sold and/or marketed and/or placed into the stream of commerce by the Defendants, they were defective and unreasonably dangerous, as that term is defined in law, to persons who could reasonably be expected to use same, which defective and unreasonably dangerous conditions were a producing cause of the serious injuries and subsequent death of Betty Payan and injuries to Sally Payan. The product was also defective by reason of Defendants' failure to include, provide or carry with them adequate and proper warnings and instructions as to dangers associated with the use of the product and how to avoid such dangers, which defects rendered the product unreasonably dangerous and which defects were a producing cause of the occurrence in question, the death of Betty Payan and injuries sustained by Sally Payan.

In that the Explorer and/or its component parts were defective and unreasonably dangerous to the Plaintiffs and to the public generally, Defendants are liable to Plaintiffs under the theory/doctrine of strict liability (strict products liability). Further, in this connection, Plaintiffs allege that the defects in the design, manufacture and/or marketing of the Explorer and/or its component parts were the producing cause or causes of the occurrence in question and the injuries to the Plaintiffs.

At the time said vehicle and its component parts were designed, manufactured and sold, safer alternative designs were available which were technologically and economically feasible, and which, if utilized, would have prevented the occurrence in question and the untimely death of the death of Betty Payan and the injuries sustained by Sally Payan.

Defendant FORD made the vehicle in question in the United States and then sold the defective Explorer via its Mexican agent or branch, placing it into the stream of commerce and are, thus, also liable under the doctrine of strict liability of tort.

## VI.

## NEGLIGENCE

Defendants committed acts of omission and commission, which collectively and severally, constituted negligence, negligence per se and which were a proximate cause of the occurrence in question, the pain, suffering and wrongful death of the death of Betty Payan and the injuries sustained by Sally Payan.

## VII.

## MALICE AND/OR GROSS NEGLIGENCE

Further, the wrongful conduct of the Defendants involved more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, Defendants' conduct constituted a heedless, reckless and wanton disregard for the rights, welfare, or safety of the Plaintiffs and foreseeable users and persons affected by it, and when viewed objectively from the standpoint of said Defendants at the time of the acts or omissions, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and said Defendants had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others. As such, Defendants, conduct constituted malice and/or gross negligence and Plaintiffs, individually or in their respective capacities, are entitled to recover judgment against Defendants for exemplary damages in an amount exceeding the minimum jurisdictional limits of this Court. Plaintiff, Sally Payan, is entitled to recover exemplary

damages, and the named wrongful death beneficiaries are entitled to recover exemplary damages. Further, Plaintiffs allege that the limitation on the amount of exemplary damages recoverable specified in Section 41.008(b) of the Texas Civil Practice and Remedies Code is not applicable to this cause because Defendants wrongful conduct included knowing or intentional conduct constituting one or more of the felonies described in Section 41.008(c) of the Texas Civil Practice and Remedies Code [*see, e.g.*, 41.008(c)(12)].

## VIII.

## BREACH OF WARRANTY

The allegations contained in paragraphs IV through VII above are incorporated herein for all purposes as though recited verbatim herein. Defendants, by and through the sale of the products in question, expressly and impliedly warranted to the public generally, and to the Plaintiffs specifically, that the products in question were fit for the purposes for which they were intended, were merchantable, and/or had certain qualities, characteristics, uses or benefits. Plaintiffs made use of the products as alleged herein and relied on the express and implied warranties. Contrary thereto, the products were not fit for their intended use, were not merchantable and did not have the qualities, characteristics, uses or benefits as represented, rendering the products in question unreasonably dangerous. Defendants breached the express and implied warranties because of the products' failure and defective components as alleged above and because of improper marketing involving Defendants' failure to warn of the products' inadequacies or defects and failure to instruct in the safe operation of the product. Defendants' breach of warranties and the above-mentioned defects rendered the products unreasonably dangerous and a proximate cause and a producing cause of the

occurrence in question and the resulting death of the death of Betty Payan and the injuries sustained by Sally Payan. Further, Defendants' conduct was done knowingly and/or intentionally.

IX.

## MISREPRESENTATION

The allegations contained in paragraphs IV through VIII above are incorporated herein for all purposes as though recited verbatim herein. Defendants are also strictly liable to Plaintiffs under Section 402(b) of the Restatement (Second) of Torts, because they misrepresented to the public that the products were safe and without defect, which statement and representation was false and involved a material fact concerning the character or quality of the products in question, and upon which representation the Plaintiffs, as consumers, constructively relied, and which constituted a producing cause of the occurrence in question and subsequent injuries and death.

X.

## DECEPTIVE TRADE PRACTICE

Defendants are further liable for violation of Section 17.46 and Sections 17.50(a)(1)(2) and other sections of the Texas Deceptive Trade Practices Act (DTPA, TEX. BUS. & COM. CODE ANN.), which violations were a producing cause of the occurrence in question and include:

A. Representations that the products in question, and their component parts, possessed qualities, characteristics, uses and benefits which they did not possess; and

B. Representations that the products in question, and their component parts, were merchantable when, in fact, they were not fit for the ordinary purposes for which such products were to be used.

Further, Defendants' conduct was done knowingly and/or intentionally. Defendants have been provided notice of their breach of warranty, of their violation of the Deceptive Trade Practices

Act and Plaintiffs' damages pursuant to Section 17.50(a) *et seq.* of the DTPA. Under the Deceptive Trade Practices Act, Defendants, as a result of its knowing breach of express and implied warranties, are liable for the actual damages suffered by Plaintiffs, plus additional amounts awarded by the trier of fact and pursuant to Section 17.50(b)(2) of the Deceptive Trade Practices Act, as well as court costs and reasonable attorneys fees.

XI.

PERSONAL INJURY DAMAGES

Plaintiffs would show that the time of her death, Betty Payan was (fifty-one) years old, in good health and had a reasonable life expectancy in excess of 20 years. Before the time of her death and during her lifetime, Betty Payan, was an industrious, energetic, happy, loyal and loving mother. Betty Payan, besides providing for her children, performed usual tasks in and about the family residence and gave affection, solace, love and comfort to her family, and in all reasonable probability would have continued to do so for the remainder of her natural life.

ISABEL ENNIS REYNOSO

As a result of the untimely death of Betty Payan, Plaintiff, Isabel Ennis Reynoso has suffered loss, damages, and injury from the death of her daughter, Betty Payan, including loss of love, comfort, companionship, society, care, maintenance, assistance and emotional support, services, advise, counsel and contributions of a pecuniary value that he would, in all reasonable probability, have received from her daughter during her lifetime had she lived. She has also suffered mental anguish, grief and sorrow as a result of her death. Plaintiff, Isabel Ennis Reynoso, is entitled to recover for all of these damages, past and future, in an amount exceeding the minimum jurisdictional limit of this Court (*see, e.g.,* Paragraph VII).

SURVIVING CHILDREN

Plaintiffs, Enrique Roberto Payan and Sally Payan, the natural children of Betty Payan, Deceased, lost a good and loving mother and provider and, in all reasonable probability, had she lived, would have continued to be such for the remainder of her natural life. These Plaintiffs assert and allege all causes of action for all damages sustained by them as a result of the death of their mother to the fullest extent allowed by law. Plaintiffs would further assert that they have suffered injuries, damages and loss as a result of the death of their mother, including loss of care, maintenance, support, services, advice, counsel, inheritance, and contributions of a pecuniary value that they would have received from decedent during their lifetime had she lived. Plaintiffs further assert and allege that they have suffered additional losses by virtue of the destruction of the parent/child relationship, including the loss of love, affection, solace, comfort, companionship, society, emotional support, and happiness. Plaintiffs have suffered mental anguish, grief and sorrow. Plaintiffs are entitled to recover for all of their injuries and damages, past and future, in an amount exceeding the minimum jurisdictional limit of this Court. As wrongful death beneficiaries, Plaintiffs are also entitled to recover exemplary damages for the death of Betty Payan in an amount exceeding the minimum jurisdictional limit of this Court (*see, e.g.,* Paragraph VII).

SALLY PAYAN

Plaintiff, Sally Payan, states that she has sustained personal injuries, loss of income, mental anguish and pain and suffering. Plaintiff will continue to suffer mental anguish, pain, and suffering for the remainder of her natural life as a result of the injuries sustained, and is entitled to recover for same. Plaintiff is entitled to recover for all of said injuries and damages she has suffered in the past and will suffer in the future. With respect to all of these damages, Plaintiff Sally Payan is also

entitled to recover exemplary damages in an amount exceeding the minimum jurisdictional limit of this Court (*see, e.g.,* Paragraph VII).

## XII.

## PRE JUDGMENT AND POST JUDGMENT INTEREST

Plaintiffs are entitled to recover all pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII.

## CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred to support the Plaintiffs' pleadings.

## XIV.

## JURY DEMAND

Plaintiffs request a jury in this cause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants, jointly and severally, for their actual damages and for exemplary damages in such amounts as the evidence may show and the jury may determine to be proper, together with pre-judgment interest at the highest legal rate, post-judgment interest at the highest legal rate from the date of judgment until paid, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

_____
BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
TONY MARTINEZ
State Bar No. 13139000

MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
Phone (956) 546-7159
Fax   (956) 544-0602

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN, <br><br> Plaintiffs, <br> vs. <br><br> FORD MOTOR COMPANY, et al. <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. B-03-120 <br> § <br> § <br> § |

**ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS OF
THE ESTATE OF ISABEL ENNIS REYNOSO**

On this day, the Court considered Defendant Ford Motor Company's Motion for Partial Summary Judgment on Claims of the Estate of Isabel Ennis Reynoso. The Court, having considered the arguments, authorities, and evidence presented by counsel, has determined that the motion should be granted.

It is, therefore, ORDERED that Defendant Ford Motor Company's Motion for Partial Summary Judgment on Claims of the Estate of Isabel Ennis Reynoso is GRANTED, and that accordingly Plaintiff Isabel Ennis Reynoso, her Estate, and the representative of her Estate, Susanna Reynoso, take nothing on all claims asserted against Defendant Ford Motor Company, because those claims failed to survive Isabel Ennis Reynoso's death on May 3, 2005, during the pendency of this suit.

SIGNED this _____ day of _____, 2005.

_____
HONORABLE HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE