United States District Court
Southern District of Texas
ENTERED

SEP 2 8 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | C.A. No. B-03-120 |
| FORD MOTOR COMPANY, Defendant | § § § § | |

### ORDER

BE IT REMEMBERED that on September 28, 2005, the Court **DENIED** Plaintiffs' Motion to Reconsider Orders Granting Defendant's Motion for Partial Summary Judgment as to Defective Seatbelt System and Granting Defendant's Motion to Exclude Testimony of Gerald Rosenbluth [Dkt. No. 104]. The Court treats filings entitled motion to reconsider as motions to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

<u>Fed. R. Civ. P. 59(e)</u>

Federal Rule of Civil Procedure 59(e) allows motions to alter or amend judgment to be filed within 10 days of entry of judgment. A district court enjoys considerable discretion in granting or denying a motion for reconsideration under Federal Rule of Civil Procedure 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court has discretion, although not unlimited, to balance the need for finality against the need for justice by considering several factors. *Lavespere v. Niagara Mach. & Tool Works Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

A moving party must satisfy at least one of the following four requirements in order to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a

1

manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *Metro. Interconnect, Inc. v. Alexander & Hamilton, Inc.*, Slip Copy, 2005 WL 1432365, *2 (E.D.La. June 17, 2005)(*citing Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D.La. Oct. 21, 1999)).

The court must strike the proper balance between two competing imperatives: finality and the need to render just decisions on the basis of all the facts. *Lavespere*, 910 F.2d at 174. Reconsideration of a previous order is an extraordinary remedy which should be used sparingly. *Fields v. Pool Offshore, Inc.*, 1998 WL 43217, *2 (E.D.La. Feb. 3, 1998)(*citing Rottmund v. Continental Assur. Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa. 1992)).

## Analysis

Plaintiffs' motion restates the standard for summary judgment. The Court considered the facts in the light most favorable to the non-moving party in its initial review of the motions for summary judgment [Dkt. No. 96]. The Court considered all available and relevant evidence at that time as well. Plaintiffs present no new evidence at this time. Plaintiffs have not satisfied any of the requirements necessary for the Court to alter or amend the order and opinion granting partial summary judgment. Fed. R. Civ. P. 59(e). Therefore, the Court **DENIES** Plaintiffs' Motion to Reconsider Orders Granting Defendant's Motion for Partial Summary Judgment as to Defective Seatbelt System and Granting Defendant's Motion to Exclude Testimony of Gerald Rosenbluth [Dkt. No. 104].

DONE this 28th day of September, 2005, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge