# Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Mitchell   ■ Patterson |
| DATE | 9 / 28 / 05 |
| TIME | ___ a.m.  2:40 p.m.   ___ a.m.  4:10 p.m. |
| CIVIL ACTION | B - 03 - 120 |
| STYLE | Isabel Ennis Reynoso, Sally Payan, et al *versus* Ford Motor Company |

United States District Court
Southern District of Texas
FILED

SEP 28 2005

Michael N. Milby, Clerk of Court

**DOCKET ENTRY**

(HGT) ■ Final Pretrial Conference                    (Court Reporter: Heather Hall)

**Appearances:**

Attorneys for Plaintiffs:      Tony Martinez and Randolph Whittington

Attorneys for Defendant Ford:  William Mennucci, Amy M. Samberg, Timothy O'Neill
                               David Prichard and Alison Kennamer

■ Argument heard on the following motions:

- Motions in Limine
- Supplemental Motion in Limine
- Defendant's Motion to Exclude Undisclosed Fact and Expert Witnesses

■ Rulings orally rendered on:

1. **Defendant's Motion to Exclude Undisclosed Fact and Expert Witnesses [Dkt. No. 126]:**
   DENIED in part. Court will allow Estella Filizola, one of the two sisters, to testify. Court GRANTED Defendant leave to depose Estella Filizola. Plaintiff agreed to make Estella Filizola available for deposition.
   GRANTED in part. Court excluded fact witnesses Elsa Ybarra, Claudia Sandoval, Irv Downing, Tom Flory, Ricardo Filizola, and expert witness Mary Church.

1

2. **Defendant's Motion in Limine [Dkt. No. 69]**:
    GRANTED Motion in Limine No. 2 ("Alleged discovery disputes and documents allegedly not produced by Ford")
    GRANTED Motion in Limine No. 11 ("Excluding any reference to or evidence, testimony or argument concerning the design and development history of the Bronco II and the first generation Explorer (UN46)")
    GRANTED Motion in Limine No. 14 ("Excluding any reference to or evidence, testimony, or argument concerning the Weaver documents")
    GRANTED Motion in Limine No. 15 ("Any reference to hearsay statements from any media articles or television or radio programs")
    GRANTED Motion in Limine No. 16 ("Non-scientific publications, newspapers, articles, etc.")
    GRANTED Motion in Limine No. 19 ("Test reports and/or test videotapes referring to or depicting tests more than twenty years ago")
    GRANTED Motion in Limine No. 20 ("Evidence of other accidents, lawsuits, or claims")
    Motion in Limine No. 22 ("Excluding any reference to issues regarding FMVSS 216 testing") Withdrawn by Defendant
    GRANTED Motion in Limine No. 23 ("References or inferences that Ford Motor Company or the auto industry improperly influenced the National Highway Traffic Safety Administration")
    GRANTED Motion in Limine No. 30 ("Excluding any reference to or evidence, testimony, or argument concerning Ford's net worth, cash revenues, revenues, income, or assets")
    DENIED Motion in Limine No. 33 ("Excluding any reference to or evidence, testimony, or argument concerning opinions that Ford's conduct rises to the level sufficient to award punitive damages, or that the product was 'unreasonably dangerous'")
    GRANTED Motion in Limine No. 34 ("Excluding any reference to or evidence, testimony or argument concerning asking the jury to "send a message" or act as "the conscience of the community") Court will reconsider this motion if Plaintiff submits convincing authority in support of position.
    GRANTED Motion in Limine No. 37 ("Excluding any reference to Defendant's counsel's arguments in other cases")
    DENIED Motion in Limine No. 39 ("Excluding any reference to or evidence, testimony, or argument referring to "victims")
    GRANTED Motion in Limine No. 41 ("Excluding any reference to or evidence, testimony, or argument concerning the absence or identity of Ford's corporate representative")

3. **Defendant's Motion in Limine No. 12 ("Volvo vehicles, Volvo documents, particularly Volvo documents marked 'Confidential' and covered by a protective order issued by another court")**:
    Plaintiff has access to Volvo documents subject to a protective order from a previous case. Plaintiff contends that protective order permits use of documents in this trial. Defendant contends that protective order does not permit the use of documents in this trial. Defendant requested opportunity to brief this issue after reviewing the protective orders.
    Plaintiff ORDERED to provide copies of the applicable protective orders to opposing counsel.
    Plaintiff ORDERED to file brief by Monday, October 3, 2005.
    Defendant ORDERED to file brief by Wednesday, October 5, 2005.

4. **Defendant's Supplemental Motion in Limine [Dkt. No. 102]**:
    GRANTED Motion in Limine No. 1 ("Post-sale changes or proposed rule-making to Federal Motor Vehicle Safety Standard 216")

5. Plaintiff asked the Court for leave to depose the three witnesses from Mexico (police officer, tow truck driver, and doctor). Plaintiff agreed to work to bring all three witnesses here.

6. Defendant requested twelve person jury in the event that Plaintiff asked for punitive damages cap exemption. Plaintiff agreed to not pursue that issue at trial, stated that abandoned that claim.

7. Plaintiff requested that the jury be allowed to view the vehicle from the accident as well as two exemplar vehicles used in drop tests. Defendant requested permission to view the vehicles in the manner in which they will be presented to the jury. The Court ordered that Plaintiff make the vehicles available for the Defendant to view prior to trial. Plaintiff stated that vehicle from accident is stored in Harlingen and will be transported to counsel's home and exemplar vehicles are being shipped from California next Friday and will be stored at counsel's home. Plaintiff will make vehicles available to Defendant for viewing.

8. Defendant will designate an attorney in charge for purposes of trial because William Mennucci will be unavailable. The Court requested that Defendant notify the court of the designated attorney in charge for trial and reminded Defendant that parties must ask for leave of the Court if an attorney other than the attorney in charge will call or cross examine a witness during trial.

■**Comments**:
1. Plaintiff needs 4 days for trial, Defendant needs 2 days for trial.
2. Jury selection set for **October 12, 2005 at 9:00 a.m.**
3. Evidence is expected to begin on October 18, 2005 at 9:00 a.m.
4. Counsel to review exhibits and be prepared to offer those exhibits to which there are no objections.