United States District Court
Southern District of Texas
FILED

OCT 0 3 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ESTATE OF ISABEL ENNIS REYNOSO, BY HER REPRESENTATIVE OF HER ESTATE, SUSANNA REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN,<br>*Plaintiffs*<br><br>VS.<br><br>FORD MOTOR COMPANY, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V.<br>*Defendants* | CIVIL ACTION NO. B-03-120<br><br>(JURY REQUESTED) |

## PLAINTIFFS' SUBMISSION AND RESPONSE TO ITEM NO. 12 IN DEFENDANT'S MOTION IN LIMINE RELATING TO CONFIDENTIALITY AND RELEVANCE OF VOLVO DOCUMENTS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

At the direction of the Court, Plaintiffs Estate of Isabel Ennis Reynoso, Sally Payan and Enrique Roberto Payan file this their *Submission and Response to Item No. 12 in Defendant's Motion in Limine Relating to Confidentiality and Relevance of Volvo Documents* and would respectfully show the honorable Court the following:

### 1.
### Issues Presented

Defendant has requested that the Court make a determination with respect to the confidentiality of certain "Volvo Documents" pursuant to existing protective orders issued by other courts and has challenged the relevancy of the Volvo Documents to Plaintiffs' claims of defective

design in this case. At the final pretrial conference on September 28, 2005, this honorable Court directed Plaintiffs' counsel to submit the protective orders pursuant to which the Volvo Documents were obtained.

## 2.
## Background of Volvo and Volvo Documents

The fatal accident in this case involved a 2000 Ford Explorer. As part of their design defect claim, Plaintiffs are required to present evidence that the design defect was a producing cause of the injuries and that a safer alternative design existed. See *Texas Civil Practice and Remedies Code*, Section 82.005. A "safer alternative design" is one that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of the product and that was economically and technologically feasible at the time by the application of existing or reasonably achievable scientific knowledge. The Volvo Documents and the ability to use and reference those documents in presenting the direct testimony of Plaintiffs' experts and cross-examining Defendant's fact and expert witnesses are critical to Plaintiffs' satisfaction of that burden to prove a safer alternative design that was feasible and available to Ford Motor Company.

Throughout the 1990's and prior to the sale to the public of the 2000 Ford Explorer, Volvo Car Corporation had developed and tested and was marketing the Volvo S80 sedan with a differently designed restraint system and a stronger roof. Plaintiffs allege that the Volvo design is a safer, available, and feasible alternative design -- both as to the roof, the restraint system and the combination of the two. Volvo rollover testing demonstrated that roof deformation and the vertical movement of the occupants within the interior space was reduced resulting in improvements in

preventing injuries. Although Volvo did not introduce its 2003 XC90 sports utility vehicle until late 2002, the S80 technology from the 1990's and the testing was part of the XC90 development program. In 1999, Ford Motor Company bought Volvo Car Corporation and gained access to its roof and restraint system technology and test results. The Volvo Documents listed by Plaintiffs include documents relating to that technology and testing.

3.
Confidentiality – Protective Orders

Volvo Documents, including those on Plaintiffs' Exhibit List, have been produced by Ford Motor Company in a number of prior and pending product liability cases involving Ford vehicles -- including the 2000 Ford Explorer. In most of those cases, Ford Motor Company has obtained a protective order to maintain confidentiality of documents from Ford's competitors. In each case, the plaintiff's counsel is permitted to share the documents (including Volvo Documents) with various persons -- including attorneys representing plaintiffs in other cases against Ford Motor Company. Most of the existing protective orders also permit the documents to be shared by those other attorneys with their expert consultants and witnesses as long as those experts are not employed by Ford competitors.

Plaintiffs' counsel in this case has obtained documents -- including Volvo Documents -- from the attorneys representing plaintiffs in several different cases against Ford Motor Company. In each case, there is an existing protective order which permits the plaintiff's attorney to share the documents with Plaintiff's counsel in this case. Those cases include:

(a)    Cause No. 2003-CVE-000801-D1 styled *Claudia Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, et al. vs.*

*Maxwell Automotive Inc. d/b/a Maxwell Ford, Ltd., et al.* in the 49th Judicial District Court of Webb County, Texas (the "*Morales* Case"); and

(b) Case No. 01-7230-CA styled *Gregory Scott Duncan, et al. vs. Ford Motor Company, et al.* in the Fourth Judicial Circuit Court in and for Duval County, Florida (the "*Duncan* Case").

The *Protective Order* in the *Morales* Case, together with the required certificates signed by Tony Martinez, Plaintiffs' counsel, and Plaintiffs' expert witnesses are collectively attached hereto as Exhibit "A". The *Stipulated Sharing Confidentiality Protective Order* in the *Duncan* Case, together with the required certificate signed by Tony Martinez, Plaintiffs' counsel, are collectively attached hereto as Exhibit "B".

4.
Relevance of Volvo Documents and Related Testimony

In Item No. 12 in its *Motion in Limine*, Defendant Ford Motor Company claims that the Volvo Documents and references to Volvo vehicles are not relevant to this case and should be excluded because the Volvo XC90 "... was not introduced into any market until 2003" and "... combined a stronger roof with several technologies not henceforth available, to wit, side curtain airbags and ... roll stability control." Plaintiffs' expert witnesses will explain that the development of the technology and design of a particular model year vehicle is a process which occurs over many years prior to the actual market introduction and sale of the model. Additionally, as noted in Paragraph 2 above, the Volvo Documents relate to the Volvo S80 which, with its stronger roof and combined with a safer restraint system, had been part of the development program for the XC90 SUV and had been available in all markets for many years prior to the sale of the 2000 Ford Explorer. Once Ford Motor Company bought Volvo Car Corporation in 1999, the publicly-known

technology, as well as the internal technology and testing information, was all available to Ford Motor Company and its engineers. The availability, utility and feasibility of the alternative Volvo roof design is directly relevant to the safer alternative design issues in this case. Likewise, the Volvo Documents which disclose the safety results of rollover and crashworthiness testing of the Volvo S80 -- performed by the Volvo division of Ford Motor Company -- are directly relevant to the critical liability elements of Plaintiffs' design defect claims and the issue of punitive damages against Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Item No. 12 of *Defendant Ford Motor Company's Motion in Limine* be denied.

Respectfully submitted,

**Martinez, Barrera y Martinez, L.L.P.**
1201 East Van Buren
Brownsville, Texas 78520
Telephone (956) 546-7159
Fax (956) 544-0602

By: _____

(Designated Attorney in Charge)

Tony Martinez
State Bar No. 1313900
Federal I.D. No. 1943
Trey Martinez
State Bar No.
Federal I.D. No.

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel of record as listed below via facsimile transmission, e-mail and/or Certified Mail, Return Receipt Requested and/or First Class U. S. Mail on the 3rd day of October, 2005.

Jaime Arturo Saenz, Esq.
**Rodriguez, Colvin, Chaney & Saenz, L.L.P.**
1201 East Van Buren
Brownsville, TX 78520
Fax (956) 541-2170

William L. Mennucci
Michael W. Eady
**Thompson, Coe, Cousins & Irons, L.L.P.**
701 Brazos Street, Suite 1500
Austin, TX 78701
Fax (512) 708-8777

Vaughn Crawford, Esq.
Amy M. Samberg, Esq
**Snell & Wilmer, L.L.P.**
One South Church Tower, Suite 1500
Tucson, Arizona 85701
Fax (520) 884-1294

Timothy O'Neill, Esq.
**Snell & Wilmer, L.L.P.**
One Tabor Center
1200 Seventeenth Street, Suite 1950
Denver, CO 80202
Fax (303) 634-2020

David Prichard
**Prichard, Hawkins, McFarland & Young, L.L.P.**
10101 Reunion Place Blvd.
Suite 600
San Antonio, Texas 78216
Fax (210) 477-7451

_____
Tony Martinez