CAUSE NO. 2003-CVE-000801-D1

| | | |
|---|---|---|
| CLAUDIA MORALES, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS PERSONAL REPRESENTATIVE | § | |
| OF THE ESTATE OF | § | |
| JUAN SANCHEZ MORALES, DECEASED, | § | |
| AND AS NEXT OF FRIEND OF | § | |
| JUAN ARNOLDO MORALES, | § | |
| QUESANDRA MORALES | § | |
| AND EDGAR ALEJANDRO  MORALES, | § | |
| MINORS, | § | |
|     *Plaintiffs* | § | WEBB COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MAXWELL AUTOMOTIVE INC. D/B/A | § | |
| MAXWELL FORD, LTD.; MAXWELL | § | |
| FORD, LTD.; FORD MOTOR COMPANY, | § | |
| INC.; and HENRY POTTIN, D/B/A | § | |
| D & H AUTO REPAIR, | § | |
|     *Defendants* | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

On this day came the parties represented by counsel, and the Court having considered the parties' agreement regarding production of confidential materials and information, finds that the following Order should be entered:

**IT IS ORDERED** that the following rules and procedures shall govern all documents and all information obtained or to be obtained through discovery in this action from Defendant Ford Motor Company (hereinafter referred to as "Ford"):

1.    Documents to be produced by Ford in this action, including photographs, drawings, films, videotapes, or others including lists of compilations thereof, that contain trade secrets or other commercially sensitive or proprietary information ("Protected




SCANNED BY:

Documents"), and copies thereof, shall be marked "Subject to Protective Order" or with other similar marking and such markings shall not interfere with any writing on the documents.

2.    Both the Protected Documents and the information contained therein shall be treated as confidential.  Except upon the prior written consent of Defendant or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a)    Counsel of record for the parties in this action, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(b)    Employees of counsel for each party in this case or of associated counsel, who assist in the preparation or trial of this case;

(c)    Experts and consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

(d)    The Court, the Court's staff, witnesses, and the jury in this case;

(e)    Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony for this action;

(f)    Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending with the issue of roof defect against Ford, which involved Ford vehicle, except vehicles which exceed one ton model years, older than 1996, or

F:\CLIENTS\Morales Claudia\Pleadings3\Orders4\Protective Order.doc                    Page 2

convertibles, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

3.    Before persons described in subparagraphs 2(c) of (2(f) above are given access to any Protected Document, each person to whom a party's representative intends to deliver, exhibit, or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached thereto as Exhibit A, to be bound by its terms. With respect o persons described in subparagraph 2(f) above, Plaintiffs' counsel shall, in addition, maintain a current log of the names and addresses to whom discovery materials designated "confidential" by Defendants are furnished together with a list of documents identified by Bates numbers affixed to any such document by the Defendants. Upon the court's filing of good cause, such a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, and by Order of the Court; Plaintiffs' counsel shall provide within three (3) business days, a copy of such log to the Court for an in-camera inspection, together with copies of the written agreements executed by persons describe ed in subparagraph 2(f) above.

4.    "Competitor." This term shall mean any legal entity other than the Defendant engaged in the business of designing, manufacturing or selling commercial or passenger motor vehicles or the component parts thereof.

5.    In the event that any recipient of confidential documents is served with a subpoena, request, demand or any other legal process, including any legal process by a governmental agency, in this or any other action where Ford or its counsel is not a named

F:\CLIENTS\Morales Claudia\Pleadings3\Orders4\Protective Order.doc                    Page 3

party, concerning confidential documents subject to this Order, that person shall give prompt written notice of such event to Defendant Ford Motor Company's counsel: Thompson, Coe, Cousins & Irons, L.L.P., Attn: Brian Hensley, 701 Brazos, Suite 500 Austin Centre, Austin, Texas 78701, and shall object on the basis of this Order to producing or responding to any such request, demand, subpoena, or other legal process. Within ten (10) days from the giving of such written notice, the Defendant shall advise the person who is to respond to the subpoena or request or demand of its position. Thereafter, Defendant Ford Motor Company shall assume responsibility for preserving and prosecuting any objection to the request or demand or subpoena. The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Order. Nothing herein shall be construed as requiring any recipient of confidential documents to challenge or appeal or to seek relief from any order requiring the production or other response concerning confidential documents, or to subject her or himself to any penalties for noncompliance with any request, demand, subpoena, legal process or order requiring the production or other response concerning confidential documents other than as stated above.

6.    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record and within ten (10) days of receipt of a deposition, Ford must provide all counsel of record

with written notice of page/line designation which enables this protective order. No page/line designation will be needed for any question or answer that specifically identifies a Volvo document by Bates number.

       7.    Upon the termination of this case, by judgment, settlement or otherwise, all confidential documents subject to this Order, including all summaries, copies and other reproductions of such information in the possession of a recipient of confidential documents may be retained by the recipient of confidential documents and shall continue to be subject to the provisions of this Order.

       8.    This Order shall be binding upon the parties in the above styled cause, the attorneys for each party and upon any recipient of confidential documents and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other legal entity over which any party or attorney or recipient of confidential documents may have control.

       9.    The 49th Judicial District Court in Webb County shall retain full and complete and exclusive jurisdiction over any disputes concerning this protective order by agreement of all parties.

      SIGNED on this the _____ day of _____, 2005.

                                    JUDGE PRESIDING

cc:

Jaime A. González, Jr., GONZALEZ & ASSOCIATES LAW FIRM P.C., 817 E. Esperanza, McAllen, Texas 78501
Brian Hensley, THOMPSON, COE, 701 Brazos, Suite 1500, Austin Centre, Austin, Texas, 78701
Amy Samberg, SNELL & WILMER, L.L.P., 1500 Norwest Tower, One South Church Avenue, Tucson, Arizona, 85701-1612
Jose L. Arce, 1101 Market Street, Laredo, Texas 78040

EXHIBIT A

CAUSE NO. 2003-CVB-000801-D1

| | |
|---|---|
| CLAUDIA MORALES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JUAN SANCHEZ MORALES, DECEASED, AND AS NEXT OF FRIEND OF JUAN ARNOLDO MORALES, QUESANDRA MORALES AND EDGAR ALEJANDRO MORALES, MINORS,, § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, § § | |
| VS. § § | WEBB COUNTY, TEXAS |
| MAXWELL AUTOMOTIVE INC. D/B/A MAXWELL FORD, LTD., MAXWELL FORD, LTD.; FORD MOTOR COMPANY, INC.; and HENRY POTTIN, D/B/A D&H AUTO REPAIR, § § § § § § | |
| Defendants. § | 49TH JUDICIAL DISTRICT |

I certify that I have read the attached "Protective Order" entered in this case entitled *Claudia Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales and Edgar Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor Company, Inc.; and Henry Pottin, D/B/A D&H Auto Repair;* Cause No. 2003-CVB-000801-D1. Before reviewing and receiving access to the contents of any of the documents, materials and/or contents of any of the documents, materials and/or discovery subject to the protection of that Order and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of the Order.

I agree that my signature below submits me to the jurisdiction of the 49th Judicial District Court, Webb County Texas; Cause No. 2003-CVB-000801-D1, in which the action of *Claudia*

Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales,

Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales and Edgar

Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor

Company, Inc.; and Henry Pottin, D/B/A D&H Auto Repair is pending, and binds me to the

provisions of the Protective Order, including to all promises undertaken in the Order, as if

originally agreed by me.

FURTHER AFFIANT SAYETH NOT.

_____
Affiant:

Sworn and subscribed to before me this
27th day of September, 2005.

San Juanita Lopez
Notary Public

My Commission Expires: 1/14/2006

SAN JUANITA LOPEZ
Notary Public, State of Texas
My Commission Expires
January 14, 2006

Doc ID HENSB-118915
08423-068

CAUSE NO. 2003-CVE-000801-D1

| | | |
|---|---|---|
| CLAUDIA MORALES, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS PERSONAL REPRESENTATIVE | § | |
| OF THE ESTATE OF | § | |
| JUAN SANCHEZ MORALES, DECEASED, | § | |
| AND AS NEXT OF FRIEND OF | § | |
| JUAN ARNOLDO MORALES, | § | |
| QUESANDRA MORALES | § | |
| AND EDGAR ALEJANDRO MORALES, | § | |
| MINORS, | § | |
|     *Plaintiffs* | § | WEBB COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MAXWELL AUTOMOTIVE INC. D/B/A | § | |
| MAXWELL FORD, LTD.; MAXWELL | § | |
| FORD, LTD.; FORD MOTOR COMPANY, | § | |
| INC.; and HENRY POTTIN, D/B/A | § | |
| D & H AUTO REPAIR, | § | |
|     *Defendants* | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

On this day came the parties represented by counsel, and the Court having considered the parties' agreement regarding production of confidential materials and information, finds that the following Order should be entered:

**IT IS ORDERED** that the following rules and procedures shall govern all documents and all information obtained or to be obtained through discovery in this action from Defendant Ford Motor Company (hereinafter referred to as "Ford"):

1.　　Documents to be produced by Ford in this action, including photographs, drawings, films, videotapes, or others including lists of compilations thereof, that contain trade secrets or other commercially sensitive or proprietary information ("Protected



SCANNED
BY:

Documents"), and copies thereof, shall be marked "Subject to Protective Order" or with other similar marking and such markings shall not interfere with any writing on the documents.

2.    Both the Protected Documents and the information contained therein shall be treated as confidential.  Except upon the prior written consent of Defendant or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a)    Counsel of record for the parties in this action, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(b)    Employees of counsel for each party in this case or of associated counsel, who assist in the preparation or trial of this case;

(c)    Experts and consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

(d)    The Court, the Court's staff, witnesses, and the jury in this case;

(e)    Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony for this action;

(f)    Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending with the issue of roof defect against Ford, which involved Ford vehicle, except vehicles which exceed one ton model years, older than 1996, or

convertibles, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

3.   Before persons described in subparagraphs 2(c) of (2(f) above are given access to any Protected Document, each person to whom a party's representative intends to deliver, exhibit, or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached thereto as Exhibit A, to be bound by its terms. With respect o persons described in subparagraph 2(f) above, Plaintiffs' counsel shall, in addition, maintain a current log of the names and addresses to whom discovery materials designated "confidential" by Defendants are furnished together with a list of documents identified by Bates numbers affixed to any such document by the Defendants. Upon the court's filing of good cause, such a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, and by Order of the Court; Plaintiffs' counsel shall provide within three (3) business days, a copy of such log to the Court for an in-camera inspection, together with copies of the written agreements executed by persons describe ed in subparagraph 2(f) above.

4.   "Competitor." This term shall mean any legal entity other than the Defendant engaged in the business of designing, manufacturing or selling commercial or passenger motor vehicles or the component parts thereof.

5.   In the event that any recipient of confidential documents is served with a subpoena, request, demand or any other legal process, including any legal process by a governmental agency, in this or any other action where Ford or its counsel is not a named

party, concerning confidential documents subject to this Order, that person shall give prompt written notice of such event to Defendant Ford Motor Company's counsel: Thompson, Coe, Cousins & Irons, L.L.P., Attn: Brian Hensley, 701 Brazos, Suite 500 Austin Centre, Austin, Texas 78701, and shall object on the basis of this Order to producing or responding to any such request, demand, subpoena, or other legal process. Within ten (10) days from the giving of such written notice, the Defendant shall advise the person who is to respond to the subpoena or request or demand of its position. Thereafter, Defendant Ford Motor Company shall assume responsibility for preserving and prosecuting any objection to the request or demand or subpoena. The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Order. Nothing herein shall be construed as requiring any recipient of confidential documents to challenge or appeal or to seek relief from any order requiring the production or other response concerning confidential documents, or to subject her or himself to any penalties for noncompliance with any request, demand, subpoena, legal process or order requiring the production or other response concerning confidential documents other than as stated above.

6.      Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record and within ten (10) days of receipt of a deposition, Ford must provide all counsel of record

with written notice of page/line designation which enables this protective order. No page/line designation will be needed for any question or answer that specifically identifies a Volvo document by Bates number.

7.    Upon the termination of this case, by judgment, settlement or otherwise, all confidential documents subject to this Order, including all summaries, copies and other reproductions of such information in the possession of a recipient of confidential documents may be retained by the recipient of confidential documents and shall continue to be subject to the provisions of this Order.

8.    This Order shall be binding upon the parties in the above styled cause, the attorneys for each party and upon any recipient of confidential documents and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other legal entity over which any party or attorney or recipient of confidential documents may have control.

9.    The 49th Judicial District Court in Webb County shall retain full and complete and exclusive jurisdiction over any disputes concerning this protective order by agreement of all parties.

SIGNED on this the _2nd_ day of _September_, 2005.

JUDGE PRESIDING

CC:

Jaime A. González, Jr., GONZALEZ & ASSOCIATES LAW FIRM P.C., 817 E. Esperanza, McAllen, Texas 78501
Brian Hensley, THOMPSON, COE, 701 Brazos, Suite 1500, Austin Centre, Austin, Texas, 78701
Amy Samberg, SNELL & WILMER, L.L.P., 1500 Norwest Tower, One South Church Avenue, Tucson, Arizona, 85701-1612
Jose L. Arce, 1101 Market Street, Laredo, Texas 78040

EXHIBIT A

CAUSE NO. 2003-CVE-000801-D1

CLAUDIA MORALES, INDIVIDUALLY §  IN THE DISTRICT COURT OF
AND AS PERSONAL REPRESENTATIVE OF §
THE ESTATE OF JUAN SANCHEZ §
MORALES, DECEASED, AND AS NEXT OF §
FRIEND OF JUAN ARNOLDO MORALES, §
QUESANDRA MORALES AND EDGAR §
ALEJANDRO MORALES, MINORS,, §
§
§
             Plaintiffs, §
§  WEBB COUNTY, TEXAS
VS. §
§
MAXWELL AUTOMOTIVE INC. D/B/A §
MAXWELL FORD, LTD., MAXWELL FORD, §
LTD.; FORD MOTOR COMPANY, INC.; and §
HENRY POTTIN, D/B/A D&H AUTO §
REPAIR, §
§
             Defendants. §  49TH JUDICIAL DISTRICT

I certify that I have read the attached "Protective Order" entered in this case entitled *Claudia Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales and Edgar Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor Company, Inc.; and Henry Pottin, D/B/A D&H Auto Repair;* Cause No. 2003-CVE-000801-D1. Before reviewing and receiving access to the contents of any of the documents, materials and/or contents of any of the documents, materials and/or discovery subject to the protection of that Order and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of the Order.

I agree that my signature below submits me to the jurisdiction of the 49th Judicial District Court, Webb County Texas; Cause No. 2003-CVE-000801-D1, in which the action of *Claudia*

Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales,

Deceased, and as Next Friend of Juan Arnoldo Morales, Querandra Morales, and Edgar

Alejandro Morales, Minors v. Maxwell Automotive Inc., D/B/A Maxwell Ford, Ltd.; Ford Motor

Company, Inc.; and Henry Poitin, D/B/A D&H Auto Repair is pending, and binds me to the

provisions of the Protective Order, including to all promises undertaken in the Order, as if

originally agreed by me.

FURTHER AFFIANT SAYETH NOT.

_____ (R Clouston)

Affiant:

Sworn and subscribed to before me this,
1 st day of October, 2005.

Rebecca M Chouteau

Notary Public

My Commission Expires:



REBECCA M. CHOUTEAU
Notary Public, State of Ohio
My Commission Expires
March 5, 2006

CAUSE NO. 2003-CVE-000801-D1

| | | |
|---|---|---|
| CLAUDIA MORALES, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS PERSONAL REPRESENTATIVE | § | |
| OF THE ESTATE OF | § | |
| JUAN SANCHEZ MORALES, DECEASED, | § | |
| AND AS NEXT OF FRIEND OF | § | |
| JUAN ARNOLDO MORALES, | § | |
| QUESANDRA MORALES | § | |
| AND EDGAR ALEJANDRO  MORALES, | § | |
| MINORS, | § | |
| *Plaintiffs* | § | WEBB COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MAXWELL AUTOMOTIVE INC. D/B/A | §　 | |
| MAXWELL FORD, LTD.; MAXWELL | § | |
| FORD, LTD.; FORD MOTOR COMPANY, | § | |
| INC.; and HENRY POTTIN, D/B/A | § | |
| D & H AUTO REPAIR, | § | |
| *Defendants* | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

On this day came the parties represented by counsel, and the Court having

considered the parties' agreement regarding production of confidential materials and

information, finds that the following Order should be entered:

**IT IS ORDERED** that the following rules and procedures shall govern all documents

and all information obtained or to be obtained through discovery in this action from

Defendant Ford Motor Company (hereinafter referred to as "Ford"):

1.     Documents to be produced by Ford in this action, including photographs,

drawings, films, videotapes, or others including lists of compilations thereof, that contain

trade secrets or other commercially sensitive or proprietary information ("Protected


SCANNED
BY:

Documents"), and copies thereof, shall be marked "Subject to Protective Order" or with other similar marking and such markings shall not interfere with any writing on the documents.

2.    Both the Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of Defendant or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a)    Counsel of record for the parties in this action, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(b)    Employees of counsel for each party in this case or of associated counsel, who assist in the preparation or trial of this case;

(c)    Experts and consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

(d)    The Court, the Court's staff, witnesses, and the jury in this case;

(e)    Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony for this action;

(f)    Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending with the issue of roof defect against Ford, which involved Ford vehicle, except vehicles which exceed one ton model years, older than 1996, or

convertibles, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

3. Before persons described in subparagraphs 2(c) of (2(f) above are given access to any Protected Document, each person to whom a party's representative intends to deliver, exhibit, or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached thereto as Exhibit A, to be bound by its terms. With respect o persons described in subparagraph 2(f) above, Plaintiffs' counsel shall, in addition, maintain a current log of the names and addresses to whom discovery materials designated "confidential" by Defendants are furnished together with a list of documents identified by Bates numbers affixed to any such document by the Defendants. Upon the court's filing of good cause, such a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, and by Order of the Court; Plaintiffs' counsel shall provide within three (3) business days, a copy of such log to the Court for an in-camera inspection, together with copies of the written agreements executed by persons describe ed in subparagraph 2(f) above.

4. "Competitor." This term shall mean any legal entity other than the Defendant engaged in the business of designing, manufacturing or selling commercial or passenger motor vehicles or the component parts thereof.

5. In the event that any recipient of confidential documents is served with a subpoena, request, demand or any other legal process, including any legal process by a governmental agency, in this or any other action where Ford or its counsel is not a named

party, concerning confidential documents subject to this Order, that person shall give prompt written notice of such event to Defendant Ford Motor Company's counsel: Thompson, Coe, Cousins & Irons, L.L.P., Attn: Brian Hensley, 701 Brazos, Suite 500 Austin Centre, Austin, Texas 78701, and shall object on the basis of this Order to producing or responding to any such request, demand, subpoena, or other legal process. Within ten (10) days from the giving of such written notice, the Defendant shall advise the person who is to respond to the subpoena or request or demand of its position. Thereafter, Defendant Ford Motor Company shall assume responsibility for preserving and prosecuting any objection to the request or demand or subpoena. The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Order. Nothing herein shall be construed as requiring any recipient of confidential documents to challenge or appeal or to seek relief from any order requiring the production or other response concerning confidential documents, or to subject her or himself to any penalties for noncompliance with any request, demand, subpoena, legal process or order requiring the production or other response concerning confidential documents other than as stated above.

6.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record and within ten (10) days of receipt of a deposition, Ford must provide all counsel of record

with written notice of page/line designation which enables this protective order. No page/line designation will be needed for any question or answer that specifically identifies a Volvo document by Bates number.

7.    Upon the termination of this case, by judgment, settlement or otherwise, all confidential documents subject to this Order, including all summaries, copies and other reproductions of such information in the possession of a recipient of confidential documents may be retained by the recipient of confidential documents and shall continue to be subject to the provisions of this Order.

8.    This Order shall be binding upon the parties in the above styled cause, the attorneys for each party and upon any recipient of confidential documents and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other legal entity over which any party or attorney or recipient of confidential documents may have control.

9.    The 49th Judicial District Court in Webb County shall retain full and complete and exclusive jurisdiction over any disputes concerning this protective order by agreement of all parties.

SIGNED on this the ___2nd___ day of ___September___, 2005.

_____
JUDGE PRESIDING

CC:

Jaime A. González, Jr., GONZALEZ & ASSOCIATES LAW FIRM P.C., 817 E. Esperanza, McAllen, Texas 78501
Brian Hensley, THOMPSON, COE, 701 Brazos, Suite 1500, Austin Centre, Austin, Texas, 78701
Amy Samberg, SNELL & WILMER, L.L.P., 1500 Norwest Tower, One South Church Avenue, Tucson, Arizona, 85701-1612
Jose L. Arce, 1101 Market Street, Laredo, Texas 78040

EXHIBIT A

CAUSE NO. 2003-CVE-000801-D1

| | |
|---|---|
| CLAUDIA MORALES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JUAN SANCHEZ MORALES, DECEASED, AND AS NEXT OF FRIEND OF JUAN ARNOLDO MORALES, QUESANDRA MORALES AND EDGAR ALEJANDRO MORALES, MINORS,, § | IN THE DISTRICT COURT OF |
| Plaintiffs, § | |
| VS. § | WEBB COUNTY, TEXAS |
| MAXWELL AUTOMOTIVE INC. D/B/A MAXWELL FORD, LTD., MAXWELL FORD, LTD.; FORD MOTOR COMPANY, INC.; and HENRY POTTIN, D/B/A D&H AUTO REPAIR, § | |
| Defendants. § | 49TH JUDICIAL DISTRICT |

I certify that I have read the attached "Protective Order" entered in this case entitled *Claudia Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales and Edgar Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor Company, Inc.; and Henry Pottin, D/B/A D&H Auto Repair;* Cause No. 2003-CVE-000801-D1. Before reviewing and receiving access to the contents of any of the documents, materials and/or contents of any of the documents, materials and/or discovery subject to the protection of that Order and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of the Order.

I agree that my signature below submits me to the jurisdiction of the 49th Judicial District Court, Webb County Texas; Cause No. 2003-CVE-000801-D1, in which the action of *Claudia*

Doc ID HENEB-118915
08423-068

*Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, and as Next Friend of Juan Arnoldo Morales, Cassandra Morales and Edgar Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor Company, Inc.; and Henry Foster, D/B/A D&H Auto Repair* is pending, and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

    FURTHER AFFIANT SAYETH NOT.

_____
Affiant:

Sworn and subscribed to before me this
30th day of September 2005.

_____
Notary Public

My Commission Expires: 6/2/06



PATRICIA SHIMES
Notary Public - Arizona
Maricopa County
My Commission Expires
June 2, 2006

CAUSE NO. 2003-CVE-000801-D1

| | | |
|---|---|---|
| CLAUDIA MORALES, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS PERSONAL REPRESENTATIVE | § | |
| OF THE ESTATE OF | § | |
| JUAN SANCHEZ MORALES, DECEASED, | § | |
| AND AS NEXT OF FRIEND OF | § | |
| JUAN ARNOLDO MORALES, | § | |
| QUESANDRA MORALES | § | |
| AND EDGAR ALEJANDRO MORALES, | § | |
| MINORS, | § | |
| *Plaintiffs* | § | WEBB COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MAXWELL AUTOMOTIVE INC. D/B/A | § | |
| MAXWELL FORD, LTD.; MAXWELL | § | |
| FORD, LTD.; FORD MOTOR COMPANY, | § | |
| INC.; and HENRY POTTIN, D/B/A | § | |
| D & H AUTO REPAIR, | § | |
| *Defendants* | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

On this day came the parties represented by counsel, and the Court having considered the parties' agreement regarding production of confidential materials and information, finds that the following Order should be entered:

**IT IS ORDERED** that the following rules and procedures shall govern all documents and all information obtained or to be obtained through discovery in this action from Defendant Ford Motor Company (hereinafter referred to as "Ford"):

1.      Documents to be produced by Ford in this action, including photographs, drawings, films, videotapes, or others including lists of compilations thereof, that contain trade secrets or other commercially sensitive or proprietary information ("Protected

SCANNED
BY: 

Documents"), and copies thereof, shall be marked "Subject to Protective Order" or with other similar marking and such markings shall not interfere with any writing on the documents.

2.    Both the Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of Defendant or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a)    Counsel of record for the parties in this action, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(b)    Employees of counsel for each party in this case or of associated counsel, who assist in the preparation or trial of this case;

(c)    Experts and consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

(d)    The Court, the Court's staff, witnesses, and the jury in this case;

(e)    Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony for this action;

(f)    Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending with the issue of roof defect against Ford, which involved Ford vehicle, except vehicles which exceed one ton model years, older than 1996, or

convertibles, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

3.    Before persons described in subparagraphs 2(c) of (2(f) above are given access to any Protected Document, each person to whom a party's representative intends to deliver, exhibit, or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached thereto as Exhibit A, to be bound by its terms. With respect o persons described in subparagraph 2(f) above, Plaintiffs' counsel shall, in addition, maintain a current log of the names and addresses to whom discovery materials designated "confidential" by Defendants are furnished together with a list of documents identified by Bates numbers affixed to any such document by the Defendants. Upon the court's filing of good cause, such a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, and by Order of the Court; Plaintiffs' counsel shall provide within three (3) business days, a copy of such log to the Court for an in-camera inspection, together with copies of the written agreements executed by persons describe ed in subparagraph 2(f) above.

4.    "Competitor." This term shall mean any legal entity other than the Defendant engaged in the business of designing, manufacturing or selling commercial or passenger motor vehicles or the component parts thereof.

5.    In the event that any recipient of confidential documents is served with a subpoena, request, demand or any other legal process, including any legal process by a governmental agency, in this or any other action where Ford or its counsel is not a named

party, concerning confidential documents subject to this Order, that person shall give prompt written notice of such event to Defendant Ford Motor Company's counsel: Thompson, Coe, Cousins & Irons, L.L.P., Attn: Brian Hensley, 701 Brazos, Suite 500 Austin Centre, Austin, Texas 78701, and shall object on the basis of this Order to producing or responding to any such request, demand, subpoena, or other legal process. Within ten (10) days from the giving of such written notice, the Defendant shall advise the person who is to respond to the subpoena or request or demand of its position. Thereafter, Defendant Ford Motor Company shall assume responsibility for preserving and prosecuting any objection to the request or demand or subpoena. The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Order. Nothing herein shall be construed as requiring any recipient of confidential documents to challenge or appeal or to seek relief from any order requiring the production or other response concerning confidential documents, or to subject her or himself to any penalties for noncompliance with any request, demand, subpoena, legal process or order requiring the production or other response concerning confidential documents other than as stated above.

6.      Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record and within ten (10) days of receipt of a deposition, Ford must provide all counsel of record

with written notice of page/line designation which enables this protective order.   No page/line designation will be needed for any question or answer that specifically identifies a Volvo document by Bates number.

7.    Upon the termination of this case, by judgment, settlement or otherwise, all confidential documents subject to this Order, including all summaries, copies and other reproductions of such information in the possession of a recipient of confidential documents may be retained by the recipient of confidential documents and shall continue to be subject to the provisions of this Order.

8.    This Order shall be binding upon the parties in the above styled cause, the attorneys for each party and upon any recipient of confidential documents and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other legal entity over which any party or attorney or recipient of confidential documents may have control.

9.    The 49th Judicial District Court in Webb County shall retain full and complete and exclusive jurisdiction over any disputes concerning this protective order by agreement of all parties.

SIGNED on this the _2 nd_ day of _September_, 2005.

_JUDGE PRESIDING_

F:\CLIENTS\Morales Claudia\Pleadings3\Orders4\Protective Order.doc                Page 5

CC:

Jaime A. González, Jr., GONZALEZ & ASSOCIATES LAW FIRM P.C., 817 E. Esperanza, McAllen, Texas 78501
Brian Hensley, THOMPSON, COE, 701 Brazos, Suite 1500, Austin Centre, Austin, Texas, 78701
Amy Samberg, SNELL & WILMER, L.L.P., 1500 Norwest Tower, One South Church Avenue, Tucson, Arizona, 85701-1612
Jose L. Arce, 1101 Market Street, Laredo, Texas 78040

EXHIBIT A

CAUSE NO. 2003-CVB-000801-D1

| | |
|---|---|
| CLAUDIA MORALES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JUAN SANCHEZ MORALES, DECEASED, AND AS NEXT OF FRIEND OF JUAN ARNOLDO MORALES, QUESANDRA MORALES AND EDGAR ALEJANDRO MORALES, MINORS,, | § IN THE DISTRICT COURT OF § § § § § § |
| Plaintiffs, | § § WEBB COUNTY, TEXAS |
| VS. | § § |
| MAXWELL AUTOMOTIVE INC. D/B/A MAXWELL FORD, LTD., MAXWELL FORD, LTD.; FORD MOTOR COMPANY, INC.; and HENRY POTTIN, D/B/A D&H AUTO REPAIR, | § § § § § § § |
| Defendants. | § 49TH JUDICIAL DISTRICT |

I certify that I have read the attached "Protective Order" entered in this case entitled *Claudia Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales and Edgar Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor Company, Inc.; and Henry Pottin, D/B/A D&H Auto Repair;* Cause No. 2003-CVB-000801-D1. Before reviewing and receiving access to the contents of any of the documents, materials and/or contents of any of the documents, materials and/or discovery subject to the protection of that Order and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of the Order.

I agree that my signature below submits me to the jurisdiction of the 49th Judicial District Court, Webb County Texas; Cause No. 2003-CVE-000801-D1, in which the action of *Claudia*

Doc ID HENEB-118918
08423-063

Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales,
Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales, and Edgar
Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor
Company, Inc.; and Henry Pettit, D/B/A Debil Auto Repair is pending, and, binds me to the
provisions of the Protective Order, including to all promises undertaken in the Order, as if
originally agreed by me.

FURTHER AFFIANT SAYETH NOT.

_____
Affiant

Sworn and subscribed to before me this
2nd day of October, 2005.



Notary Public

My Commission Expires: 6|2|06

PATRICIA. SIMMES
Notary Public - Arizona
Maricopa County
My Commission Expires
June 2, 2006

CAUSE NO. 2003-CVE-000801-D1

| | | |
|---|---|---|
| CLAUDIA MORALES, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS PERSONAL REPRESENTATIVE | § | |
| OF THE ESTATE OF | § | |
| JUAN SANCHEZ MORALES, DECEASED, | § | |
| AND AS NEXT OF FRIEND OF | § | |
| JUAN ARNOLDO MORALES, | § | |
| QUESANDRA MORALES | § | |
| AND EDGAR ALEJANDRO MORALES, | § | |
| MINORS, | § | |
| *Plaintiffs* | § | WEBB COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MAXWELL AUTOMOTIVE INC. D/B/A | § | |
| MAXWELL FORD, LTD.; MAXWELL | § | |
| FORD, LTD.; FORD MOTOR COMPANY, | § | |
| INC.; and HENRY POTTIN, D/B/A | § | |
| D & H AUTO REPAIR, | § | |
| *Defendants* | § | 49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

On this day came the parties represented by counsel, and the Court having

considered the parties' agreement regarding production of confidential materials and

information, finds that the following Order should be entered:

**IT IS ORDERED** that the following rules and procedures shall govern all documents

and all information obtained or to be obtained through discovery in this action from

Defendant Ford Motor Company (hereinafter referred to as "Ford"):

1.    Documents to be produced by Ford in this action, including photographs,

drawings, films, videotapes, or others including lists of compilations thereof, that contain

trade secrets or other commercially sensitive or proprietary information ("Protected


SCANNED
BY:

Documents"), and copies thereof, shall be marked "Subject to Protective Order" or with other similar marking and such markings shall not interfere with any writing on the documents.

2.     Both the Protected Documents and the information contained therein shall be treated as confidential.  Except upon the prior written consent of Defendant or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a)     Counsel of record for the parties in this action, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(b)     Employees of counsel for each party in this case or of associated counsel, who assist in the preparation or trial of this case;

(c)     Experts and consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

(d)     The Court, the Court's staff, witnesses, and the jury in this case;

(e)     Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony for this action;

(f)     Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending with the issue of roof defect against Ford, which involved Ford vehicle, except vehicles which exceed one ton model years, older than 1996, or

F:\CLIENTS\Morales Claudia\Pleadings3\Orders4\Protective Order.doc                     Page 2

convertibles, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

3.　Before persons described in subparagraphs 2(c) of (2(f) above are given access to any Protected Document, each person to whom a party's representative intends to deliver, exhibit, or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached thereto as Exhibit A, to be bound by its terms. With respect o persons described in subparagraph 2(f) above, Plaintiffs' counsel shall, in addition, maintain a current log of the names and addresses to whom discovery materials designated "confidential" by Defendants are furnished together with a list of documents identified by Bates numbers affixed to any such document by the Defendants. Upon the court's filing of good cause, such a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, and by Order of the Court; Plaintiffs' counsel shall provide within three (3) business days, a copy of such log to the Court for an in-camera inspection, together with copies of the written agreements executed by persons describe ed in subparagraph 2(f) above.

4.　"Competitor." This term shall mean any legal entity other than the Defendant engaged in the business of designing, manufacturing or selling commercial or passenger motor vehicles or the component parts thereof.

5.　In the event that any recipient of confidential documents is served with a subpoena, request, demand or any other legal process, including any legal process by a governmental agency, in this or any other action where Ford or its counsel is not a named

party, concerning confidential documents subject to this Order, that person shall give prompt written notice of such event to Defendant Ford Motor Company's counsel: Thompson, Coe, Cousins & Irons, L.L.P., Attn: Brian Hensley, 701 Brazos, Suite 500 Austin Centre, Austin, Texas 78701, and shall object on the basis of this Order to producing or responding to any such request, demand, subpoena, or other legal process. Within ten (10) days from the giving of such written notice, the Defendant shall advise the person who is to respond to the subpoena or request or demand of its position. Thereafter, Defendant Ford Motor Company shall assume responsibility for preserving and prosecuting any objection to the request or demand or subpoena. The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Order. Nothing herein shall be construed as requiring any recipient of confidential documents to challenge or appeal or to seek relief from any order requiring the production or other response concerning confidential documents, or to subject her or himself to any penalties for noncompliance with any request, demand, subpoena, legal process or order requiring the production or other response concerning confidential documents other than as stated above.

6.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record and within ten (10) days of receipt of a deposition, Ford must provide all counsel of record

with written notice of page/line designation which enables this protective order. No page/line designation will be needed for any question or answer that specifically identifies a Volvo document by Bates number.

7.    Upon the termination of this case, by judgment, settlement or otherwise, all confidential documents subject to this Order, including all summaries, copies and other reproductions of such information in the possession of a recipient of confidential documents may be retained by the recipient of confidential documents and shall continue to be subject to the provisions of this Order.

8.    This Order shall be binding upon the parties in the above styled cause, the attorneys for each party and upon any recipient of confidential documents and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other legal entity over which any party or attorney or recipient of confidential documents may have control.

9.    The 49th Judicial District Court in Webb County shall retain full and complete and exclusive jurisdiction over any disputes concerning this protective order by agreement of all parties.

SIGNED on this the ___2nd___ day of __September__, 2005.

_____
JUDGE PRESIDING

CC:

Jaime A. González, Jr., GONZALEZ & ASSOCIATES LAW FIRM P.C., 817 E. Esperanza, McAllen, Texas 78501
Brian Hensley, THOMPSON, COE, 701 Brazos, Suite 1500, Austin Centre, Austin, Texas, 78701
Amy Samberg, SNELL & WILMER, L.L.P., 1500 Norwest Tower, One South Church Avenue, Tucson, Arizona, 85701-1612
Jose L. Arce, 1101 Market Street, Laredo, Texas 78040

Page 6

F:\CLIENTS\Morales Claudia\Pleadings3\Orders4\Protective Order.doc

**EXHIBIT A**

CAUSE NO. 2003-CVB-000801-D1

CLAUDIA MORALES, INDIVIDUALLY § IN THE DISTRICT COURT OF
AND AS PERSONAL REPRESENTATIVE OF §
THE ESTATE OF JUAN SANCHEZ §
MORALES, DECEASED, AND AS NEXT OF §
FRIEND OF JUAN ARNOLDO MORALES, §
QUESANDRA MORALES AND EDGAR §
ALEJANDRO MORALES, MINORS, §

Plaintiffs, §

VS. § WEBB COUNTY, TEXAS

MAXWELL AUTOMOTIVE INC, D/B/A §
MAXWELL FORD, LTD., MAXWELL FORD, §
LTD.; FORD MOTOR COMPANY, INC.; and §
HENRY POTTIN, D/B/A D&H AUTO §
REPAIR, §

Defendants. § 49TH JUDICIAL DISTRICT

I certify that I have read the attached "Protective Order" entered in this case entitled *Claudia Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales and Edgar Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor Company, Inc.; and Henry Pottin, D/B/A D&H Auto Repair*, Cause No. 2003-CVB-000801-D1. Before reviewing and receiving access to the contents of any of the documents, materials and/or contents of any of the documents, materials and/or discovery subject to the protection of that Order and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of the Order.

I agree that my signature below submits me to the jurisdiction of the 49th Judicial District Court, Webb County Texas, Cause No. 2003-CVB-000801-D1, in which the action of *Claudia*

Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales and Edgar Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor Company, Inc.; and Henry Pottin, D/B/A D&H Auto Repair is pending, and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

FURTHER AFFIANT SAYETH NOT.

Affiant:

Sworn and subscribed to before me this _____ day of _____, 2005.

_____
Notary Public

My Commission Expires: _____