

# Martinez, Barrera y Martinez, L.L.P.
### Attorneys at Law

Tony Martinez *

Horacio L. Barrera

Benigno (Trey) Martinez

1201 E. Van Buren
Brownsville, TX 78520
(956) 546-7159
Fax (956) 544-0602

September 30, 2005

Amy Samberg
SNELL & WILMER, L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ 85701-1630

Amy,

      Re: Reynoso v Ford

      As per your conversation with Mr. Martinez today, enclosed please find the following three protective orders that were discussed:

      1.    Claudia Morales, et al. v Maxwell Automotive, et al.
      2.    Gregory Scott Duncan, et al. v Ford Motor Company, et al.
      3.    Matthew Golbert, et al. v Ford Motor Company, et al.

      Tony is looking into the other issues you brought up, unfortunately he did not make it into the office today. I will keep you informed of the other issues as soon as he lets me know.

      If you have any questions, please do not hesitate to call me at 956-546-7159.

Sincerely,

Dolores Garza

TM/dg

Enclosures

**EXHIBIT I**

www.martinezybarrera.com

* Board Certified Personal Injury Law Texas Board Of Legal Specialization

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY, FLORIDA

GREGORY SCOTT DUNCAN,
MARLYN J. SOMERA, and
GREGORY SCOTT DUNCAN,
as Personal Representative
of the ESTATE OF CLAIRE SOMERA
DUNCAN, Deceased,

    Plaintiffs,

CASE NO.: 01-7230-CA
DIVISION: CV-F

vs.

FORD MOTOR COMPANY, an out of state
corporation; MIKE SHAD FORD, INC.,
a Florida corporation,

    Defendants.
_____/

## STIPULATED SHARING CONFIDENTIALITY PROTECTIVE ORDER

WHEREAS, documents or information proprietary to the Defendant containing proprietary information and/or trade secrets may be produced or disclosed during the course of discovery in this litigation; and

WHEREAS, while Defendant asserts that disclosure of such information might severely injurious to Defendant placing them as a competitive disadvantage within the industry; and

WHEREAS, in order to protect the respective interests of the parties and to facilitate the progress of discovery in this case, the Court finds that the following order should be issued:

1. Documents to be produced by a party during discovery in this litigation which contained trade secrets and other confidential research, development and commercial information are hereafter referred to as "Protected Documents." Except as otherwise indicated below, all documents designated as "confidential" that are produced or delivered to the opposing party or their attorneys, consultant, agents or experts in this action shall be protected

ORL#597911.1

documents and be given confidential treatment as described below, limited to the following documents:

- Safety Product Development – XC90;
- Test Report No. 261760;
- Test Report No. 260663;
- Test Report No. 256272;
- Test Report No. 258834;
- Test Report No. 262279;
- Volvo P28 S3:1 CAE analyses of rollover droptest;
- 5. Rollover. 5.1 Subpart: Occupant Protection, adult and child in front/rear seat, dynamic methods;
- FKB Complete Vehicle: Crashworthiness. Approved 98256;
- Doc No. 08619631: Belt Assy LHFA P28 USA/AUS/JAP;
- 2002_FS_ROLL_V20: P28 Introduction for Journalists (CD-ROM);
- 013054: Drop Test P28 Films (CD-ROM);
- 003035 + 033084, 260003 + P28 for Fleet Customers (CD-ROM);
- 993016 LM258836 (CD-ROM);
- 013054 Drop Test P28 Data 1 of 2 (CD-ROM);
- 013054 Drop Test P28 Data 2 of 2 (CD-ROM);
- 006144 LM261760:1 (CD-ROM);
- 006144_10 LM261760:2 (CD-ROM);
- 006128 LM261760:3 (CD-ROM);
- 003048 LM262279:1 (CD-ROM);
- 003048 LM262279:2 (CD-ROM);
- 003048 LM262279:3 (CD-ROM);
- 003048 LM262279:4 (CD-ROM);
- 003048 LM262279:5 (CD-ROM);
- 98325 LM256272:1 (CD-ROM);
- 98325 LM256272:2 (CD-ROM);
- 98325 LM256272:3 (CD-ROM);
- 98325 LM256272:4 (CD-ROM);
- 98325 LM256272:5 (CD-ROM);
- assembly drawings for the XC90 Body Upper;
- CAD drawings for the roof and supporting structure of the Volvo XC90 (CD-ROM);
- Volvo FE Model (Drop Test) (CD-ROM);
- Volvo XC90 FE Model (Dynamic Drop Test) (CD-ROM);
- Rollover Test XC90 Volvo Test No. 033090 (CD-ROM);
- Test Report No. 270720;
- XC90 Rollover FE-analysis Log Book.

ORL#597911.1

2. Protected documents shall not included (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any government entity without request for confidential treatment.

3. At any time after the delivery of documents designated "confidential," counsel for the receiving party may challenge the confidential designation of any document or transcript (or portion thereof) by providing written notice thereof to counsel for the opposing party. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the producing party shall have thirty (30) days to move for protective order with regard to any discovery materials in dispute, and shall have the burden of establishing that any discovery material in dispute are entitled to protection from unrestricted disclosure. If the producing party does not seek protection of such disputed discovery materials by filing an appropriate motion with this Court within Thirty (30) days, then the disputed material shall no longer be subject to protection as provided in this order. All documents or things which any party designates as "confidential" shall be accorded confidential status pursuant to the terms of this protective order until and unless the parties formally agree in writing to the contrary or determinations made by the Court as to confidential status.

4. Protected documents and the material contained therein shall not be used or shown, disseminated, copies, or in any way communicated to anyone for this purpose whatsoever, except as provided for below.

5. Except for the prior written consent of the producing party or upon further orders of this Court, protected persons (hereinafter referred to as "Qualified Persons") by the parties or by their representatives:

(a) Parties and their counsel of record in this action;

ORL#597911.1

(b) Employees of such counsel assigned to and necessary to assist such counsel in the preparation of trial of this action;

(c) Independent experts and consultants retained by parties whose assistance is necessary for the preparation of trial of this specific action, provided that no such disclosure shall be made to any person employed by any competitor of Ford Motor Company except upon further order of this Court;

(d) The Court; and

(e) Other attorneys who are involved in active, ongoing litigation against Ford where those cases involve Ford Explorers and allegations of serious injury or death from roof crush, stability or handling issues, or from occupant restraint systems.

6. Before being given access to any protected document to persons described in subparagraph 5(c) or 5(e) above, each person to who a party's representatives intend to deliver, exhibit, or disclose any protected document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A", to be bound by its terms. With respect to persons described in subparagraph (e) above, Plaintiff's counsel shall in addition maintain a current log of the names, addresses to whom discovery materials designated "confidential" by Defendant are furnished, together with a list of documents identified by Bated numbers affixed to any such document by the Defendant. Upon the Defendant's request and a court finding of good cause, such as a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, Plaintiff's counsel shall provide within three (3) business days a copy of such log, together with copies of the written agreements executed by persons described in subparagraph (e) above.

ORL#597911.1

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any documents or thing, or any verbatim transcript, in whole or in part, or such document or thing.

8. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the protected documents or information.

9. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order", and a statement substantially in the following form: This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

10. Any court reporter or transcriber who reports or transcribed testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel or record.

ORL#597911.1

11. Inadvertent or unintentional production of documents or information containing information which should have been designated "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

12. Plaintiffs shall not under any circumstances sell, offer for sale, advertise, or publicize the contents of protected documents.

13. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter or public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

SIGNED AND ORDERED ENTERED this ____ day of _____, 2004.

Order Entered
FEB 06 2004

/s/ Charles O. Mitchell, JR.
_____
Judge Presiding

APPROVED AS TO FROM AND CONTENT:

_____
Robert J. Link, Esq.
Attorney for Plaintiffs

_____
Wendy Mia Pardew, Esq.
Attorney for Ford Motor Company

ORL#597911.1

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY, FLORIDA

GREGORY SCOTT DUNCAN,
MARLYN J. SOMERA, and
GREGORY SCOTT DUNCAN,
as Personal Representative
of the ESTATE OF CLAIRE SOMERA
DUNCAN, Deceased,

    Plaintiffs,

vs.

FORD MOTOR COMPANY, an out of state
corporation; MIKE SHAD FORD, INC.,
a Florida corporation,

    Defendants.

CASE NO.: 01-7230-CA
DIVISION: CV-F

_____/

    I certify that I have read the attached Protective Order entered in this case entitled Gregory Duncan and Marlyn Somera, et al. vs. Ford Motor Company and Mike Shad Ford, Case No. 01-7230-CA. Before reviewing and receiving access to the contents of any of the documents, materials and/or contents of any of the documents, materials and/or discovery subject to the protection of that Order and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of the Order. I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Order.

_____
Name

1201 E. Van Buren
Address    Brownsville, TX 78520

**EXHIBIT "A"**

ORL#597911.1

## EXHIBIT A

CAUSE NO. C-933-03-F

| | | |
|---|---|---|
| MATTHEW GOBERT and RHONDA GOBERT, Individually and as Representatives of The Estate of DUSTIN GOBERT, DECEASED; and ERNEST MOORE and VALERIE MOORE, Individually and as Representatives of The Estate of KIMPER MOORE, DECEASED, | § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | 332nd JUDICIAL DISTRICT |
| VS. | § § | |
| FORD MOTOR COMPANY; KEN STOEPEL FORD, INC.; TRW VEHICLE SAFETY SYSTEMS, INC.; and TRW, INC. | § § § § | |
| Defendants. | § § | HIDALGO COUNTY, TEXAS |

AFFIDAVIT OF ___TONY MARTINEZ_____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the 332nd Judicial District Court, Hildalgo County, Texas, in which the action of <u>Matthew Gobert, et. al. v. Ford Motor Company, et. al.</u>, Cause No. C-933-03-F, is pending, and binds me to the provisions of the

Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This 24 day of May, 2005

_____
AFFIANT

SUBSCRIBED AND SWORN to before me this 24 day of May, 2005

_____
NOTARY PUBLIC

SAN JUANITA LOPEZ
Notary Public, State of Texas
My Commission Expires
January 14, 2006

My Commission Expires: 1/14/06

35577.1672\PETERSB\PHX\1624804.1

-9-

ATLANTA:4699437.1

** TOTAL PAGE.21 **

CAUSE NO. 2003-CVE-000801-D1

| | | |
|---|---|---|
| CLAUDIA MORALES, INDIVIDUALLY<br>AND AS PERSONAL REPRESENTATIVE<br>OF THE ESTATE OF<br>JUAN SANCHEZ MORALES, DECEASED,<br>AND AS NEXT OF FRIEND OF<br>JUAN ARNOLDO MORALES,<br>QUESANDRA MORALES<br>AND EDGAR ALEJANDRO MORALES,<br>MINORS,<br>      *Plaintiffs*<br><br>v.<br><br>MAXWELL AUTOMOTIVE INC. D/B/A<br>MAXWELL FORD, LTD.; MAXWELL<br>FORD, LTD.; FORD MOTOR COMPANY,<br>INC.; and HENRY POTTIN, D/B/A<br>D & H AUTO REPAIR,<br>      *Defendants* | § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br><br><br>WEBB COUNTY, TEXAS<br><br><br><br><br><br>49TH JUDICIAL DISTRICT |

## PROTECTIVE ORDER

On this day came the parties represented by counsel, and the Court having considered the parties' agreement regarding production of confidential materials and information, finds that the following Order should be entered:

**IT IS ORDERED** that the following rules and procedures shall govern all documents and all information obtained or to be obtained through discovery in this action from Defendant Ford Motor Company (hereinafter referred to as "Ford"):

1. Documents to be produced by Ford in this action, including photographs, drawings, films, videotapes, or others including lists of compilations thereof, that contain trade secrets or other commercially sensitive or proprietary information ("Protected

F:\CLIENTS\Morales Claudia\Pleadings3\Orders4\Protective Order.doc                Page 1


SCANNED BY:

Documents"), and copies thereof, shall be marked "Subject to Protective Order" or with other similar marking and such markings shall not interfere with any writing on the documents.

2. Both the Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of Defendant or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a) Counsel of record for the parties in this action, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(b) Employees of counsel for each party in this case or of associated counsel, who assist in the preparation or trial of this case;

(c) Experts and consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

(d) The Court, the Court's staff, witnesses, and the jury in this case;

(e) Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony for this action;

(f) Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending with the issue of roof defect against Ford, which involved Ford vehicle, except vehicles which exceed one ton model years, older than 1996, or

convertibles, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

3. Before persons described in subparagraphs 2(c) of (2(f) above are given access to any Protected Document, each person to whom a party's representative intends to deliver, exhibit, or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached thereto as Exhibit A, to be bound by its terms. With respect o persons described in subparagraph 2(f) above, Plaintiffs' counsel shall, in addition, maintain a current log of the names and addresses to whom discovery materials designated "confidential" by Defendants are furnished together with a list of documents identified by Bates numbers affixed to any such document by the Defendants. Upon the court's filing of good cause, such a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, and by Order of the Court; Plaintiffs' counsel shall provide within three (3) business days, a copy of such log to the Court for an in-camera inspection, together with copies of the written agreements executed by persons describe ed in subparagraph 2(f) above.

4. "Competitor." This term shall mean any legal entity other than the Defendant engaged in the business of designing, manufacturing or selling commercial or passenger motor vehicles or the component parts thereof.

5. In the event that any recipient of confidential documents is served with a subpoena, request, demand or any other legal process, including any legal process by a governmental agency, in this or any other action where Ford or its counsel is not a named

party, concerning confidential documents subject to this Order, that person shall give prompt written notice of such event to Defendant Ford Motor Company's counsel: Thompson, Coe, Cousins & Irons, L.L.P., Attn: Brian Hensley, 701 Brazos, Suite 500 Austin Centre, Austin, Texas 78701, and shall object on the basis of this Order to producing or responding to any such request, demand, subpoena, or other legal process. Within ten (10) days from the giving of such written notice, the Defendant shall advise the person who is to respond to the subpoena or request or demand of its position. Thereafter, Defendant Ford Motor Company shall assume responsibility for preserving and prosecuting any objection to the request or demand or subpoena. The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Order. Nothing herein shall be construed as requiring any recipient of confidential documents to challenge or appeal or to seek relief from any order requiring the production or other response concerning confidential documents, or to subject her or himself to any penalties for noncompliance with any request, demand, subpoena, legal process or order requiring the production or other response concerning confidential documents other than as stated above.

6. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record and within ten (10) days of receipt of a deposition, Ford must provide all counsel of record

with written notice of page/line designation which enables this protective order. No page/line designation will be needed for any question or answer that specifically identifies a Volvo document by Bates number.

7. Upon the termination of this case, by judgment, settlement or otherwise, all confidential documents subject to this Order, including all summaries, copies and other reproductions of such information in the possession of a recipient of confidential documents may be retained by the recipient of confidential documents and shall continue to be subject to the provisions of this Order.

8. This Order shall be binding upon the parties in the above styled cause, the attorneys for each party and upon any recipient of confidential documents and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other legal entity over which any party or attorney or recipient of confidential documents may have control.

9. The 49th Judicial District Court in Webb County shall retain full and complete and exclusive jurisdiction over any disputes concerning this protective order by agreement of all parties.

SIGNED on this the ___2nd___ day of ___September___, 2005.

_____
JUDGE PRESIDING

cc:

Jaime A. González, Jr., GONZALEZ & ASSOCIATES LAW FIRM P.C., 817 E. Esperanza, McAllen, Texas 78501
Brian Hensley, THOMPSON, COE, 701 Brazos, Suite 1500, Austin Centre, Austin, Texas, 78701
Amy Samberg, SNELL & WILMER, L.L.P., 1500 Norwest Tower, One South Church Avenue, Tucson, Arizona, 85701-1612
Jose L. Arce, 1101 Market Street, Laredo, Texas 78040

EXHIBIT A

CAUSE NO. 2003-CVE-000801-D1

| | | |
|---|---|---|
| CLAUDIA MORALES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JUAN SANCHEZ MORALES, DECEASED, AND AS NEXT OF FRIEND OF JUAN ARNOLDO MORALES, QUESANDRA MORALES AND EDGAR ALEJANDRO MORALES, MINORS,, | § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | WEBB COUNTY, TEXAS |
| VS. | § § | |
| MAXWELL AUTOMOTIVE INC. D/B/A MAXWELL FORD, LTD., MAXWELL FORD, LTD.; FORD MOTOR COMPANY, INC.; and HENRY POTTIN, D/B/A D&H AUTO REPAIR, | § § § § § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

I certify that I have read the attached "Protective Order" entered in this case entitled *Claudia Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales and Edgar Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor Company, Inc.; and Henry Pottin, D/B/A D&H Auto Repair*; Cause No. 2003-CVE-000801-D1. Before reviewing and receiving access to the contents of any of the documents, materials and/or contents of any of the documents, materials and/or discovery subject to the protection of that Order and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of the Order.

I agree that my signature below submits me to the jurisdiction of the 49th Judicial District Court, Webb County Texas; Cause No. 2003-CVE-000801-D1, in which the action of *Claudia*

Doc ID HENEB-118916
08423-068

Morales, Individually and as Personal Representative of the Estate of Juan Sanchez Morales, Deceased, and as Next Friend of Juan Arnoldo Morales, Quesandra Morales and Edgar Alejandro Morales, Minors v. Maxwell Automotive Inc. D/B/A Maxwell Ford, Ltd.; Ford Motor Company, Inc.; and Henry Pottin, D/B/A D&H Auto Repair is pending, and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

FURTHER AFFIANT SAYETH NOT.

_____
Affiant:

Sworn and subscribed to before me this
20th day of September, 2005.

_San Juanita Lopez_
Notary Public

My Commission Expires: 1/14/2006

SAN JUANITA LOPEZ
Notary Public, State of Texas
My Commission Expires
January 14, 2006

Doc ID HENSB-118915
08428-068