IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY, FLORIDA

GREGORY SCOTT DUNCAN,
MARLYN J. SOMERA, and
GREGORY SCOTT DUNCAN,
as Personal Representative
of the ESTATE OF CLAIRE SOMERA
DUNCAN, Deceased,

    Plaintiffs,

vs.

CASE NO.: 01-7230-CA
DIVISION: CV-F

FORD MOTOR COMPANY, an out of state
corporation; MIKE SHAD FORD, INC.,
a Florida corporation,

    Defendants.
_____/

## STIPULATED SHARING CONFIDENTIALITY PROTECTIVE ORDER

WHEREAS, documents or information proprietary to the Defendant containing proprietary information and/or trade secrets may be produced or disclosed during the course of discovery in this litigation; and

WHEREAS, while Defendant asserts that disclosure of such information might severely injurious to Defendant placing them as a competitive disadvantage within the industry; and

WHEREAS, in order to protect the respective interests of the parties and to facilitate the progress of discovery in this case, the Court finds that the following order should be issued:

    1.    Documents to be produced by a party during discovery in this litigation which contained trade secrets and other confidential research, development and commercial information are hereafter referred to as "Protected Documents." Except as otherwise indicated below, all documents designated as "confidential" that are produced or delivered to the opposing party or their attorneys, consultant, agents or experts in this action shall be protected

ORL#597911.1


EXHIBIT N

documents and be given confidential treatment as described below, limited to the following documents:

- Safety Product Development – XC90;
- Test Report No. 261760;
- Test Report No. 260663;
- Test Report No. 256272;
- Test Report No. 258834;
- Test Report No. 262279;
- Volvo P28 S3:1 CAE analyses of rollover droptest;
- 5. Rollover. 5.1 Subpart: Occupant Protection, adult and child in front/rear seat, dynamic methods;
- FKB Complete Vehicle: Crashworthiness. Approved 98256;
- Doc No. 08619631: Belt Assy LHFA P28 USA/AUS/JAP;
- 2002_FS_ROLL_V20: P28 Introduction for Journalists (CD-ROM);
- 013054: Drop Test P28 Films (CD-ROM);
- 003035 + 033084, 260003 + P28 for Fleet Customers (CD-ROM);
- 993016 LM258836 (CD-ROM);
- 013054 Drop Test P28 Data 1 of 2 (CD-ROM);
- 013054 Drop Test P28 Data 2 of 2 (CD-ROM);
- 006144 LM261760:1 (CD-ROM);
- 006144_10 LM261760:2 (CD-ROM);
- 006128 LM261760:3 (CD-ROM);
- 003048 LM262279:1 (CD-ROM);
- 003048 LM262279:2 (CD-ROM);
- 003048 LM262279:3 (CD-ROM);
- 003048 LM262279:4 (CD-ROM);
- 003048 LM262279:5 (CD-ROM);
- 98325 LM256272:1 (CD-ROM);
- 98325 LM256272:2 (CD-ROM);
- 98325 LM256272:3 (CD-ROM);
- 98325 LM256272:4 (CD-ROM);
- 98325 LM256272:5 (CD-ROM);
- assembly drawings for the XC90 Body Upper;
- CAD drawings for the roof and supporting structure of the Volvo XC90 (CD-ROM);
- Volvo FE Model (Drop Test) (CD-ROM);
- Volvo XC90 FE Model (Dynamic Drop Test) (CD-ROM);
- Rollover Test XC90 Volvo Test No. 033090 (CD-ROM);
- Test Report No. 270720;
- XC90 Rollover FE-analysis Log Book.

ORL#597911.1

2. Protected documents shall not included (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any government entity without request for confidential treatment.

3. At any time after the delivery of documents designated "confidential," counsel for the receiving party may challenge the confidential designation of any document or transcript (or portion thereof) by providing written notice thereof to counsel for the opposing party. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the producing party shall have thirty (30) days to move for protective order with regard to any discovery materials in dispute, and shall have the burden of establishing that any discovery material in dispute are entitled to protection from unrestricted disclosure. If the producing party does not seek protection of such disputed discovery materials by filing an appropriate motion with this Court within Thirty (30) days, then the disputed material shall no longer be subject to protection as provided in this order. All documents or things which any party designates as "confidential" shall be accorded confidential status pursuant to the terms of this protective order until and unless the parties formally agree in writing to the contrary or determinations made by the Court as to confidential status.

4. Protected documents and the material contained therein shall not be used or shown, disseminated, copies, or in any way communicated to anyone for this purpose whatsoever, except as provided for below.

5. Except for the prior written consent of the producing party or upon further orders of this Court, protected persons (hereinafter referred to as "Qualified Persons") by the parties or by their representatives:

(a) Parties and their counsel of record in this action;

ORL#597911.1

(b) Employees of such counsel assigned to and necessary to assist such counsel in the preparation of trial of this action;

(c) Independent experts and consultants retained by parties whose assistance is necessary for the preparation of trial of this specific action, provided that no such disclosure shall be made to any person employed by any competitor of Ford Motor Company except upon further order of this Court;

(d) The Court; and

(e) Other attorneys who are involved in active, ongoing litigation against Ford where those cases involve Ford Explorers and allegations of serious injury or death from roof crush, stability or handling issues, or from occupant restraint systems.

6. Before being given access to any protected document to persons described in subparagraph 5(c) or 5(e) above, each person to who a party's representatives intend to deliver, exhibit, or disclose any protected document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A", to be bound by its terms. With respect to persons described in subparagraph (e) above, Plaintiff's counsel shall in addition maintain a current log of the names, addresses to whom discovery materials designated "confidential" by Defendant are furnished, together with a list of documents identified by Bated numbers affixed to any such document by the Defendant. Upon the Defendant's request and a court finding of good cause, such as a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, Plaintiff's counsel shall provide within three (3) business days a copy of such log, together with copies of the written agreements executed by persons described in subparagraph (e) above.

ORL#597911.1

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any documents or thing, or any verbatim transcript, in whole or in part, or such document or thing.

8. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the protected documents or information.

9. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order", and a statement substantially in the following form: This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

10. Any court reporter or transcriber who reports or transcribed testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel or record.

ORL#597911.1

11. Inadvertent or unintentional production of documents or information containing information which should have been designated "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

12. Plaintiffs shall not under any circumstances sell, offer for sale, advertise, or publicize the contents of protected documents.

13. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter or public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

SIGNED AND ORDERED ENTERED this _____ day of _____, 2004.

Order Entered
FEB 06 2004

/s/ Charles O. Mitchell, JR.
_____
Judge Presiding

APPROVED AS TO FROM AND CONTENT:

_____
Robert J. Link, Esq.
Attorney for Plaintiffs

_____
Wendy Mia Pardew, Esq.
Attorney for Ford Motor Company

ORL#597911.1

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY, FLORIDA

GREGORY SCOTT DUNCAN,
MARLYN J. SOMERA, and
GREGORY SCOTT DUNCAN,
as Personal Representative
of the ESTATE OF CLAIRE SOMERA
DUNCAN, Deceased,

    Plaintiffs,

vs.

FORD MOTOR COMPANY, an out of state
corporation; MIKE SHAD FORD, INC.,
a Florida corporation,

    Defendants.
_____/

CASE NO.: 01-7230-CA
DIVISION: CV-F

    I certify that I have read the attached Protective Order entered in this case entitled Gregory Duncan and Marlyn Somera, et al. vs. Ford Motor Company and Mike Shad Ford, Case No. 01-7230-CA. Before reviewing and receiving access to the contents of any of the documents, materials and/or contents of any of the documents, materials and/or discovery subject to the protection of that Order and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of the Order. I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Order.

_____
Name

1201 E. Van Buren
Brownsville, TX 78520
Address

EXHIBIT "A"

ORL#597911.1