CAUSE NO. 2003-05-2715-E

| | | |
|---|---|---|
| ISABEL ENNIS REYNOSO, SALLY PAYAN, AND ENRIQUE ROBERTO PAYAN | § § § | IN THE 357th JUDICIAL |
| VS. | § § | DISTRICT COURT OF |
| FORD MOTOR COMPANY, USA, AND AUTOMOTRIZ DEL NORESTE, S.A. DE C.V., MEXICO | § § § | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S, ISABEL ENNIS REYNOSO, RESPONSES TO DEFENDANT, FORD MOTOR COMPANY'S, FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

TO:   Defendant, **FORD MOTOR COMPANY**, by through it's attorney of record:

Mr. Chris A. Blackerby
**BROWN McCARROLL, L.L.P.**
111 Congress Avenue, Ste. 1400
Austin, Texas 78701

COMES NOW, **ISABEL ENNIS REYNOSOS**, Plaintiff herein and pursuant to the Texas Rules of Civil Procedure, files this her Answers to Defendant, Ford Motor Company's, First Set of Interrogatories and Request for Production, as attached hereto. Plaintiff reserves the right to timely supplement all responses herein.



Respectfully submitted,

**MARTINEZ, BARRERA Y MARTINEZ, L.L.P.**
1201 East Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

_____
Benigno (Trey) Martinez
State Bar No. 00797011

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of October, 2003 a copy of the foregoing document was forwarded to all counsel of record.

**VIA CMRRR#7002 2030 0007 0887 6978**
Mr. Chris A. Blackerby
**BROWN McCARROLL, L.L.P.**
111 Congress Avenue, Ste. 1400
Austin, Texas 78701

_____
Benigno (Trey) Martinez

**PLAINTIFF'S, ISABEL ENNIS REYNOSO, RESPONSES TO DEFENDANT, FORD MOTOR COMPANY'S, FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION**

**INTERROGATORY NO.1:** Please state your full name, date of birth, current address, social security number, driver's license number, and identify the state that issued such license. ("Name" is intended to be all names or aliases you may have used at any time during your lifetime.)

**RESPONSE:** Isabel Ennis Reynoso a/k/a Betty Reynoso
D.O.B. : 10/31/1922
S.S.#: 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
D.L. : None

**REQUEST FOR PRODUCTION NO.1:** Please produce a copy of your social security card and driver's license.

**RESPONSE:** Please see attached.

**INTERROGATORY NO.2:** Please identify every person to whom you have ever been married, including marriages by common law, and identify each of your natural or adopted children, including each child's date of birth.

**RESPONSE:**　Husband:　Pedro Reynoso
　　Children:　Pedro Reynoso　　10/07/1944
　　　　　　　R. Tomas Reynoso　10/07/1945
　　　　　　　Estella Filizola　　08/21/1948
　　　　　　　Betty Payan　　　　11/17/1951
　　　　　　　Susana Reynoso　　01/28/1955

**INTERROGATORY NO.3:** Please identify each crime with which you have ever been charged, including the date, state and county, and cause number of each charge.

**RESPONSE:** None.

**INTERROGATORY NO.4:** Please identify, by stating the style, cause number and court in which it was filed, each lawsuit or legal proceeding (whether civil, criminal or administrative) in which you have been involved, except this case.

**RESPONSE:** None.

---

*Isabel's Responses to Ford's First Set of Interrogatories and Request for Production*　　　　Page 3

**INTERROGATORY NO.5:** If you have ever been involved in any type of accident where you or anyone else were injured, please identify the circumstances surrounding the accident including date, location, and parties involved.

**RESPONSE:** None.

**INTERROGATORY NO.6:** Please identify each person you expect to call to testify at the trial of this case pursuant to TRCP 192.3(d).

**RESPONSE:** Plaintiff will supplement.

**INTERROGATORY NO.7:** Please identify each doctor, clinician, therapist, hospital, clinic, pharmacy, or other health care provider who has examined, evaluated, treated or otherwise cared for you in connection with physical and/or mental/psychological injuries, allegedly sustained as a result of the accident, and the total expenses incurred to each for which you contend defendant is liable, in whole or in part.

**RESPONSE:** Please see attached authorization.

**INTERROGATORY NO.8:** Please identify each physician, medical care provider, psychiatrist, psychologist, psychotherapist, physician, social workers, counselor, or other mental health professional from whom you have sought or obtained treatment or counseling in the past ten years.

**RESPONSE:** Please see attached authorization.

**REQUEST FOR PRODUCTION NO. 2:** Please produce copies of all medical records reflecting treatment of any physical and/or mental/psychological injuries, if any, allegedly sustained by you as a result of the accident or in the alternative execute the authorization attached hereto.

**RESPONSE:** Please see attached authorization.

**REQUEST FOR PRODUCTION NO.3:** Please produce all documents evidencing medical expenses incurred in the treatment of your physical and/or mental/psychological injuries, if any allegedly sustained as a result of the accident.

**RESPONSE:** Please see attached authorization.

**REQUEST FOR PRODUCTION NO.4:** Please produce copies of all of your medical record for the seven years prior to the accident. In the alternative, please execute the attached release for such records.

**RESPONSE:**  Please see attached authorization.

**REQUEST FOR PRODUCTION NO.5:** Please produce all your psychological therapy or emotional counseling records for the past ten years.

**RESPONSE:**  Please see attached authorization.

**REQUEST FOR PRODUCTION NO.6:** Please produce all insurance files related to the accident, including statements, photographs, correspondence, notes, investigation, reports and any other documents made or maintained by an insurance company with regard to the accident. In the alternative, please execute the attached release related to such records.

**RESPONSE:**  There are none at this time.

**INTERROGATORY NO.9:**  Please state the date and amount of each payment or other benefit paid to you or on your behalf by anyone or on account of any insurance policy described in your response to Ford's Request for Disclosure, specifically those responsive to TRCP 192. (f).

**RESPONSE:**  None.

**REQUEST FOR PRODUCTION NO.7:** Please produce all documents evidencing any and all payments made to you or on your behalf anyone or on account of any insurance policy described in your response to Ford's Request for Disclosure responsive to TRCP 194.2 (g).

**RESPONSE:**  None.

**REQUEST FOR PRODUCTION NO.8:** Please produce all documents evidencing any and all payments made to you or on your behalf by all persons or legal entities who have a subrogation interest in the cause of action set forth in your complaint.

**RESPONSE:**  None.

**REQUEST FOR PRODUCTION NO.10:**  Please produce all documents related to the purchase of the vehicle.

**RESPONSE:**  Please see attached.

**REQUEST FOR PRODUCTION NO.11:**  Please produce all records, recordings, films, videotapes, or other tangible record of any kind whatsoever concerning any testing of the vehicle of which you, any of your attorneys or experts are aware.

**RESPONSE:**  There are none at this time.

**REQUEST FOR PRODUCTION NO.12:** Please produce any documents made or maintained by any person to document finding s or conclusions of any examination, test, or other inspection of the vehicle after the accident.

**RESPONSE:** Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.13:** Please produce any and all photographs, videotapes, films, or other depictions of the vehicle or accident site made or taken by you or on your behalf after the accident.

**RESPONSE:** Please refer to CD enclosed.

**REQUEST FOR PRODUCTION NO.14:** Please produce any and all photographs, videotapes, films, or other depictions of the vehicle or accident site made or taken before the accident.

**RESPONSE:** There are none.

**REQUEST FOR PRODUCTION NO.15:** Please produce all photographs, films, videotapes, measurements, diagrams, drawings, plats, or other depiction of the accident scene taken or made by you or on our behalf.

**RESPONSE:** Please refer to CD enclosed for all photographs and diagrams, including the attached police report.

**REQUEST FOR PRODUCTION NO.16:** Please produce any and all photographs, moving pictures, film, videotapes and audio recordings which are connected with or related in any way to the vehicle or the accident in question, including those of the accident scene, the vehicle or any component parts thereof, and/or any person or objects involved in the accident in question.

**RESPONSE:** Please refer to CD enclosed.

**REQUEST FOR PRODUCTION NO.17:** Please produce copies of all documents relating in any way to any investigation regarding the accident in question or its causes or the alleged defects in the vehicle conducted by or on behalf of plaintiffs.

**RESPONSE:** There are none at this time.

**REQUEST FOR PRODUCTION NO.18:** Please produce copies of all documents that refer to relate to damage to and/or cost of repairs to the vehicle.

**RESPONSE:** Plaintiff will supplement.

---

**REQUEST FOR PRODUCTION NO.19:** Please produce documents reflecting ownership, repair and/or maintenance of the vehicle in question, including but not limited to correspondence, service records, warranty records, registration records, estimates, invoices, canceled checks and/or charge card receipts.

**RESPONSE:** Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.20:** Please produce all documents reflecting modifications, alterations and/or changes to the vehicle in question, including but not limited to correspondence, service records, warranty records, registration records, estimates, invoices, canceled checks and/or charge card receipts.

**RESPONSE:** There are none of which Plaintiff is aware.

**REQUEST FOR PRODUCTION NO.21:** Please produce copies of all documents that relate to any wrecker or towing service involved in the removal of the vehicle from the accident scene, and/or subsequent transportation or storage of the vehicle.

**RESPONSE:** There are none of which Plaintiff is aware.

**REQUEST FOR PRODUCTION NO.22:** Please produce any records in your possession or control documenting any prior damage to the vehicle.

**RESPONSE:** There are none of which Plaintiff is aware.

**INTERROGATORY NO.10:** Please identify each of your employers in the ten years prior to the accident, and for each (i) state the period employed; (ii) identify your supervisor; (iii) state your job title, and (iv) your average weekly wage.

**RESPONSE:** Please see attached authorization.

**REQUEST FOR PRODUCTION NO.23:** Please produce copies of all of your employment records, including personnel and payroll records, for the ten years prior to the accident. In the alternative, please execute the attached release related to such records.

**RESPONSE:** Please see attached authorization.

**REQUEST FOR PRODUCTION NO.24:** Please produce your social security earnings history for the periods 1992-2001. In the alternative, please execute the attached release to such records.

**RESPONSE:** Please see attached authorization.

**REQUEST FOR PRODUCTION NO.25:** Please produce copies of each of your tax returns, with supporting documents, filed in the period 1992-2001. In the alternative, please execute the attached release related to such records.

**RESPONSE:** Please see attached authorization.

**REQUEST FOR PRODUCTION NO.26:** If you claim you were self-employed, please produce copies of all ledgers, balance sheets and other books and records which demonstrate the amounts of income, expenses and profit or loss you experienced as a result of self-employement in each of the past years.

**RESPONSE:** None.

**INTERROGATORY NO.11:** Please describe your educational background, and include the identity of each public or private school, college, university or other educational, instructional or training facility or institution, including vocational schools, which you attended in the past ten years or in which you are now enrolled. Please also specify the dates of your attendance at each.

**RESPONSE:** Please see attached authorization.

**REQUEST FOR PRODUCTION NO.27:** Please produce copies of all of your academic records. In the alternative, please execute the attached release related to such records.

**RESPONSE:** Please see attached authorization.

**REQUEST FOR PRODUCTION NO.28:** Please produce copies of each documents that you may utilize as an exhibit or offer into evidence at the time of trial.

**RESPONSE:** Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.29:** Please produce copies of any documents which support your claim an existed in the vehicle at the of the accident.

**RESPONSE:** Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.30:** Please produce copies of any document which support your claim that defect existed in the vehicle at the time of the accident.

**RESPONSE:** Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO. 31:**   Please produce any and all diaries, calendars, journals or other writings, drawings or depictions kept or made by you with regard to the accident or any events thereafter.

**RESPONSE:**   There are none.

**REQUEST FOR PRODUCTION NO.32:**   Please produce all formal and informal reports and documents prepared by an officer or employee of any law enforcement agency or other governmental agency which pertains, in any way, to the accident.

**RESPONSE:**   Please see attached police report via Enrique Reynoso's responses.

**REQUEST FOR PRODUCTION NO.33:**   Please produce all newspaper and other media accounts of the accident and related events, whether written or taped.

**RESPONSE:**   There are none.

**REQUEST FOR PRODUCTION NO.34:**   Please produce all recordings of your conversations with Ford or any of its agents or employees, and any transcriptions thereof.

**RESPONSE:**   There are none.

**REQUEST FOR PRODUCTION NO.35:**   Please produce copies of all vehicle advertisements and related documents which you, your attorneys, experts or other representative may rely upon to support any allegations you have made in this action, including, where applicable, a transcript of such advertisements.

**RESPONSE:**   Plaintiff will supplement at a later date, if necessary.

**REQUEST FOR PRODUCTION NO.36:**   Please produce copies of all documents which were written or prepared by Ford or any person representing Ford with concern the model of vehicle involved in the accident, or similar vehicles, vehicle safety, or any other matter you have alleged in this action, other than those material which have been supplied directly to you by Ford with regard to this action.

**RESPONSE:**   Plaintiff will supplement at a later date, if necessary.

**REQUEST FOR PRODUCTION NO.37:**   Please produce all correspondence or writings from defendant, its agents, servants and employees to you or members of your family, or to any one associated with you in any way.

---

*Isabel's Responses to Ford's First Set of Interrogatories and Request for Production*   Page 9

**RESPONSE:**     Plaintiff will supplement at a later date, if necessary.

**REQUEST FOR PRODUCTION NO.38:**     Please produce all correspondence or writings from you or any member fo your family to defendant, its agents, servants and employees.

**RESPONSE:**     There are none.

**REQUEST FOR PRODUCTION NO.39:**     Please produce all "statements" as that term is defined in TRCP 192.3 (h) of defendant, its agents, servants and employees.

**RESPONSE:**     There are none.

**REQUEST FOR PRODUCTION NO.40:**     Please produce all "statements" as that term is defined in TRCP 192. 3 (h) made by person(s) not a party to this suit, either written, recorded, or otherwise, that pertain to this lawsuit or the accident.

**RESPONSE:**     Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.41:**     Please produce copies of any and all reports, publications or other documents evidencing any safety standard, law, regulation, ordinance or industry standard which you contend or will contend at trial that Ford has violated.

**RESPONSE:**     Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.42:**     Please produce copies of all documents obtained by you or on your behalf from any governmental, public or private organization or entity regarding the model of vehicle involved in the accident and/or other similar vehicles.

**RESPONSE:**     Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.43:**     Please produce all documents evidencing medical expenses incurred in the treatment of your physical and/or mental/psychological injuries, if any allegedly sustained as a result of the accident.

**RESPONSE:**     Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.44:**     Please produce copies of all statistical documents or information, obtained from any source other than defendant, which contain information related to the accident rates for the vehicle or any other similar vehicle.

**RESPONSE:** Discovery is in its infancy; Plaintiff reserves the right to supplement as discovery progresses.

**REQUEST FOR PRODUCTION NO.45:** Please produce copies of all documents produced by defendant to your attorneys in any other lawsuit which you contend are relevant in this lawsuit or which you may use in this lawsuit.

**RESPONSE:** Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.46:** Please produce copies of all documents generated or written by any employee or other representative of defendant which you or your attorneys have obtained from any source other than defendant and which you contend are relevant in this lawsuit or which you may use in this lawsuit.

**RESPONSE:** Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.47:** Please produce coopies of all transcripts of testimony given by any employee or other representative of defendant in any other lawsuit which you contend are relevant in this case or which you may use in this case.

**RESPONSE:** Plaintiff will supplement.

**REQUEST FOR PRODUCTION NO.48:** If you seek attorneys' fees, please produce copies of all contracts and other documents that relate to any fee arrangements between you and your attorney(s) with regard to the payment of attorneys' fees.

**RESPONSE:** Objection. Irrelevant.

**REQUEST FOR PRODUCTION NO.49:** Please produce the vehicle for inspection.

**RESPONSE:** Please contact Plaintiff's attorney's office to set up inspection at a mutually agreeable time.