UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOSE HERNANDEZ, ET AL        §
    Plaintiff,        §
            §
v.        §        C.A. NO. C-04-319
            §
FORD MOTOR COMPANY        §
    Defendant.        §

### ORDER DENYING DEFENDANT'S MOTION TO COMPEL CORPORATE REPRESENTATIVE DEBRA MARTH TO ANSWER QUESTIONS REGARDING THE VOLVO XC90

Pending before this Court is plaintiff's Motion to Compel Defendant's Corporate Representative Debra Marth to Answer Questions Regarding the Volvo XC90 (D.E. 114). Volvo is a wholly owned subsidiary of Ford Motor Company. Plaintiff claims that Ford, through Volvo, has documents that relate to defendant's knowledge that the XC90, due to its roof strength, is substantially stronger than the 1996 Ford Explorer in question. Plaintiff seeks to compel Marth to answer questions concerning this knowledge and these documents.

Under Texas law, a products liability claimant bears the burden to show a safer alternative design at the time the product left the control of the manufacturer, and has no duty to warn or to recall products for which a safer design has been developed. Tex. Civ. Prac. & Rem. § 82.005; *Syrie*, 748 F.2d at 311-12. Thus, the requested discovery

1



information regarding the Volvo XC90, a vehicle that was not introduced until the 2003 model year and of a company that Volvo did not acquire until March 31, 1999, is totally irrelevant to the claimed design defects of the 1996 Ford Explorer at issue.

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Compel Defendant's Corporate Representative Debra Marth to Answer Questions Regarding the Volvo XC90 (D.E. 114).

ORDERED this 22nd day of July, 2005.

HAYDEN HEAD
CHIEF JUDGE

2

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LEONARD WILLIAMS, SR., etc.,

                          Plaintiff,

-vs-                                  Case No.  6:04-cv-815-Orl-31DAB

MICHELIN NORTH AMERICA, INC.,
MICHELIN AMERICAS RESEARCH &
DEVELOPMENT CORPORATION, and
FORD MOTOR COMPANY,
                        Defendants.

_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL [THE PRODUCTION OF DOCUMENTS] (Doc. No. 96)** |
| **FILED:** | **April 19, 2005** |

**THEREON it is ORDERED that the motion is DENIED.**

Plaintiff, the Personal Representative of the estate of decedent Yvette Williams, is suing Defendants for negligence and product liability arising from the death of decedent on February 8, 2002, when she suffered fatal injuries during a rollover crash while driving a 1992 Ford Explorer. Plaintiff moves to compel documents relating to what he characterizes as "safer alternative designs," used for a sport utility vehicle designed Volvo, a company which Ford acquired in 1999. The discovery period in the case closed on May 2, 2005. Doc. No. 81.

Pursuant to Federal Rules of Civil Procedure 34, Plaintiff is entitled to obtain discovery via requests for production regarding any matter not privileged relevant to its defense of Plaintiff's claims. FED. R. CIV. P. 26(b)(1), 34. Plaintiff asserts that he served his a Request for Production on Defendant Ford Motor Company on January 17, 2005, and that the request seeks documents concerning safety designs by Volvo.

Pursuant to the Local Rules, "Motions to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall (a) *quote in full each . . . request for production to which the motion is addressed;* (2) quote in full the objection and grounds therefor as stated by the opposing party, or the answer or response which is asserted to be insufficient. Middle District of Florida Local Rule 3.04(a) (emphasis added). Plaintiff has not quoted the request(s) for production that are addressed in the motion. Plaintiff has only attached to his Motion "Ford's Response to Plaintiff's First Request for Production" (Doc. No. 96, Att. 2) which responds to a single request for "Volvo documents" produced in a Georgia court case against Ford. Ford objected to the request because:

> [I]t is not reasonably calculated to lead to the discovery of admissible evidence. Further, by seeking such irrelevant information relating to vehicles and model years other than the 1992 Ford Explorer at issue in this lawsuit, Plaintiff is undertaking a vast fishing expedition meant to harass Ford to supply Plaintiff with information that has little or no value to the presentation of his case in this lawsuit. Moreover, Ford objects to this request on the grounds that is seeks information related to other litigation, the facts and circumstances of which are not similar to those of the present case. [The other case], in fact involved a 2000 Mercury Mountaineer that was manufactured after Ford's acquisition of Volvo in 1999. The platform upon which the subject 1992 Ford Explorer was built was designed, built and launched prior to Ford's acquisition of Volvo Cars in 1999. Under the logic that would permit this type of request, Ford would be required to provide information about the design and development of any vehicle produced by its subsidiary corporations without regard to whether the vehicle was substantially similar to the subject 1992 Ford Explorer.

Doc. No. 96, Att. 2.

Plaintiff contends that he is seeking evidence of "safer alternative designs" from Volvo which are supposedly relevant to the 1992 Ford Explorer. Ford's objection on the grounds that Plaintiff seeks information related to other litigation, with different facts and circumstances, is well taken.[1] Plaintiff's Motion to Compel looks rather boilerplate with no discussion whatsoever of the facts of the Georgia court case or why documents produced in that case are relevant to Plaintiff's allegations in this case. Plaintiff's vague argument on the point is that he "has reason to believe that the documentation requested will reveal the results of extensive testing performed by Volvo technicians of a number of safety issues applicable to the vehicle that is the subject of this proceeding." Doc. No. 96 at 4. Plaintiff does not argue that the Volvo technicians participated in the design or manufacture of the 1992 Ford Explorer, but asserts instead that the "Volvo documentation addresses safety improvements . . . applicable to all sport utility vehicles." Plaintiff fails to argue how the documents produced in the Georgia case are relevant or applicable to this case, and in fact fails to even mention the other case.

Moreover, even if Plaintiff's briefing were not deficient, it is difficult to see how design documents from Volvo regarding a sport utility vehicle first produced in 2003 would be relevant to a Ford vehicle produced in 1992, eleven years earlier. In addition, Ford and Volvo were separate entities and competitors · until Ford acquired Volvo in March 1999 and Ford would not have had access to any of Volvo's design documents prior to that time. *See Guasp v. Ford Motor Company*, Case No. 1:04cv006-MP-AK (N.D. Fla. March 8, 2005) ("[A]t the time the 1995 instant [SUV] was produced, Volvo manufactured only passenger cars and Volvo did not produce its first [SUV] until

---

[1] The Court notes that there is a public discussion of the differences in approach between Ford and Volvo regarding roof impacts. *See, e.g.,* http://www.nytimes.com/2005/05/14/automobiles/14roof.html  The relevance, if any, of Volvo's approach to any particular case depends on the facts and issues of that case.

-3-

model year 2003. Furthermore, Ford did not acquire Volvo until 1999 thus making testimony

regarding Volvo's manufacturing in 1995 irrelevant.")[2]. Plaintiff has not shown that the discovery

sought is relevant to the matters at issue in this case to overcome Ford's objection; thus, Plaintiff's

Motion to Compel is **DENIED**.

     **DONE** and **ORDERED** in Orlando, Florida on May 19, 2005.

                                *David A. Baker*
                                 DAVID A. BAKER
                   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2]Copy provided at 100, Att. 3.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVEN GUASP,

      Plaintiff,

v.                                                      CASE NO. 1:04-cv-00006-MP-AK

DUNLOP TIRE CORPORATION,
FORD MOTOR COMPANY,
GOODYEAR DUNLOP TIRES
NORTH AMERICA LTD,

      Defendants.
      _____ /

## O R D E R

    This matter is before the Court on a stipulation filed by the parties (doc. 101), informing

the Court of the successful resolution by the parties of various pending motions.  Pursuant to the

stipulation, Doc. 35, the Joint Motion for Preservation of Physical Evidence filed by Goodyear

Dunlop Tires North America Ltd, is denied as moot, as the Court will enter the attached agreed

order resolving the issues raised in doc. 35.  Additionally, Docs. 36, 40, 44, 53, 61, 71, 79, 81, 74

are denied as moot, as the parties have resolved them.

    With regard to doc. 54, the plaintiff's Motion to Compel Deposition of Ingrid Skosmo,

Plaintiff seeks to depose Ms. Skogsmo, the current Director of Volvo Cars Safety Center and

former liaison engineer of Volvo and Ford.  Plaintiff hopes to ascertain from the deposition the

extent of knowledge held by Ford Motor Company regarding safer alternative designs that

existed at or near the time when the instant vehicle was manufactured.  (Plaintiff's Motion to

Compel at 4.)  Furthermore, Plaintiff wishes to obtain testimony from Ingrid Skogsmo that

"would help establish the need for after-manufacture warnings." (Plaintiff's Motion to Compel at

9.) Finally, Plaintiff wishes to discover "evidence of what other vehicle designers and manufacturers do to test their vehicles." (Plaintiff's Motion to Compel at 9.)

The Court agrees with Defendant Ford Motor Company that the knowledge of Ingrid Skogsmo, a Volvo employee who was not involved in either the design or development of the instant vehicle, is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, at the time the 1995 instant sports utility vehicle was produced, Volvo manufactured only passenger cars and that Volvo did not produce its first sports utility vehicle (the XC90) until model year 2003. (Defendant's Motion for a Protective Order at 6.) Furthermore, Ford did not acquire Volvo until 1999 thus making testimony regarding Volvo's manufacturing in 1995 irrelevant. Accordingly, the motion to compel at doc. 54 is denied, and defendants' objection to the deposition is sustained.

In Doc. 65, the defendant moves for a protective order because plaintiff had originally submitted 70 requests for production (when 30 was the agreed-to limit) but then withdrew many of them. In doc. 78, Plaintiff also addresses the requests for production. The Court concludes that the remaining interrogatories are not unduly burdensome or unnecessary. Accordingly, the motion for protective order (Doc. 65) and doc. 78, the Plaintiff's motion to compel Ford Motor Company's Responses to Requests for Production is granted.

Doc. 103, for a status conference, is granted. The Clerk is directed to set a telephonic status conference in this case. Finally, Doc. 109, the Agreed Motion to Extend Expert Report

Due Dates is granted.  The Clerk shall set the appropriate deadlines based on the dates included

in the motion.

In accordance with the above, it is hereby

**ORDERED AND ADJUDGED:**

Docs. 35, 36, 40, 44, 53, 61, 71, 79, 81, 74 are denied as moot.

Doc. 54, motion to compel deposition, is denied.

Doc. 65, motion for protective order, is denied, and Doc. 78, motion to compel, is
granted.

Doc. 103, for a status conference, is granted.  The Clerk is directed to set a telephonic
status conference in this case.

Doc. 109, the Agreed Motion to Extend Expert Report Due Dates is granted.  The Clerk
shall set the appropriate deadlines based on the dates included in the motion.


**DONE AND ORDERED** this _8th_  day of March, 2005


_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge

6/5

**FILED**

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS,
### SAN ANTONIO DIVISION

JUN 0 5 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

BARRY WILLIAM MUTH, SR. and        §
DEE ANNE MUTH, Individually and as Next   §
Friends of BARRY WILLIAM MUTH, JR.,    §
ASHLEY DIANA MUTH, and EVAN PAUL    §
MUTH, Minors,                §
        Plaintiffs,            §
                   §
v.                      §      CAUSE NO. SA-01-CA-0316-OG
                   §
FORD MOTOR COMPANY,          §
        Defendant.              §

## O R D E R

Before the Court is plaintiffs' motion to compel, defendant's response, and plaintiffs' reply. Plaintiffs' reply indicates that defendant has agreed to produce material responsive to all plaintiffs' requests for production save number 24, which seeks rollover testing documents for the 2003 Volvo XC90 sport utility vehicle. The vehicle that plaintiff Barry William Muth Sr. was injured in when it crashed and rolled over is a 1996 Ford Crown Victoria.

Discovery is authorized "regarding any matter, not privileged, which is relevant to the claim or defense of any party . . . ." FED. R. CIV. P. 26(b)(1). Discoverable information need not be admissible at trial if it "appears reasonably calculated to lead to the discovery of admissible evidence." Id. Discovery rules are to be construed broadly and liberally. Hickman v. Taylor, 329 U.S. 495, 507 (1947). "Relevance" is interpreted to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Plaintiffs argue that defendant Ford has access to the information because Volvo is a

35-

division of Ford. Plaintiffs argue the information is relevant because it will show Volvo's

rollover protection designs will prevent injury to occupants. Defendant counters that it did not

acquire Volvo Cars until 1999, and that the design of the 2003 XC90 was not available when the

1996 Crown Victoria was designed and manufactured. Moreover, Ford argues, the testing of the

XC90 was performed by Volvo some seven years after the 1996 Crown Victoria was

manufactured.

    In this design defect case, plaintiffs must prove that there was a safer alternative design

that would have prevented or significantly reduced the risk of injury without substantially

impairing the product's utility, and that the safer alternative design was economically and

technologically feasible at the time the product left the manufacturer's control by the application

of existing or reasonably achievable scientific knowledge. TEX. CIV. PRAC. & REM. CODE §

82.005(b).

    Ford acquired Volvo three years after the subject car was manufactured. Four years after

that, Volvo developed a system in its SUV that it advertises will reduce the risk of rollover

injuries. Neither of these facts makes the testing it did on its XC90 relevant to the issues in this

case, that is, whether there was a safer alternative design when the subject car left Ford in 1996.

Under Texas law, a manufacturer is strictly liable for a design defect if a product was

unreasonably dangerous when it left its control. Rodriguez v. Riddell Sports, Inc., 242 F.3d 567,

574 (5th Cir. 2001). If the product was not unreasonably dangerous at the time it left the

manufacturer's control, the manufacturer does not become strictly liable for damages if the

product subsequently becomes unreasonably dangerous. Id. Nor does a manufacturer have a

post-marketing duty to warn or recall its products for which a safer design is later developed.

Syrie v. Knoll Int'l, 748 F.2d 304, 311 (5th Cir. 1984).

Plaintiffs' motion to compel regarding request for production 24 is DENIED. The remainder of the motion to compel is DENIED without prejudice as MOOT.

SIGNED this ___5___ day of ___June___, 2003.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

3

IN THE SUPERIOR COURT OF LAURENS COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| ZACHARY WOODARD as Surviving Spouse of CHERYL WOODARD, Deceased, f/b/o ZACHARY WOODARD and their minor son REECE JACKSON WOODARD; and ZACHARY WOODARD, as Administrator of the Estate of CHERYL WOODARD, Deceased f/b/o ZACHARY WOODARD and their minor son REECE JACKSON WOODARD, | : : : : : : : : : | |
| Plaintiffs, | : | CIVIL ACTION NO. 2003-0772-F |
| | : : | |
| vs. | : : | |
| FORD MOTOR COMPANY and LAPAULA T. WILLIAMS a/k/a LAPAULA MITCHELL, | : : : : | |
| Defendants. | : | |

ORDER OF THE COURT REGARDING PLAINTIFFS'
MOTION TO COMPEL DISCOVERY

The above captioned case came before the court for pretrial conference on April 19, 2005.

The court heard argument regarding Plaintiffs' Motion to Compel Discovery requesting certain

document regarding the Volvo XC90. Plaintiffs argue that this information is relevant to this

case, because the information may dispute the position held by Ford, both in 1993 and today,

regarding the stability and design of roofs. The court denies this motion on several grounds.

First, the connection between the design of a vehicle's roof today is not relevant to the design of

the 1993 vehicle at issue in this case. Second, Volvo was not a part of Ford in 1993, and there

appears to be no evidence of a connection between the designs by Volvo and Ford at that time or

now. Third, even today the relationship between Volvo and Ford is one of parent and subsidiary.

There is no evidence that Volvo's knowledge or design efforts are shared with Ford, much less used by Ford. In this case, the presentation of such evidence is not relevant and would be highly confusing to the jury. Therefore the Motion to Compel Discovery is denied, and the Defendants are not required to submit the information requested regarding the Volvo XC90.

SO ORDERED, this ___25___ day of April, 2005.


H. Gibbs Flanders, Jr.
Chief Judge, Superior Courts
Dublin Judicial Circuit

Clerk to serve:
W. McMillan Walker, Esq.
Gordon Rhea, Esq.
Randy Howard, Esq.
Charles R. Read, Esq.
Gregory L. Schuck, Esq.

FILED
STATE OF OREGON
KLAMATH COUNTY

2005 JUL 11  AM 11: 25

CLERK OF COURT

1

2

3

4            IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR KLAMATH COUNTY

6

7    KALONA NATASHA KAWASAKI,              No. 0303748CV

8                   Plaintiff,

9         vs.                             **ORDER ON DEFENDANTS' MOTION TO
                                          QUASH NOTICE OF DEPOSITION AND
10   FORD MOTOR COMPANY; MAZDA            MOTION FOR PROTECTIVE ORDER
     MOTOR CORPORATION; AUTO              REGARDING DISCOVERY AS TO VOLVO
11   ALLIANCE INTERNATIONAL, INC.;        CAR COMPANY**
     MAZDA MOTOR OF AMERICA, INC.;
12   HARVEST FORD LINCOLN MERCURY;
     AMANDA GATES; JULIA MARIE GATES
13   and MARK GATES,

14                   Defendants.

15

16        This matter came before the court on June 13, 2005 on the Automotive Defendants'

17   Motion to Quash Notice of Deposition and Motion for Protective Order regarding discovery as to

18   Volvo Car Company.  Plaintiff was represented by her counsel Jon Zbinden, and Defendants

19   Ford Motor Company, Mazda Motor Corporation and Auto Alliance International, Inc were

20   represented by Nancy Erfle of Schwabe, Williamson & Wyatt and Gary Toole of Cabaniss,

21   Smith, Toole & Wiggins.

22        The Court being fully advised and based on the opinion letter dated June 20, 2005,

23   determine that pursuant to ORCP 36(B)(1), the information on Volvo and Volvo vehicles is

24   irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in

25   relationship to the vehicle in question, a 1996 Ford, Probe.  The burden was on the plaintiff to

26   make a showing of the relevance of the potential discovery prior to any discovery being made,

Page 1 -   ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Tel...

pdx/028145/135546/NMF/1319959.1

1   and plaintiff failed to make such a showing.

2       IT IS HEREBY ORDERED  Defendants' Motion to Quash Notice of Deposition and

3   Motion for Protective Order regarding discovery as to Volvo Car Company is granted.

4

5       DATED this _____ day of _____, 2005.

6

7

8                  Honorable Marci Warner Adkisson

9  Presented by:

10  Nancy M. Erfle
Schwabe, Williamson & Wyatt

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 -   ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1900
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

1  Janice K. O'Grady (#158190)
   Ashley E. Day (#197777)
2  BOWMAN AND BROOKE LLP
   1741 Technology Drive, Suite 200
3  San Jose, CA  95110-1355
   Telephone:  (408) 279-5393
4  Facsimile:  (408) 279-5845

5  Robert J. Gibson (#144974)
   Daniel S. Rodman (#156156)
6  Laura Baskurt (#179857)
   SNELL & WILMER L.L.P.
7  1920 Main Street, Suite 1200
   Irvine, CA  92614-7060
8  Telephone:  (949) 253-2700
   Facsimile:  (949) 955-2507

9
   Attorneys for Defendants
10 Ford Motor Company and Ron DuPratt Ford

11            SUPERIOR COURT OF CALIFORNIA

12                 COUNTY OF YOLO

13 ELLEN DUTTON,                  )  Case No. PO 02-1084
                                  )
14              Plaintiff,        )  PROTECTIVE ORDER RE VOLVO
                                  )  DISCOVERY
15 vs.                            )
                                  )
16 FORD MOTOR COMPANY, INC., RON DU )
   PRATT FORD, INC., AHMAD DIN    )
17 GORSI, MOHAMMAD A. GORSI, GORSI )
   BROTHERS FARM LABOR, INC., GORSI )
18 FARM LABOR, INC., CHRISTOPHER W. )
   MARTIN and DOES 1 through 50,  )
19 inclusive                      )
                                  )
20              Defendants.       )
                                  )
21 ─────────────────────────────

22      This matter came before the Court for hearing on August 19,

23 2004, upon Ford Motor Company's Motion for Protective Order.

24 Counsel for plaintiff and defendant Ford Motor Company appeared

25 for the hearing.  Based upon all of the files, records and

26 / / /

27 / / /

28

─────────────────────────────
PROTECTIVE ORDER RE VOLVO DISCOVERY          ::ODMA\PCDOCS\SJ0\1:

1 proceedings, the motion papers filed by both sides, and the

2 arguments of counsel, IT IS ORDERED:

3     The motion of defendant Ford Motor Company for a protective

4 order is GRANTED. Ford is not required to produce Ingrid Skosmo

5 for deposition. *concerning the Volvo VC90.* Ford is not required to produce the documents

6 concerning the Volvo XC90 requested in plaintiff's document

7 requests 56-81.

8

9 Dated: ___8/19/04___

                       BY THE COURT:

10

11

                       _____

                       Judge of Superior Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1 | Ellen Dutton v. Ford Motor Company, et al.
  | Case No. PO 02-1084

2

3 | PROOF OF SERVICE

4 |     I am over 18 years of age, not a party to this action and

5 | employed in San Jose, California at 1741 Technology Drive, Suite

6 | 200, San Jose, California 95110-1355.

7 |     On the date indicated below, I served the foregoing document

8 | described as follows **PROTECTIVE ORDER RE VOLVO DISCOVERY** on all

9 | parties in this action addressed as follows:

10 | SERVICE LIST

11 | Attorney for Plaintiff
   | Ellen Dutton

12

13 | Robert A. Buccola, Esq.
   | Eliot M. Reiner, Esq.
   | John W. Jefferson, Esq.
14 | Dreyer, Babich, Buccola & Callaham, LLP
   | 715 University Avenue
15 | Sacramento, CA  95825
   | (916) 920-2111; (916) 920-5687 FAX

16

17 | Co Counsel for Plaintiff

18 | Brian J. Panish, Esq.
   | Christine D. Spagnoli, Esq.
   | Greene, Broillet, Panish & Wheeler LLP
19 | 100 Wilshire Boulevard, Suite 2100
   | P.O. Box 2131
20 | Santa Monica, CA  90407-2131
   | (310) 576-1200
21 | (310) 576-1220 FAX

22 | Co-counsel for Defendant
   | Ford Motor Company

23

24 | Laura Baskurt, Esq.
   | SNELL & WILMER L.L.P.
25 | 1920 Main Street, Suite 1200
   | Irvine, CA  92614-7060
26 | Telephone:  (949) 253-2700
   | Facsimile:  (949) 955-2507

27

28

::ODMA\PCDOCS\SJO\85891\1

1  Attorney for Defendant
   Christopher W. Martin
2
   Peter Klint Winslow, Esq.
3  Bolling Walter & Gawthrop
   P.O. Box 255200
4  Sacramento, CA 95865-5200
   (916) 369-0777
5  (916) 369-2698 FAX

6  Ahmad Gorsi  and Gorsi Brothers
   Farm Labor, Inc.
7
   David Bills, Esq.
8  Rust, Armenis, Schwartz, Lamb & Bills
   A Professional Corporation
9  4380 Auburn Blvd.
   Sacramento, CA 95841-4107
10 (916) 972-8300
   (916) 972-7878 FAX
11

12
       ____  VIA OVERNIGHT DELIVERY SERVICE.    The documents were
13 enveloped, properly labeled, and caused to be deposited into an
   overnight delivery (Federal Express, United Parcel Service, etc.)
14 receptacle or delivered to an authorized courier or driver
   authorized by the express service carrier to receive documents,
15 in an envelope or a package designated by the express service
   carrier with delivery fees paid or provided for, addressed to the
16 person on whom it is to be served, at the office address as last
   given by that person on any document filed in the case and served
17 on that person; otherwise, at that person's place of residence.

18  XX   VIA FIRST CLASS MAIL.  I caused such envelope to be
   deposited in the mail at San Jose, California, in a sealed
19 envelope with postage fully prepaid thereof.  I am readily
   familiar with the firm's business practice for collection and
20 processing of correspondence for mailing with the United States
   Postal Service.  The mail is deposited with the U.S. Postal
21 Service on that same day in the ordinary course of business.  I
   am aware that on  motion of the party served, service is presumed
22 invalid if the postal cancellation date or postage meter date is
   more than one day after the date of deposit for mailing an
23 affidavit.

24     ____  VIA FACSIMILE TRANSMISSION.   The document was served on all
   parties in this action by causing a true copy of said document to
25 be transmitted by facsimile to the number listed adjacent to the
   name on this Proof of Service.  The transmission was reported as
26 complete and without error.

27     I declare under penalty of perjury under the laws of the

28 State of California that the foregoing is true and correct and

::ODMA\PCDOCS\SJO\85891\1

1    that this declaration was executed on August 20, 2004, at San

2    Jose, California.

3                            *Rebecca A. Fuller*

4                            Rebecca A. Fuller

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28